Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS OF DEFENSE WITNESSES AND ISSUE A PROTECTIVE ORDER; AND FOR AN AWARD OF MONETARY SANCTIONS AGAINST DEFENDANT**<br><br>**Courtroom: 6A**<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026<br><br>**Discovery Document:**<br>Referred to Magistrate Judge John D. Early |

## I. PRELIMINARY STATEMENT

Plaintiff's *ex parte* application[1] is improper and must be denied, as this alleged "emergency" has been caused by Plaintiff's own failure to meet and confer in good faith and repeated attempts to avoid his deposition. Since Plaintiff unilaterally cancelled his deposition on September 22, 2025, he has ignored **_nineteen_** attempts by Ameris to meet and confer telephonically regarding defense witnesses' deposition dates and location. Plaintiff refused to engage in any meaningful discussion and ignored all alternative dates proposed by Ameris for defense depositions, including those for the Rule 30(b)(6) deposition. Plaintiff even served a subpoena on Ms. Parker—a represented party who had already received a defective Notice of Deposition—on October 6, 2025 at 9:00 p.m. at her home, even though her address had not been disclosed in this litigation. When counsel for the parties finally spoke on October 15, 2025, Plaintiff's counsel demanded that all seven depositions take place in-person, five of which must occur in the next two weeks of October, despite her knowledge that some of the October and November dates previously offered by Ameris were **contingent on virtual attendance**.

Given Plaintiff's lack of cooperation and failure to meet and confer in good faith, this *ex parte* application to compel depositions and for sanctions should be denied. Nevertheless, Ameris remains willing to cooperate to ensure that all depositions are concluded before the discovery cutoff. Ameris requests the court deny Plaintiff's *ex parte* application and accept Ameris's proposed deposition dates as detailed below.

## II. STATEMENT OF FACTS

Ameris's herculean attempts to meet and confer in good faith regarding the deposition schedule are well documented in Ameris's October 6 *Ex Parte* Application and the Declaration of Nana Yee ("Yee Decl.") accompanying this Opposition.

---

[1] As stated in the Court's Order on October 17, 2025, this Opposition will only focus on Plaintiff's requests to compel defense witness depositions and request for sanctions, as Plaintiff's request for a protective order to postpone his court ordered deposition was denied.

Accordingly, Ameris will not burden the court with a recitation of the entire dispute between the parties. Instead, the following is a summary of the key facts demonstrating Plaintiff's repeated refusal to meet and confer regarding depositions and his delay in scheduling defense depositions until late in the discovery process.

Plaintiff made his ***first request*** for dates to depose defense witnesses on September 5, 2025—only two months before the discovery cutoff. (Yee Decl., ¶ 9.) Despite the compressed timeline, Defendant worked diligently and in good faith with Plaintiff to coordinate mutually convenient dates that worked for Plaintiff, Ameris's counsel, Ameris, and the individual witnesses—all of whom are executives with demanding schedules. On September 16, 2025, Defendant offered dates for the six requested depositions and specified that the Rule 30(b)(6) deposition would be held in person in Atlanta; that Ms. Parker's deposition would be in-person in California; ***and that the remaining depositions would be virtual***.² (Yee Decl., ¶10.) On September 19, 2025, Plaintiff agreed that Ms. Parker's deposition would occur in person in Orange County but did not confirm when he would serve any deposition notices, any dates, or whether he agreed to virtual depositions. (Yee Decl., ¶ 11.)

Instead, Plaintiff inexplicably waited until September 26, 2025—***ten days after Ameris proposed dates***—to notice the depositions of Heather Parker, David Sparacio, Sufhan Majid, and Nicole Stokes, and until October 3, 2025 to notice the deposition of Phil Silva. (Yee Decl., ¶ 13.) Plaintiff also unilaterally designated all depositions as in-person, despite the fact that some of the dates were offered for virtual depositions only. (Yee Decl., ¶¶ 13-14.) Further, despite his prior agreement to depose Ms. Parker in Orange County, Plaintiff noticed her deposition in Pasadena, more than 2-3 hours from her residence. (Yee Decl., ¶¶ 11, 14.) Plaintiff was well aware that Ameris's proposed dates were specifically based on remote attendance, yet Plaintiff refused to meet and confer on either the locations or dates of these depositions.

---

² Ameris was clear that these dates could not be held in perpetuity because of the

Ameris then spent **the next 21 days** trying to get Plaintiff on the phone to meet and confer regarding the deposition schedule, as all parties were aware that the noticed dates were unworkable because Plaintiff delayed in confirming the executives' availability, failed to meet and confer with Ameris on whether the depositions would proceed virtually or in person, and refused to provide a new date for his own deposition, which he unilaterally cancelled on September 22, 2025. In total, Ameris made ***nineteen*** separate requests to meet and confer on these topics, but Plaintiff refused to engage or discuss these issues until October 15, 2025. (*See* Yee Decl., ¶¶ 15-27.) During the October 15 call, counsel for Ameris reiterated that Ameris, its counsel, and its witnesses were unavailable on the noticed dates and/or location, and again sought to discuss proceeding with virtual depositions. (Yee Decl., ¶¶ 26-29.) Plaintiff's counsel refused to meet and confer on those issues. (Yee Decl., ¶ 26.) When asked for Plaintiff's availability in November, Plaintiff's counsel stated she was only available on November 5 and 14—dates already reserved for Mr. Majid and Mr. Sparacio's depositions—and was unavailable on any other dates due to her other cases and personal issues. (Yee Decl. ¶ 27.)

### III. LEGAL ARGUMENT

#### A. Plaintiff Has Ignored Ameris's Repeated Efforts to Meet and Confer on a Mutually Workable Deposition Schedule.

After Plaintiff unilaterally cancelled his deposition on September 22, 2025, Ameris made ***nineteen*** attempts to meet with confer telephonically with Plaintiff about the deposition schedule for all witnesses. Throughout its various attempts, Ameris made it clear that: (1) the dates unilaterally noticed by Plaintiff on September 26, 2025 and the Rule 30(b)(6) deposition were unworkable for Ameris, its counsel, and the individual witnesses; (2) that certain deposition dates were given contingent on being held virtually; and (3) that dates were provided with the understanding that they could not be held in demanding schedules of these executives. (Yee Decl., ¶ 10.)

perpetuity. (Yee Decl., ¶ 10.) Once it became clear that the dates unilaterally noticed by Plaintiff were untenable, Ameris provided alternative dates as early as October 1, 2025. (Yee Decl., ¶ 16.) However, Plaintiff's counsel refused to get on the phone with Ameris's counsel until October 15, 2025—*nineteen days after issuing deposition notices*—and refused to engage in any substantive discussion or even acknowledge receipt of Ameris's proposed alternative dates. (Yee Decl., ¶¶ 15-27.)

As a result, **Plaintiff's *ex parte* application is in violation of the local rules and applicable case law, as Plaintiff failed to meet and confer regarding the dates and locations of depositions in this matter**. Local Rule 37-1 states that, "[b]efore filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties *must confer in a good-faith effort* to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." (Emphasis added.) Here, Plaintiff failed to meet and confer in good faith to reschedule the unilaterally noticed depositions and ignored Ameris's proposed alternative dates.

Further, Local Rule 7-19 provides that, prior to filing an *ex parte* application, the applicant must "make reasonable, good faith efforts <u>orally</u> to advise counsel for all other parties, if known, of the date and substance of the proposed *ex parte* application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." During the parties' phone call on October 15, 2025, however, Plaintiff's counsel never indicated that Plaintiff would be filing an *ex parte* application, let alone the date or substance of that filing—**a clear violation of Local Rule 7-19**. (Yee Decl., ¶ 30.)

Courts consistently decline to award sanctions when a witness misses a noticed deposition **if the noticing party failed to meet and confer in good faith** on deposition dates. *See Novitzky v. Transunion LLC*, 2025 WL 1723168, at *7 (C.D. Cal. May 12, 2025) (holding that sanctions are unjust when the noticing party "continually refused to meet and confer in good faith on deposition dates" even when the noticed party "made several attempts to schedule its deposition on a mutually agreeable date."); *see also Knox*

---

*Patrick Byrne v. Ameris Bank*                                                          Case No. 8:24-01989
Defendant Ameris Bank's Supplemental Brief in Opposition of Plaintiff's Application to Compel Depositions and For Sanctions                                                          Page 4

*v. City of Pasadena*, 2024 WL 5411320, at *2 (C.D. Cal. Apr. 12, 2024) (holding that sanctions were inappropriate when the noticing party noticed depositions on a date it knew the defendant's counsel was unavailable and refused to move the date even after the defendant offered alternative dates). Therefore, Plaintiff's application to compel these depositions and obtain sanctions is improper and should be denied.

### B. Plaintiff's Request to Conduct All Depositions in October Is Logistically Impracticable and Should Not Be Granted Given Plaintiff's Delay and Refusal to Meet and Confer with Ameris.

Plaintiff is essentially asking this Court to compel five in-person depositions to take place over a seven-day period, requiring cross-country travel between Pasadena, California, Washinton, and Atlanta, Georgia. This is logistically impracticable, unreasonable, burdensome on all parties, and does not work for Ameris, its counsel, or the witnesses. Counsel for Ameris has depositions and deposition preparation sessions scheduled in other matters on October 21, 22, 23, 24, 27, 28, 30, and 31, and neither Nana Yee nor Stacy Fode is available. (Yee Decl., ¶ 28.) Ms. Yee will also be out of office from October 23 through October 26 for her birthday. (*Id.*) Counsel for Ameris also have a separate matter with a similar discovery cutoff at the end of November. (*Id.*) Additionally, Ms. Stokes—the Corporate Executive Vice President and Chief Financial Officer of Ameris—is no longer available on October 22, 2025, and her work schedule for the remainder of October is extremely limited due to her responsibilities as the principal author and primary overseer of Ameris' accounting for upcoming releases. (Yee Decl., ¶ 29.) In particular, she is responsible for preparing the earnings release and public earnings call scheduled for the last week of October, which requires her to review and finalize all disclosures and financial figures. (*Id.*) This work involves extensive time and coordination, including numerous meetings with other staff members. (*Id.*) However, <u>Ameris remains willing to compromise, and, in an effort to create a mutually beneficial and cost-efficient deposition schedule, respectfully asks the Court to order the following deposition schedule:</u>

For Mr. LaHaise's Rule 30(b)(6) deposition,[3] Ameris previously offered an alternative date of November 5, 2025 to take place in person in Atlanta. (Yee Decl., ¶16(a).) Plaintiff did not respond to this proposal and now demands that Mr. LaHaise's deposition be held on an unspecified date in October. **Ameris continues to propose that Mr. LaHaise's Rule 30(b)(6) deposition be held on November 5, 2025 in person in Atlanta**, and will offer **Mr. LaHaise's deposition in his personal capacity on November 13, 2025 virtually**.

For Ms. Stokes, Ameris previously offered November 17, 2025 for her virtual deposition. (Yee Decl., ¶ 16(d).) Plaintiff did not respond to this proposal and now demands that Ms. Stokes' deposition be held on October 22. However, neither counsel nor Ms. Stokes is available on that date. Ms. Stokes's work schedule for the remainder of October is extremely limited due to her responsibilities as the principal author and primary overseer of Ameris' accounting for upcoming releases.  In particular, she is responsible for preparing the earnings release and public earnings call scheduled for the last week of October, which requires her to review and finalize all disclosures and financial figures. This work involves extensive time and coordination, including numerous meetings with other staff members. (Yee Decl., ¶ 29.) In an even further effort to compromise, and to accommodate the schedules of all witnesses and counsel for both sides, Ameris offers **Ms. Stokes's deposition be held on November 3, 2025 at 10:30am in-person in Atlanta (to account for her scheduling conflicts earlier in the day before 10:30am).  <u>This deposition would proceed consecutively with two other witnesses' depositions scheduled in Atlanta that same week, thereby minimizing additional travel for all parties.</u>**

---

[3] Plaintiff refers to Mr. LaHaise's deposition in his personal capacity in his application, but it has never been noticed. Defendant has previously offered November 12, 2025 as a virtual deposition for Mr. LaHaise's individual deposition, but Plaintiff has never responded to this date. (Yee Decl., ¶¶ 16, 31.)

For Mr. Majid, Ameris previously offered November 19, 2025 for his virtual deposition. (Yee Decl., ¶ 16(f).) Plaintiff did not respond to this date and now demands that Mr. Majid's deposition be held on November 5 in person. In an even further effort to compromise, Ameris offers **Mr. Majid's deposition be held on November 4, 2025 in-person in Atlanta**. <u>**This deposition would proceed consecutively with two other witnesses' depositions scheduled in Atlanta that same week, thereby minimizing additional travel for all parties.**</u>

For Ms. Parker, Ameris previously offered November 6 for her deposition to be held in person in Orange County or virtually, to accommodate Ms. Parker's personal and family needs. (*See* Yee Decl., ¶ 16(c).) However, Plaintiff did not respond to this date and now demands Ms. Parker's deposition be held on an unspecified date in October in Pasadena, at least two to three hours (not accounting for traffic) from Ms. Parker's residence. Ameris offers **Ms. Parker's deposition be held on November 12, 2025 in-person in Orange County or virtually**, as traveling to Pasadena would impose a significant burden on Ms. Parker and her family, especially given childcare responsibilities. (Declaration of Heather Parker, ¶ 4.)

For Mr. Sparacio, Ameris previously offered November 14, 2025 for a <u>**virtual**</u> deposition only. Plaintiff demands that his deposition be held on November 14 in-person in Atlanta. However, given that Mr. Sparacio does not live or work in Georgia, **Ameris will continue to propose the same date, i.e., November 14, 2025 for Mr. Sparacio's deposition <u>as long as it is conducted virtually</u>.**

For Mr. Silva, Ameris previously offered October 29, 2025 for a <u>**virtual**</u> deposition only. However, Plaintiff fails to meet and confer, and unilaterally noticed his deposition be held on October 29, 2025 in-person in Pasadena, despite knowing that Mr. Silva does not reside in California. **Ameris will continue to offer October 29, 2025 for Mr. Silva's deposition as long as it is conducted virtually**.

For ease of reference, Ameris has included a chart below outlining the proposed dates and additional compromises reflected therein:

| Witnesses | Proposed Dates & Location | Notes |
|---|---|---|
| Phil Silva | October 29, **virtual only** (as witness does not reside in California nor Georgia) | Ameris had previously offered this **same date** for a **virtual** deposition only. |
| 30(b)(6) | November 5, **Atlanta** | Ameris had previously offered this **same date** for the 30(b)(6) deposition. **As a compromise, and to accommodate the schedules of all witnesses and counsel, we are proposing November 3 and 4 (noted below) for the two additional depositions to proceed consecutively in person in Atlanta.** |
| Nicole Stokes | November 3, **Atlanta but with a start time of 10:30 a.m.** (due to conflicts before 1030 a.m.) | See notes above. |
| Sufhan Majid | November 4, **Atlanta** | See notes above. |
| Heather Parker | November 12, **Orange County or virtual**, **per Ms. Parker's request for accommodation** | See Declaration of Heather Parker. |
| James LaHaise | November 13, **virtual only** | Ameris had previously offered November 12 for Mr. LaHaise's **virtual deposition only** in his personal capacity, but that date has since been reserved for Ms. Parker in order to accommodate all witnesses' schedules. |
| David Sparacio | November 14, **virtual only** (as witness does not reside in California nor Georgia) | Ameris had previously offered this **same date** for a **virtual deposition only**. |

## C. Plaintiff's Request for Sanctions is Improper

Plaintiff's fee request is procedurally improper and should be disregarded, as he failed to file a noticed motion for fees or comply with Local Rules. In this District,

applications for attorney's fees must be brought by motion and requires meet-and-confer compliance. *See* C.D. Cal. L.R. 54-7; L.R. 37-1; L.R. 37-2. Alternatively, Rule 37(a)(5)(A) expressly precludes a fee sanction where, as here, the movant failed to meet and confer in good faith and the opposing party's position was substantially justified. Here, Ameris engaged in good faith meet and confer efforts and attempted to create a mutually beneficial deposition schedule for all parties, despite Plaintiff's unreasonable demands, refusal to meet and confer, and failure to notice depositions in a timely manner. Plaintiff has acted unreasonably and Ameris's actions were substantially justified to complete all depositions by the discovery end date. Accordingly, Plaintiff's sanction request is baseless and unjustified, and thus should be denied.

## IV. CONCLUSION

Based on the above, Plaintiff's *Ex Parte* Application to Compel Depositions and for Sanctions should be denied, and the parties should meet and confer in good faith regarding the deposition schedule proposed by Ameris in this Opposition.

DATED: October 17, 2025

**NUKK-FREEMAN & CERRA, P.C.**

*/s/Nana Yee*
Stacy L. Fode, Esq.
Nana Yee, Esq.
Attorneys for Defendant
AMERIS BANK