Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C. Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF NANA J. YEE IN SUPPORT OF DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO COMPEL DEPOSITIONS AND SANCTIONS**<br><br>**Courtroom: 6A**<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026<br><br>**Discovery Document:**<br>Referred to Magistrate Judge John D. Early |

1    I, Nana J. Yee, declare as follows:

2    1.    I am an attorney licensed to practice law in the State of California and in
3    the above-entitled Court. I am counsel at Nukk-Freeman & Cerra, P.C., attorneys of
4    record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or
5    "Defendant").

6    2.    The comprehensive procedural history leading to Ameris's October 6,
7    2025 *ex parte* application and the present application is set forth in Ameris's prior *ex*
8    *parte* filing. *See* Dkt. No. 65.

9    3.    On August 7, 2025, **without any prior attempt to meet and confer on**
10   **the deposition categories or dates**, Plaintiff unilaterally noticed a FRCP 30(b)(6)
11   deposition for August 18, 2025—despite previously advising me that neither Plaintiff
12   nor his counsel was available in August or early September. Plaintiff later withdrew the
13   August 7, 2025 Notice and, **again without conferring with Ameris,** served an
14   Amended Rule 30(b)(6) Deposition Notice unilaterally setting the deposition for
15   September 3, 2025.

16   4.    Defendant timely served objections to the Amended Rule 30(b)(6) Notice
17   and advised Plaintiff's counsel that Defendant was unavailable on September 3 but
18   willing to meet and confer to select a mutually convenient date. I requested a call with
19   Plaintiff's attorney, Esperanza Anderson, to discuss examination topics so Defendant
20   could identify an appropriate Rule 30(b)(6) witness (or witnesses), and noted that
21   Plaintiff was running afoul of the Central District's civility rules by unilaterally noticing
22   a deposition to occur before Plaintiff's already-scheduled deposition—which is
23   necessary to define the scope of the case and his claims. Ms. Anderson refused to meet
24   and confer by phone.

25   5.    Despite Defendant's objections, the unavailability of Defendant's
26   witnesses and counsel, and repeated requests to Ms. Anderson to meet and confer—
27   including providing multiple dates and times to do so—Plaintiff's counsel claimed that

28

*Patrick Byrne v. Ameris Bank*                                           Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions           Page 2 of 10

she flew to Atlanta to take the deposition on September 3, 2025, without ever meeting and conferring with or calling defense counsel.

6. On September 5, 2025, my colleague Stacy Fode and I called Ms. Anderson to meet and confer regarding the Rule 30(b)(6) deposition and to narrow the categories of deposition topics. On September 9, 2025, my office provided Ms. Anderson with three potential dates for the Rule 30(b)(6) deposition and asked her to confirm a date by September 12, 2025.

7. Ultimately, the Court intervened and directed the Parties to meet and confer in person, at the Courthouse, to address and narrow the categories set forth in Plaintiff's Rule 30(b)(6) deposition notice.

8. On September 22, 2025, Plaintiff served another amended notice to take the deposition of Defendant's Rule 30(b)(6) witness on October 10, 2025—about three weeks after Plaintiff's deposition scheduled on September 23, 2025.

9. On September 5, 2025—approximately two months before discovery cut-off—Plaintiff made his ***first request*** for dates to depose five of Defendant's employees. Plaintiff later requested dates to depose one additional defense witness, bringing the total to seven, including the Rule 30(b)(6) deposition.

10. On September 16, 2025, my office proposed several dates to Ms. Anderson for the requested depositions. At the same time, we advised Ms. Anderson that the location for the Rule 30(b)(6) deposition would be in-person in Atlanta; that Heather Parker's deposition would be in-person in California; and that the remaining depositions would take place virtually. We also advised Ms. Anderson that Ameris could not hold the proposed dates indefinitely, given the demanding schedules of the requested witnesses (most of whom are Ameris executives).

11. On September 19, 2025, Plaintiff agreed that Ms. Parker's deposition would take place in-person in Orange County but did not confirm when he would serve any deposition notices, any specific dates, but that the parties could discuss further

*Patrick Byrne v. Ameris Bank*　　　　　　　　　　　　　　　　Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions　　　Page 3 of 10

regarding logistics if the depositions would be virtual. A true and correct copy of the September 22, 2025 correspondence is attached hereto as **Exhibit A.**

12. On September 22, 2025, at 2:34 p.m.—less than 24 hours before the anticipated start of Plaintiff's deposition—Ms. Anderson emailed my office to cancel Plaintiff's deposition because "Patrick is feeling sick." In her email, Ms. Anderson advised that she would "make sure we get this back on schedule ASAP." From September 22 through September 26, Ameris repeatedly requested alternative dates for Plaintiff's deposition, but Plaintiff failed to provide any.

13. On September 26, 2025, Plaintiff noticed depositions for Ms. Parker, David Sparacio, Sufhan Majid, and Nicole Stokes. This was ten days *after* my firm proposed multiple dates for Defendant's witnesses and *after* we had repeatedly advised Ms. Anderson that Ameris would not be able to hold the proposed dates indefinitely. On October 3, 2025, Plaintiff also noticed the deposition of Phil Silva to take place in person in California, despite knowing that Mr. Silva does not reside in California and that the date offered was for a **virtual deposition only**. Once again, counsel for Plaintiff failed to meet and confer regarding the deposition location and unilaterally selected a date and a location that are not workable for Defendant, the witness, or Defense counsel.

14. In the September 26 and October 3 notices, Plaintiff **unilaterally designated each deposition to take place in person on dates when Defendant, the witnesses, and Defense counsel were unavailable.** In addition, despite his prior agreement to depose Ms. Parker in Orange County, Plaintiff noticed her deposition for Pasadena, more than 2 hours from her residence. And, despite being advised that the other depositions should occur virtually, Plaintiff noticed the remaining depositions to take place in Atlanta, Georgia.

15. Over the following weeks, my office made repeated requests to Ms. Anderson to meet and confer regarding depositions, but she refused unless other discovery issues were discussed.

*Patrick Byrne v. Ameris Bank*  Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions    Page 4 of 10

16. On October 1, 2025, in an effort to avoid judicial intervention and to facilitate Plaintiff's long-delayed deposition, Defendant proposed a new, reasonable, and comprehensive deposition schedule designed to accommodate all parties and allow completion of all outstanding depositions before the November 28 discovery cutoff. Specifically, Ameris offered the following alternative dates and locations:

   a. Rule 30(b)(6) – November 5, 2025, in person in Atlanta
   b. Jim LaHaise – November 12, 2025, **virtual** (Ameris offered this date despite the fact that Plaintiff has never noticed this deposition)
   c. Heather Parker – November 6, 2025, in person in Orange County
   d. Nicole Stokes – November 17, 2025, **virtual**
   e. Phil Silva – October 29, 2025, **virtual**
   f. Sufhan Majid – November 19, 2025, **virtual**
   g. David Sparacio – November 14, 2025, **virtual**

17. Plaintiff did not respond to any of these proposed dates. On October 2, 2025, my office sent several emails to Ms. Anderson regarding meet and confer efforts, with no response. Ms. Fode and I also attempted to call Plaintiff's counsel on October 2, 2025, to meet and confer regarding depositions. She did not respond.

18. On the morning of October 3, 2025, Ms. Anderson responded to me and Ms. Fode via e-mail but **again refused to provide either a date for Plaintiff's deposition or her availability to meet and confer**. Instead, Ms. Anderson requested times to meet and confer on *other* unrelated discovery issues only.

19. On October 6, 2025, Ms. Fode emailed Ms. Anderson to schedule a call, as our prior efforts to meet and confer had been ignored. When Ms. Anderson did not respond, Ms. Fode placed a follow-up call to her office and left a voicemail providing notice of Defendant's intended *ex parte* application. Ms. Fode sent Ms. Anderson another email later that day regarding the *ex parte* application.

20. On October 7, 2025, the Court ordered Plaintiff to appear in person for his deposition on October 20, 2025 at 9:30 a.m. in Irvine. *See* Dkt. No. 69.

*Patrick Byrne v. Ameris Bank*  Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions   Page 5 of 10

21. Also on October 7, Defendant learned that Plaintiff improperly served Ms. Parker—who is represented by counsel—at her home on the night of October 6 with a subpoena for her deposition to take place on October 14, 2025 in-person in Pasadena. Ms. Parker's address had not been previously disclosed in this litigation, and the subpoena was not accompanied by witness and mileage fees, rendering it invalid. In addition, Plaintiff had been previously advised that Ms. Parker was unavailable for a deposition on October 14. A true and correct copy of the October 6, 2025 subpoena is attached hereto as **Exhibit B.** Defendant immediately opposed the subpoena and served formal objections, requesting that counsel for Plaintiff refrain from contacting Ms. Parker, who is represented by our office.. My office also reminded Ms. Anderson that Ameris had already offered an alternative date for Ms. Parker's deposition on October 1, which Ms. Anderson continued to ignore and declined to meet and confer on this subject. True and correct copies of the October 8 and 14, 2025 correspondences are attached hereto as **Exhibit C.**

22. On October 8, Plaintiff filed a Fourth Amended Notice of Deposition for the Rule 30(b)(6) deposition to take place on October 10 in Atlanta, Georgia. Once again, Plaintiff was aware this date did not work for Defendant, the Rule 30(b)(6) witness, or counsel for Defendant, as my office had provided an alternative date for the Rule 30(b)(6) depositions on October 1, which Plaintiff continued to ignore. A true and correct copy of the October 8, 2025 Fourth Amended Notice is attached hereto as **Exhibit D**.

23. That same day, I emailed Ms. Anderson and reminded her again that October 10 was no longer available for the Rule 30(b)(6) deposition and that we had provided November 5, 2025 as an alternative date, which Plaintiff had not responded to. I asked Ms. Anderson to confirm whether November 5 worked for the Rule 30(b)(6) deposition. In the same email, I also reminded Ms. Anderson that Defendant and Ms. Parker were not available on October 14 and stated that we had proposed November 6 as an alternative date for Ms. Parker's deposition in Orange County but had not heard

*Patrick Byrne v. Ameris Bank*  Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions   Page 6 of 10

back. Finally, I informed Ms. Anderson that Defendant remained willing to meet and confer to find mutually convenient deposition dates. A true and correct copy of the October 6, 2025 correspondence is attached hereto as **Exhibit E.**

24. In response, Ms. Anderson stated she would not withdraw any of Plaintiff's deposition notices and refused to meet and confer on this subject any further. On October 9, 2025, I emailed Ms. Anderson and reiterated that October 10 and 14 were no longer available due to conflicts. I also stated that Defendant had made repeated efforts to meet and confer and provided alternative dates, but Plaintiff refused to respond to these requests, declined to confirm whether the alternative dates worked, and ignored repeated requests speak on the phone. Nevertheless, I asked Ms. Anderson if she had any availability on October 9 or 10 to meet and confer. In response, Ms. Anderson stated that Plaintiff would be moving forward with the depositions as noticed and that she would be traveling to Atlanta. I replied and asked again if Ms. Anderson would meet and confer, but Plaintiff refused. True and correct copies of the October 9, 2025 correspondences are attached hereto as **Exhibit F.**

**25. I was unable to travel to Atlanta on October 9, 2025 to attend the October 10, 2025 deposition of the Rule 30(b)(6) witness due to personal and family obligations. I have two young children and needed to attend a school event on the afternoon of October 9 and both of my children had medical appointments scheduled on October 10. My colleague, Stacy Fode, was also unavailable to attend the October 10 deposition, as she was participating in a leadership retreat in New Jersey that week. Our office has consistently accommodated Plaintiff and Plaintiff's counsel's numerous requests to reschedule meetings and deadlines, as outlined in the parties' Stipulation to Modify the Scheduling Order (Dkt. No. 33) to continue the discovery cut-off. Despite this history of cooperation, Plaintiff's counsel has been unwilling and intentionally refused to accommodate our unavailability, even though we offered multiple alternative dates well in advance.**

///

26. Ms. Anderson finally agreed to speak on the phone on October 15, 2025. During the call, however, Ms. Anderson continued to refuse to engage in any substantive, good faith meet-and-confer discussion. Instead, Plaintiff demanded that Defendant stipulate to an order: (1) compelling all defense witnesses—regardless of their or defense counsel's availability or existing conflicts—to appear for depositions on the dates and at the locations Plaintiff had unilaterally selected; and (2) awarding sanctions based on the non-appearances of the Rule 30(b)(6) witnesses and Ms. Parker. In response, I explained that unlike Plaintiff—who refused to provide any alternative deposition dates after his last-minute cancellation of his deposition for weeks—Defendant had already proposed (as early as October 1) alternative deposition dates well in advance of the discovery cut off, which Plaintiff's counsel failed to respond to and continued to refuse to discuss during the October 15 call.

27. Also during the October 15 call, Ms. Anderson stated that all depositions must occur in October and that she would be unavailable for the entire month of November, except for November 5 and November 14 for the depositions of Mr. Majid and Mr. Sparacio, due to other cases and personal/family obligations. I expressed to Ms. Anderson that her demand was unreasonable, particularly given that Plaintiff hadn't asked to take *any* depositions until September (only 60 days before the discovery cutoff).

28. Plaintiff's expectation that Defendant, its counsel, and all seven defense witnesses should rearrange their schedules to accommodate Plaintiff's and Plaintiff's counsel's "busy" schedule is simply untenable. Our office has depositions and deposition preparation sessions scheduled in other matters on October 21, 22, 23, 24, 27, 28, 30, and 31, and neither myself nor Ms. Fode are available. I will also be out of the office from October 23 through October 26 for my birthday. Our firm has a separate matter with a similar discovery cutoff at the end of November, which is why our office has multiple professional conflicts, in addition to personal and family obligations.

---

*Patrick Byrne v. Ameris Bank*                                                  Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions        Page 8 of 10

29. In addition, Ms. Stokes, the Corporate Executive Vice President and Chief Financial Officer of Ameris, is no longer available to be deposed on October 22, 2025. Her work schedule for the remainder of October is extremely limited due to her responsibilities as the principal author and primary overseer of Ameris' accounting for upcoming releases. In particular, she is responsible for preparing the earnings release and public earnings call scheduled for the last week of October, which requires her to review and finalize all disclosures and financial figures. This work involves extensive time and coordination, including numerous meetings with other staff members. **However, we have coordinated with Ms. Stokes to identify an earlier and alternative date for her in-person deposition, as reflected in the proposed discovery schedule chart below.**

30. On October 16, 2025, Ms. Anderson improperly notified my office, via email, that Plaintiff would be filing an *ex parte* application to compel defense depositions and to seek a protective order precluding Ameris from deposing Plaintiff until defense witnesses are deposed. However, Plaintiff failed to provide the required <u>verbal</u> notice for the *ex parte* application, and Ms. Anderson never indicated during our call on October 15 that Plaintiff would be filing an *ex parte* application or requesting a protective order to postpone his deposition. As such, the *ex parte* application filed by Plaintiff is in direct violation of Local Rule 7-19. A true and correct copy of the October 16, 2025 correspondence is attached hereto as **Exhibit G.**

**31. Nevertheless, in a further attempt to compromise and create a mutually beneficial deposition schedule for all parties, Ameris proposes the following schedule that includes Plaintiff's requested dates:**

| Witnesses | Proposed Dates & Location | Notes |
|---|---|---|
| Phil Silva | October 29, **virtual only** (as witness does not reside in California nor Georgia) | Ameris had previously offered this **same date** for a **virtual** deposition only. |
| 30(b)(6) | November 5, **Atlanta** | Ameris had previously offered this **same date** for the 30(b)(6) deposition. **As a compromise, and to accommodate the schedules of all witnesses and** |

*Patrick Byrne v. Ameris Bank*                                                                 *Case No.* 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions     Page 9 of 10

| | | counsel, we are proposing November 3 and 4 (noted below) for the two additional depositions to proceed consecutively in person in Atlanta. |
|---|---|---|
| Nicole Stokes | November 3, **Atlanta but with a start time of 10:30 a.m.** (due to witness conflicts before 1030 a.m.) | See notes above. |
| Sufhan Majid | November 4, **Atlanta** | See notes above. |
| Heather Parker | November 12, **Orange County or virtual**, per Ms. Parker's request for accommodation | See Declaration of Heather Parker. |
| James LaHaise | November 13, **virtual only** | Ameris had previously offered November 12 for Mr. LaHaise's **virtual deposition only** in his personal capacity, but that date has since been reserved for Ms. Parker in order to accommodate all witnesses' schedules. |
| David Sparacio | November 14, **virtual only** (as witness does not reside in California nor Georgia) | Ameris had previously offered this **same date** for a **virtual deposition only**. |

32. Prior to 12:00 p.m. on October 17, 2025, I advised each of the witnesses listed in the above chart of the original dates and locations for their depositions set forth in Plaintiff's deposition notices. **I also confirmed with each witness that they are available to be deposed on the dates and at the locations listed in the chart above**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of October, 2025, in San Diego, California.

By: */s/Nana J. Yee*
Nana J. Yee, Esq.

*Patrick Byrne v. Ameris Bank*                                Case No. 8:24-01989
Declaration of Nana J. Yee in Support of Defendant's Opposition to Plaintiff's
*Ex Parte* Application to Compel Depositions and For Sanctions        Page 10 of 10