# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01989-MWC-JDEx | Date | October 20, 2025 |
|---|---|---|---|
| Title | Patrick Byrne v. Ameris Bank | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

Proceedings:          (In Chambers): Final Order re: Ex Parte Application (Dkt. 70)

On October 16, 2025, at 9:31 p.m., Plaintiff Patrick Byrne ("Plaintiff") filed an Ex Parte Application Regarding Discovery (Dkt. 70) seeking an order: (1) staying his deposition, set by Court order to commence on Monday, October 20, 2025, until other depositions are completed; (2) requiring depositions of Defendant Ameris Bank ("Defendant") and witnesses Heather Parker, James LaHaise, Nicole Stokes, Phil Silva, Sufhan Maijid, and David Sparacio ("Deponents") to proceed on dates and locations, some specified, some not, in October and November 2025; and (3) awarding sanctions against Defendant. See Dkt. 70-15. On October 17, the Court denied Request (1), above, and order Defendant to file any opposition papers as to Requests (2) and (3). Dkt. 71. Defendant filed its opposition papers. Dkt. 72. The Court now rules on Requests (2) and (3) as follows.

Parties who seek ex parte relief outside the normal motion hearing process seek "to go to the head of the line in front of all other litigants and receive special treatment"; such request are "rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995). To justify such rare, special relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492; see also Local Civil Rule 37-3 (for a discovery motion to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party").

When a party seeks ex parte relief to seek further discovery on shortened notice due to an impending deadline, such "party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." Mission Power, 883 F. Supp. at 493 (emphasis added).

Plaintiff has not shown he used the entire discovery period effectively and Plaintiff's counsel's conduct is a large part of the reason why the parties are where they are, at the end of the discovery period, scrambling to schedule depositions and seeking repeated intervention by the Court on an ex parte basis. The Court refused to intervene on Defendant's behalf and refuses to do so on Plaintiff's behalf, as each party is responsible for the current situation, and Plaintiff, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01989-MWC-JDEx | Date | October 20, 2025 |
|---|---|---|---|
| Title | Patrick Byrne v. Ameris Bank | | |

particular, has not shown that he used the entire discovery period efficiently. As such, the Court declines to simply order Deponents to appear for depositions on the dates demanded by Plaintiff.. On the other side of the ledger, the Court will not intercede on Defendant's behalf to unilaterally set the date, location, or manner of depositions that are only convenient to Defendant or Defendant's counsel.

For those reason, the remaining pending Requests in the Application (Dkt. 70) are DENIED.

Nonetheless, the parties are ORDERED to appear and meet and confer in person at the Ronald Reagan Federal Building and United States Courthouse, located at 411 West Fourth Street, Santa Ana, California, Courtroom 6A**, on October 22, 2025, starting at 10:00 a.m. and continuing until all remaining depositions are scheduled.** Plaintiff in the Application sought a deposition on October 22, so counsel must be available on that date. Defendant's counsel previously offered October 22 for a deposition and should be available (or some other counsel for Defendant could be available, as Defendant has filed more than 200 civil actions in this Court in the preceding 30 months and presumably has the resources to make a single counsel available on October 22 to confer regarding deposition scheduling). Further, counsel for Defendant is ORDERED to have the Deponents available for live, immediate consultation to schedule their depositions, with each counsel for Defendant providing Plaintiff at the start of the conference at least two (2) separate dates for each of the Deponents for their respective depositions between October 27, 2025, until the close of the discovery cut-off.

If the parties file a Notice stating that they have scheduled all such depositions by 5:00 p.m. on October 21, 2025, they need not appear on October 22, 2025 at 10:00 a.m.. Any such Notice shall be only one sentence long, stating that the parties have resolved all depositions scheduling issues. NO OTHER FILING ON THE ISSUE OF DEPOSITION SCHEDULING IS AUTHORIZED.

IT IS SO ORDERED.

Initials of Courtroom Deputy     ARO