| | |
|---|---|
| 1 | Stacy L. Fode, Esq. (SBN 199883) |
| | sfode@nfclegal.com |
| 2 | Nana Yee, Esq. (SBN 272783) |
| | nyee@nfclegal.com |
| 3 | **NUKK-FREEMAN & CERRA, P.C.** |
| | 550 W C Street, Suite 910 |
| 4 | San Diego, CA 92101 |
| | Telephone: 619.292.0515 |
| 5 | Facsimile: 619.566.4741 |

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual, | Case No. 8:24-cv-01989-MWC (JDEx) |
| Plaintiff, | **DECLARATION OF NANA J. YEE IN SUPPORT OF DEFENDANT AMERIS BANK'S *EX PARTE* APPLICATION FOR ISSUANCE OF A PROTECTIVE ORDER** |
| vs. | |
| AMERIS BANK, a Georgia corporation | ***OPPOSED*** |
| Defendants. | [DISCOVERY MATTER] |
| | Courtroom: 6A |
| | Magistrate Judge: Hon. John D. Early |
| | Discovery Cutoff: November 28, 2025 |
| | Final Pretrial Conference: May 22, 2026 |
| | Trial Date: June 1, 2026 |

I, Nana J. Yee, declare as follows:

1. I am an attorney licensed to practice law in the State of California and in the above-entitled Court. I am counsel at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2. On October 29, 2025, despite being aware that all remaining depositions had already been ordered, Plaintiff unilaterally noticed the depositions of Mr. Proctor and Mr. Hill for November 19 and 20, 2025. True and correct copies of the Notices of Deposition of Mr. H. Palmer Proctor and Mr. Leo Hill are attached hereto as **Exhibit A.**

3. On October 31, 2025, Defendant filed Objections to Plaintiff's Notice of Depositions of Mr. Proctor and Mr. Hill and asked to meet and confer with Plaintiff's counsel regarding the depositions. True and correct copies of the Objections to Plaintiff's Notices of Deposition of Mr. H. Palmer Proctor and Mr. Leo Hill are attached hereto as **Exhibit B.**

4. On November 12, 2025, the parties met and conferred telephonically regarding the depositions and Plaintiff refused to withdraw the notices. Pursuant to Local Rule 7-19.1, counsel for defendant gave oral notice of this application.

5. We are not available for the noticed deposition dates and/or location. Plaintiff unilaterally noticed these dates and failed to meet and confer.

6. Defendant seeks sanctions against Plaintiff in the amount of $6,752.50, which represents the reasonable and necessary attorneys' fees for the hours expended on the instant Application and supporting documents. The partner on this matter spent 8.5 hours on this Application at an hourly rate of $665. The associate on this matter spent 4 hours on this Application at an hourly rate of $285.

///
///
///
///

1  I declare under penalty of perjury under the laws of the State of California that
2  the foregoing is true and correct.
3  Executed this 13th day of November, 2025, in San Diego, California.

By: ____/s/Nana J. Yee____
Nana J. Yee, Esq.

# EXHIBIT A

1  Esperanza Cervantes Anderson | SBN 197953
   **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
2  1037 N Allen Avenue
   Pasadena, California 91104
3  Tel.:  (626) 219-6773
   Fax:  (626) 389-8911
4
   Attorneys for PLAINTIFF
5  PATRICK BYRNE

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| PATRICK BYRNE, an individual, | Case No.: 8:24-cv-01989- MWC (JDEx) |
|---|---|
| PLAINTIFF, | **PLAINTIFF PATRICK BYRNE'S NOTICE OF DEPOSITION OF H. PALMER PROCTOR** |
| v. | |
| AMERIS BANK, a Georgia corporation, | Date:       November 19, 2025<br>Time:       10:00 a.m.<br>Location:  Virtual |
| Defendants. | |

**TO DEFENDANT AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, Plaintiff PATRICK BYRNE ("PLAINTIFF") will take the deposition of H. PALMER PROCTOR on **Novemebr 19, 2025 at 10:00 a.m.** The deposition will take place virtually, via Zoom. An electronic link will be timely provided prior to the date of the deposition.

This examination will be subject to continuance or adjournment from time to time or place to place until completed. The deposition will be taken before a certified shorthand reporter and a notary public or such other person authorized to

- 1 -

administer oaths and take deposition testimony at the place where the examination is held, who may be present at such time and place. The deposition may also be videotaped and audio taped for use as evidence in this action, trial, or for such other purposes as are permitted, and as authorized by Federal Rules of Civil Procedure 30. Plaintiff reserves the right to use the videotaped recording of this deposition at the trial in this action.

If an interpreter is required to translate testimony, notice of same must be given three (3) days before the deposition date and the specific language and/or dialect designated.

DATED: October 29, 2025.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Law Office of Esperanza Cervantes Anderson, 1037 N. Allen Avenue, Pasadena, California 91104 (the "business").

On October 29, 2025, I served the following document(s): **PLAINTIFF PATRICK BYRNE'S NOTICE OF DEPOSITION OF H. PALMER PROCTOR** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Stacy L. Fode (sfode@nfclegal.com)
> Nana Yee (nyee@nfclegal.com)
> NUKK-FREEMAN & CERRA, P.C.
> 1230 Columbia Street, Suite 860
> San Diego, California 92101

_____BY REGULAR U.S. MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Pasadena, California.

\_\_X\_\_BY E-MAIL: I sent a true and complete copy of the document(s) described above by electronic transmission to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list.

_____BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE: I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

_____BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the above address(es). I sent a true and complete copy of the document(s) described above to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list pursuant to agreement by counsel to accept personal service via e-mail service.

_____(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_X\_\_(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2025 at Pasadena, California.

_____
Esperanza Cervantes Anderson

Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:  (626) 219-6773
Fax:  (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendants. | Case No.: 8:24-cv-01989- MWC (JDEx)<br><br>**PLAINTIFF PATRICK BYRNE'S NOTICE OF DEPOSITION OF LEO J. HILL**<br><br>Date:      November 20, 2025<br>Time:      10:00 a.m.<br>Location:  Virtual |

**TO DEFENDANT AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, Plaintiff PATRICK BYRNE ("PLAINTIFF") will take the deposition of LEO J. HILL on **Novemebr 20, 2025 at 10:00 a.m.** The deposition will take place virtually, via Zoom. An electronic link will be timely provided prior to the date of the deposition.

This examination will be subject to continuance or adjournment from time to time or place to place until completed. The deposition will be taken before a certified shorthand reporter and a notary public or such other person authorized to administer oaths and take deposition testimony at the place where the examination

- 1 -

PLAINTIFF'S NOTICE OF DEPOSITION OF LEO J. HILL

is held, who may be present at such time and place. The deposition may also be videotaped and audio taped for use as evidence in this action, trial, or for such other purposes as are permitted, and as authorized by Federal Rules of Civil Procedure 30. Plaintiff reserves the right to use the videotaped recording of this deposition at the trial in this action.

    If an interpreter is required to translate testimony, notice of same must be given three (3) days before the deposition date and the specific language and/or dialect designated.

DATED: October 29, 2025.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Law Office of Esperanza Cervantes Anderson, 1037 N. Allen Avenue, Pasadena, California 91104 (the "business").

On October 29, 2025, I served the following document(s): **PLAINTIFF PATRICK BYRNE'S NOTICE OF DEPOSITION OF LEO J. HILL** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Stacy L. Fode (sfode@nfclegal.com)
> Nana Yee (nyee@nfclegal.com)
> NUKK-FREEMAN & CERRA, P.C.
> 1230 Columbia Street, Suite 860
> San Diego, California 92101

_____BY REGULAR U.S. MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Pasadena, California.

\_\_X\_\_BY E-MAIL: I sent a true and complete copy of the document(s) described above by electronic transmission to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list.

_____BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE: I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

_____BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the above address(es). I sent a true and complete copy of the document(s) described above to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list pursuant to agreement by counsel to accept personal service via e-mail service.

_____(State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_X\_\_(Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 29, 2025 at Pasadena, California.

_____
Esperanza Cervantes Anderson

- 3 -

PLAINTIFF'S NOTICE OF DEPOSITION OF LEO J. HILL

# EXHIBIT B

Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIS BANK, a Georgia corporation <br><br> Defendants. | Case No. 8:24-cv-01989-MWC (JDEx) <br><br> **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF H. PALMER PROCTOR** <br><br> DATE:    November 19, 2025 <br> TIME:    10:00 a.m. <br> LOCATION: Virtual |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant AMERIS BANK ("Ameris") objects to Plaintiff's Notice of Deposition ("Notice of Deposition") of H. Palmer Proctor, on the following grounds:

1. Neither counsel nor Mr. Proctor is available on the currently noticed date and/or location. Plaintiff unilaterally noticed this date and failed to meet and confer in good faith.

---

*Byrne v. Ameris Bank*                            Case No. 8:24-cv-01989-MWC (JDEx)
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF
DEPOSITION OF H. PALMER PROCTOR                                    Page 1

2. There is no basis for Plaintiff to depose Mr. Proctor. Mr. Proctor had no substantive interactions with Plaintiff concerning the subject matter of this lawsuit and possesses no unique or personal knowledge relevant to the claims at issue. The deposition of a senior executive who was not involved in the underlying events serves only to harass Ameris, particularly where Ameris has already produced or made available for deposition employees directly involved in the relevant matters. The proposed deposition is disproportionate to the needs of the case and would impose undue burden, annoyance, and oppression on both the witness and Ameris.

3. On September 5, 2025, Plaintiff made his ***first request*** for dates to depose defense witnesses – only two months before the discovery cutoff. Plaintiff did not request a date for Mr. Proctor at that time.

4. Despite the compressed timeline, Ameris worked diligently and in good faith with Plaintiff to coordinate mutually convenient dates that worked for Plaintiff, Ameris's counsel, Ameris, and the individual witnesses—most of whom are corporate executives with demanding schedules. On September 16, 2025, Defendant offered dates for the six requested depositions, which included Heather Parker, David Sparacio, Sufhan Majid, Nicole Stokes, and Ameris's 30(b)(6) representative.

5. On September 26, 2025, Plaintiff unilaterally and incorrectly noticed the depositions of Heather Parker, David Sparacio, Sufhan Majid, and Nicole Stokes, and then unilaterally noticed the deposition of Phil Silva on October 3, 2025. Plaintiff made no mention of his intention to depose Mr. Proctor at that time.

6. Ameris then spent the next 21 days trying to get Plaintiff on the phone to meet and confer regarding the deposition schedule, as all parties were aware that the noticed dates were unworkable because Plaintiff delayed in confirming the executives' availability, failed to meet and confer with Ameris on whether the depositions would proceed virtually or in person, and refused to provide a new date for his own deposition, which he unilaterally cancelled on September 22, 2025, less than 24 hours before the

///

scheduled deposition on September 23, 2025. Plaintiff never mentioned that he intended to depose Mr. Proctor during this time.

7. The Court ultimately ordered the parties to meet and confer in person at the Courthouse on October 22, 2025 "continuing until all remaining depositions are scheduled." (Dkt. No. 73).

8. **Plaintiff _neither identified nor mentioned any intention to depose Mr. Proctor before or during the October 22, 2025 hearing._**

9. On October 22, 2025, the Court ordered the depositions of the remaining depositions for Plaintiff, Mr. Silva, Ms. Stokes, Mr. Majid, Mr. LaHaise, Mr. Sparacio, Ms. Parker, and the Rule 30(b)(6) deposition. (Dkt. No. 74). Mr. Proctor's deposition was never requested and thus not included.

10. On October 29, 2025, despite being aware that all remaining depositions had already been ordered, Plaintiff unilaterally noticed the deposition of Mr. Proctor.

11. Plaintiff's last-minute attempt to unilaterally notice Mr. Proctor's deposition 4 weeks before the discovery cutoff is plainly an effort to circumvent the Court's orders and to harass Ameris.

12. Ameris reserves the right to lodge any and all further objections in response to this Notice of Deposition, and any objection not made herein shall not constitute a waiver of such an objection.

Dated: October 31, 2025                **NUKK-FREEMAN & CERRA**

By:  _/s/Nana Yee_
Stacy L. Fode, Esq.
Nana Yee, Esq.
Attorney for Defendant
**AMERIS BANK**

Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 W C Street Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>Defendants. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LEO J. HILL**<br><br>DATE:           November 20, 2025<br>TIME:           10:00 a.m.<br>LOCATION:  Virtual |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant AMERIS BANK ("Ameris") objects to Plaintiff's Notice of Deposition ("Notice of Deposition") of Leo J. Hill, on the following grounds:

///

///

---

1. Neither counsel nor Mr. Hill is available on the currently noticed date, and/or location. Plaintiff unilaterally noticed this date and failed to meet and confer in good faith.

2. There is no basis for Plaintiff to depose Mr. Hill. Mr. Hill had no substantive interactions with Plaintiff concerning the subject matter of this lawsuit and possesses no unique or personal knowledge relevant to the claims at issue. The deposition of a senior executive who was not involved in the underlying events serves only to harass Ameris, particularly where Ameris has already produced or made available for deposition employees directly involved in the relevant matters. The proposed deposition is disproportionate to the needs of the case and would impose undue burden, annoyance, and oppression on both the witness and Ameris.

3. On September 5, 2025, Plaintiff made his ***first request*** for dates to depose defense witnesses – only two months before the discovery cutoff. Plaintiff did not request a date for Mr. Hill at that time.

4. Despite the compressed timeline, Ameris worked diligently and in good faith with Plaintiff to coordinate mutually convenient dates that worked for Plaintiff, Ameris's counsel, Ameris, and the individual witnesses—all of whom are corporate executives with demanding schedules. On September 16, 2025, Defendant offered dates for the six requested depositions, which included Heather Parker, David Sparacio, Sufhan Majid, Nicole Stokes, and Ameris's 30(b)(6) representative.

5. On September 26, 2025, Plaintiff noticed the depositions of Heather Parker, David Sparacio, Sufhan Majid, and Nicole Stokes, and then noticed the deposition of Phil Silva on October 3, 2025. Plaintiff made no mention of his intention to depose Mr. Hill at that time.

6. Ameris then spent the next 21 days trying to get Plaintiff on the phone to meet and confer regarding the deposition schedule, as all parties were aware that the noticed dates were unworkable because Plaintiff delayed in confirming the executives' availability, failed to meet and confer with Ameris on whether the depositions would

---

*Byrne v. Ameris Bank*  
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF LEO J. HILL

Case No. 8:24-cv-01989-MWC (JDEx)

Page 2

proceed virtually or in person, and refused to provide a new date for his own deposition, which he unilaterally cancelled on September 22, 2025. Plaintiff never mentioned that he intended to depose Mr. Hill during this time.

7. The Court ultimately ordered the parties to meet and confer in person at the Courthouse on October 22, 2025 "continuing until all remaining depositions are scheduled." (Dkt. No. 73).

8. **Plaintiff _neither identified nor mentioned any intention to depose Mr. Proctor before or during the October 22, 2025 hearing._**

9. On October 22, 2025, the Court ordered the continued depositions of Plaintiff and depositions of Mr. Silva, Ms. Stokes, Mr. Majid, Mr. LaHaise, Mr. Sparacio, Ms. Parker, and the Rule 30(b)(6) deposition. (Dkt. No. 74). Mr. Hill's deposition was never requested and thus not included.

10. On October 29, 2025, despite being aware that all remaining depositions had already been ordered, Plaintiff unilaterally noticed the deposition of Mr. Hill.

11. Plaintiff's last-minute attempt to unilaterally notice Mr. Hill's deposition 4 weeks before the discovery cutoff is plainly an effort to circumvent the Court's orders and to harass Ameris.

12. Ameris reserves the right to lodge any and all further objections in response to this Notice of Deposition, and any objection not made herein shall not constitute a waiver of such an objection.

Dated: October 31, 2025

**NUKK-FREEMAN & CERRA**

By: _/s/Nana Yee_
Stacy L. Fode, Esq.
Nana Yee, Esq.
Attorney for Defendant
**AMERIS BANK**