# EXHIBIT B

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON, PASADENA, CALIFORNIA

DECLARATION OF ESPERANZA ANDERSON ISO PLAINTIFF'S OPPOSITION TO AMERIS' *EX PARTE* APPLICATION

Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana Yee (SBN 272783)
nyee@nfclegal.com
Ali Hmoud (SBN 352254)
ahmoud@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
1230 Columbia Street, Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>Defendants. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE**<br><br>Complaint Filed: September 16, 2024 |

PROPOUNDING PARTY:     PLAINTIFF PATRICK BYRNE

RESPONDING PARTY:     DEFENDANT AMERIS BANK

SET NO:     ONE

///

///

///

**PLEASE TAKE NOTICE THAT** pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Ameris Bank, ("Defendant" or "Ameris") hereby responds to Plaintiff Patrick Byrne's ("Plaintiff") Interrogatories, Set One.

## QUALIFICATION OF RESPONSES

Responding Party's Responses to these Interrogatories are made to the best of its present knowledge, information, and belief. Said Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Responding Party's current recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation. Responding Party has not fully completed its investigation of the facts relating to this case and has not fully completed discovery in this action, nor fully completed its preparation for trial.

Responding Party provides the following Responses in a good faith effort to supply as much factual information as is presently known to Responding Party in an attempt to comply with the spirit of discovery. Responding Party reserves the right to make any use of, or to introduce at any hearing and at trial, information, and/or documents responsive to the Interrogatories, but discovered subsequent to the date of these Responses, including, but not limited to, any such information or documents obtained in discovery. If necessary, Responding Party reserves the right, but does not assume the obligation, to supplement further its Responses to the Interrogatories and to produce additional documents.

To the extent that Responding Party responds to the Interrogatories with information that it or any other party to this litigation deems to embody material that is private, business, confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to state or federal rules, principles, or law, it will do so, if at all, only upon entry of an appropriate protective order against the unauthorized use or disclosure of such information.

///

The Responses below are based upon information presently available to Responding Party and upon documents known to be in its possession, custody, or control. No incidental or implied admissions are intended. The fact that Responding Party has responded to all or part of any individual Interrogatory or any subpart thereof should not be taken as an admission that Responding Party accepts or admits the existence of any fact or facts set forth or assumed by such Interrogatory or that such Responses constitute admissible evidence. The fact that Responding Party has responded to all or part of any individual Interrogatory or subpart thereof is not intended to be and shall not be construed to be a waiver by Responding Party of all or any part of any Objection which is made to any individual Interrogatory or subpart thereof.

The Responses and/or Objections herein are made solely for the purposes of this action. Responding Party reserves all objections or other questions as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial of this or any other action for any purpose whatsoever of its Responses herein and any document or thing identified or provided in response to the Interrogatories.

### **GENERAL OBJECTIONS TO INTERROGATORIES, SET ONE**

Responding Party intends to abide by its obligation to produce requested information and documents discoverable under Rule 33 of the Federal Rules of Civil Procedure. The specific objections described below are intended to clarify Responding Party's position with respect to each interrogatory:

1. Responding Party objects to each and every individual Interrogatory to the extent that it purports to impose obligations on Responding Party in excess of those required by the agreement of the Parties in the Joint Statement filed in this matter.

2. Responding Party objects to each and every individual Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege and/or that constitutes attorney work-product, or which is otherwise protected from disclosure by law. Such information will not be provided. Inadvertent disclosure of any

information that is privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or the subject matter thereof, during the current or subsequent proceedings.

3. Responding Party objects to each and every individual Interrogatory to the extent that it seeks private third-party information on the grounds that the disclosure of such information would constitute an invasion of privacy of those individuals as guaranteed by state and federal statutes. No such information will be provided unless and until appropriate signed protective orders are in place or absent receipt by Responding Party of express written authorization from the third-party to release such information.

4. Responding Party objects to Plaintiff's definitions of the terms "YOU," "YOUR" and/or "AMERIS" as overbroad, and interprets them to refer to Responding Party and no other person or entity.

5. Responding Party objects to Plaintiff's definition of the term "BALBOA" as vague and overbroad, and interprets the term to refer to Balboa Capital Corporation acquired by AMERIS on or about December 10, 2021, which has been conducting business as a division of AMERIS, and no other person or entity.

6. Responding Party objects to each and every Interrogatory to the extent it calls for confidential, trade secret, proprietary, or competitively sensitive information, or protected information of third parties, whether arising out of contract or by law.

7. Responding Party objects to each and every Interrogatory to the extent it is unreasonably broad, unduly burdensome, oppressive, vague, or ambiguous; to the extent it fails to specify a relevant time period and is therefore overly broad, unduly burdensome, and oppressive; to the extent it seeks information that is neither relevant to the subject matter of the pending action, nor reasonably calculated to lead to discovery of relevant or admissible evidence; and to the extent it requires an examining, auditing, compiling, abstracting or summarizing of the Responding Party's records or findings.

8.  Responding Party objects to each and every Interrogatory to the extent it calls for publicly available information.

9.  Responding Party objects to each and every Interrogatory to the extent it seeks information in the possession, custody, or control of Plaintiff in this action.

10. Responding Party objects to each and every Interrogatory to the extent it seeks duplicative and/or cumulative information.

11. Responding Party objects to each and every Interrogatory to the extent it seeks a legal conclusion or an expert opinion.

12. Responding Party objects to each and every Interrogatory insofar as it seeks information outside the time period relevant to Plaintiff's claims against Responding Party.

The foregoing objections and qualifications are incorporated by this reference into each and all of the following Responses to which they are applicable, as though fully set forth therein. Subject to the foregoing General Objections, Responding Party hereby responds to specific Interrogatories as follows:

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1.

Describe in detail the formula used to calculate BALBOA's earnings for purposes of determining Cash Award Bonuses under the LTIP, including in YOUR description the accounting methods or other methods used, for the years

(a) 2022,

(b) 2023 and

(c) 2024.

### RESPONSE TO INTERROGATORY NO. 1.

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "formula," "earnings," "calculate," "earnings," "for purposes of," "LTIP," "accounting methods", and "other methods."

Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information. Responding Party further objects to this Request on the grounds that it is compound, and impermissibly includes subparts in an attempt to evade the requirement under FRCP Rule 33.  Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows: Pursuant to FRCP 33(d), Responding Party will produce all non-privileged responsive documents relating to "formula used to calculate BALBOA's earnings for purposes of determining Cash Award Bonuses under the LTIP" as outlined in the interrogatory above in Responding Party's possession, custody, or control. As to the "accounting methods" used for years 2022 through 2024, Responding Party refers to United States generally accepted accounting principles (GAAP).

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 2.**

Identify by name, job title, last known address and last known phone number all persons who participated in any way in the calculation of BALBOA's earnings for purposes of determining Cash Award Bonuses under the LTIP for the years

(a) 2022,

(b) 2023 and

(c) 2024.

**RESPONSE TO INTERROGATORY NO. 2.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "participated," "calculation,"

"earnings," "for purposes," "in any way," and "LTIP." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Interrogatory on the grounds that it is compound. Responding Party further objects to this Request because it seeks private third-party information that would constitute an invasion of privacy of those individuals.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows:

(a):

Plaintiff;

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only;

Nicole Stokes, Chief Financial Officer: to be contacted through Responding Party's counsel only.

(b):

Plaintiff;

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only;

Nicole Stokes, Chief Financial Officer: to be contacted through Responding Party's counsel only.

(c):

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only;

Nicole Stokes, Chief Financial Officer: to be contacted through Responding Party's counsel only.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

///

**INTERROGATORY NO. 3.**

Describe in detail any changes made to the accounting methods or other methods used in 2022 to calculate BALBOA's earnings for purposes of determining Cash Award Bonuses under the LTIP in 2023.

**RESPONSE TO INTERROGATORY NO. 3.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "changes," "accounting methods," "other methods," "calculate," "earnings," "for purposes of," "determining," and "LTIP." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information. Responding Party further objects that the Request lacks foundation and calls for speculation, and assumes facts not in evidence.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows: Responding Party is unable to respond as it believes no such changes were made.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 4.**

Describe in detail any changes made to the accounting methods or other methods used in 2023 to calculate BALBOA's earnings for purposes of determining Cash Award Bonuses under the LTIP in 2024.

**RESPONSE TO INTERROGATORY NO. 4.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "changes," "accounting methods,"

"other methods," "calculate," "earnings," "for purposes of," "determining," and "LTIP." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information. Responding Party further objects that the Request lacks foundation and calls for speculation, and assumes facts not in evidence.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows: Responding Party is unable to respond as it believes no such changes were made.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 5.**

Describe in detail all changes to how lease accounting, tax accounting, inventory valuation methods, depreciation methods or provision for loan losses were treated in 2023 from 2022. For each change identified, please provide a detailed explanation of the change, the reason for the change, and how it affected the calculation of the LTIP awards.

**RESPONSE TO INTERROGATORY NO. 5.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "changes," "lease accounting," "tax accounting," "inventory valuation methods," "depreciation methods," "provision for loan losses," "treated," "affected," "calculation," and "LTIP." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Interrogatory on the grounds that it is compound. Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information. Responding Party

further objects that the Request lacks foundation and calls for speculation, and assumes facts not in evidence. Responding Party further objects to this Request on the grounds that it is compound, and impermissibly includes subparts in an attempt to evade the requirement under FRCP Rule 33.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows: Responding Party is unable to respond as it believes no such changes were made.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 6.**

Identify by name, job title, last known address and last known phone number all persons who participated in any discussions or meetings regarding PLAINTIFF'S complaints about the calculation of BALBOA's earnings under the LTIP between June 2023 and June 30, 2024.

**RESPONSE TO INTERROGATORY NO. 6.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "participated," "discussions," "meetings," "regarding," "complaints," "calculation," "earnings," and "LTIP." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request because it seeks private third-party information that would constitute an invasion of privacy of those individuals. Responding Party further objects that the Request lacks foundation and calls for speculation, and assumes facts not in evidence. Responding Party further objects to this Request on the grounds that it calls for production of confidential and/or proprietary information.

///

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows:

Plaintiff;

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only.

Nicole Stokes, Chief Financial Officer: to be contacted through Responding Party's counsel only.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 7.**

Identify by name, job title, last known address and last known phone number all persons who participated in the decision to terminate PLAINTIFF'S employment.

**RESPONSE TO INTERROGATORY NO. 7.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "participated," "decision," and "terminate." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request because it seeks private third-party information that would constitute an invasion of privacy of those individuals.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows:

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only;

H. Palmer Proctor Jr., Chief Executive Officer: to be contacted through Responding party's counsel only.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

**INTERROGATORY NO. 8.**

Identify by name, job title, last known address and last known phone number all persons who expressed dissatisfaction with PLAINTIFF'S job performance between January 1, 2023 and June 30, 2024.

**RESPONSE TO INTERROGATORY NO. 8.**

Responding Party incorporates its General Objections as if set forth fully herein. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous, including with regard to the phrases "express," "job performance," and "dissatisfaction." Responding Party further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome in time and scope. Responding Party further objects to this Request because it seeks private third-party information that would constitute an invasion of privacy of those individuals.

Subject to, and without waiving these objections, including the General Objections, and based on Responding Party's understanding of this Interrogatory, Responding Party responds as follows:

James LaHaise, Chief Strategy Officer: to be contacted through Responding Party's counsel only;

Nicole Stokes, Chief Financial Officer: to be contacted through Responding Party's counsel only.

Responding Party reserves the right to supplement and/or amend this response as discovery is ongoing and continuing.

///
///
///
///
///

DATED:  March 24, 2025        **NUKK-FREEMAN & CERRA, P.C.**

_[signature]_

Stacy L. Fode, Esq.
Nana Yee, Esq.
Ali Hmoud, Esq.
Attorneys for Defendant
AMERIS BANK

*Patrick Byrne v. Ameris Bank*
Case No. 8:24-cv-01989-MWC (JDEx)

## VERIFICATION

I, Michael T. Pierson, declare:

I am Chief Governance Officer and Corporate Secretary for AMERIS BANK, and have read the foregoing DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET ONE, on file herein and know the contents thereof. The matters stated in the Responses are based on information supplied by Ameris Bank's employees and/or derived from the business files and records of Ameris Bank, and therefore are necessarily limited by the same. Subject to those limitations, the responses are true to the best of my current knowledge, information, and belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th Day of March, 2025, in Atlanta, Georgia.

**MICHAEL T. PIERSON**
**AMERIS BANK**