# EXHIBIT E

-17-

DECLARATION OF ESPERANZA ANDERSON ISO PLAINTIFF'S OPPOSITION TO AMERIS' *EX PARTE* APPLICATION

Friday, November 14, 2025 at 7:53:08 AM Pacific Standard Time

| | |
|---|---|
| **Subject:** | Recap of our conversation today |
| **Date:** | Wednesday, November 12, 2025 at 5:01:45 PM Pacific Standard Time |
| **From:** | Esperanza Anderson |
| **To:** | Nana Yee, Stacy Fode, Zachary Brower |
| **CC:** | Clara Castaneda, Patricia Hoffman, Amelia Castro |
| **Attachments:** | image001.png |

Hi Nana and Zac -

Thank you for taking the time to speak with me today. Please allow me to memorialize our call.

**November 6 letter re Confidential Designation / Misappropriation**

    We discussed your request in your November 6 letter that Plaintiff mark as confidential certain documents which he produced. I agreed.

    We also discussed your letter from November 6 regarding misappropriation of documents. You mentioned that your search and also Plaintiff's deposition testimony revealed that he forwarded emails and documents to his private email account and that some of the documents included confidential information. I told you that I have received many emails from Plaintiff from his yahoo account shortly before his deposition and that I have not had a chance to parse through them. As you know, we have had a very busy month with multiple depositions, a trip to Atlanta, ex parte applications, etc. I told that I will produce any documents that are responsive to the discovery requests and that I would search for, return and purge any documents that are privileged. I pointed out that Ameris knows exactly what Plaintiff forwarded to himself because he would have done so by emailing himself from his Ameris email account. To that end, if there is anything that I miss, I ask that you immediately let me know. I want to make sure to return and purge any information we should not have.

    I disagree with your request to image his devices, etc. I pointed out that Ameris already made this request to the Court and it was denied. Plaintiff testified that he has not used any confidential information except whatever he has used in this lawsuit. These documents were produced to you on September 19. You questioned him about this in his deposition. I also note that Ameris was aware that Plaintiff had emailed information to himself because Ameris produced documents showing emails to himself in its September 19 and 22 productions of documents.

    You asked again about the laptop that Plaintiff had when he was still working at Ameris. I told you that I will ask him again whether he has it.

1 of 3

**ESI Terms and Document Production**

We discussed the additional terms Plaintiff asked you to include in Ameris' search. I gave you one list on Oct. 22 and also emailed a list this morning that was identical to what I gave you Oct. 22 except it added one more search. You said that Ameris would not be conducting any more ESI searches. You said that the discovery cut-off was 16 days away. I pointed out that Jim LaHaise testified as to other emails during his deposition. You did not change your answer.

I asked you if Ameris' production was complete. You said you were not aware of any other documents that you would be producing at this time.

**First Amended Complaint / Modification of Scheduling Order**

You said you would get back to me regarding the proposed First Amended Complaint that I sent you this morning. You said would not agree to modify the scheduling order. You added that you would not agree to continue the discovery cut-off. If you will not agree to modify the scheduling order, then it follows that you will not agree to Plaintiff filing the First Amended Complaint. As explained, any motion for leave to file an amended complaint after the deadline in the scheduling order necessarily requires Plaintiff to also seek a ruling modifying the scheduling order.

**Leo Hill and Palmer Proctor**

We discussed these depositions. Plaintiff's position remains the same. Plaintiff will not withdraw the notices of deposition. You said you would be seeking *ex parte* relief for a protective order.

You mentioned a letter that you had sent earlier today regarding Plaintiff's deposition. I have not reviewed it before our call. You said you wanted an answer by tomorrow but as I mentioned, we have Jim LaHaise's deposition tomorrow, Dave Sparacio's deposition on Friday, and Heather Parker's deposition on Monday. I will try to respond to you as soon as I can after I consider the letter. While I understand that the discovery cut-off is very close, Plaintiff's deposition took place three weeks ago. We both received rough drafts of the depositions. I don't understand the urgency.

Before we got off the call, I mentioned Defendant's privilege log and our position that many of the documents marked as privileged are not in fact privileged or entitled to protective especially in light of the protective order in this case. I also told you that I had a question about some documents produced which were blank PDFs with the words "Document Cannot Be Viewed" on them. You asked that I send you a letter about these issues. I will do so.

Finally, we did not discuss this, but on October 27, I sent you a letter with portions of Plaintiff's deposition that he wanted marked confidential. Will you agree to mark those sections confidential?

Please let me know if I missed anything.

Thanks,

Espie



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.