Esperanza Cervantes Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:  (626) 219-6773
Fax:   (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendants. | Case No.: 8:24-cv-01989- MWC (JDEx)<br><br>**DECLARATION OF PLAINTIFF, PATRICK E. BYRNE IN SUPPORT OF OPPOSITION TO DEFENDANT, AMERIS BANK'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Courtroom: 6A<br>Magistrate Judge: Hon. John D. Early<br><br>Discovery Cutoff: November 28, 2025<br>Final Pretrial Conference: May 22, 2025<br>Trial Date: June 1, 2026 |

- 1 -
PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT
AMERIS BANK'S EX PARTE APPLICATION

## DECLARATION OF PATRICK E. BYRNE

I, Patrick E. Byrne, declare:

1. I make this declaration in support of Plaintiff's Opposition to Defendant, Ameris Bank's *Ex Parte* Application for a Protective Order as to the depositions of H. Palmer Proctor and Leo Hill.

2. I have attended all of the depositions taken in this case.

3. Palmer Proctor ("Proctor") was the CEO of Ameris Bank (Defendant in this case), at all times relevant to my employment as the CEO of Balboa Capital, a division of Ameris.

4. James LaHaise ("LaHaise") and Proctor, together, negotiated Ameris Bank's acquisition of Balboa Capital ("Balboa") and approved the LTIP. Proctor's approval was necessary both for the acquisition of Balboa and for the direction of the Balboa division after the acquisition. Ameris first considered acquiring Balboa in 2017 or 2018. Then CEO Dennis Zemper put the deal on hold. In August 2021, Ameris moved forward with the acquisition, no doubt with Proctor's blessing. One key component of the acquisition was that Ameris offered an LTIP. The LTIP was described in the letter of intent Ameris issued to Balboa. The LTIP was negotiated at the same time as the stock purchase agreement.

5. After the acquisition of Balboa by Ameris, Balboa became a division of Ameris and I became the CEO of that division. As CEO of the division, I reported directly to the C-Suite, specifically LaHaise who was at the close to same level as Proctor. In my position, I repeatedly made presentations to Ameris' Board of Directors regarding the Balboa division's performance.

6. I am aware that Proctor's approval was necessary regarding the compensation of high-level employees like me. I attended the deposition of LaHaise both as the Rule 30(b)(6) designee for Ameris and also in his personal capacity. LaHaise testified that Proctor reviewed and approved the LTIP payouts

- 2 -

even though the LTIP payout decisions were made by me based on an agreement I reached at the time of the acquisition.

7. LaHaise also testified that he informed Proctor of all major decisions regarding me, including LaHaise's decision to not to renew my Employment Agreement and his decision ask me to sign a Severance Protection and Restrictive Covenant Agreement in the months before my termination, which LaHaise portrayed as a means of enticing Plaintiff to remain employed. I believe Proctor could have directed LaHaise not to fire me if he wanted. I believe Proctor's approval was necessary to choose the person to replace me after my termination.

8. Leo Hill is the head of the compensation Committee, and the LTIP states that the Compensation Committee shall have the authority to construe and interpret the Plan and apply its provisions ("LTIP 3.2(a)"). I believe that Mr. Hill has direct knowledge about the decisions Ameris took in connection with the LTIP, specifically to change the accounting methodologies used to calculate the LTIP so as to prevent Balboa from hitting and exceeding the Performance Goals set in the LTIP and/or reducing the amount by which Balboa exceeded the Performance Goal in the LTIP. These decisions had the direct impact of reducing or eliminating the monies that Balboa employees had earned under the LTIP through their hard work and efforts to hit and pass the Performance Goals in the LTIP.

9. I had many direct conversations with Proctor as well as Leo Hill.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 14th day of November, in Dana Point, California.

_____
Patrick E. Byrne

- 3 -

PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT AMERIS BANK'S EX PARTE APPLICATION