UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01989-MWC-JDEx | Date | November 17, 2025 |
| Title | Patrick Byrne v. Ameris Bank | | |

Present: The Honorable   John D. Early, United States Magistrate Judge

| Amber Rodriguez | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| n/a | n/a |

Proceedings:   (In Chambers) Order re: Application (Dkt. 78)

      On November 13, 2025, Defendant Ameris Bank ("Defendant") filed an Ex Parte Application for a Protective Order (Dkt. 78, "Application" or "App.") to preclude Plaintiff Patrick Byrne ("Plaintiff") from proceeding with depositions of its Chief Executive Officer ("CEO"), H. Palmer Proctor ("CEO Proctor"), and Board of Directors Member Leo J. Hill ("Hill"), unilaterally noticed by Plaintiff on October 29, 2025, to proceed on November 19 and 20, 2025, respectively (the "Disputed Depositions"), with a Declaration of Counsel and Exhibits (Dkt. 78-1). Plaintiff filed an Opposition on November 14, 2025 (Dkt. 79, "Opposition" or "Opp."), with a Declaration of Counsel (Dkt. 79-1) with Exhibits (Dkt. 79-2 to 79-9), and a Declaration by Plaintiff (Dkt. 80). The Court finds the Application may properly be decided without further briefing or argument and rules as follows.

      Parties who seek ex parte relief outside the normal motion hearing process seek "to go to the head of the line in front of all other litigants and receive special treatment"; such request are "rarely justified." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490, 492 (C.D. Cal. 1995). To justify such rare, special relief, the moving party must, at a minimum, show: (1) its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492; see also Local Civil Rule ("L.R.") 37-3 (for a discovery motion to be heard on an ex parte basis, the moving party must show "irreparable injury or prejudice not attributable to the lack of diligence of the moving party"). The Court finds Defendant has made an adequate showing here because, considering the requirements to meet and confer, prepare a joint stipulation, and set a hearing on 21 days' notice under L.R. 37-1, et seq., Defendant could not have set this matter for hearing on regular notice; the "crisis" was not attributable to Defendant; and Defendant would suffer prejudice as it could not otherwise challenge the Disputed Depositions before their scheduled dates.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01989-MWC-JDEx | Date | November 17, 2025 |
| Title | Patrick Byrne v. Ameris Bank | | |

 Turning to the merits, generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Rule 26(b)(1)'s definition of relevance is broad. See Snipes v. United States, 334 F.R.D. 548, 550 (N.D. Cal. 2020); V5 Techs. v. Switch, Ltd., 334 F.R.D. 306, 309 (D. Nev. 2019), aff'd sub nom. V5 Techs., LLC v. Switch, LTD., 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (noting that relevance for discovery purposes remains broad even after the 2015 amendments of the Federal Rules of Civil Procedure). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

 Rule 30 allows a party to "depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(1). But, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative . . . [or] the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Rule 26(b)(2)(C)(i), (iii). A person from whom discovery is sought may move for a protective order limiting or even forbidding discovery "for good cause" to protect it from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c)(1). Generally, the party seeking a protective order has a "heavy burden" of showing why discovery should be limited. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); see also Apple Inc. v. Samsung Elecs. Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (noting that, because "a party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied," "it is very uncommon 'for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" (footnote omitted) (quoting WebSideStory, Inc. v. NetRatings, Inc., 2007 WL 1120567, at *2 (S.D. Cal. 2007))).

 When a party seeks to depose a high-level executive, a so-called "apex" deposition, "courts have 'observed that such discovery creates a tremendous potential for abuse or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01989-MWC-JDEx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Patrick Byrne v. Ameris Bank | | |

harassment.'" Apple Inc., 282 F.R.D. at 263 (N.D. Cal. 2012) (footnote omitted) (quoting Celerity, Inc. v. Ultra Clean Holding, Inc., 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007)). As a result, courts may limit such apex depositions when appropriate under Rule 26(c)(1). Apple, Inc., 282 F.R.D. at 263. When a party seeks a protective order to prohibit an apex deposition, the court will first consider whether the objecting party has shown that subject of the deposition "is sufficiently 'high-ranking' to invoke the deposition privilege." Estate of Levingston v. Cty. of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (quoting Thomas v. Cate, 715 F. Supp. 2d 1012, 1049 (E.D. Cal. 2010)). If this initial showing is met, courts then consider: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case[;] and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Estate of Levingston, 320 F.R.D. at 525 (quoting Apple, Inc., 282 F.R.D. at 263).

Here, Defendant asserts that CEO Proctor and Board of Directors Member Hill "are clearly high-ranking officers entitled to protection under" the apex deposition doctrine. App. at 10. Plaintiff appears to concede the point by asserting "while the deposition of [CEO Proctor] or [Hill] would be uncalled for in the average case involving a low-level employee fired by a middle manager, this case is brought by the former CEO of Balboa, a division of" Defendant. Opp. at 1. As there appears to be no dispute as to this initial issue and based on the record, the Court finds both CEO Proctor and Hill are sufficiently high-ranking to warrant possible protection under the apex deposition analysis.

The Court next considers as to CEO Proctor and Hill, "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case[;] and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Estate of Levingston, 320 F.R.D. at 525. Defendant does not appear to argue in the Application that Plaintiff failed to exhaust other less intrusive discovery methods; to the contrary, Defendant asserts that Plaintiff has deposed "**seven** other corporate executive that **do** have knowledge relevant to Plaintiff's claims." App. at 10. As such, the relevant focus here is on whether CEO Proctor or Hill have any relevant knowledge that is "first-hand, non-repetitive."

As to CEO Proctor, Plaintiff cites an interrogatory response that lists CEO Proctor as one of two people who "participated in" the decision to terminate Plaintiff. Opp. at 2. Plaintiff also submits his own Declaration, attesting that he is "aware that [CEO] Proctor's approval was necessary regarding the compensation of high-level employees like [Plaintiff]." Dkt. 80 at 2, ¶ 6. Plaintiff's termination and his compensation are both issues in this case, as Plaintiff alleges, in part, that he was wrongfully terminated because he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01989-MWC-JDEx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Patrick Byrne v. Ameris Bank | | |

complained about how his compensation was being calculated. See generally, Dkt. 1 (Complaint). Defendant submits no declaration by CEO Proctor or any other person with personal knowledge of the issues to counter those to facts. Rather, Defendant relies on a summary of the deposition testimony of another executive, James LaHaise ("LaHaise"), that LaHaise made the decision to fire Plaintiff and thereafter merely advised CEO Proctor of the decision, noting that no contrary documentary evidence exists. App. at 7-8. Defendant also asserts that "LaHaise was the primary person responsible for the negotiation of the LTIP [Long-term Cash Incentive Plan, a bonus plan at issue in the case] alone with the support of team members that did not include Mr. Proctor or Mr. Hill," citing pages from a deposition transcript that Defendant did not provide. App. at 8. In his Declaration, Plaintiff attests that he attended LaHaise's deposition and "LaHaise testified that Proctor reviewed and approved the LTIP payouts." Dkt. 80 at 2, ¶ 6.

Based on this record, the Court finds that Plaintiff has met his burden to show CEO Proctor has some first-hand, non-repetitive knowledge of facts at issue in the case sufficient for the deposition to proceed. The parties present different summaries of LaHaise's deposition testimony as to whether CEO Proctor approved the LTIP payouts, but no party presented a transcript of that testimony. As such, based on this record, as Plaintiff has testified under oath regarding his recollection of the testimony, the Court credits that testimony for purposes of ruling on the Application only, and finds it shows unique, first-hand, non-repetitive knowledge of a fact at issue in the case, that is, whether such "approval" took place and, if it did, how the decision to "approve" the LTIP payouts at issue was made. In addition, as Defendant's own verified interrogatory response confirms that CEO Proctor "participated in" the decision to fire Plaintiff, even though LaHaise now apparently has testified he merely reported a decision already made to CEO Proctor, those two "facts" appear inconsistent, and CEO Proctor, as one of only two persons with knowledge of the issue, has first-hand, non-repetitive knowledge that bears on clearing up that apparent inconsistency that cannot be obtained from any other source. As such, Plaintiff has met his burden to proceed with a limited deposition of CEO Proctor. The Application is denied as to CEO Proctor.

As to Hill, Plaintiff's asserted need for Hill's testimony is, summarized: (1) Hill was on Defendant's Compensation Committee where the LTIP was administered; (2) Defendant failed to provide promised information by September 19, 2025, regarding meeting dates for the Compensation Committee; and (3) Defendant has failed to produce certain records regarding the administration of the LTIP, records that LaHaise, who administered the LTIP, has no knowledge of. Opp. at 3-4; Dke.t 79-1 at 3, ¶ 9. Plaintiff also avers that he "believe[s] that Mr. Hill has direct knowledge about the decisions [Defendant]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01989-MWC-JDEx | Date | November 17, 2025 |
|---|---|---|---|
| Title | Patrick Byrne v. Ameris Bank | | |

took in connection with the LTIP." Dkt. 80 at 3, ¶ 8. The foregoing does not show that Hill has first-hand, non-repetitive knowledge of facts at issue sufficient to warrant his deposition. Plaintiff's assertion of what he "believes" Mr. Hill knows lacks foundation. As to alleged discovery failures by Defendant, if Plaintiff believed Defendant failed to produce promised documents or information on September 19, he has had 60 days to file a motion to compel such production. That he did not do so reveals Plaintiff has not "exhausted less intrusive discovery methods," rendering the request to depose Hill untimely and unsupported. The Application is granted as to Hill.

For the foregoing reasons, the Application (Dkt. 78) is GRANTED in part and DENIED in part as follows. The Application is GRANTED as to the deposition of Leo Hill; under Rule 26(c), the Court issues a Protective Order precluding Plaintiff from proceeding with a deposition of Leo Hill. The Application is DENIED in all other respects.

The Court notes that although Defendant asserts, "We are not available for the noticed deposition dates and/or locations" (Opp. at 11, fn.3; Dkt. 78-1 at 2, ¶ 5), CEO Proctor's deposition was noticed to proceed remotely, by Zoom, so it is unclear what Defendant means by being unavailable at the noticed location. As to the date, the Court notes that Defendant's counsel proffered November 19 as an available date for her on October 22, 2025—a week before CEO Proctor's deposition was noticed for that date. See Dkt. 76 (10/22/25 Transcript of Proceedings) at 28:20-21. Further, CEO Proctor did not submit a declaration attesting to any inability to appear for a remote deposition on November 19. As such the "unavailability" objection is overruled as unsupported.

Nonetheless, the Court, on its own motion under Rule 26(b)(2)(C) and Rule 26(c)(2), ORDERS that the deposition of CEO Proctor, noticed to proceed virtually, by Zoom, on November 19, 2025, at 10:00 a.m. (see Dkt. 78-1 at 5-6 (CM/ECF pagination)), shall proceed on that date, time, and manner, but may last no longer than 45 minutes and may only relate to: (1) Plaintiff's termination; and (2) Plaintiff's compensation under the LTIP. To the extent Plaintiff seeks relief in his Opposition, such requests are not properly before the Court and are denied.

IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|