1  Stacy L. Fode, Esq. (SBN 199883)
   sfode@nfclegal.com
2  Nana J. Yee, Esq. (SBN 272783)
   nyee@nfclegal.com
3  **NUKK-FREEMAN & CERRA, P.C.**
   550 West C Street, Suite 910
4  San Diego, CA 92101
   Telephone: 619.292.0515
5  Facsimile: 619.566.4741

6  *Attorneys for Defendant*
   AMERIS BANK

7

8  ## UNITED STATES DISTRICT COURT

9  ## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 PATRICK BYRNE, an Individual,           Case No. 8:24-cv-01989-MWC (JDEx)

12              Plaintiff,                  **DEFENDANT AMERIS BANK'S**
                                           ***EX PARTE* APPLICATION FOR AN**
13                                          **ORDER COMPELLING A SECOND**
   vs.                                     **7-HOUR DAY DEPOSITION OF**
14                                          **PLAINTIFF PATRICK BYRNE**

15 AMERIS BANK, a Georgia corporation

16              Defendants.                 ***OPPOSED***

17
                                           [DISCOVERY MATTER]
18

19                                          Courtroom: 6A
                                           Magistrate Judge: Hon. John D. Early
20

21                                          Discovery Cutoff: November 28, 2025
                                           Final Pretrial Conference: May 22, 2026
22                                          Trial Date: June 1, 2026

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2    I.    INTRODUCTION.................................................................................7

3    II.    RELEVANT FACTS AND PROCEDURAL HISTORY .......................8

4          A.    Defendant Tried to Schedule Plaintiff's Deposition as Far Back as March

5                2025, and had to Repeatedly Seek the Court's Assistance to Schedule

6                Plaintiff's First 7-Hour Deposition.................................................8

7          B.    Plaintiff Improperly Refused to Answer Multiple Questions during His

8                Deposition...................................................................................11

9          C.    Plaintiff Testifies about Numerous Responsive Documents that He

10               Failed to Produce to in Response to Defendant's Requests for

11               Production, thereby Failing to Allow Defendant to Adequately Depose

12               Him Thereabout............................................................................12

13         D.    Despite Defense Counsel's Prudent Use of Time during Plaintiff's

14               7-Hour Deposition, Additional Time is Needed to Fairly Examine

15               Plaintiff. .....................................................................................13

16         E.    Plaintiff Continues to Refuse to Meet and Confer in Good Faith.............14

17   III.   ARGUMENT TO COMPEL PLAINTIFF TO SIT FOR A SECOND 7-HOUR

18          DAY DEPOSITION..........................................................................16

19         A.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition

20               so Defendant can Question Him about the Numerous Responsive

21               Documents that He Failed to Produce in Advance of His Prior

22               Deposition...................................................................................16

23         B.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition

24               so Defendant can Question Him about the Documents and Topics that

25               His Counsel Improperly Instructed Him Not to Answer at His Prior

26               Deposition...................................................................................17

27         C.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition to

28               Allow Defendant to Fairly Examine Plaintiff in Accord with the Federal

*BYRNE v. AMERIS BANK,*                        Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Rules. ...................................................................................................................19

IV.  AFFIRMATION OF NOTICE................................................................................20

V.   COUNSEL FOR OPPOSING PARTY ................................................................21

VI.  CONCLUSION .......................................................................................................21

*BYRNE v. AMERIS BANK,*
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Case No. 8:24-cv-1989

Page 3 of 22

## TABLE OF AUTHORITIES

**Cases**

*Brincko v. Rio Props., Inc.*,

    278 F.R.D. 576, 581 (D. Nev. 2011) ........................................................... 19

*Cohen v. Trump*,

    2015 WL 3617124, at *2–3 (S.D. Cal. June 9, 2015) ................................ 19

*Crews v. Domino's Pizza Corp.*,

    2009 WL 10672572, at *4 (C.D. Cal. July 31, 2009) ................................ 17

*IDS Life Ins. Co. v. Sunamerica Inc.*,

    1995 WL 505497, at *2 (N.D. Ill. Aug. 21, 1995) ..................................... 20

*Jenkins v. Mason Harriman Grp., Inc.*,

    2025 WL 3002914, at *5 (D.D.C. Oct. 27, 2025) ...................................... 19

*Mattel, Inc. v. MGA Entm't, Inc.*,

    2011 WL 13128607, at *1 (C.D. Cal. Jan. 18, 2011) ................................. 20

*Thomas v. Petro-Canada Am. Lubricants, LLC*,

    2023 WL 11944470, at *4 (C.D. Cal. Jan. 13, 2023) ................................. 17

**Statutes**

Cal. Evid. Code § 954 ....................................................................................... 19

**Rules**

Federal Rule of Civil Procedure 26(b)(1) ................................................... 20, 21

Federal Rule of Civil Procedure 26(b)(2) ......................................................... 20

Federal Rule of Civil Procedure 30(c)(2) ................................................... 18, 19

Federal Rule of Civil Procedure 30(d) ......................................................... 17, 20

Federal Rule of Civil Procedure 30(d)(1) ................................................... 20, 21

Federal Rule of Civil Procedure 30(d)(3) ......................................................... 18

Fed. R. Evid. 501 ............................................................................................... 19

Local Rule 7-19.1 ............................................................................................... 21

---

*BYRNE v. AMERIS BANK*,                                    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Pursuant to Local Rule 7-19, this Court's standing orders and Federal Rules of Civil Procedure 30 and 37, Defendant AMERIS BANK ("Ameris" or Defendant") hereby applies to this Court *ex parte* for an Order compelling Plaintiff PATRICK BYRNE ("Plaintiff") to appear for a second 7-hour day of deposition on November 25, 2025.

Defendant's *Ex Parte* Application is brought on the grounds that: (i) Defendant will be irreparably prejudiced by not being able to continue and complete Plaintiff's deposition in a timely manner, as the discovery cut-off date of November 28, 2025, is rapidly approaching and Defendant first noticed Plaintiff's deposition in March 2025; (ii) despite multiple messages and requests for earlier dates from Defendants, on June 23, 2025, Plaintiff only provided dates in September for his deposition with the parties agreeing to September 23, 2025, for Plaintiff's deposition; (iii) on September 22, 2025, less than 24 hours before the agreed-upon deposition, Plaintiff unilaterally cancelled it and, thereafter, refused to cooperate with setting a new date, forcing Defendants to file an *ex parte* application to compel his deposition, which this Court in response ordered to occur on October 20, 2025; (iii) Plaintiff unilaterally ended his deposition early on October 20, 2025, and thereafter, on October 22, 2025, the Court ordered the dates of all remaining depositions, including the continuation of Plaintiff's deposition, which the Court set for October 27, 2025; (iv) during Plaintiff's deposition, Plaintiff's counsel improperly instructed Plaintiff not to answer several questions and, further, Plaintiff's counsel instructed Plaintiff to answer no further questions once Plaintiff's total deposition time reached 7 hours even though Defendant's counsel made judicious use of the 7 hours and explained that additional time is needed to fairly examine Plaintiff as the time was insufficient to address all significant issues, including Plaintiff's purported economic damages, alleged emotional distress, mitigation efforts, and numerous emails relating to his alleged complaints as set forth in the lawsuit, especially considering that Plaintiff took 7 depositions for approximately 34 hours while Plaintiff's testimony is the only

*BYRNE v. AMERIS BANK,*                                    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 5 of 22

deposition sought by Defendant; and (v) during Plaintiff's deposition, he testified about an extensive amount of documents, communications and electronic data that were responsive to Defendant's discovery requests but were not produced, and for which Defendant will be irreparably prejudiced if unable to continue Plaintiff's deposition to question Plaintiff thereabout.

In support of this application, Defendant relies on the following Memorandum of Points and Authorities and any further arguments and evidence as may be properly presented to the Court.

The affirmations of notice of this Application and Plaintiff's counsel's contact information are set forth below.

This Application is based on this Notice, the Memorandum of Points and Authorities below, the accompanying Declaration of Nana Yee, the Court's file, and any oral argument the Court may entertain.

*BYRNE v. AMERIS BANK*,                                                    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 6 of 22

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant, which had been trying since March 2025 to take Plaintiff's deposition, took Plaintiff's deposition for a total of 7 hours over October 20 and 27, 2025, both dates which required the Court's involvement to set due to Plaintiff's utter lack of cooperation and obstructionist behavior as to discovery in this matter. During Plaintiff's 7-hour deposition, his counsel: (i) improperly instructed Plaintiff to not answer questions regarding his employment agreement's confidential information and nondisparagement provisions based on the attorney-client privilege even where no question was pending and where the question was expressly not about attorney-client communications; (ii) improperly instructed Plaintiff to not answer questions related to documents for which Defendants had not yet produced with Bates numbers, one of which was the email sent to Plaintiff terminating his employment and to which his termination notice was attached, a key document in this matter; (iii) improperly instructed Plaintiff to not answer questions about documents produced by Defendant with redactions for which Defendant had not yet included in a privilege log; and (iv) instructed Plaintiff to not answer any further questions once the deposition hit a total of 7 hours despite counsel for Defendant noting that additional time is needed to fairly examine Plaintiff as several key issues, including Plaintiff's claim for economic damages, emotional distress damages, mitigation efforts, his alleged complaints, all of which were not fully addressed despite defense counsel's prudent use of the first 7 hours of deposition time, particular given that Plaintiff has sought to take 8 (and currently has taken 7) depositions of defense witnesses totaling approximately 34 hours.

Moreover, during Plaintiff's deposition on October 27, 2025, he testified that, while he was working for Defendant, he regularly sent work emails and documents from his work email account to his personal email account and further testified that he did not delete such information and remains in possession of those work emails and

documents. Such emails and documents, which are voluminous based on Plaintiff's deposition testimony, are responsive to Defendant's Request for Production ("RFP") Nos. 1-4, 6-7, 36, and/or 40-41, which seek all documents, communications and/or electronic data and information: (i) relating to the allegations in Plaintiff's Complaint; (ii) relating to Plaintiff's employment with Defendant; and/or (iii) belonging to Defendant that Plaintiff (or someone acting on Plaintiff's behalf) copied, downloaded, removed or otherwise transferred, either electronically or in hard copy, from Defendant's or Defendant's clients' offices or premises or from Defendant's possession, custody, or control. However, Plaintiff failed to produce such documents, as evidenced by the fact that, despite such work emails being responsive to Defendant's RFPs, not one email was produced by Plaintiff in this matter. Defendant should be permitted to question Plaintiff about this vast number of pertinent documents, communications and electronic data.

Accordingly, Defendant respectfully moves this Court to compel Plaintiff to appear for a second 7-hour day of deposition on November 25, 2025.[1]

This relief is sought on an *ex parte* basis because exigent circumstances exist considering the rapidly approaching discovery cut-off date of November 28, 2025, and upcoming holidays. Defendant has been tirelessly trying to take Plaintiff's deposition since March 2025, in an effort to avoid running up against the discovery deadline, but Plaintiff's gamesmanship has resulted in Defendant needing eleventh-hour judicial relief.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

### A. Defendant Tried to Schedule Plaintiff's Deposition as Far Back as March 2025, and had to Repeatedly Seek the Court's Assistance to Schedule Plaintiff's First 7-Hour Deposition.

---

[1] Alternatively, Defendant respectfully requests leave of the Court to conduct the Deposition during the first week of December, beyond the discovery cutoff, for the limited purpose of completing Plaintiff's deposition.

On March 3, 2025, Defendant served initial discovery, including a Notice of Deposition of Plaintiff, which was scheduled for May 28, 2025. Declaration of Nana J. Yee ("Yee Decl.") ¶ 2 (citing Declaration of Nana J. Yee in Support of Defendant Ameris Bank's *Ex Parte* Application to Compel Deposition of Plaintiff Patrick Bryne and for Issuance of a Protective Order (hereinafter, "MTC"), Ex. A [Dkt. No. 65-2]). On that same date, defense counsel stated a willingness to coordinate on a mutually convenient date for Plaintiff's deposition. *Id.* at ¶ 2 (citing MTC, Ex. B [Dkt. No. 65-3]). Counsel for Plaintiff stated she would check with her client but never provided a date. *Id.* at ¶ 3 (citing MTC, Ex. C [Dkt. No. 65-4]).

Thereafter Plaintiff failed to produce documents or fulsome responses to Defendant's RFPs, thus necessitating protracted meet and confer and discovery motions. Yee Decl., ¶ 4. In fact, Plaintiff did not produce any documents as of May 28, 2025, despite Plaintiff's responses that he had in his possession responsive documents. *Id.* As such, Defendant could not move forward with Plaintiff's deposition on May 28 as originally noticed and sought to meet and confer with Plaintiff's counsel on a new mutually convenient date for Plaintiff's deposition.[2] *Id.*

On May 23, 2025, Defendant inquired about Plaintiff's upcoming availability so the parties would have time to adjudicate discovery disputes and Defendant would have the necessary documents and responses needed to take Plaintiff's deposition, and asked for a response by May 30. Yee Decl., ¶ 6 (citing MTC, Ex. D [Dkt. No. 65-5]). Despite multiple messages from Defendant, Plaintiff waited until June 16 to provide a response, offering only September 25, 2025, for Plaintiff's deposition. *Id.* at ¶ 7 (citing MTC, Ex. E [Dkt. No. 65-6]). In response to Defendant's request for earlier dates, on June 23, 2025, Plaintiff only provided September 15, 22, 23 and 25 as available dates.

---

[2] In fact, Plaintiff only produced two documents consisting of 35 pages following Defendant's significant meet and confer efforts and it was not until Defendant was forced to file a motion to compel Plaintiff to produce responsive documents, that Plaintiff produced over 1,200 pages of documents the Friday before Plaintiff's scheduled deposition on Tuesday, September 23, 2025. Yee Decl., ¶ 5.

*BYRNE v. AMERIS BANK,*                                    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 9 of 22

*Id.* at ¶ 8 (citing MTC, Ex. F [Dkt. No. 65-7]). Eventually, the parties agreed to September 23, 2025, for Plaintiff's deposition and an amended deposition notice was served on July 2, 2025. *Id.* at ¶ 9 (citing MTC, Ex. G [Dkt. No. 65-8]).

On September 22, 2025, at 2:34pm, less than 24 hours before the anticipated start of Plaintiff's deposition and after defense counsel had spent many hours preparing for deposition, counsel for Plaintiff emailed to cancel his deposition because "Patrick is feeling sick." Yee Decl., ¶ 10 (citing MTC, Ex. H [Dkt. No. 65-9]). In that message, counsel advised that she would "make sure we get this back on schedule ASAP." *Id.*

Over the following two weeks, despite Defendant's continuous best efforts to arrange for Plaintiff's deposition without judicial intervention, Plaintiff proceeded to engage in gamesmanship by failing to provide a new date for Plaintiff's cancelled deposition with Plaintiff's counsel refusing to meet and confer on the issue.[3] Yee Decl., ¶¶ 11-32 (citing MTC, Ex. P, Q, R, S, T, U, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II [Dkt. Nos. 65-17 through 65-36]). As a result, on October 6, 2025, Defendant was left with no choice but to file its *Ex Parte* Application to Compel Deposition of Plaintiff and for Issuance of a Protective Order [Dkt. No. 65], which this Court granted as to Plaintiff's deposition on October 7, 2025, ordering Plaintiff to appear in person in Irvine for his deposition on October 20, 2025 [Dkt. No. 69]. *Id.* at ¶ 33.

On October 20, 2025, Plaintiff's counsel unilaterally terminated the deposition early. Yee Decl., ¶ 34. On October 22, 2025, in response to a Court Order [Dkt. No. 73],[4] the parties met and conferred in person at the Ronald Reagan Federal Building and United States Courthouse to set the continuation of Plaintiff's deposition as well as

---

[3] A detailed discussion of Defendant's thwarted attempts to arrange for Plaintiff's deposition over this period was provided in Defendant's *Ex Parte* Application to Compel Deposition of Plaintiff and for Issuance of a Protective Order [Dkt. No. 65], § II(C)-(E), at pp. 10-14.

[4] The Court Order was in response to Plaintiff's *Ex Parte* Application Regarding Discovery [Dkt. 70].

1  all other remaining depositions. This Court ordered the continued deposition of
2  Plaintiff "to take place on October 27, 2025, starting at 10:00 a.m. and continuing until
3  completed at the same location previously ordered" [Dkt. No. 74]. *Id.* at ¶ 35.

4  **B.**    **Plaintiff Improperly Refused to Answer Multiple Questions during**
5            **His Deposition.**

6        At Plaintiff's deposition on October 20, 2025, Plaintiff's counsel improperly
7  instructed Plaintiff not to answer questions regarding his employment agreement's
8  confidential information and nondisparagement provisions based on the attorney-client
9  privilege even though defense counsel stated that the line of questioning would not
10 concern attorney-client communications and, remarkedly, even though no question was
11 pending. Specifically, when questioning Plaintiff about his employment agreement at
12 his deposition, the following communication took place between Stacy Fode ("Ms.
13 Fode"), examining attorney for Defendant, and Plaintiff's counsel, Esperanza
14 Anderson ("Ms. Anderson"), when Ms. Fode attempted to ask Plaintiff about
15 provisions of his employment agreement, Ms. Anderson instructed Plaintiff not to
16 answer any questions about the confidentiality and nondisparagement clauses in the
17 agreement, stating that it may be getting into attorney-client privilege communications.
18 Yee Decl., ¶ 36.[5]

19       At Plaintiff's deposition on October 27, 2025, Plaintiff's counsel improperly
20 instructed Plaintiff multiple times not to answer questions related to documents
21 produced by Defendants containing redactions for which Defendant had not yet
22 included in a privilege log, just because the documents had redactions, even after
23 Defendant's counsel reminded Plaintiff's counsel this was not a legitimate reason to
24 not answer under the federal rules. Yee Decl., ¶37.

25       Further, at the deposition on October 27, 2025, Plaintiff's counsel improperly

26 _____

27 [5] Given the confidentiality designations and the operative Protective Order, Defendant
   is unable to attach the relevant transcript(s) to this ex parte application. However,
28 Defendant can and will promptly provide them for in camera review at the Court's

*BYRNE v. AMERIS BANK,*                                          Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

instructed Plaintiff not to answer questions related to documents for which Defendants had not yet produced with Bates numbers, including the email sent to Plaintiff terminating his employment and to which his termination notice was attached, a key document in this matter. Yee Decl., ¶38.

**C.    Plaintiff Testifies about Numerous Responsive Documents that He Failed to Produce to in Response to Defendant's Requests for Production, thereby Failing to Allow Defendant to Adequately Depose Him Thereabout.**

Defendant's RFP Nos. 1-4, 6-7, 36, and 40-41 to Plaintiff sought all documents, communications and/or electronic data and information: (i) relating to the allegations in Plaintiff's Complaint; (ii) relating to Plaintiff's employment with Defendant; and/or (iii) belonging to Defendant that Plaintiff (or someone acting on Plaintiff's behalf) copied, downloaded, removed or otherwise transferred, either electronically or in hard copy, from Defendant's or Defendant's clients' offices or premises or from Defendant's possession, custody, or control. Yee Decl., ¶ 39, Ex. A.

In or about September 2025, defense counsel commenced review of ESI provided by Ameris to prepare the company's document production. Yee Decl., ¶ 40. The review revealed that ***throughout*** his employment with Ameris, Plaintiff forwarded ***thousands*** of pages of documents containing Ameris confidential, proprietary and trade secret information from his Ameris e-mail account to his personal, unsecured Yahoo e-mail account. *Id*.

On or about June 20 and September 20, 2025, Plaintiff produced documents in response to Defendant's discovery requests. Yee Decl., ¶ 41. Plaintiff did not produce any of the Ameris documents he took until September 20, 2025. *Id*. However, while Plaintiff produced *some* of the attachments he sent to his personal e-mail address, Plaintiff withheld many others as well as the emails themselves, including attorney-

request.

*BYRNE v. AMERIS BANK,*                                              Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 12 of 22

client and bank examination privileged communications that defense counsel discovered within the ESI provided by Ameris. *Id.*

Moreover, while Plaintiff admitted that he e-mailed documents to his personal e-mail account at his deposition on October 27, 2025,[6] and further testified that he sent all documents that he located, *including e-mails*, to his attorney, Plaintiff *failed to produce any e-mails*, including the e-mails forwarding the documents he produced to his personal e-mail account.[7] Yee Decl., ¶ 42.

Such emails and documents, which are voluminous based on Plaintiff's deposition testimony, are responsive to Defendant's RFP Nos. 1-4, 6-7, 36, and/or 40-41. As Plaintiff failed to produce numerous responsive documents, Defendant was prevented from effectively questioning Plaintiff about them during Plaintiff's deposition held on October 20 and 27, 2025. Yee Decl., ¶ 45.

**D.    Despite Defense Counsel's Prudent Use of Time during Plaintiff's 7-Hour Deposition, Additional Time is Needed to Fairly Examine Plaintiff.**

Defendant's Fourth Amended Notice of Deposition of Plaintiff expressly noted, "This examination will be subject to continuance or adjournment from time to time or place to place until completed." Yee Decl., ¶ 46, Ex. B. Despite defense counsel's adequate use of time during Plaintiff's 7-hour deposition, that time was insufficient to address all pertinent issues, including Plaintiff's purported damages, mitigation efforts, etc. *Id.* at ¶ 47. However, when Plaintiff's deposition hit seven hours on the dot, Plaintiff's counsel instructed him to not answer any further questions despite defense counsel noting that more time was needed to fairly examine Plaintiff as there were

---

[6] Plaintiff testified that he did not obtain documents any other way except for e-mailing it to his personal e-mail account. Yee Decl., ¶ 43.

[7] While Plaintiff initially testified that he did not recall whether he saved the documents to his personal computer, any other devices, or a cloud account, he later acknowledged that certain documents were on his personal computer, and that he had "things in the cloud." Yee Decl., ¶ 44.

additional critical topics to cover. *Id.* Notably, in this matter, Plaintiff has taken 7 depositions, for approximately 34 hours, whereas Defendant has only taken Plaintiff's deposition for a total of 7 hours. Yee Decl., ¶ 48.

### E.    Plaintiff Continues to Refuse to Meet and Confer in Good Faith.

On November 12, 2025, Defendant's counsel emailed a letter to Plaintiff's counsel in a good faith effort to meet and confer about Defendant's need to continue Plaintiff's deposition for a second 7-hour day, requesting that Plaintiff provide available dates for his deposition "no later than November 13, 2025." Yee Decl., ¶ 49, Ex. C.

Later that same day, the parties met and conferred by phone as to several discovery matters and during the call, counsel for Defendant asked if Plaintiff would agree to provide a date for his continuing deposition as requested in the meet and confer correspondence. Yee Decl., ¶ 50. In response, counsel for Plaintiff stated that she has not reviewed the correspondence yet. *Id.* Thereafter that day, Plaintiff's counsel sent an email "recapping" the conversation, in which she wrote:

> … You mentioned that your search and also Plaintiff's deposition testimony revealed that he forwarded emails and documents to his private email account and that some of the documents included confidential information. **I told you that I have received many emails from Plaintiff from his yahoo account shortly before his deposition and that I have not had a chance to parse through them.** As you know, we have had a very busy month with multiple depositions, a trip to Atlanta, ex parte applications, etc. **I told that I will produce any documents that are responsive to the discovery requests** and that I would search for, return and purge any documents that are privileged. …
>
> …You mentioned a letter that you had sent earlier today regarding Plaintiff's deposition. I have not reviewed it before our call. **You said you wanted an answer by tomorrow** but as I mentioned, we have Jim LaHaise's deposition tomorrow, Dave Sparacio's deposition on Friday, and Heather Parker's deposition on Monday. **I will try to respond to you as soon**

**as I can after I consider the letter.** While I understand that the discovery cut-off is very close, Plaintiff's deposition took place three weeks ago. We both received rough drafts of the depositions. **I don't understand the urgency.**

*Id.* at ¶ 50, Ex. D (emphasis added).

On November 17, 2025, having heard nothing further from Plaintiff as to a second 7-hour day deposition, defense counsel emailed Plaintiff's counsel in response to her November 12, 2025 correspondence:

During our call, we asked whether you will agree to a second day of Plaintiff's deposition for reasons set forth in our meet and confer letter. You stated that you have not yet had an opportunity to review our letter. **Please respond by 4:00 p.m. on Tuesday, November 18. If we do not receive a timely response, we will be forced to seek expedited judicial relief, as the discovery cutoff is November 28.**

Yee Decl., ¶ 51, Ex. E (emphasis added).

On November 18, 2025, Plaintiff's counsel responded by email, "The meet and confer letter you sent leaves open many questions. I am free tomorrow after Palmer Proctor's deposition to meet and confer regarding Ameris' request." Yee Decl., ¶ 52, Ex. F. Defense counsel responded on November 19, 2025, "We are available to meet and confer regarding Plaintiff's second day of deposition today at 12pm or tomorrow at 9:30am or 10:00am. Please let us know if any of those times work for you." *Id.* at ¶ 53, Ex. G. However, counsel for Plaintiff did not respond until 3:44 p.m., suggesting speaking at a different time, 10:30 a.m., on November 20, 2025. *Id.*

On November 20, 2025, counsel for Defendant emailed Plaintiff at 7:02 a.m., explaining that they were not available at the single time she proposed and asked whether she was available at either 9 a.m. or 230 p.m. to schedule a call to discuss the meet and confer correspondence regarding Plaintiff's deposition. Yee Decl., ¶54, Ex. H. After receiving no response, counsel for Defendant followed up via e-mail at 12:25 p.m., again requesting that Plaintiff provide his availability for the continuation of his deposition and advising that, absent a response, Defendant would have no choice but to

*BYRNE v. AMERIS BANK,*   Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 15 of 22

seek relief from the Court. *Id.* Counsel for Defendant also reiterated that they remained available to confer by phone at 2:30 p.m. Plaintiff's counsel responded and stated only she was available at 3pm, but did not state if she was unavailable at 2:30. *Id.* Counsel for Defendant stated they were unavailable at 3:00p.m. and would call at 2:30. *Id.* Plaintiff's counsel then stated she was unavailable at 2:30pm and was only available after 4:30pm. *Id.* Defendant's counsel stated they were unavailable after 4:30pm due to previously scheduled appointments, but had repeatedly proposed times to speak and were shut down, and its meet and confer correspondence was still unanswered. Defendant's counsel asked Plaintiff's counsel to confirm by email if Plaintiff would continue his deposition and if Plaintiff would meet and confer regarding dates. *Id.* Plaintiff did not respond, and Defendant was forced to give notice via email. *Id.*

## III.    ARGUMENT TO COMPEL PLAINTIFF TO SIT FOR A SECOND 7-HOUR DAY DEPOSITION.

### A.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition so Defendant can Question Him about the Numerous Responsive Documents that He Failed to Produce in Advance of His Prior Deposition.

The Advisory Committee Notes (2000 Amendment) to Federal Rule of Civil Procedure 30(d) list examples of factors that justify an extended deposition and state, "If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." *See also Thomas v. Petro-Canada Am. Lubricants, LLC*, 2023 WL 11944470, at *4 (C.D. Cal. Jan. 13, 2023) (granting motion to re-open depositions in light of newly produced documents); *Crews v. Domino's Pizza Corp.*, 2009 WL 10672572, at *4 (C.D. Cal. July 31, 2009) (permitting the re-opening of any deposition previously completed for questioning on topics or issues related to the newly produced documents).

As discussed above, it has come to Defendant's attention, both through an ESI search performed by defense counsel and Plaintiff's testimony at his prior deposition,

*BYRNE v. AMERIS BANK,*
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Case No. 8:24-cv-1989

Page 16 of 22

that Plaintiff failed to produce an extensive number of pertinent documents, communications and electronic data, which are responsive to Defendant's RFPs. *See* § II(C), *supra*. In accordance with the Federal Rules, Plaintiff's deposition should be re-opened for good cause to allow Defendant to ask questions about the mass of documents at issue and all reasonable follow-up questions that genuinely arise from the answers received.

**B.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition so Defendant can Question Him about the Documents and Topics that His Counsel Improperly Instructed Him Not to Answer at His Prior Deposition.**

The Federal Rules of Civil Procedure explicitly limit the appropriate use of an instruction to a witness not to answer a deposition question: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). In this case, there was no court-ordered limitation and no motion to terminate the deposition pursuant to Rule 30(d)(3). Thus, the only permissible ground for Plaintiff not to answer questions during his deposition was limited to attorney-client privilege.

During Plaintiff's deposition, his counsel improperly instructed him to not answer questions about multiple documents and topics in direct contravention to the limited grounds provided under Rule 30(c)(2). *See* § II(B), *supra*. Notably, Plaintiff refused to answer questions about documents – including the email sent to Plaintiff terminating his employment and to which his termination notice was attached, a central document in this matter – for which had not yet been produced by Defendant with Bates numbers. *Id.* Plaintiff also refused to answer questions about documents produced by Defendant with redactions for which were not yet included in a privilege log. *Id.* Such documents clearly do not concern the protection of Plaintiff's attorney-client privilege and, therefore, it was impermissible for Plaintiff to not answer

*BYRNE v. AMERIS BANK,*    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 17 of 22

1     questions thereabout.

2          Further, Plaintiff improperly refused to answer questions regarding his

3     employment agreement's confidential information and nondisparagement provisions

4     based on purported attorney-client privilege. *See* § II(B), *supra*. While a deponent may

5     be instructed not to answer when necessary to preserve the attorney-client privilege

6     pursuant to Federal Rule of Civil Procedure 30(c)(2), the attorney-client privilege

7     extends only to confidential communications between client and attorney for the

8     purpose of obtaining legal advice. See Cal. Evid. Code § 954.[8]  It is fundamental that

9     "[t]here are few situations where an instruction not to answer a deposition question is

10    appropriate." *Cohen v. Trump*, 2015 WL 3617124, at *2–3 (S.D. Cal. June 9, 2015)

11    (citing *Brincko v. Rio Props., Inc.*, 278 F.R.D. 576, 581 (D. Nev. 2011)).

12         Here, Plaintiff refused to answer questions about provisions in his employment

13    agreement under the guise of attorney-client privilege despite the questioning attorney

14    merely asking about Plaintiff's subjective understanding and expressly stating that she

15    was **<u>not</u>** asking about communications between Plaintiff and his counsel and,

16    remarkedly, even though no question was pending. Yee Decl., ¶ 36. *See, e.g., Jenkins*

17    *v. Mason Harriman Grp., Inc.*, 2025 WL 3002914, at *5 (D.D.C. Oct. 27, 2025) ("And

18    even those questions relating to Vagias' understanding of the Subcontractor Agreement

19    would not have been privileged if the question called for his subjective interpretation

20    of the text of the contract itself, without requiring him to disclose any confidential

21    communication with his lawyer.").

22         Furthermore, as Plaintiff alleges in his Complaint that he was not paid in

23    accordance with the terms of his employment agreement, he therefore put his opinion

24    as to what violates the employment agreement at issue and "cannot now seek refuge

25    from answering detailed questions about his opinion on the basis of attorney/client or

26    work product privilege." *IDS Life Ins. Co. v. Sunamerica Inc.*, 1995 WL 505497, at *2

27
28    [8] In a federal court action based on diversity of citizenship, state law governs questions
      of attorney-client privilege. Fed. R. Evid. 501.

*BYRNE v. AMERIS BANK,*                          Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE
                                                 Page 18 of 22

(N.D. Ill. Aug. 21, 1995).

Accordingly, Defendant should be permitted to reconvene the deposition of Plaintiff to ask questions about the documents and topics that Plaintiff improperly refused to answer, and all reasonable follow-up questions that genuinely arise from the answers received.

### C.    Plaintiff Should be Ordered to Sit for a Second 7-Hour Day Deposition to Allow Defendant to Fairly Examine Plaintiff in Accord with the Federal Rules.

While Federal Rule of Civil Procedure 30(d)(1) states that "a deposition is limited to 1 day of 7 hours," it further provides that "[t]he court *must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent* or if the deponent, another person, or any other circumstance impedes or delays the examination." (Emphasis added). *See also Mattel, Inc. v. MGA Entm't, Inc.*, 2011 WL 13128607, at *1 (C.D. Cal. Jan. 18, 2011) (finding additional time to examine the deponent was both necessary and fair to allow questions about subject matter not covered during the first deposition).

As explained by the rules advisory committee, a party seeking to extend an examination beyond seven hours "is expected to show good cause," and the rule "directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent." Fed. R. Civ. P. 30(d), Advisory Committee Note (2000 Amendment). Rule 26(b)(1) (formerly Rule 26(b)(2)), referenced in the advisory committee note, provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

> benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Here, due to the importance of discovery in resolving the issues – as evidenced by the fact that Plaintiff has taken 7 depositions for approximately 34 hours – Defendant should be entitled to a second 7-hour day to continue and complete Plaintiff's deposition. While defense counsel made diligent use of time during Plaintiff's deposition, additional time is needed for Defendant to fairly examine Plaintiff as 7 hours was insufficient to address all pertinent issues, including Plaintiff's purported damages, mitigation efforts, voluminous emails including relating to his alleged complaints, etc. *See* § II(D), *supra*. Of note, Defendant is not seeking duplicative testimony from Plaintiff; it merely seeks to question Plaintiff about subject matters not covered during the first deposition. Further, in contrast to the 7 depositions taken by Plaintiff, Plaintiff's own testimony is the only deposition sought by Defendant, and his testimony is the sole critical source of information regarding his claims.

In accordance with Rule 30(d)(1), Plaintiff's deposition should be re-opened to allow Defendant to ask questions on germane subject matters not covered during the first deposition.

## IV.   AFFIRMATION OF NOTICE

1.     Pursuant to Local Rule 7-19.1, the undersigned counsel hereby certifies under oath that on November 19, 2025, Defense counsel asked to meet and confer with Plaintiff regarding Plaintiff's second day of deposition, stating "We are available to meet and confer regarding Plaintiff's second day of deposition today at 12pm or tomorrow at 9:30am or 10:00am. Please let us know if any of those times work for you." However, counsel for Plaintiff did not respond until 3:44 p.m., suggesting speaking at a different time, 10:30 a.m., on November 20, 2025.

On November 20, 2025, counsel for Defendant emailed Plaintiff at 7:02 a.m.,

---

*BYRNE v. AMERIS BANK*,                                         Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

explaining that they were not available at the single time she proposed and asked whether she was available at either 9 a.m. or 230 p.m. to schedule a call to discuss the meet and confer correspondence regarding Plaintiff's deposition. After receiving no response, counsel for Defendant followed up via e-mail at 12:25 p.m., again requesting that Plaintiff provide his availability for the continuation of his deposition and advising that, absent a response, Defendant would have no choice but to seek relief from the Court. Counsel for Defendant also reiterated that they remained available to confer by phone at 2:30 p.m. Plaintiff's counsel responded and stated only she was available at 3pm, but did not state if she was unavailable at 2:30. Counsel for Defendant stated they were unavailable at 3:00p.m. and would call at 2:30. Plaintiff's counsel then stated she was unavailable at 2:30pm and was only available after 4:30pm. Defendant's counsel stated they were unavailable after 4:30pm due to previously scheduled appointments, but had repeatedly proposed times to speak and were shut down, and its meet and confer correspondence was still unanswered. Defendant's counsel asked Plaintiff's counsel to confirm by email if Plaintiff would continue his deposition and if Plaintiff would meet and confer regarding dates. Plaintiff did not respond, and Defendant was forced to give notice of the *ex parte* application via email.

## V.    COUNSEL FOR OPPOSING PARTY

Plaintiff is represented by Esperanza Anderson. Her address, telephone number, and email address are as follows:

- Address: 1037 N. Allen Avenue, Pasadena, California 91104
- Phone: 626-219-6773
- Email: esperanza@esperanzaanderson.com

## VI.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue an order:

---

*BYRNE v. AMERIS BANK,*                                    Case No. 8:24-cv-1989
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Page 21 of 22

1. Compelling Plaintiff to appear for a second 7-hour day of deposition on November 25, 2025, in person, at 17752 Skypark Circle Suite 100, Irvine, California 92614.

DATED: November 21, 2025

**NUKK-FREEMAN & CERRA, P.C.**

Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorneys for Defendant
AMERIS BANK

*BYRNE v. AMERIS BANK,*
*EX PARTE* APPLICATION FOR AN ORDER COMPELLING
A SECOND 7-HOUR DAY DEPOSITION OF PLAINTIFF
PATRICK BYRNE

Case No. 8:24-cv-1989

Page 22 of 22