1  Stacy L. Fode, Esq. (SBN 199883)
   sfode@nfclegal.com
2  Nana J. Yee, Esq. (SBN 272783)
   nyee@nfclegal.com
3  **NUKK-FREEMAN & CERRA, P.C.**
   550 West C Street, Suite 910
4  San Diego, CA 92101
   Telephone: 619.292.0515
5  Facsimile: 619.566.4741

6  *Attorneys for Defendant*
   AMERIS BANK

7

8                **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  PATRICK BYRNE, an Individual,          Case No. 8:24-cv-01989-MWC (JDEx)

12              Plaintiff,                 **DECLARATION OF NANA J. YEE
                                           IN SUPPORT OF DEFENDANT**
13                                         **AMERIS BANK'S *EX PARTE***
    vs.                                    **APPLICATION FOR AN ORDER**
14                                         **COMPELLING A SECOND 7-**
                                           **HOUR DAY DEPOSITION OF**
15  AMERIS BANK, a Georgia corporation     **PLAINTIFF PATRICK BYRNE**

16              Defendants.
                                           [DISCOVERY MATTER]
17

18
                                           Courtroom: 6A
19                                         Magistrate Judge: Hon. John D. Early

20
                                           Discovery Cutoff: November 28, 2025
21                                         Final Pretrial Conference: May 22, 2026
                                           Trial Date: June 1, 2026
22

23

24

25

26

27

28

1    I, Nana J. Yee, declare as follows:

2    1.    I am an attorney licensed to practice law in the State of California and in

3    the above-entitled Court.  I am counsel at Nukk-Freeman & Cerra, P.C., attorneys of

4    record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or

5    "Defendant").

6    2.    On March 3, 2025, Defendant served initial discovery, including a Notice

7    of Deposition of Plaintiff Patrick Byrne ("Plaintiff"), which was scheduled for May 28,

8    2025.  *See* Declaration of Nana J. Yee in Support of Defendant Ameris Bank's *Ex Parte*

9    Application to Compel Deposition of Plaintiff Patrick Bryne and for Issuance of a

10   Protective Order (hereinafter, "MTC"), Ex. A [Dkt. No. 65-2]. Also on that date, I

11   stated a willingness to coordinate on a mutually convenient date for Plaintiff's

12   deposition. *See* MTC, Ex. B [Dkt. No. 65-3]**.**

13   3.    Counsel for Plaintiff stated she would check with her client but never

14   provided a date. *See* MTC, Ex. C [Dkt. No. 65-4]**.**

15   4.    Thereafter, Plaintiff failed to produce documents or fulsome responses to

16   Defendant's RFPs, thus necessitating protracted meet and confer and discovery

17   motions. In fact, Plaintiff did not produce any documents as of May 28, 2025, despite

18   Plaintiff's responses that he had in his possession responsive documents. As such,

19   Defendant could not move forward with Plaintiff's deposition on May 28 as originally

20   noticed and sought to meet and confer with Plaintiff's counsel on a new mutually

21   convenient date for Plaintiff's deposition.

22   5.    In fact, Plaintiff only produced two documents consisting of 35 pages

23   following Defendant's significant meet and confer efforts and it was not until

24   Defendant was forced to file a motion to compel Plaintiff to produce responsive

25   documents, that Plaintiff produced over 1,200 pages of documents the Friday before

26   Plaintiff's scheduled deposition on Tuesday, September 23, 2025.

27   6.    On May 23, 2025, I inquired about Plaintiff's upcoming availability so the

28   parties would have time to adjudicate discovery disputes and Defendant would have the

1  necessary documents and responses needed to take Plaintiff's deposition, and asked for

2  a response by May 30. *See* MTC, Ex. D [Dkt. No. 65-5].

3      7.    Despite multiple messages from Defendant, Plaintiff waited until June 16

4  to provide a response, offering only September 25, 2025 for Plaintiff's deposition. *See*

5  MTC, Ex. E [Dkt. No. 65-6].

6      8.    I requested additional earlier dates, and on June 23, 2025, Plaintiff only

7  provided September 15, 22, 23 and 25 as available. *See* MTC, Ex. F [Dkt. No. 65-7].

8      9.    Eventually, the parties agreed to September 23, 2025 for Plaintiff's

9  deposition and an amended deposition notice was served on July 2, 2025. *See* MTC, Ex.

10  G [Dkt. No. 65-8].

11      10.    On September 22, 2025, at 2:34pm, less than 24 hours before the

12  anticipated start of Plaintiff's deposition and after defense counsel had spent many

13  hours preparing for deposition, counsel for Plaintiff emailed to cancel his deposition

14  because "Patrick is feeling sick." In that message, counsel advised that she would

15  "make sure we get this back on schedule ASAP." *See* MTC, Ex. H [Dkt. No. 65-9].

16      11.    Thereafter, my colleague, Stacy Fode, Esq., responded that due to the tight

17  discovery schedule in this matter, a new date would need to be selected immediately

18  and offered three different dates – September 25, 30 and October 1. Ms. Fode also

19  attempted to call Plaintiff's counsel to discuss, but there was no answer. *See* MTC, Ex.

20  P [Dkt. No. 65-17].

21      12.    Plaintiff's counsel responded on September 23, 2025, stating that she had

22  not heard back from her client, but would contact defense counsel after receiving word

23  from her client. *See* MTC, Ex. Q [Dkt. No. 65-18].

24      13.    Ms. Fode responded less than an hour later:

25      …[W]e are obviously going to provide the professional
       courtesy and not compel your client to sit for his deposition
26      while he is sick, but it is imperative that we get a new date for
       his deposition **today**. As you know, the parties are working
27

28

---

*BYRNE v. AMERIS BANK*                                    Case No. 8:24-cv-1989
DECLARATION OF NANA J. YEE IN SUPPORT OF *EX PARTE* APPLICATION
FOR AN ORDER COMPELLING A SECOND 7-HOUR DAY DEPOSITION OF
PLAINTIFF PATRICK BYRNE                                    Page 3 of 13

1
2
hard on a comprehensive and mutually convenient deposition schedule given the November discovery cut-off…

3
*See* MTC, Ex. R [Dkt. No. 65-19].

4
14.    **No response followed from Plaintiff for the rest of the week**.

5
6
15.    Again, on September 26, 2026, counsel for Defendant reached out to Plaintiff's counsel:

7
8
9
10
11
**I have received no response to my email of Tuesday 9/23 asking you for a response that day or to my phone call on 9/22. <u>It is now Friday, and you still have not provided your or your client's availability for his deposition or indicated that any of the three alternative dates we provided on Monday (9/22) and again Tuesday (9/23) do not work for you or your client or any reason why they do not. You have provided no indication why you have been unable to respond to us or correspond with your client</u>** who lives in Southern California for the past week on this urgent matter…

12
13
14
15
…As you know, we have been working diligently with you to coordinate the deposition schedule for all involved, but given your lapse in response regarding this time sensitive matter, I can only assume you are attempting to obtain some sort of strategic advantage by delaying rescheduling plaintiff's deposition, which is disappointing and has already significantly impacted and will continue to impact the entire deposition schedule…

16
17
18
19
…in light of the impending November discovery cut-off and your non-responsiveness, **we must have confirmation *today by 5 p.m*.** that plaintiff will appear for his deposition on either October 1 or October 2.  Once confirmed, we will immediately issue an amended deposition notice.  Plaintiff's deposition must take place next week if the parties are to maintain the agreed-upon deposition schedule, including the 30b6 deposition.

20
21
*See* MTC, Ex. S [Dkt. No. 65-20].

22
23
24
16.    On September 26, Plaintiff's counsel responded, making demands as to other discovery issues, **but failing to provide a new date for Plaintiff's deposition**. *See* MTC, Ex. T [Dkt. No. 65-21].

25
26
27
28
17.    Additionally, instead of providing a date for Plaintiff's deposition as promised, Plaintiff noticed depositions for four defense witnesses and unilaterally elected to take the depositions in person in Atlanta, Georgia. *See* MTC, Ex. U [Dkt. No. 65-22].

---

*BYRNE v. AMERIS BANK*                                                    Case No. 8:24-cv-1989
DECLARATION OF NANA J. YEE IN SUPPORT OF *EX PARTE* APPLICATION
FOR AN ORDER COMPELLING A SECOND 7-HOUR DAY DEPOSITION OF
PLAINTIFF PATRICK BYRNE                                                    Page 4 of 13

18.    Ms. Fode responded the following day, on Saturday, September 27th, to explain that Plaintiff's delay and the changes to deposition notices for other witnesses were continuing to cause issues to the proposed deposition schedule. *See* MTC, Ex. V [Dkt. No. 65-23].

19.    On September 27, after unilaterally cancelling Plaintiff's deposition five days earlier and promising to provide another date, Plaintiff's counsel stated that **"We will discuss Plaintiff's deposition <u>only</u> when we discuss all of these [other discovery] issues."** In an extraordinary act of gamesmanship, Plaintiff's counsel required resolution of all of Plaintiff's unrelated discovery issues *before* making her client available for his deposition. *See* MTC, Ex. W [Dkt. No. 65-24].

20.    On Monday, September 29, Ms. Fode again requested to meet and confer that day, particularly regarding Plaintiff's counsel's newly stated position of <u>withholding</u> her client from deposition until other discovery matters were resolved. *See* MTC, Ex. X [Dkt. No. 65-25].

21.    Plaintiff's counsel responded with a list of items she was willing to confer on, **which intentionally omitted Plaintiff's deposition**.  Again, **no dates/times were offered by Plaintiff's counsel for a meet and confer call**. *See* MTC, Ex. Y [Dkt. No. 65-26].

22.    Running out of options with Plaintiff's counsel refusing to talk, counsel for Defendant sent a calendar invitation for a call on the 29th, but Plaintiff's counsel failed to appear. *See* MTC, Ex. Z [Dkt. No. 65-27].

23.    Further correspondence from Defendant was sent on September 29, responding to Plaintiff's allegations regarding discovery and advising Plaintiff that Defendant would be forced to seek all available remedies. At that time, it had been eight days since Plaintiff cancelled his deposition and failed to provide another date.  *See* MTC, Ex. AA [Dkt. No. 65-28].

24.    Plaintiff's counsel responded, trying to explain away her refusal to meet and confer in good faith regarding Plaintiff's deposition and refusal to join a call to

1  discuss, **but failing to provide any specific dates/times to discuss**. *See* MTC, Ex. BB
2  [Dkt. No. 65-29].

3        25.    On October 1, 2025, in an effort to avoid seeking judicial intervention, and
4  to take Plaintiff's deposition (after many months of attempts), Defendant proposed a
5  new, reasonable, and comprehensive deposition schedule, which would allow the
6  parties to complete all outstanding depositions before the November 28 discovery cut-
7  off. *See* MTC, Ex. CC [Dkt. No. 65-30].

8        26.    In fact, on October 2, 2025, Defendant sent several email correspondences
9  to Plaintiff's counsel regarding meet and confer efforts, with no response. *See* MTC,
10  Ex. DD [Dkt. No. 65-31].

11        27.    Ms. Fode and I also attempted to call Plaintiff's counsel on October 2,
12  2025, to meet and confer regarding depositions.  Plaintiff's counsel did not respond.

13        28.    The morning of October 3, 2025, Plaintiff responded via e-mail and **again**
14  **refused to provide a date for Plaintiff's deposition or a time to meet and confer**,
15  instead demanding times to *only* meet and confer on other discovery issues. *See* MTC,
16  Ex. EE [Dkt. No. 65-32].

17        29.    At this point, the only remaining discovery issues Plaintiff raised was a
18  letter Plaintiff sent on September 29, 2025 regarding Defendant's Responses to
19  Plaintiff's Second Set of RFPs (Defendant is preparing a substantive response to
20  Plaintiff's letter) and deposition dates for one of Defendant's witnesses, James LaHaise,
21  which had already been provided.

22        30.    Since it had been **10 days** since Plaintiff's deposition was set and Plaintiff
23  had not provided a new date, refused to meet and confer to set a date, and refused to
24  speak with counsel for Defendant on the phone, Defendant had no choice but noticed
25  Plaintiff's deposition for October 14, 2025, a date known to be available to Plaintiff's
26  counsel. *See* MTC, Ex. FF [Dkt. No. 65-33].

27        31.    Plaintiff objected to the deposition notice late in the evening on October 3,
28  2025, and **still did not provide another date for his deposition**, further showing that

1    he continued to withhold himself from appearing at his properly noticed deposition. *See*

2    MTC, Ex. GG [Dkt. No. 65-34].

3        32.    On October 6, 2025, at 9:32am, Ms. Fode emailed Plaintiff's counsel to

4    schedule a call regarding this Application, as prior efforts to meet and confer had been

5    ignored. *See* MTC, Ex. HH [Dkt. No. 65-35]. Plaintiff's counsel did not respond, and

6    Ms. Fode placed a follow-up telephone call to Plaintiff's counsel's office, left a

7    voicemail providing notice of the *ex parte* application and inquired if Plaintiff intended

8    to oppose it.  Ms. Fode also followed up that call with a confirming email regarding the

9    same. *See* MTC, Ex. II [Dkt. No. 65-36].

10       33.    As a result, on October 6, 2025, Defendant was left with no choice but to

11   file its *Ex Parte* Application to Compel Deposition of Plaintiff and for Issuance of a

12   Protective Order [Dkt. No. 65], which this Court granted on October 7, 2025, as to

13   Plaintiff's deposition, ordering Plaintiff to appear in person in Irvine for his deposition

14   on October 20, 2025 [Dkt. No. 69].

15       34.    On October 20, 2025, Plaintiff's counsel unilaterally terminated the

16   deposition early.

17       35.    On October 22, 2025, in response to a Court Order [Dkt. No. 73],[1] the

18   parties met and conferred in person at the Ronald Reagan Federal Building and United

19   States Courthouse to set the continuation of Plaintiff's deposition as well as all other

20   remaining depositions. This Court ordered the continued deposition of Plaintiff "to take

21   place on October 27, 2025, starting at 10:00 a.m. and continuing until completed at the

22   same location previously ordered" [Dkt. No. 74].

23       36.    At Plaintiff's deposition on October 20, 2025, Plaintiff's counsel

24   improperly instructed Plaintiff not to answer questions regarding his employment

25   agreement's confidential information and nondisparagement provisions based on the

26   attorney-client privilege even though defense counsel stated that the line of questioning

27   
---
28   [1] The Court Order was in response to Plaintiff's Ex Parte Application Regarding Discovery [Dkt. 70].

1  would not concern attorney-client communications and, remarkedly, even though no

2  question was pending. Specifically, when questioning Plaintiff about his employment

3  agreement at his deposition, the following communication took place between Stacy

4  Fode ("Ms. Fode"), examining attorney for Defendant, and Plaintiff's counsel,

5  Esperanza Anderson ("Ms. Anderson"), when Ms. Fode attempted to ask Plaintiff about

6  provisions of his employment agreement, Ms. Anderson instructed Plaintiff not to

7  answer any questions about the confidentiality and nondisparagement clauses in the

8  agreement, stating that it may be getting into attorney-client privilege communications.[2]

9      37.    At Plaintiff's deposition on October 27, 2025, Plaintiff's counsel

10 improperly instructed Plaintiff not to answer questions related to documents produced

11 by Defendants containing redactions for which Defendant had not yet included in a

12 privilege log, just because the documents had redactions, even after Defendant's

13 counsel reminded Plaintiff's counsel this was not a legitimate reason to not answer

14 under the federal rules.

15     38.    Further, at the deposition on October 27, 2025, Plaintiff's counsel

16 improperly instructed Plaintiff not to answer questions related to documents for which

17 Defendants had not yet produced with Bates numbers, including the email sent to

18 Plaintiff terminating his employment and to which his termination notice was attached,

19 a key document in this matter.

20     39.    Defendant's RFP Nos. 1-4, 6-7, 36, and 40-41 to Plaintiff sought all

21 documents, communications and/or electronic data and information: (i) relating to the

22 allegations in Plaintiff's Complaint; (ii) relating to Plaintiff's employment with

23 Defendant; and/or (iii) belonging to Defendant that Plaintiff (or someone acting on

24 Plaintiff's behalf) copied, downloaded, removed or otherwise transferred, either

25 electronically or in hard copy, from Defendant's or Defendant's clients' offices or

26

27 [2] Given the confidentiality designations and the operative Protective Order, Defendant
   is unable to attach the relevant transcript(s) to this ex parte application. However,
28 Defendant can and will promptly provide them for in camera review at the Court's

1  premises or from Defendant's possession, custody, or control. A true and correct copy

2  Defendant's Request for Production of Documents to Plaintiff, Set One, dated March 3,

3  2025, is attached hereto as **Exhibit A**.

4       40.    In or about September 2025, defense counsel commenced review of ESI

5  provided by Ameris to prepare the company's document production. The review

6  revealed that ***throughout*** his employment with Ameris, Plaintiff forwarded ***thousands***

7  of pages of documents containing Ameris confidential, proprietary and trade secret

8  information from his Ameris e-mail account to his personal, unsecured Yahoo e-mail

9  account.

10       41.    On or about June 20 and September 20, 2025, Plaintiff produced

11  documents in response to Defendant's discovery requests. Plaintiff did not produce any

12  of the Ameris documents he took until September 20, 2025. However, while Plaintiff

13  produced *some* of the documents he sent to his personal e-mail address, Plaintiff

14  withheld many others, including attorney-client and bank examination privileged

15  communications that defense counsel discovered within the ESI provided by Ameris.

16       42.    Moreover, while Plaintiff admitted that he e-mailed documents to his

17  personal e-mail account at his deposition on October 27, 2025, and further testified that

18  he sent all documents that he located, *including e-mails*, to his attorney, Plaintiff *failed*

19  *to produce any e-mails*, including the e-mails forwarding the documents he produced to

20  his personal e-mail account.

21       43.    Plaintiff testified that he did not obtain Ameris documents any other way

22  except for e-mailing it to his personal e-mail account.

23       44.    While Plaintiff initially testified that he did not recall whether he saved the

24  documents to his personal computer, any other devices, or a cloud account, he later

25  acknowledged that certain documents were on his personal computer, and that he had

26  "things in the cloud."

27

28  request.

---

*BYRNE v. AMERIS BANK*                      Case No. 8:24-cv-1989
DECLARATION OF NANA J. YEE IN SUPPORT OF *EX PARTE* APPLICATION
FOR AN ORDER COMPELLING A SECOND 7-HOUR DAY DEPOSITION OF
PLAINTIFF PATRICK BYRNE                                Page 9 of 13

45. Such emails and documents, which are voluminous based on Plaintiff's deposition testimony, are responsive to Defendant's RFP Nos. 1-4, 6-7, 36, and/or 40-41. As Plaintiff failed to produce numerous responsive documents, Defendant was prevented from effectively questioning Plaintiff about them during Plaintiff's deposition held on October 20 and 27, 2025.

46. Defendant's Fourth Amended Notice of Deposition of Plaintiff expressly noted, "This examination will be subject to continuance or adjournment from time to time or place to place until completed." A true and correct copy of Defendant's Fourth Amended Notice of Deposition of Plaintiff, dated October 24, 2025, is attached hereto as **Exhibit B**.

47. Despite defense counsel's adequate use of time during Plaintiff's 7-hour deposition, that time was insufficient to address all pertinent issues, including Plaintiff's purported damages. However, when Plaintiff's deposition hit seven hours on the dot, Plaintiff's counsel instructed him to not answer any further questions despite defense counsel noting that more time was needed to fairly examine Plaintiff as there were additional critical topics to cover.

48. Notably, in this matter, Plaintiff has taken 7 depositions, for approximately 34 hours, whereas Defendant has only taken Plaintiff's deposition for a total of 7 hours.

49. On November 12, 2025, defense counsel emailed a letter to Plaintiff's counsel in a good faith effort to meet and confer about Defendant's need to continue Plaintiff's deposition for a second 7-hour day. A true and correct copy of the correspondence, dated November 12, 2025, is attached hereto as **Exhibit C**.

50. Later that same day, the parties met and conferred by phone as to several discovery matters and during the call, counsel for Defendant asked if Plaintiff would agree to provide a date for his continuing deposition as requested in the meet and confer correspondence. In response, counsel for Plaintiff stated that she has not reviewed the correspondence yet. Thereafter that day, Plaintiff's counsel sent an email "recapping" the conversation, in which she wrote:

… You mentioned that your search and also Plaintiff's deposition testimony revealed that he forwarded emails and documents to his private email account and that some of the documents included confidential information. **I told you that I have received many emails from Plaintiff from his yahoo account shortly before his deposition and that I have not had a chance to parse through them.** As you know, we have had a very busy month with multiple depositions, a trip to Atlanta, ex parte applications, etc. **I told that I will produce any documents that are responsive to the discovery requests** and that I would search for, return and purge any documents that are privileged. …

…You mentioned a letter that you had sent earlier today regarding Plaintiff's deposition. I have not reviewed it before our call. **You said you wanted an answer by tomorrow** but as I mentioned, we have Jim LaHaise's deposition tomorrow, Dave Sparacio's deposition on Friday, and Heather Parker's deposition on Monday. **I will try to respond to you as soon as I can after I consider the letter.** While I understand that the discovery cut-off is very close, Plaintiff's deposition took place three weeks ago. We both received rough drafts of the depositions. **I don't understand the urgency.**

(Emphasis added). A true and correct copy of the correspondence, dated November 12, 2025, is attached hereto as **Exhibit D**.

51.   On November 17, 2025, having heard nothing further from Plaintiff as to a second 7-hour day deposition, defense counsel emailed Plaintiff's counsel in response to her November 12, 2025 correspondence:

During our call, we asked whether you will agree to a second day of Plaintiff's deposition for reasons set forth in our meet and confer letter. You stated that you have not yet had an opportunity to review our letter. **Please respond by 4:00 p.m. on Tuesday, November 18. If we do not receive a timely response, we will be forced to seek expedited judicial relief, as the discovery cutoff is November 28.**

(Emphasis added). A true and correct copy of the correspondence, dated November 17, 2025, is attached hereto as **Exhibit E**.

1    52.    On November 18, 2025, Plaintiff's counsel responded by email, "The meet and confer letter you sent leaves open many questions. I am free tomorrow after Palmer Proctor's deposition to meet and confer regarding Ameris' request." A true and correct copy of the correspondence, dated November 18, 2025, is attached hereto as **Exhibit F**.

53.    Defense counsel responded on November 19, 2025, "We are available to meet and confer regarding Plaintiff's second day of deposition today at 12pm or tomorrow at 9:30am or 10:00am. Please let us know if any of those times work for you." However, counsel for Plaintiff did not respond until 3:44 p.m., suggesting speaking at a different time, 10:30 a.m., on November 20, 2025. True and correct copies of the correspondences, dated November 18, 2025, are attached hereto as **Exhibit G**.

54.    On November 20, 2025, counsel for Defendant emailed Plaintiff at 7:02 a.m., explaining that they were not available at the single time she proposed and asked whether she was available at either 9 a.m. or 230 p.m. to schedule a call to discuss the meet and confer correspondence regarding Plaintiff's deposition. After receiving no response, counsel for Defendant followed up via e-mail at 12:25 p.m., again requesting that Plaintiff provide his availability for the continuation of his deposition and advising that, absent a response, Defendant would have no choice but to seek relief from the Court.  Counsel for Defendant also reiterated that they remained available to confer by phone at 2:30 p.m. Plaintiff's counsel responded and stated only she was available at 3pm, but did not state if she was unavailable at 2:30. Counsel for Defendant stated they were unavailable at 3:00p.m. and would call at 2:30. Plaintiff's counsel then stated she was unavailable at 2:30pm and was only available after 4:30pm. Defendant's counsel stated they were unavailable after 4:30pm due to previously scheduled appointments, but had repeatedly proposed times to speak and were shut down, and its meet and confer correspondence was still unanswered. Defendant's counsel asked Plaintiff's counsel to confirm by email if Plaintiff would continue his deposition and if Plaintiff would meet and confer regarding dates. Plaintiff did not respond, and Defendant was forced to give notice of the *ex parte* application via email. True and correct copies of

1   the correspondences, dated November 20, 2025, are attached hereto as **Exhibit H**.

2       I declare under penalty of perjury under the laws of the State of California that

3   the foregoing is true and correct.

4       Executed this 21st day of November, 2025, in San Diego, California.

5

6         By:

7              Nana J. Yee, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*BYRNE v. AMERIS BANK*                     Case No. 8:24-cv-1989
DECLARATION OF NANA J. YEE IN SUPPORT OF *EX PARTE* APPLICATION
FOR AN ORDER COMPELLING A SECOND 7-HOUR DAY DEPOSITION OF
PLAINTIFF PATRICK BYRNE                     Page 13 of 13