Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
1230 Columbia Street, Suite 860
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>            Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation<br><br>            Defendants. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE**<br><br>Complaint Filed: September 16, 2024 |

PROPOUNDING PARTY:     DEFENDANT AMERIS BANK

RESPONDING PARTY:     PLAINTIFF PATRICK BYRNE

SET NO:     ONE

///

///

///

///

///

**PLEASE TAKE NOTICE THAT** pursuant to Rule 34 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendant Ameris Bank, ("Defendant") hereby propounds its Requests for Production of Documents, Set One, to Plaintiff Patrick Byrne ("Plaintiff") and requests that Plaintiff respond fully, separately, and in writing, under oath and in the manner and time prescribed by Rule 34 of the Federal Rules of Civil Procedure.

Said production is to take place thirty (30) days from date of service of this document at Nukk-Freeman & Cerra, P.C., 1230 Columbia Street, Suite 860, San Diego, CA 92101, or at such prior time and place as may be agreed upon by counsel.

In lieu of production at said time and place, true and correct copies of all documents requested below may be delivered to Nukk-Freeman & Cerra, P.C., 1230 Columbia Street, Suite 860, San Diego, CA 92101, on or before the above date.

## DEFINITIONS

For purposes of these Requests, the following definitions apply:

1.     "YOU" and "YOUR" shall mean Plaintiff PATRICK BYRNE, his representatives, members, and attorneys, and all persons acting on his behalf.

2.     "DEFENDANT" shall mean and refer to Defendant Ameris Bank.

3.     Whenever reference is made to a person or corporate entity, it includes any and all of such person's principals, employees, agents, attorneys, consultants and other representatives.

4.     "RELATE(S) TO" and "RELATING TO" shall mean constituting, regarding, concerning, specifying, identifying, referring to, stating, establishing, evidencing, showing, describing, listing, recording, noting, embodying, reviewing, memorializing, summarizing, mentioning, commenting on, studying, analyzing, or discussing.

5.     When production of any document is requested, such request includes documents subject to the Plaintiff's possession, custody or control.  In the event that Plaintiff is able to provide only some of the document(s) called for in any particular

Request for Production, provide all document(s) that Plaintiff is able to provide and state the reason, if any, for the inability to provide the remainder.

6.    "DOCUMENT(S)" shall mean and include any and all materials within the full scope of  Federal Rules of Civil Procedure, Rule 34 including but not limited to: all writings and recordings, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), including metadata.

7.    "COMMUNICATIONS" is intended to be interpreted broadly in the interest of full and forthcoming disclosure and includes all methods and forms of transmitting and receiving any information or data or picture or sound or symbol or graphic, plus any written or recorded rendition or memorialization or summary of any oral utterances.

8.    If any document is withheld from production under a claim of privilege or other exemption from discovery, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each document withheld:

a.  the name and title of the author and/or sender and the name and title of the recipient;

b.  the date of the document's origination;

c.  the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

d.  the name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

e.  a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

f.  the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

9.   "COMPLAINT" shall mean the Complaint for Damages filed by Plaintiff on or around September 16, 2024 in the United States District Court for the Central District of California, Southern Division, Case No. 8:24-cv-01989.

10.   For purposes of these requests, "YOUR EMPLOYMENT" shall mean your prior employment with Ameris Bank.

11.   Every Request for Production herein shall be deemed a continuing Request for Production, and Plaintiff is to supplement his answers promptly if and when Plaintiff obtains responsive documents which add to or are in any way inconsistent with Plaintiff's initial production.

12.   These discovery requests are not intended to be duplicative.  All requests should be responded to fully and to the extent not covered by other requests.  If there are documents that are responsive to more than one request, please note and produce each such document first in response to the request that is more specifically directed to the subject matter of the particular document.

13.     The use of the singular includes the plural, and the use of the plural includes the singular, so as to be inclusive of any DOCUMENTS which otherwise may be excluded from production.   The words "and" and "or" are intended to have both conjunctive and disjunctive meanings, so as to be inclusive of any DOCUMENTS which otherwise may be excluded from production.   The use of the present tense includes the past tense, and the use of the past tense includes the present tense, so as to be inclusive of any document which otherwise may be excluded from production.

<b><u>REQUEST FOR PRODUCTION OF DOCUMENTS</u></b>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

Any and all DOCUMENTS or COMMUNICATIONS received by YOU from DEFENDANT RELATING TO YOUR EMPLOYMENT.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

Any and all DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and any person, excluding your attorney(s), RELATING TO any of the allegations set forth in YOUR COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS and COMMUNICATIONS between YOU and any current or former employee, agent, or representative of DEFENDANT that pertain in whole or in part to any of the events referenced in the COMPLAINT.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All DOCUMENTS referenced in YOUR COMPLAINT, including, but not limited to, any electronic or verbal COMMUNICATIONS and DOCUMENTS submitted to DEFENDANT by YOU or from DEFENDANT to YOU.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

Any and all DOCUMENTS or COMMUNICATIONS between YOU and any government agency RELATING TO YOUR EMPLOYMENT with DEFENDANT or any of the allegations set forth in YOUR COMPLAINT.

///

---

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS, including statements, declarations, affidavits or other writings, obtained by YOU from any person, including any of DEFENDANT'S current or former employees, RELATING TO YOUR EMPLOYMENT or any of the allegations set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS or COMMUNICATIONS, including, but not limited to emails, text messages, notes, diaries, journal, calendar entries RELATING TO any of the allegations set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS RELATING TO any complaints, whether formal or informal, made by YOU to DEFENDANT during YOUR EMPLOYMENT with DEFENDANT, including but not limited to handwritten or typewritten notes, email COMMUNICATIONS, diary entries, and/or calendar entries.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS RELATING TO any complaints or charges filed by YOU, or filed by others on YOUR behalf, including but not limited to DOCUMENTS that refer or relate to complaints or charges filed by YOU with the California Civil Rights Department or any other governmental or administrative agency, and all correspondence and DOCUMENTS transmitted by and between YOU and the agency.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all DOCUMENTS in support of YOUR contention that Defendant retaliated against YOU as set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS in support of YOUR contention that Defendant failed to pay YOUR wages due at the time of YOUR termination, as set forth in YOUR COMPLAINT.

///

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS in support of YOUR contention that Defendant wrongfully terminated YOUR EMPLOYMENT in violation of public policy as set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all DOCUMENTS in support of YOUR contention that DEFENDANT's conduct is in violation of Business & Professions Code section 17200 as set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all DOCUMENTS in support of YOUR contention that "The potential for additional cash awards promised in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond to increase BALBOA's profitability for AMERIS," as stated in Paragraph 9 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all DOCUMENTS in support of YOUR contention that "Instead of honoring the promises made in the LTIP, AMERIS intentionally failed to properly calculate the earnings and performance of BALBOA so as to reduce BALBOA's earnings so that it would not have to pay any cash awards under the LTIP. AMERIS' miscalculations thereby reduced and/or eliminated the incentive compensation of BALBOA employees participating in the LTIP, including PLAINTIFF. As a result of AMERIS' intentional miscalculations, BALBOA employees participating in the LTIP, including PLAINTIFF, were deprived of the income they earned through their increased efforts," as stated in Paragraph 10 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all DOCUMENTS in support of YOUR contention that "June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were improperly calculating BALBOA's earnings under the LTIP," as stated in Paragraph 11 of YOUR COMPLAINT.

1  **REQUEST FOR PRODUCTION NO. 17:**

2      Any and all DOCUMENTS in support of YOUR contention that "PLAINTIFF

3  complained to AMERIS that he and numerous other eligible employees were owed a

4  larger Cash Award Bonus for their participation in the LTIP during 2022, a larger Cash

5  Award Bonus for their participation in the LTIP during 2023, and that they were owed

6  other monies," as stated in Paragraph 11 of YOUR COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 18:**

8      Any and all DOCUMENTS in support of YOUR contention that "As a result of

9  PLAINTIFF's complaints, AMERIS terminated PLAINTIFF'S employment effective

10  June 30, 2024," as stated in Paragraph 12 of YOUR COMPLAINT.

11  **REQUEST FOR PRODUCTION NO. 19:**

12      Any and all DOCUMENTS in support of YOUR contention that "PLAINTIFF is

13  informed and believes and on that basis alleges that AMERIS decided to terminate his

14  employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional

15  miscalculation of BALBOA's earnings," as stated in Paragraph 12 of YOUR

16  COMPLAINT.

17  **REQUEST FOR PRODUCTION NO. 20:**

18      Any and all DOCUMENTS in support of YOUR contention that "Prior to

19  PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy

20  with PLAINTIFF'S performance and that AMERIS wanted to continue the relationship

21  with PLAINTIFF," as stated in Paragraph 12 of YOUR COMPLAINT.

22  **REQUEST FOR PRODUCTION NO. 21:**

23      Any and all DOCUMENTS in support of YOUR contention that "AMERIS

24  withheld monies earned by PLAINTIFF and owed to him pursuant to the Employment

25  Agreement," as stated in Paragraph 13 of YOUR COMPLAINT.

26  **REQUEST FOR PRODUCTION NO. 22:**

27      Any and all DOCUMENTS in support of YOUR contention that "PLAINTIFF has

28  suffered and will suffer harm, including lost past and future income and employment

benefits in a sum to be proven at trial because he was terminated for complaining about unlawful violations of the California Labor Code which was depriving PLAINTIFF and other employees of AMERIS of millions of dollars in bonuses," as stated in Paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS in support of YOUR contention that "PLAINTIFF has also lost the investment income PLAINTIFF would have earned had he been paid when the wages were due," as stated in Paragraph 13 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS in support of YOUR contention that "As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial," as stated in Paragraph 14 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS in support of YOUR contention that "AMERIS' conduct, as alleged above, was fraudulent within the meaning of California Civil Code section 3294, including that AMERIS changed the methods of calculation of BALBOA's earnings," as stated in Paragraph 14 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of YOUR most recent paystub from YOUR former or current employer(s) since June 2024 after YOUR EMPLOYMENT ended with DEFENDANT.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all DOCUMENTS RELATING TO YOUR efforts to obtain employment following YOUR EMPLOYMENT with DEFENDANT, including, without limitation, all copies of YOUR resume and any submissions or COMMUNICATIONS that YOU sent to or received from any prospective employers, employment agencies, or other third parties.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS RELATING TO any employment offers made to YOU subsequent to YOUR EMPLOYMENT with DEFENDANT, including DOCUMENTS showing any compensation and/or benefits offered to YOU.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS RELATING TO any employment, whether by third parties or self-employment, held by YOU subsequent to YOUR EMPLOYMENT with DEFENDANT, including but not limited to all DOCUMENTS showing any compensation and/or benefits YOU received or are entitled to receive from such employment (this includes, without limitation, all offer letters, employment agreements, new hire paperwork, W-2 Forms, 1099 Forms, pay records, and benefit statements and/or summaries YOU received).

**REQUEST FOR PRODUCTION NO. 30:**

YOUR complete LinkedIn account metadata, including but not limited to all COMMUNICATIONS on YOUR LinkedIn account RELATING TO YOUR efforts to obtain employment from June 2024 to present.

Attached as **Exhibit A** are instructions for YOU to export YOUR LinkedIn data and provide the documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS RELATING TO any doctors, physicians, psychiatrists, psychologists, psychoanalysts, therapists, clinics, clinicians, counselors or any healthcare providers from whom YOU have sought treatment since July 1, 2014, RELATING TO YOUR psychological and emotional distress, humiliation, mental and physical pain and anguish, or other related symptoms and conditions as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS RELATING TO any medical prescriptions YOU have received from any physicians, surgeons, therapists, nurses, psychiatrists, psychologists,

counselors or anyone else, relating to any of YOUR psychological and emotional distress, humiliation, mental and physical pain and anguish, or other related symptoms and conditions from July 1, 2014 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all DOCUMENTS RELATING TO any income received by YOU from any source following YOUR EMPLOYMENT with DEFENDANT to present, including but not limited to wages, and unemployment compensation, and other benefits received by YOU.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS RELATING TO or in support of any and all damages for which YOU seek recovery in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS RELATING TO any lost wages or other prospective damages YOU allege to have suffered or allege will suffer as a result of the conduct of DEFENDANT as set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 36:**

All non-privileged electronic data and information contained on YOUR personal computers, cell phones, tablets, and any other electronic devices that refers or relates to the allegations in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 37:**

All postings, comments, blogs, or messages sent, received, displayed, uploaded, and/or downloaded by YOU, or anyone on YOUR behalf, on Facebook (including private and public groups), LinkedIn, Instagram, X (formerly known as Twitter), YouTube, TikTok, or any other social networking website, platforms or applications, or any other social networking site whatsoever from January 2019 to the present, as well as all updates, messages, wall comments, causes joined, activity streams, and/or applications on each for the same time period, that contain or reflect:

///

    a.  COMMUNICATIONS with any current or former DEFENDANT employee(s);

    b.  references to DEFENDANT, YOUR EMPLOYMENT with DEFENDANT, and/or YOUR allegations against DEFENDANT;

    c.  references which relate in any way to any of the events referenced in the COMPLAINT;

    d.  references to any alleged compensation owed to YOU by DEFENDANT; and

    e.  references to any emotional distress experienced by YOU, regardless of its source.

**REQUEST FOR PRODUCTION NO. 38:**

All photographs or videos posted or uploaded by YOU, or anyone on YOUR behalf, on LinkedIn, Instagram, X (formerly known as Twitter), YouTube, TikTok, or any other social networking website, platforms or applications, or any other social networking site whatsoever from January 2019 to the present relating to:

    a.  current or former DEFENDANT employee(s);

    b.  DEFENDANT, YOUR EMPLOYMENT with DEFENDANT, and/or YOUR allegations against DEFENDANT;

    c.  any of the events referenced in the COMPLAINT;

    d.  references to any alleged compensation owed to YOU by DEFENDANT; and

    e.  any emotional distress experienced by YOU, regardless of its source.

**REQUEST FOR PRODUCTION NO. 39:**

All written, tape-recorded, and/or video-taped statements rendered by any person that pertain in whole or in part to the allegations in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and recordings of any kind (including but not limited to tape recordings, voice mail and/or answering machine recordings), including any and all

*Byrne v. Ameris Bank*            Case No. 8:24-cv-01989-MWC (JDEx)
DEFENDANT'S REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF, SET ONE          Page 12

transcriptions prepared from any such recordings, of any conversation, discussion and/or meeting between YOU (or any person on YOUR behalf) and any other current or former employee, agent, or representative of DEFENDANT that pertain in whole or in part to the allegations in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS belonging to DEFENDANT that YOU (or anyone acting on YOUR behalf) copied, downloaded, removed or otherwise transferred, either electronically or in hard copy, from the offices or premises of DEFENDANT or any of its clients, or from the possession, custody, or control of DEFENDANT.

**REQUEST FOR PRODUCTION NO. 42:**

Copies of all photographs, audio, video, or other recordings, and notes or transcriptions of any audio, video, or other recordings, that relate in any way to the allegations in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS identified and/or referenced in YOUR COMPLAINT, YOUR Initial Disclosures, and YOUR responses to DEFENDANT'S First Set of Interrogatories to YOU.

**REQUEST FOR PRODUCTION NO. 44:**

To the extent not otherwise requested, all DOCUMENTS that support, refer, or relate, in whole or part, to the allegations in YOUR COMPLAINT.

DATED:  March 3, 2025                    **NUKK-FREEMAN & CERRA, P.C.**

Stacy L. Fode, Esq.
Nana Yee, Esq.
Attorneys for Defendant
AMERIS BANK

# EXHIBIT A

# LinkedIn Data Export

**2023**

**Nukk-Freeman & Cerra, P.C.**

The easiest and fastest way to obtain a copy of your LinkedIn data is to initiate a data download from the **Settings & Privacy** page:

1.  Click the **Me** icon at the top of your LinkedIn homepage.



2.  Select **Settings & Privacy** from the dropdown.



3.  Click the **Data Privacy** on the left rail.



4. Under the **How LinkedIn uses your data** section, click **Get a copy of your data**.



5. Select the data that you're looking for and **Request archive**.



6. You'll receive an email with your data within 24 hours. **The data may come in two parts – the relevant information should be included in the email titled "Your full LinkedIn data archive is ready!"** Use the link provided in the email to download the information you requested. The data will be **available for download for 72 hours**.



**Important Notes:**

- This feature is currently not available on mobile. All data exports must be done on a computer.
- You'll only receive the categories of data that are applicable to your account and activities on LinkedIn. For example, if you don't have have certifications listed on your profile, you won't receive a Certifications file.
- LinkedIn will only provide your own personal data and not that of other members. LinkedIn does not provide **People You May Know** or **Who's Viewed Your Profile** data.
- If you close your account, you'll no longer have access to your LinkedIn account data. For more information, you can check out **what happens after you close your account**.