| | |
|---|---|
| **From:** | Esperanza Anderson <esperanza@esperanzaanderson.com> |
| **Sent:** | Thursday, November 20, 2025 3:33 PM |
| **To:** | Zachary Brower; Nana Yee; Stacy Fode |
| **Cc:** | Clara Castaneda; Patricia Hoffman; Amelia Castro |
| **Subject:** | Re: Recap of our conversation today |

**EXTERNAL MESSAGE**

I can speak today at 3 p.m.



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

---

**From:** Zachary Brower <zbrower@nfclegal.com>
**Date:** Thursday, November 20, 2025 at 12:25 PM
**To:** Esperanza Anderson <esperanza@esperanzaanderson.com>, Nana Yee <nyee@nfclegal.com>, Stacy Fode <SFode@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>, Patricia Hoffman <phoffman@nfclegal.com>, Amelia Castro <acastro@nfclegal.com>
**Subject:** RE: Recap of our conversation today

Espie,
I am following up again to confirm whether you are available to meet and confer at 2:30 p.m. today. We have made multiple attempts to speak with you regarding the continuation of Plaintiff's deposition, but those efforts have been unsuccessful. We previously requested that you provide Plaintiff's availability by November 13, and to date, you have still not responded.
Please let us know by 1:00 p.m. whether you will be providing his availability. Otherwise, we will have no choice but to seek relief from the Court. If you would like to discuss this by phone, we remain available at 2:30 p.m. Thank you.

**Zachary Brower, Esq** | Associate

Office 973.665.9100 | Direct 973.507.7661| Fax 973.665.9101
zbrower@nfclegal.com | nfclegal.com
Bar admissions: NJ, NY



Employment Law Solutions That Work.

**WBENC Certified and
a Proud Member of NAMWOLF**

This e-mail message is intended solely for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you are hereby notified that you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Zachary Brower <zbrower@nfclegal.com>
**Sent:** Thursday, November 20, 2025 10:02 AM
**To:** Esperanza Anderson <esperanza@esperanzaanderson.com>; Nana Yee <nyee@nfclegal.com>; Stacy Fode <SFode@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>; Patricia Hoffman <phoffman@nfclegal.com>; Amelia Castro <acastro@nfclegal.com>
**Subject:** RE: Recap of our conversation today

Espie,

We are not available at 10:30. Are you available at 9:00am or 2:30pm?


**Zachary Brower, Esq** | Associate

Office 973.665.9100 | Direct 973.507.7661| Fax 973.665.9101
zbrower@nfclegal.com | nfclegal.com
Bar admissions: NJ, NY



Employment Law Solutions That Work.

**WBENC Certified and
a Proud Member of NAMWOLF**

This e-mail message is intended solely for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you are hereby notified that you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Esperanza Anderson <esperanza@esperanzaanderson.com>
**Sent:** Wednesday, November 19, 2025 6:44 PM

**To:** Zachary Brower <zbrower@nfclegal.com>; Nana Yee <nyee@nfclegal.com>; Stacy Fode <SFode@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>; Patricia Hoffman <phoffman@nfclegal.com>; Amelia Castro <acastro@nfclegal.com>
**Subject:** Re: Recap of our conversation today

**EXTERNAL MESSAGE**

Any chance we can do tomorrow at 10:30?



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

---

**From:** Zachary Brower <zbrower@nfclegal.com>
**Date:** Wednesday, November 19, 2025 at 11:32 AM
**To:** Esperanza Anderson <esperanza@esperanzaanderson.com>, Nana Yee <nyee@nfclegal.com>, Stacy Fode <SFode@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>, Patricia Hoffman <phoffman@nfclegal.com>, Amelia Castro <acastro@nfclegal.com>
**Subject:** RE: Recap of our conversation today

Espie,

We are available to meet and confer regarding Plaintiff's second day of deposition today at 12pm or tomorrow at 9:30am or 10:00am. Please let us know if any of those times work for you.

Thanks,
Zac

**Zachary Brower, Esq** | Associate

Office 973.665.9100 | Direct 973.507.7661 | Fax 973.665.9101
zbrower@nfclegal.com | nfclegal.com
Bar admissions: NJ, NY



**Employment Law Solutions That Work.**

**WBENC Certified and
a Proud Member of NAMWOLF**

This e-mail message is intended solely for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you are hereby notified that you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Esperanza Anderson <esperanza@esperanzaanderson.com>
**Sent:** Tuesday, November 18, 2025 2:32 PM
**To:** Zachary Brower <zbrower@nfclegal.com>; Nana Yee <nyee@nfclegal.com>; Stacy Fode <SFode@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>; Patricia Hoffman <phoffman@nfclegal.com>; Amelia Castro <acastro@nfclegal.com>
**Subject:** Re: Recap of our conversation today

==EXTERNAL MESSAGE==

Hi Zac - Please see my response in **red bold** below.



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

---

**From:** Zachary Brower <zbrower@nfclegal.com>
**Date:** Monday, November 17, 2025 at 7:37 AM
**To:** Esperanza Anderson <esperanza@esperanzaanderson.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>, Patricia Hoffman <phoffman@nfclegal.com>, Amelia Castro <acastro@nfclegal.com>, Nana Yee <nyee@nfclegal.com>, Stacy Fode <SFode@nfclegal.com>
**Subject:** RE: Recap of our conversation today

Espie,

We disagree with your ==mischaracterization== of the parties' November 12 meet-and-confer call and provide a brief summary of our position below:

**Zac, please let's keep it friendly and professional.**

4

**Misappropriation**

During our call, we requested—and reiterated, consistent with our November 6, 2025 letter—that you and Plaintiff are in possession of confidential and privileged Ameris information and such documents which your office failed to designate under the Protective Order must be immediately marked **CONFIDENTIAL**. You appeared to be in agreement to do so.

As discussed on our call, during his October 27 testimony, Plaintiff admitted that the documents he was in possession of were confidential, that he knowingly forwarded himself these documents from his work email to his personal yahoo account, that he may have put the documents on the cloud, and that he sent all such documents to *you*. Your comment that "I told you that I have received many emails from Plaintiff from his yahoo account shortly before his deposition and that I have not had a chance to parse through them" is very troubling and raises further questions. Did you receive the documents "shortly before" Plaintiff's cancelled deposition on September 23, or his most recent testimony on October 27? Or earlier? In any event, since you produced documents in late September, you were plainly on notice by September *at the latest* that you were in possession of confidential and privileged Ameris documents. You had an obligation to review and return the confidential documents immediately and purge any privileged documents. Also, *how* did Plaintiff send you the documents at PLAINTIFF001088-1136, and *where* was Plaintiff storing these documents if you did not have any emails from Plaintiff at the time of Plaintiff's document production on September 20? Moreover, did you make any effort to compile Ameris confidential and privileged documents from Plaintiff prior to – or even upon - receiving document requests from Ameris on March 3, 2025? If so, why did Plaintiff wait until September or October 2025 to send you *any emails?*

Your assertion that you have been busy taking multiple defense witness depositions does not excuse Plaintiff or you from returning Ameris' confidential and privileged information. This should have been done, at the latest, when Plaintiff left Ameris.

We again asked when Plaintiff will return Ameris' laptop. You responded only that you would "ask Plaintiff again." We further advised you that a forensic search of Plaintiff's personal devices is imperative and mandatory. You disagreed and claimed that Ameris previously sought this relief from the Court and the request was denied. Your statement is inaccurate and baseless.

Your statement during the call that you would "implore" Plaintiff to search for and purge documents is grossly insufficient. Ameris has serious concerns about a data breach. We advised you that this is a serious matter and that we require prompt responses to each of the requests set forth in our November 6 letter. You again indicated you will be unable to respond until sometime late next week (i.e., the week of 11/17) but you cannot promise. We informed you that absent a prompt and timely response, we will have no choice but to seek appropriate court relief.

1. **Zac, although Ameris delayed in asking for documents to designated as confidential, I have agreed to do so. I am in the process of working on it.**
2. **Your questions to me are improper. It seems like you are trying to invade Plaintiff's attorney-client privilege? There is no reason for Ameris to believe there has been a "data breach." Ameris <u>was and has been aware</u> that plaintiff forwarded work to himself while he worked there. Ameris produced emails from Plaintiff's account to his personal account. Plaintiff testified he has not used any Ameris information or forwarded any Ameris information except to provide it to me so that I can provide it to you. I am working on it. If you had sent me this letter earlier - i.e., any time since your firm was retained to defend against Plaintiff's claims, I could have gotten you everything you needed sooner. It is unfair to blame me for your delay.**

**Plaintiff's Attempt to Add 12 new ESI Custodians and Additional Search Terms**

You stated that your client wishes to request additional ESI search terms and **12** new custodians on the eve of the discovery cutoff. This is pure gamesmanship and yet another improper attempt to extend discovery.

We reminded you that Plaintiff previously moved to add more than 40 custodians and hundreds of additional search terms—after Ameris had already met and conferred with Plaintiff for months and incorporated some of Plaintiff's proposed terms and custodians—and the Court denied Plaintiff's motion. To date, Ameris has already produced more than 1 of ESI and will not agree to these new, untimely requests.

> **Ameris is under an obligation to produce all documents responsive to Plaintiff's requests. Ameris tried to avoid this obligation by claiming it needed to conduct an ESI search based on limited search terms and also by pulling documents from undisclosed recipients. It has come to our attention that Ameris has not provided all responsive documents. Jim LaHaise testified that the May 6 chain entitled "Summary of Compensation Owed" was not complete. That there were other relevant emails. Why have these not been produced?**
>
> **Since you asked me all of the above questions, when did your firm begin reviewing the documents/emails relevant to Plaintiff's claims. I doubt very much that your firm began its investigation in mid May when it began producing documents. At a minimum, in order to prepare the initial disclosures in February 2025, your firm had already started reviewing responsive information and interviewing witnesses. It is inexcusable that a portion of the Summary of Compensation email was not produced until July 2025. Why was only a portion produced on that day?**
>
> **Also, when your firm began its investigation, likely in September or October _2024_, it could have emailed me as counsel immediately to demand the return of any confidential items in Plaintiff's possession. Certainly by then, Ameris - with its IT department that is thousands strong - must have known that Plaintiff had been emailing information/documents to himself throughout his employment. He testified he did not keep that secret. He worked from home. He found it necessary to work off of his machine. Again, why did Ameris delay? I**

**First Amended Complaint**

As we previously advised and again reiterated during our call, and contrary to your claim, you did not send a properly redlined version of the First Amended Complaint until November 12. The prior "redline" you sent contained numerous additions and deletions that were not redlined and thus misleading. We advised you that we would review and provide a written response to your newly proposed FAC this week.

> **Zac, respectfully, Ameris appears to be delaying. Please get back to me no later than Wednesday at 4 p.m. Otherwise I will have to proceed.**

**Plaintiff's Second Day of Deposition**

During our call, we asked whether you will agree to a second day of Plaintiff's deposition for reasons set forth in our meet and confer letter. You stated that you have not yet had an opportunity to review our letter. Please respond by 4:00 p.m. on Tuesday, November 18. If we do not receive a timely response, we will be forced to seek expedited judicial relief, as the discovery cutoff is November 28.

> **The meet and confer letter you sent leaves open many questions. I am free tomorrow after Palmer Proctor's deposition to meet and confer regarding Ameris' request.**

**October 27, 2025 Letter**

As you stated, this was not raised during our meet and confer call but we are happy to review your correspondence and provide a response soon.

> **This topic is moot. Please get back to me regarding the First Amended Complaint you received on November 12.**

Zachary Brower, Esq  |  Associate

Office 973.665.9100  |  Direct 973.507.7661 |  Fax 973.665.9101
zbrower@nfclegal.com  |  nfclegal.com
Bar admissions: NJ, NY



Employment Law Solutions That Work.

WBENC Certified and a Proud Member of NAMWOLF

This e-mail message is intended solely for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you are hereby notified that you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Esperanza Anderson <esperanza@esperanzaanderson.com>
**Sent:** Wednesday, November 12, 2025 8:02 PM
**To:** Nana Yee <nyee@nfclegal.com>; Stacy Fode <SFode@nfclegal.com>; Zachary Brower <zbrower@nfclegal.com>
**Cc:** Clara Castaneda <CCastaneda@nfclegal.com>; Patricia Hoffman <phoffman@nfclegal.com>; Amelia Castro <acastro@nfclegal.com>
**Subject:** Recap of our conversation today

**EXTERNAL MESSAGE**

Hi Nana and Zac -

Thank you for taking the time to speak with me today. Please allow me to memorialize our call.

**November 6 letter re Confidential Designation / Misappropriation**

>We discussed your request in your November 6 letter that Plaintiff mark as confidential certain documents which he produced. I agreed.
>
>We also discussed your letter from November 6 regarding misappropriation of documents. You mentioned that your search and also Plaintiff's deposition testimony revealed that he forwarded emails and documents to his private email account and that some of the documents included confidential information. I told you that I have received many emails from Plaintiff from his yahoo account shortly before his deposition and that I have not had a chance to parse through them. As you

know, we have had a very busy month with multiple depositions, a trip to Atlanta, ex parte applications, etc. I told that I will produce any documents that are responsive to the discovery requests and that I would search for, return and purge any documents that are privileged. I pointed out that Ameris knows exactly what Plaintiff forwarded to himself because he would have done so by emailing himself from his Ameris email account. To that end, if there is anything that I miss, I ask that you immediately let me know. I want to make sure to return and purge any information we should not have.

I disagree with your request to image his devices, etc. I pointed out that Ameris already made this request to the Court and it was denied. Plaintiff testified that he has not used any confidential information except whatever he has used in this lawsuit. These documents were produced to you on September 19. You questioned him about this in his deposition. I also note that Ameris was aware that Plaintiff had emailed information to himself because Ameris produced documents showing emails to himself in its September 19 and 22 productions of documents.

You asked again about the laptop that Plaintiff had when he was still working at Ameris. I told you that I will ask him again whether he has it.

**ESI Terms and Document Production**
We discussed the additional terms Plaintiff asked you to include in Ameris' search. I gave you one list on Oct. 22 and also emailed a list this morning that was identical to what I gave you Oct. 22 except it added one more search. You said that Ameris would not be conducting any more ESI searches. You said that the discovery cut-off was 16 days away. I pointed out that Jim LaHaise testified as to other emails during his deposition. You did not change your answer.

I asked you if Ameris' production was complete. You said you were not aware of any other documents that you would be producing at this time.

**First Amended Complaint / Modification of Scheduling Order**
You said you would get back to me regarding the proposed First Amended Complaint that I sent you this morning. You said would not agree to modify the scheduling order. You added that you would not agree to continue the discovery cut-off. If you will not agree to modify the scheduling order, then it follows that you will not agree to Plaintiff filing the First Amended Complaint. As explained, any motion for leave to file an amended complaint after the deadline in the scheduling order necessarily requires Plaintiff to also seek a ruling modifying the scheduling order.

**Leo Hill and Palmer Proctor**
We discussed these depositions. Plaintiff's position remains the same. Plaintiff will not withdraw the notices of deposition. You said you would be seeking *ex parte* relief for a protective order.

You mentioned a letter that you had sent earlier today regarding Plaintiff's deposition. I have not reviewed it before our call. You said you wanted an answer by tomorrow but as I mentioned, we have Jim LaHaise's deposition tomorrow, Dave Sparacio's deposition on Friday, and Heather Parker's deposition on Monday. I will try to respond to you as soon as I can after I consider the letter. While I understand that the discovery cut-off is very close, Plaintiff's deposition took place three weeks ago. We both received rough drafts of the depositions. I don't understand the urgency.

Before we got off the call, I mentioned Defendant's privilege log and our position that many of the documents marked as privileged are not in fact privileged or entitled to protective especially in light of the protective order in this case. I also told you that I had a question about some documents produced which were blank PDFs with the words "Document Cannot Be Viewed" on them. You asked that I send you a letter about these issues. I will do so.

Finally, we did not discuss this, but on October 27, I sent you a letter with portions of Plaintiff's deposition that he wanted marked confidential. Will you agree to mark those sections confidential?

Please let me know if I missed anything.

Thanks,

Espie

ESPERANZA ANDERSON

1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.