Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C. Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF NANA YEE IN SUPPORT OF DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION TO (1) MODIFY SCHEDULING ORDER; (2) FOR LEAVE TO AMEND COMPLAINT; AND (3) TO EXTEND THE EXPERT DISCOVERY DEADLINES BY THIRTY DAYS**<br><br>**Courtroom: 6A**<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                    *Case No. 8:24-01989*
Declaration of Nana J. Yee in Support of Defendant's Opposition
to Plaintiff's *Ex Parte* Application to Modify Scheduling Order

I, Nana Yee, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and in the above-entitled Court.  I am counsel at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2.    On September 19, 2025, Plaintiff sent Ameris its first draft of the FAC and sought to amend on the basis that the allegations in the operable Complaint appeared unclear. A true and correct copy of the September 19, 2025 correspondence and attached draft pleading is attached hereto as **Exhibit A.**

3.    Plaintiff's draft sought to add allegations regarding the Long Term Incentive Plan and alleged fraud committed by Ameris to support his claim for wrongful termination in violation of public policy under his existing first cause of action. Plaintiff further attempted to rename his first cause of action to additionally allege "Adverse Employment Action" to his wrongful termination claim. *Id.* Plaintiff also added that his complaints of "fraud" were the basis for the company's retaliation against him in the Second Cause of Action.

4.    Ameris responded via letter on October 2, 2025, and explained that Plaintiff's claims he was terminated after complaining about fraudulent misrepresentations as they pertain to the LTIP's calculations were untimely to amend the Complaint. A true and correct copy of the October 2, 2025 correspondence is attached hereto as **Exhibit B.**

5.    On October 22, 2025, the parties appeared before Magistrate Judge Early for a meet and confer regarding deposition that lasted all day. At no time during that conference did Plaintiff address the request to file a First Amended Complaint.

6.    On October 27, 2025, Plaintiff gave Ameris's counsel a second letter requesting consent from Ameris to obtain leave to file a FAC. A true and correct copy of the October 27, 2025 correspondence and attached draft pleading is attached hereto as **Exhibit C.**

*Patrick Byrne v. Ameris Bank*                                    *Case No. 8:24-01989*
Declaration of Nana J. Yee in Support of Defendant's Opposition
to Plaintiff's *Ex Parte* Application to Modify Scheduling Order          Page 2 of 4

7.    During Ameris's review of the second proposed FAC, counsel for Ameris believed that the redlined pleading provided by Plaintiff did not accurately reflect all modifications made to the original Complaint, but that Ameris would review and provide a substantive response if Plaintiff provided a properly redlined amended pleading. A true and correct copy of the November 6, 2025 correspondence is attached hereto as **Exhibit D.**

8.    On November 12, 2025, Plaintiff sent a third draft of the proposed FAC. The third draft included three new claims, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, and Accounting. A true and correct copy of the November 12, 2025 email and attached amended pleading is attached hereto as **Exhibit E.**

9.    During a meet and confer call scheduled that same day, my office stated that we would review this new draft of the FAC we received earlier that day and would provide a substantive response.

10.    On November 18, 2025, Ameris responded to Plaintiff's letter and stated that it could not stipulate to Plaintiff's request to file a FAC as the information upon which Plaintiff sought to amend his Complaint was previously available to him at the time he filed his Complaint, the FAC was prejudicial to Ameris because the discovery cutoff was eleven (11) days away, and trial and motion deadlines were fast approaching. A true and correct copy of the November 18, 2025 correspondence is attached hereto as **Exhibit F.**

11.    Prior to the filing of this application, Plaintiff made no mention of a need to modify the scheduling order to extend the expert discovery cut-off and only stated he wanted to modify the scheduling order. A true and correct copy of the November 12, 2025 correspondence is attached hereto as **Exhibit G**.

12.    Plaintiff only left one voicemail on December 1, 2025 and then sent an email *less than an hour before filing* this application. A true and correct copy of the December 1, 2025 correspondence is attached hereto as **Exhibit H.**

*Patrick Byrne v. Ameris Bank*                                    *Case No. 8:24-01989*
Declaration of Nana J. Yee in Support of Defendant's Opposition
to Plaintiff's *Ex Parte* Application to Modify Scheduling Order                    Page 3 of 4

1    I declare under penalty of perjury under the laws of the State of California that

2  the foregoing is true and correct.

3    Executed this 2nd day of December, 2025, in San Diego, California.

4

5                              By:    */s/Nana Yee*

6                                     _____
                                       Nana J. Yee, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Patrick Byrne v. Ameris Bank*                                    *Case No. 8:24-01989*
Declaration of Nana J. Yee in Support of Defendant's Opposition
to Plaintiff's *Ex Parte* Application to Modify Scheduling Order            Page 4 of 4

# EXHIBIT A

**Clara Castaneda**

| | |
|---|---|
| **From:** | Esperanza Anderson <esperanza@esperanzaanderson.com> |
| **Sent:** | Friday, September 19, 2025 4:58 PM |
| **To:** | Nana Yee; Stacy Fode; Zachary Brower |
| **Cc:** | Clara Castaneda; Amelia Castro; Patricia Hoffman |
| **Subject:** | Byrne v. Ameris Bank, et al. |
| **Attachments:** | First Amended Complaint Redlined.docx; First Amended Complaint CLEAN.docx |

<mark>EXTERNAL MESSAGE</mark>

Hi Nana -

When I reviewed your portions of the joint stipulations I noticed that you had a different idea of Plaintiff's claims. I clarified Plaintiff's claims during our July call and also in the supplemental memorandum that I served. I recently looked at the Complaint again. Plaintiff would like to amend the Complaint to ensure his claims are clearly stated. Attached please find a redlined version of Plaintiff's proposed First Amended Complaint and also a clean copy. Please let me know if Ameris will stipulate to modifying the scheduling order to allow Plaintiff to file a First Amended Complaint and whether Ameris will stipulate to Plaintiff filing the proposed First Amended Complaint attached to this email.

I am happy to hop on a call to discuss with you. Please let me know whether you are available on Monday. Plaintiff would like to either submit a stipulation or file the appropriate motion asap.

Thanks so much,

Espie



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

Esperanza Cervantes Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:  (626) 219-6773
Fax:   (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

PATRICK BYRNE, an individual,

        PLAINTIFF,

        v.

AMERIS BANK, a Georgia corporation,

        Defendants.

Case No.: 8:24-cv-01989

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
2. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**
3. **FAILURE TO PAY ALL WAGES DUE AT TERMINATION;**
4. **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200.**

**DEMAND FOR JURY TRIAL**

- 1 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1  PLAINTIFF PATRICK BYRNE ("**PLAINTIFF**") complains and alleges as
2  follows:

<div align="center">

**PARTIES**

</div>

3
4  1.    PLAINTIFF is a male resident of Orange County, California.

5  2.    PLAINTIFF is informed and believes that Defendant AMERIS BANK
6  ("**AMERIS**") is organized as a corporation under the laws of Georgia, with a
7  principal place of business in Atlanta, Georgia.

<div align="center">

**JURISDICTION AND VENUE**

</div>

8
9  3.    This Court has subject matter jurisdiction over this action pursuant to
10 28 U.S.C. § 1332 because the parties are citizens of different States and the amount
11 in controversy exceeds $75,000.00.

12 4.    Personal jurisdiction and venue are proper in this judicial district
13 pursuant to 28 U.S.C. § 139l(b), as the Defendant is found in, has or has had an agent
14 or agents, has or has had contacts, and transact or have transacted business in this
15 district.

<div align="center">

**GENERAL ALLEGATIONS**

</div>

16
17 5.    During all times relevant to this Complaint, Balboa Capital Corporation
18 ("**BALBOA**") was and continues to be a financial technology company that provides
19 business lending solutions to small and medium-sized businesses nationwide for the
20 purchase or lease of business equipment.

21 6.    On or about December 10, 2021, AMERIS entered into a Stock
22 Purchase Agreement whereby AMERIS acquired BALBOA. Through this Stock
23 Purchase Agreement, BALBOA continued to operate in California as a division of
24 AMERIS. BALBOA employees continued working for BALBOA performing the
25 same job duties as they had before the Stock Purchase Agreement, except that
26 employees were now considered employees of AMERIS, not BALBOA.

27 7.    Along these lines, on or about December 10, 2021, AMERIS entered
28 into an Employment Agreement with PLAINTIFF whereby PLAINTIFF would

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 2 -

<div align="center">

First Amended Complaint for Damages

</div>

Formatted Table

continue to work at BALBOA as its Chief Executive Officer, while being an employee of AMERIS. The term of the Employment Agreement was from December 10, 2021 through December 31, 2024 ("Initial Term"). The Employment Agreement ("Agreement") would be automatically renewed for an additional one year period at the expiration of the existing term , whether the Initial Term or a Renewal Term, unless either party terminated the Agreement.

8.    On or about December 10, 2021, AMERIS issued the BALBOA Long-term Cash Incentive Plan ("**LTIP**"). The LTIP provided for ~~cash bonus awards~~Cash Bonus Awards (Defined Term in LTIP) to eligible employees of the BALBOA division of AMERIS based on the achievement of performance goals by BALBOA during the performance periods. Specifically, the LTIP which was agreed to prior to AMERIS' acquisition, of BALBOA, set agreed upon performance goals for 2022, 2023, and 2024 that required BALBOA to increase its earnings before taxes (EBT) by millions of dollars each successive year. If BALBOA exceeded the performance goal set in the LTIP for a year, 35% of the amount by which BALBOA exceeded the performance goal would be placed into an Incentive Pool. The entire Incentive Pool would then be paid out in Cash Bonus Awards to employees working in the BALBOA division of AMERIS.

9.    The potential for additional ~~cash awards promised~~Cash Bonus Awards in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond their usual working hours to increase BALBOA's profitability, resulting in millions of dollars of additional profits for AMERIS.

10.    Instead of honoring the promises made in the LTIP, AMERIS intentionally ~~failed to properly calculate the earnings~~miscalculated the LTIP by and changing various inputs to the LTIP ~~performance of BALBOA~~ so as to reduce BALBOA's earnings so that ~~it~~AMERIS could reduce or eliminate the Incentive Pool from which Cash Bonus Awards would be paid.~~would not have to pay any cash awards under the LTIP.~~ ~~AMERIS'~~AMERIS' intentional miscalculations and

Law Office of Esperanza Cervantes Anderson
Pasadena, California

Formatted: Not Highlight
Formatted: Not Highlight

Formatted: Not Highlight
Formatted Table

changes to various inputs to the LTIP thereby reduced and/or eliminated the incentive compensation of BALBOA employees participating in the LTIP, including PLAINTIFF, after they had already performed the extra work that the LTIP was designed to encourage. As a result of AMERIS' intentional miscalculations and changes to various inputs to the LTIP, BALBOA employees participating in the LTIP, including PLAINTIFF, were retroactively deprived of the income they earned through their increased efforts after they had already done the work.

11.    From June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were improperly calculating BALBOA's earnings under the LTIP. miscalculating and changing various inputs to the agreed-upon LTIP. PLAINTIFF complained to AMERIS that he and numerous approximately 145 other eligible employees were owed a larger Cash Bonus Award Bonus for their participation in the LTIP during 2022, and a larger Cash Bonus Award Bonus for their participation in the LTIP during 2023, and that they were owed other monies Through their intentional miscalculations and changing of various inputs to the LTIP, AMERIS reduced the Incentive Pool for 2022 and avoided placing any money into the Incentive Pool for 2023 thereby depriving approximately 145 employees of Cash Award Bonuses they earned for their work in 2022 and 2023.

12.    As a result of PLAINTIFF's complaints, AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about March 2024. Then in June 2024, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of BALBOA's earnings. Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy with PLAINTIFF'S performance and that AMERIS wanted to continue the relationship relationship with PLAINTIFF.

12.    ///

- 4 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

### DAMAGES

13. **Economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer loss of income and employment benefits in a sum to be proven at trial because AMERIS withheld monies earned by PLAINTIFF and owed to him pursuant to the Employment Agreement. Additionally, PLAINTIFF has suffered and will suffer harm, including lost past and future income and employment benefits in a sum to be proven at trial because he was terminated for complaining about unlawful violations of the California Labor Code which was depriving PLAINTIFF and approximately 145 other employees of AMERIS of millions of dollars in bonuses. PLAINTIFF has also lost the investment income PLAINTIFF would have earned had he been paid when the wages were due.

14. **Non-economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial. PLAINTIFF took great pride in his work as CEO. He personally hired many of the employees affected by AMERIS' violations of the California Labor Code. For decades, PLAINTIFF worked directly with many of the employees at BALBOA. He worked closest with the 14 employees that made up the senior management team at BALBOA, with whom he worked for an average of 15 years, and who were most directly affected by AMERIS depriving them of their Cash Bonus Awards. Therefore, PLAINTIFF was devastated that he could not protect these employees from AMERIS' fraudulent conduct.

15. **Punitive damages:** AMERIS' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles PLAINTIFF to an award of exemplary and/or punitive damages.

a. **Fraud:** In addition, and/or alternatively, AMERIS' conduct, as alleged above, was fraudulent within the meaning of California Civil Code section 3294, including that AMERIS changed the methods of calculation of BALBOA's

- 5 -

First Amended Complaint for Damages

Formatted Table

1 ~~earnings.~~ intentionally miscalculated and changed various inputs to the LTIP.
2 Additionally, AMERIS asserted false (pretextual) grounds for terminating
3 PLAINTIFF were undertaken to cause PLAINTIFF hardship and deprive him of
4 legal rights.

5     b.    **Malice:** Defendants' conduct was committed with malice within the
6 meaning of California Civil Code section 3294, including that (a) defendants acted
7 with intent to cause injury to PLAINTIFF and/or acted with reckless disregard for
8 PLAINTIFF'S rights, including his right to be free from retaliation for voicing valid
9 complaints about AMERIS' violations of the California Labor Code. This conduct
10 was despicable and committed in willful and conscious disregard of PLAINTIFF'S
11 rights to be free of retaliation.

12     c.    **Oppression:** In addition, and/or alternatively, defendants' conduct was
13 committed with oppression within the meaning of California Civil Code section
14 3294, including that AMERIS' actions against PLAINTIFF because of his
15 complaints were "despicable" and subjected PLAINTIFF to cruel and unjust
16 hardship, in knowing disregard of PLAINTIFF'S rights to a work place free of
17 retaliation.

18     16.    **Attorneys' fees:** PLAINTIFF has incurred and continues to incur legal
19 expenses and attorneys' fees.

20                    **COUNT I**
21 **WRONGFUL TERMINATION/ ADVERSE EMPLOYMENT ACTION IN**
22              **VIOLATION OF PUBLIC POLICY**
23                  (Against AMERIS)

24     17.    PLAINTIFF realleges each and every allegation in the preceding
25 paragraphs with the same force and effect as though fully set forth herein.

26     ##

27     18.    Under California law, no employee, whether they are an at-will
28 employee, or an employee under a written or other employment contract, can be

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

terminated or subjected to another adverse action for a reason that is in violation of a fundamental public policy.

19.    PLAINTIFF is informed and believes, and based thereon alleges, that AMERIS decided not to renew Plaintiff's Employment Agreement in or about March 2024 and then terminated PLAINTIFF'S his employment in June 2024 because he complained of unlawful violations of the California Labor Code and fraud which deprived employees of earned compensation. Thus PLAINTIFF'S termination was in violation of the public policy of the State of California and the United States imposing general business duties with which every business entity must comply.

20.    As a proximate result of AMERIS conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

21.    In addition, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court.

22.    AMERIS' supervisory agents acted with malice, oppression, deceit, and with the intent to injure PLAINTIFF, or in reckless disregard of PLAINTIFF'S rights. PLAINTIFF was terminated by officers, directors or managing agents of AMERIS because *inter alia* he complained of business practices that were fraudulent and he refused to violate the California Labor Code.  Alternatively, AMERIS authorized and ratified the conduct of its officers, directors and managing agents who maliciously engaged in the despicable act of terminating PLAINTIFF in conscious disregard of his right to be free of retaliation.  PLAINTIFF is therefore entitled to punitive and exemplary damages. PLAINTIFF prays for punitive damages against AMERIS in an amount to be determined at the time of trial, that is sufficiently high to punish AMERIS deter them from engaging in such conduct in

- 7 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Formatted Table

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1  the future, and to make an example of them to others.

2  **COUNT II**

3  **RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

4  (Against AMERIS)

5  ~~23.~~22.PLAINTIFF realleges each and every allegation in the preceding

6  paragraphs with the same force and effect as though fully set forth herein.

7  ~~24.~~23.At all times mentioned herein, the California Labor Code was in full

8  force and effect and proscribed AMERIS' conduct.

9  ~~25.~~24.AMERIS created the LTIP for the purposes of inducing employees

10  working for BALBOA, a division of AMERIS, to perform work above and beyond

11  what they had been doing~~.~~, generating millions of additional profits for  AMERIS.

12  Beginning in 2024, after employees had already performed the work necessary to

13  secure the results identified thoughout 2023, and despite Plaintiff complaining about

14  the miscalculation and changing of various inputs to the ~~Performance Formula~~LTIP

15  starting in June 2023, AMERIS continued to miscalculate and change various inputs

16  to the ~~Performance Formula~~LTIP so as deprive eligible employees of the promised

17  ~~cash awards~~Cash Award Bonuses. This affected approximately 145 employees.

18  Throughout the beginning months of 2024, PLAINTIFF continued to complain

19  repeatedly to AMERIS ~~that their alterations~~about miscalculations and various

20  changes to inputs to the ~~Performance Formula retroactively removed many line~~

21  ~~items used to determine profitability, and~~LTIP. By this point in time PLAINTIFF

22  was accusing AMERIS of intentionally miscalculating the LTIP so as ~~such,~~to

23  prevent BALBOA from hitting the performance goal necessary to fund the Incentive

24  Pool from which Cash Bonus Awards would be paid. PLAINTIFF complained that

25  AMERIS' various changes to inputs to the LTIP served to retroactively deprive all

26  of the approximately 145 eligible employees of their Cash ~~Bonus Awards~~Award

27  Bonuses under the LTIP~~.~~ after they had done the extra work to meet the LTIP

28  performance goals. PLAINTIFF had reasonable cause to believe that his complaints

disclosed a violation of the statutes in the California Labor Code and California Civil Code. These retroactive changes to the bonus structure deprived all of the approximately 145 eligible employees of earned wages in violation of Labor Code §§201, 202, 204 and 219, among others. AMERIS' conduct was also fraudulent in violation of Civil Code §1572 and 1710.

26.25. PLAINTIFF is informed and believes, and thereon alleges that as a direct result of his complaints, and because PLAINTIFF refused to ignore the violations of the Labor Code requiring the payment of earned wages and violations of the Civil Code prohibiting fraud, AMERIS decided not to renew Plaintiff's Employment Agreement and then terminated his employment.

27.26. As a proximate result of AMERIS' conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

28.27. Additionally, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court.

29.28. As a further proximate result of the aforementioned wrongful conduct, PLAINTIFF has had to employ the services of attorneys to pursue his legal rights, to PLAINTIFF'S damage in an amount unknown at this time, but according to proof at trial.

30.29. The grossly reckless, and/or intentional, malicious, and bad faith manner in which AMERIS engaged in those acts as described in this cause of action entitles PLAINTIFF to punitive damages against AMERIS in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish AMERIS deter them from engaging in such conduct again, and to make an example of them to others.

- 9 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Formatted Table

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**COUNT III**

**FAILURE TO PAY ALL WAGES AT TERMINATION**

**CALIFORNIA LABOR CODE §§201 AND 203**

(Against AMERIS)

31.30. PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

32.31. At all times relevant during the liability period, PLAINTIFF was an employee of AMERIS covered by California Labor Code Section 201.

33.32. Pursuant to Labor Code Section 201, PLAINTIFF was entitled, upon termination, to timely payment of all wages earned and unpaid prior to termination.

34.33. AMERIS failed to pay PLAINTIFF all wages earned and unpaid prior to termination in accordance with California Labor Code Section 201. Indeed, to this day PLAINTIFF is still owed unpaid bonuses earned for his work in 2022 and 2023 as well as other wages.

35.34. AMERIS' failure to pay PLAINTIFF all wages earned at the time of termination in accordance with Labor Code Section 201 was willful. AMERIS had the ability to pay all wages earned in accordance with Labor Code Section 201 but failed to do so.

36.35. Pursuant to *inter alia* Labor Code Section 201, PLAINTIFF is entitled to all wages earned prior to termination that AMERIS did not pay him.

37.36. Pursuant to Labor Code section 203, PLAINTIFF is entitled to daily waiting time penalties equivalent to one day's wage from the day his earned and unpaid wages were due upon termination up to a maximum of thirty (30) days.

38.37. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid for all wages earned prior to termination.

39.38. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid all continuation

- 10 -

First Amended Complaint for Damages

Formatted Table

1  wages/waiting time penalties owed under Labor Code section 203.

2  ~~40.~~39. As a further result of AMERIS' conduct, pursuant to Labor Code

3  sections 218.5, and 218.6, PLAINTIFF is entitled to recover interest on the unpaid

4  final wages, reasonable attorneys' fees, and costs of suit.

5  **COUNT IV**

6  **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

7  (Against AMERIS)

8  ~~41.~~40. PLAINTIFF realleges each and every allegation in the preceding

9  paragraphs with the same force and effect as though fully set forth herein.

10  ~~##~~

11  ~~42.~~41. Section 17200 of the California Business and Professions Code

12  prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent

13  business acts or practices . . ." PLAINTIFF is informed and believes that by (1)

14  intentionally and fraudulently miscalculating and changing various inputs to the

15  LTIP so as to reduce the amount AMERIS was required to pay into the Incentive

16  Pool, thereby depriving employees of earned Cash ~~Award Bonuses,~~Bonus Awards

17  and (2) terminating PLAINTIFF for complaining about AMERIS' intentional and

18  unlawful miscalculation of BALBOA'S earnings so as to avoid paying employees

19  the Cash ~~Award Bonuses promised~~Bonus Awards agreed to in the LTIP, AMERIS

20  violated their generally applicable duty, as recognized in the statutes cited above, to

21  refrain from unfair and deceptive business acts and practices.

22  ~~43.~~42. AMERIS' conduct as alleged herein violates the Unfair Competition

23  Law. The business acts and practices of AMERIS as alleged herein, constituted and

24  continue to constitute a continuing course of conduct that is unlawful, unfair and/or

25  fraudulent.  PLAINTIFF is informed and believes that such unlawful, unfair and/or

26  fraudulent conduct continues to this day and AMERIS will continue such activity in

27  the future.  The harm to the general public and AMERIS' employees far outweighs

28  any illegitimate benefit AMERIS may derive from their legal violations.

- 11 -

First Amended Complaint for Damages

**Formatted:** Not Highlight

**Formatted Table**

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

44.43. PLAINTIFF and members of the general public have been injured by AMERIS' unlawful, misleading and fraudulent general business practices. These violations persist to this day and have not been rectified.  Therefore, PLAINTIFF has been injured by AMERIS' conduct and lost money as a result of said conduct.

45.44. PLAINTIFF is thus entitled to restitution of monies he would have earned had AMERIS not engaged in these fraudulent and unfair business practices, disgorgement of unlawful profits and, an injunction preventing AMERIS from engaging in the unlawful practices discussed herein, and an injunction requiring AMERIS to fund an Incentive Pool with the unlawful profits it earned through its intentional miscalculation so that BALBOA employees participating in the LTIP in 2022, 2023 and 2024 can receive their full Cash Bonus Awards for those years.

46.45. PLAINTIFF also requests an award of attorneys' fees, based on his vindication of a public interest and/or the Court's inherent equitable powers, in an amount to be established by proof at time of trial.

///

///

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against AMERIS BANK as follows:

1.    For economic damages, including but not limited to past and future lost wages, commissions, bonuses and benefits, according to proof at trial;

2.    For non-economic, including but not limited to emotional distress damages, mental suffering, loss of reputation, anxiety, inconvenience, according to proof at trial;

3.    For punitive damages as allowed by law and according to proof at trial;

4.    For pre-judgment interest at the prevailing legal rate;

5.    For PLAINTIFF'S costs;

6.    For reasonable attorneys' fees, according to proof;

- 12 -

First Amended Complaint for Damages

7.    For injunctive relief (as to PLAINTIFF'S cause of action for Violation of Business & Professions Code §17200); and

8.    For such other and further relief as this Court deems just and proper.

DATED: September ~~16, 2024~~ ___, 2025.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

Formatted Table

By: _____

Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

- 13 -

First Amended Complaint for Damages

Formatted Table

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, PLAINTIFF hereby requests a trial by jury for all claims and issues so triable.

DATED:  September ~~16, 2024~~___, 2025.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

By: _____

Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

Formatted Table

Formatted Table

- 14 -

First Amended Complaint for Damages

Esperanza Cervantes Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:   (626) 219-6773
Fax:   (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BYRNE, an individual, | Case No.: 8:24-cv-01989 |
| PLAINTIFF, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| v. | **1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| AMERIS BANK, a Georgia corporation, | **2. RETALIATION IN VIOLATION OF LABOR CODE §1102.5;** |
| Defendants. | **3. FAILURE TO PAY ALL WAGES DUE AT TERMINATION;** |
| | **4. VIOLATION OF BUSINESS & PROFESSIONS CODE §17200.** |
| | **DEMAND FOR JURY TRIAL** |

First Amended Complaint for Damages

PLAINTIFF PATRICK BYRNE ("**PLAINTIFF**") complains and alleges as follows:

## PARTIES

1.      PLAINTIFF is a male resident of Orange County, California.

2.      PLAINTIFF is informed and believes that Defendant AMERIS BANK ("**AMERIS**") is organized as a corporation under the laws of Georgia, with a principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00.

4.      Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 139l(b), as the Defendant is found in, has or has had an agent or agents, has or has had contacts, and transact or have transacted business in this district.

## GENERAL ALLEGATIONS

5.      During all times relevant to this Complaint, Balboa Capital Corporation ("**BALBOA**") was and continues to be a financial technology company that provides business lending solutions to small and medium-sized businesses nationwide for the purchase or lease of business equipment.

6.      On or about December 10, 2021, AMERIS entered into a Stock Purchase Agreement whereby AMERIS acquired BALBOA. Through this Stock Purchase Agreement, BALBOA continued to operate in California as a division of AMERIS. BALBOA employees continued working for BALBOA performing the same job duties as they had before the Stock Purchase Agreement, except that employees were now considered employees of AMERIS, not BALBOA.

7.      Along these lines, on or about December 10, 2021, AMERIS entered into an Employment Agreement with PLAINTIFF whereby PLAINTIFF would

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

continue to work at BALBOA as its Chief Executive Officer, while being an employee of AMERIS. The term of the Employment Agreement was from December 10, 2021 through December 31, 2024 ("Initial Term"). The Employment Agreement ("Agreement") would be automatically renewed for an additional one year period at the expiration of the existing term , whether the Initial Term or a Renewal Term, unless either party terminated the Agreement.

8.     On or about December 10, 2021, AMERIS issued the BALBOA Long-term Cash Incentive Plan ("**LTIP**"). The LTIP provided for Cash Bonus Awards (Defined Term in LTIP) to eligible employees of the BALBOA division of AMERIS based on the achievement of performance goals by BALBOA during the performance periods. Specifically, the LTIP which was agreed to prior to AMERIS' acquisition, of BALBOA, set agreed upon performance goals for 2022, 2023, and 2024 that required BALBOA to increase its earnings before taxes (EBT) by millions of dollars each successive year. If BALBOA exceeded the performance goal set in the LTIP for a year, 35% of the amount by which BALBOA exceeded the performance goal would be placed into an Incentive Pool. The entire Incentive Pool would then be paid out in Cash Bonus Awards to employees working in the BALBOA division of AMERIS.

9.     The potential for additional Cash Bonus Awards in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond their usual working hours to increase BALBOA's profitability, resulting in millions of dollars of additional profits for AMERIS.

10.     Instead of honoring the promises made in the LTIP, AMERIS intentionally miscalculated the LTIP by changing various inputs to the LTIP  so as to reduce BALBOA's earnings so that AMERIScould reduce or eliminate the Incentive Pool from which Cash Bonus Awards would be paid.. AMERIS' intentional miscalculations and changes to various inputs to the LTIP thereby reduced and/or eliminated the incentive compensation of BALBOA employees

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

First Amended Complaint for Damages

participating in the LTIP, including PLAINTIFF, after they had already performed the extra work that the LTIP was designed to encourage. As a result of AMERIS' intentional miscalculations and changes to various inputs to the LTIP, BALBOA employees participating in the LTIP, including PLAINTIFF, were retroactively deprived of the income they earned through their increased efforts after they had already done the work.

11.    From June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were miscalculating and changing various inputs to the agreed-upon LTIP. PLAINTIFF complained to AMERIS that he and approximately 145 other employees were owed a larger Cash Bonus Award for their participation in the LTIP during 2022 and a Cash Bonus Award for their participation in the LTIP during 2023, Through their intentional miscalculations and changing of various inputs to the LTIP, AMERIS reduced the Incentive Pool for 2022 and avoided placing any money into the Incentive Pool for 2023 thereby depriving approximately 145 employees of Cash Award Bonuses they earned for their work in 2022 and 2023.

12.    As a result of PLAINTIFF's complaints, AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about March 2024. Then in June 2024, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of BALBOA's earnings. Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy with PLAINTIFF'S performance and that AMERIS wanted to continue the relationship with PLAINTIFF.

///

## DAMAGES

13.    **Economic damages:** As a consequence of AMERIS' conduct,

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

PLAINTIFF has suffered and will suffer loss of income and employment benefits in a sum to be proven at trial because AMERIS withheld monies earned by PLAINTIFF and owed to him pursuant to the Employment Agreement. Additionally, PLAINTIFF has suffered and will suffer harm, including lost past and future income and employment benefits in a sum to be proven at trial because he was terminated for complaining about unlawful violations of the California Labor Code which was depriving PLAINTIFF and approximately 145 other employees of AMERIS millions of dollars in bonuses. PLAINTIFF has also lost the investment income PLAINTIFF would have earned had he been paid when the wages were due.

14. **Non-economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial. PLAINTIFF took great pride in his work as CEO. He personally hired many of the employees affected by AMERIS' violations of the California Labor Code. For decades, PLAINTIFF worked directly with many of the employees at BALBOA. He worked closest with the 14 employees that made up the senior management team at BALBOA, with whom he worked for an average of 15 years, and who were most directly affected by AMERIS depriving them of their Cash Bonus Awards. Therefore, PLAINTIFF was devastated that he could not protect these employees from AMERIS' fraudulent conduct.

15. **Punitive damages:** AMERIS' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles PLAINTIFF to an award of exemplary and/or punitive damages.

a. **Fraud:** In addition, and/or alternatively, AMERIS' conduct, as alleged above, was fraudulent within the meaning of California Civil Code section 3294, including that AMERIS intentionally miscalculated and changed various inputs to the LTIP. Additionally, AMERIS asserted false (pretextual) grounds for terminating PLAINTIFF were undertaken to cause PLAINTIFF hardship and deprive him of

- 5 -

legal rights.

b.    **Malice:** Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to PLAINTIFF and/or acted with reckless disregard for PLAINTIFF'S rights, including his right to be free from retaliation for voicing valid complaints about AMERIS' violations of the California Labor Code. This conduct was despicable and committed in willful and conscious disregard of PLAINTIFF'S rights to be free of retaliation.

c.    **Oppression:** In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that AMERIS' actions against PLAINTIFF because of his complaints were "despicable" and subjected PLAINTIFF to cruel and unjust hardship, in knowing disregard of PLAINTIFF'S rights to a work place free of retaliation.

16.    **Attorneys' fees:** PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

## COUNT I

## WRONGFUL TERMINATION/ ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY

### (Against AMERIS)

17.    PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

18.    Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated or subjected to another adverse actionfor a reason that is in violation of a fundamental public policy.

19.    PLAINTIFF is informed and believes, and based thereon alleges, that AMERIS decided not to renew Plaintiff's Employment Agreement in or about

First Amended Complaint for Damages

March 2024 and then terminated PLAINTIFF'S  employment in June 2024 because he complained of unlawful violations of the California Labor Code and fraud which deprived employees of earned compensation. Thus PLAINTIFF'S termination was in violation of the public policy of the State of California and the United States imposing general business duties with which every business entity must comply.

20.    As a proximate result of AMERIS conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

21.    In addition, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court.

**AMERIS' supervisory agents acted with malice, oppression, deceit, and with the intent to injure PLAINTIFF, or in reckless disregard of PLAINTIFF'S rights. PLAINTIFF was terminated by officers, directors or managing agents of AMERIS because *inter alia* he complained of business practices that were fraudulent and he refused to violate the California Labor Code.  Alternatively, AMERIS authorized and ratified the conduct of its officers, directors and managing agents who maliciously engaged in the despicable act of terminating PLAINTIFF in conscious disregard of his right to be free of retaliation. PLAINTIFF is therefore entitled to punitive and exemplary damages. PLAINTIFF prays for punitive damages against AMERIS in an amount to be determined at the time of trial, that is sufficiently high to punish AMERIS deter them from engaging in such conduct in the future, and to make an example of them to others.COUNT II**

**RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

(Against AMERIS)

22.    PLAINTIFF realleges each and every allegation in the preceding

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

paragraphs with the same force and effect as though fully set forth herein.

23.    At all times mentioned herein, the California Labor Code was in full force and effect and proscribed AMERIS' conduct.

24.    AMERIS created the LTIP for the purposes of inducing employees working for BALBOA, a division of AMERIS, to perform work above and beyond what they had been doing, generating millions of additional profits for AMERIS. Beginning in 2024, after employees had already performed the work necessary to secure the results identified thoughout 2023, and despite Plaintiff complaining about the miscalculation and changing of various inputs to the LTIP starting in June 2023, AMERIS continued to miscalculate and change various inputs to the LTIP so as deprive eligible employees of the promised Cash Award Bonuses. This affected approximately 145 employees. Throughout the beginning months of 2024, PLAINTIFF continued to complain repeatedly to AMERIS about miscalculations and various changes to inputs to the LTIP. By this point in time PLAINTIFF was accusing AMERIS of intentionally miscalculating the LTIP so as to prevent BALBOA from hitting the performance goal necessary to fund the Incentive Pool from which Cash Bonus Awards would be paid. PLAINTIFF complained that AMERIS' various changes to inputs to the LTIP served to retroactively deprive all of the approximately 145 eligible employees of their Cash Award Bonuses under the LTIP after they had done the extra work to meet the LTIP performance goals. PLAINTIFF had reasonable cause to believe that his complaints disclosed a violation of the statutes in the California Labor Code and California Civil Code. These retroactive changes to the bonus structure deprived all of the approximately 145 eligible employees of earned wages in violation of Labor Code §§201, 202, 204 and 219, among others. AMERIS' conduct was also fraudulent in violation of Civil Code §1572 and 1710.

25.    PLAINTIFF is informed and believes, and thereon alleges that as a direct result of his complaints, and because PLAINTIFF refused to ignore the

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

violations of the Labor Code requiring the payment of earned wages and violations of the Civil Code prohibiting fraud, AMERIS decided not to renew Plaintiff's Employment Agreement and then terminated his employment.

26.    As a proximate result of AMERIS' conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

27.    Additionally, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court

28.    As a further proximate result of the aforementioned wrongful conduct, PLAINTIFF has had to employ the services of attorneys to pursue his legal rights, to PLAINTIFF'S damage in an amount unknown at this time, but according to proof at trial.

29.    The grossly reckless, and/or intentional, malicious, and bad faith manner in which AMERIS engaged in those acts as described in this cause of action entitles PLAINTIFF to punitive damages against AMERIS in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish AMERIS deter them from engaging in such conduct again, and to make an example of them to others.

<div align="center">

**COUNT III**

**FAILURE TO PAY ALL WAGES AT TERMINATION**

**CALIFORNIA LABOR CODE §§201 AND 203**

(Against AMERIS)

</div>

30.    PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

31.    At all times relevant during the liability period, PLAINTIFF was an

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

employee of AMERIS covered by California Labor Code Section 201.

32.     Pursuant to Labor Code Section 201, PLAINTIFF was entitled, upon termination, to timely payment of all wages earned and unpaid prior to termination.

33.     AMERIS failed to pay PLAINTIFF all wages earned and unpaid prior to termination in accordance with California Labor Code Section 201.  Indeed, to this day PLAINTIFF is still owed unpaid bonuses earned for his work in 2022 and 2023 as well as other wages.

34.     AMERIS' failure to pay PLAINTIFF all wages earned at the time of termination in accordance with Labor Code Section 201 was willful. AMERIS had the ability to pay all wages earned in accordance with Labor Code Section 201 but failed to do so.

35.     Pursuant to *inter alia* Labor Code Section 201, PLAINTIFF is entitled to all wages earned prior to termination that AMERIS did not pay him.

36.     Pursuant to Labor Code section 203, PLAINTIFF is entitled to daily waiting time penalties equivalent to one day's wage from the day his earned and unpaid wages were due upon termination up to a maximum of thirty (30) days.

37.     As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid for all wages earned prior to termination.

38.     As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid all continuation wages/waiting time penalties owed under Labor Code section 203.

39.     As a further result of AMERIS' conduct, pursuant to Labor Code sections 218.5, and 218.6, PLAINTIFF is entitled to recover interest on the unpaid final wages, reasonable attorneys' fees, and costs of suit.

## COUNT IV

## VIOLATION OF BUSINESS & PROFESSIONS CODE §17200

(Against AMERIS)

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

40.    PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

41.    Section 17200 of the California Business and Professions Code prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent business acts or practices . . ." PLAINTIFF is informed and believes that by (1) intentionally and fraudulently miscalculating and changing various inputs to the LTIP so as to reduce the amount AMERIS was required to pay into the Incentive Pool, thereby depriving employees of earned Cash Bonus Awards and (2) terminating PLAINTIFF for complaining about AMERIS' intentional and unlawful miscalculation of BALBOA'S earnings so as to avoid paying employees the Cash Bonus Awards agreed to in the LTIP, AMERIS violated their generally applicable duty, as recognized in the statutes cited above, to refrain from unfair and deceptive business acts and practices.

42.    AMERIS' conduct as alleged herein violates the Unfair Competition Law. The business acts and practices of AMERIS as alleged herein, constituted and continue to constitute a continuing course of conduct that is unlawful, unfair and/or fraudulent.  PLAINTIFF is informed and believes that such unlawful, unfair and/or fraudulent conduct continues to this day and AMERIS will continue such activity in the future.  The harm to the general public and AMERIS' employees far outweighs any illegitimate benefit AMERIS may derive from their legal violations.

43.    PLAINTIFF and members of the general public have been injured by AMERIS' unlawful, misleading and fraudulent general business practices. These violations persist to this day and have not been rectified.  Therefore, PLAINTIFF has been injured by AMERIS' conduct and lost money as a result of said conduct.

44.    PLAINTIFF is thus entitled to restitution of monies he would have earned had AMERIS not engaged in these fraudulent and unfair business practices, disgorgement of unlawful profits, an injunction preventing AMERIS from engaging in the unlawful practices discussed herein, and an injunction requiring AMERIS to

- 11 -

fund an Incentive Pool with the unlawful profits it earned through its intentional miscalculation so that BALBOA employees participating in the LTIP in 2022, 2023 and 2024 can receive their full Cash Bonus Awards for those years.

45.    PLAINTIFF also requests an award of attorneys' fees, based on his vindication of a public interest and/or the Court's inherent equitable powers, in an amount to be established by proof at time of trial.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against AMERIS BANK as follows:

1.    For economic damages, including but not limited to past and future lost wages, commissions, bonuses and benefits, according to proof at trial;

2.    For non-economic, including but not limited to emotional distress damages, mental suffering, loss of reputation, anxiety, inconvenience, according to proof at trial;

3.    For punitive damages as allowed by law and according to proof at trial;

4.    For pre-judgment interest at the prevailing legal rate;

5.    For PLAINTIFF'S costs;

6.    For reasonable attorneys' fees, according to proof;

7.    For injunctive relief (as to PLAINTIFF'S cause of action for Violation of Business & Professions Code §17200); and

8.    For such other and further relief as this Court deems just and proper.

DATED:  September ___, 2025.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By:
_____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

- 12 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

First Amended Complaint for Damages

# REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, PLAINTIFF hereby requests a trial by jury for all claims and issues so triable.

DATED:  September ___, 2025.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By:
_____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

# EXHIBIT B

# NUKK-FREEMAN & CERRA, PC

### EMPLOYMENT ATTORNEYS

October 2, 2025

<u>**VIA EMAIL**</u>
Esperanza Cervantes Anderson, Esq.
esperanza@EsperanzaAnderson.com
ESPERANZA ANDERSON
1037 Allen Ave.
Pasadena, CA 91104

> Re:    ***Patrick Byrne v. Ameris Bank***
> ***U.S. District Court, Central District of California Case No. 9:24-cv-01989***

Dear Ms. Cervantes Anderson,

We are in receipt of Plaintiff Patrick Byrne's ("Plaintiff") correspondence requesting Defendant Ameris Bank ("Ameris" or "Defendant") to stipulate to his First Amended Complaint.

For the reasons set forth in more detail below, Defendant cannot agree to Plaintiff's request to stipulate filing a First Amended Complaint ("FAC"). While Defendant acknowledges that requests to amend the pleadings can be liberally granted, Plaintiff's request to amend the Complaint **is well past the Court-ordered deadline to hear motions to amend the pleadings of <u>April 11, 2025</u>** [Doc. 22], and there is no good cause for the delay. In fact, the information upon which Plaintiff seeks to amend his Complaint was previously available to him at the time he filed the original Complaint, and there are no new facts or grounds on which to amend the Complaint. Additionally, the FAC is prejudicial to Defendant because written discovery is almost complete, we are within 60 days of the discovery cut-off deadline of November 28, 2025, and trial and motion deadlines, including the deadline for Defendant to bring a Motion for Summary Judgment, are fast approaching. Likewise, we are not amenable to stipulating to a revised scheduling order or extending the discovery cut-off as you have requested. We are available to telephonically meet and confer about the contents of this letter at a mutually convenient date and time.

> I.    **Plaintiff's Proposed First Amended Complaint Is Not Based on Newly Acquired Information or Evidence**

Plaintiff apparently seeks to amend his Complaint on the basis that the allegations in the operable Complaint appear unclear. Namely, he seeks to add allegations regarding the Long Term Incentive Plan and alleged fraud committed by Ameris to support his claim for wrongful termination in violation of public policy under his existing first cause of action. He further attempts to rename his first cause of action to additionally allege "Adverse Employment Action" to his wrongful termination claim. Plaintiff would also like to add that his complaints of "fraud" were the basis for the company's retaliation against him in the Second Cause of Action. It appears, Plaintiff claims he was terminated after complaining about fraudulent misrepresentations as they pertain to the LTIP's calculations. Not only was the LTIP disclosed early in Defendant's discovery, but Plaintiff was aware of this plan and had copies of it throughout his employment with Ameris. In fact, he complained about the structure of that Long Term Incentive Plan before he was ever terminated. *Accordingly, Plaintiff has been well aware of the information upon which he seeks to*

*amend his Complaint for several years and could have included this claim in his original Complaint. There is no good cause for an amendment at this juncture.*

II. **Controlling Authority Indicates That Plaintiff Should Not Be Permitted To Amend His Complaint Under The Circumstances Of This Case**

a. **Plaintiff Has Unduly Delayed In Seeking To Amend His Complaint After The Amendment Cutt-off Has Passed And Has No Excuse For His Delay**

The Ninth Circuit has held that there are certain limitations on a party's ability to amend under Federal Civil Rule 15. *C.F. ex rel. Farnan v. Capistrano Unified School District*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003)); *Owens v. Kaiser Foundation Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Specifically, "[i]n determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens*, 244 F.3d at 712 (quoting *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman*, 371 U.S. 178, 182 (1962)); see also *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("Courts also may deny leave when 'undue prejudice to the opposing party will result'").

Relevant here, the Ninth Circuit has held that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). It is not an abuse of discretion to deny leave to amend under such circumstances. See, e.g., *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In determining whether there is undue delay, the Court asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 953 (9th Cir. 2006); *Cornell v. Columbus McKinnon Corp*., 2015 WL 3453902 at *2 (N.D. Cal. May 29, 2015). Courts have held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp*., supra, at 953; *Cornell*, supra, at *3; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). "Although delay is not a dispositive factor in the amendment analysis, it is relevant … especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999).

Here, the Court-ordered cut-off date for parties to amend the pleadings was April 11, 2025. Plaintiff has no valid reason as to why he waited to assert allegations of fraud, allegations of miscalculated LTIP payouts, to modify this wrongful termination claims to include "adverse employment action," and to include complaints of "fraud" as support for his retaliation claim when: (A) Plaintiff was aware of the LTIP calculations prior to his termination from Ameris; (B) Plaintiff actually complained about the LTIP during his employment with Ameris; and (C) Written discovery has already been conducted as relates to the LTIP. At this point, the parties have exchanged extensive written discovery, including dozens of requests, written and supplemental responses, and thousands of pages of documents. They have also engaged in substantial meet and confer efforts over the past several months, including multiple conferences with the Court. Introducing new allegations now—when discovery is nearly complete, save for depositions—

would prejudice Ameris' ability to prepare its defense, to bring a Motion for Summary Judgment, and cause unwarranted delay in the proceedings.

Plaintiff's inexcusable delay is indicative of gamesmanship. Plaintiff was aware of the LTIP before filing the original Complaint—yet <u>neither</u> mentioned any so called fraud, nor retaliation based on complaints about the alleged fraud until now. Conveniently, Plaintiff unilaterally cancelled his long-scheduled and agreed-upon deposition at the same time this Amended Complaint was proposed, for tactical purposes to support his request for amendment and to gain additional time. *See, e.g., Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding district court's denial of motion to amend the complaint a second time shortly before the close of discovery because (1) the motion would cause undue delay, and (2) the "new" facts that supported the motion were available to the plaintiff even before the first amendment to his complaint).

**b.    Amending The Complaint at This Stage Of The Litigation Would Be Prejudicial To Defendant**

"[P]rejudice is not an absolute requirement under Rule 15 . . . undue delay combined with bad faith is enough to justify a denial of a motion to amend." *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 509-510 (N.D. Cal. 2011). "Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings." *Wells Fargo Bank v. Renz*, 2010 WL 2867615 at *4 (N.D. Cal. July 20, 2010) (denying motion for leave to amend).

Here, allowing Plaintiff to amend his Complaint near the close of discovery would be highly prejudicial to Defendant. See *Quan v. San Franscisco Police Dep't*, WL 2460477 at *6 (N.D. Cal. 2011) ("While the Court is mindful of its interest in providing Plaintiffs with an opportunity to fully litigate any claims they may have against Defendants, the prejudice to *Foman* Defendants that would result from allowing Plaintiffs to overhaul their claims at the conclusion of the discovery period ... is sufficient to deny leave under Rule 15 at this time") (citing *Foman*, 371 U.S. at 182).

Moreover, prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment. *Miramontes v. Mills,* 2015 WL 13609449 at *4 (C.D. Cal. 2015). Here, the parties have nearly completed all written discovery, the discovery cutoff is fast approaching (less than 60 days out) and Defendant's deadline for preparing its motion for summary judgment falls soon thereafter.[1] Accordingly, the parties have engaged in voluminous and protracted discovery, such that amending the Complaint would be prejudicial to Defendant.

**III.    Conclusion**

As discussed above, Plaintiff's request is well past the Court-ordered deadline to hear motions to amend the pleadings of April 11, 2025, and Plaintiff has not provided—and cannot provide—a

---

[1] The fact that Plaintiff waited until the eve of discovery cut-off to request and notice depositions of Defendant and its employees does not establish a lack of prejudice.

NUKK-FREEMAN & CERRA, PC
EMPLOYMENT ATTORNEYS

Esperanza Anderson
October 2, 2025
Page 4

good faith reason for his delay in adding allegations known to him since his employment with Ameris. Accordingly, Defendant is unable to agree to Plaintiff's request to stipulate to a First Amended Complaint. We remain available to set a call to discuss at a mutually convenient time.

Very truly yours,

NUKK-FREEMAN & CERRA, P.C.

Stacy L. Fode, Esq.
Nana Yee, Esq.

# EXHIBIT C

ESPERANZA / ANDERSON

October 27, 2025

Via Email sfode@nfclegal.com
nyee@nfclegal.com
zbrower@nfclegal.com

**Via Email and Personal Delivery**

Stacy Fode, Esq.
Nana Yee, Esq.
Zachary Brower, Esq.
NUKK-FREEMAN & CERRA, P.C.
550 West C Street, Suite 910
San Diego, CA 92101

Re:    *Byrne v. Ameris Bank, et al.*

Dear Ms. Fode:

Pursuant to Local Rule 7-3, I write to meet and confer regarding Plaintiff Patrick Byrne's ("Plaintiff") proposed First Amended Complaint to add factual allegations that conform to the evidence produced in this case, and to add two claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. A redlined copy of the proposed First Amended Complaint is attached hereto. Because the deadline for Plaintiff to amend the Complaint to add new claims or parties expired on April 11, 2025, Plaintiff will also be seeking an Order to Modify the Civil Trial Order.

As you know, I previously you with a copy of Plaintiff's proposed First Amended Complaint on September 19, 2025. That redlined version included only the additional factual allegations which support the causes of action that exist in the Complaint. Beginning on September 19, 2025, Defendant Ameris Bank ("Ameris") started producing documents that Plaintiff had requested as early as February 20, 2025. Ameris produced more documents on September 22, 2025, September 29, 2025 and October 17, 2025.[1] These productions included approximately 1500 documents. Because the documents contained ESI and were not Relativity ready, Plaintiff had problems viewing these documents immediately after they were produced. Some emails were produced as extracted text files only. Now that Plaintiff has reviewed these documents, it is clear that Plaintiff also has claims for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.

---

[1] Two of these productions occurred during the evening on the business day before Plaintiff's scheduled depositions.

Stacy Fode, Esq.
October 27, 2025
Page 2

I reviewed your October 2, 2025 letter responding to my request that Ameris stipulate to Plaintiff's proposed First Amended Complaint which was sent to you on September 19. Your primary argument as to why relief should be denied is that Plaintiff unreasonably delayed in seeking leave to amend. These claims are without merit given Ameris' conduct in causing the delay. Although Plaintiff served his requests for production of documents in February 2025, Ameris delayed until mid-September to produce documents responsive to the requests. The documents productions that occurred before September consisted only of Plaintiff's pay records, Plaintiff's performance evaluations and copies of Employee Handbooks and benefits guides. Ameris withheld production of all of Plaintiff's complaints and more importantly, of the communications amongst employees of Ameris about Plaintiff's complaints. Plaintiff was not copied on these communications and so cannot possibly have known about them earlier. Since Plaintiff only worked for Ameris for approximately two and a half years, and Plaintiff's claims center around complaints to a few individuals regarding the LTIP, it is hard to understand why Ameris took so long to produce the documents other than to hinder Plaintiff's ability to bring these claims.

There is no prejudice to Ameris because the claims are supported by the discovery that has been conducted thus far. Ameris has also had notice of Plaintiff's proposed amendments before the completion of Plaintiff's deposition and also before the depositions of Ameris' witnesses.

Accordingly, I request that you review the attached redlined version of the proposed First Amended Complaint. Please let me know by November 3, 2025 whether Ameris will stipulate to the relief requested. We are together today and will be together on November 3, 2025. We can discuss the relief requested during these dates or any time on Wednesday, Thursday or Friday, October 29-31, 2025.

I look forward to receiving your response.

Very truly yours,

Esperanza Anderson

Enclosure



Esperanza Cervantes Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:  (626) 219-6773
Fax:  (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendants. | Case No.: 8:24-cv-01989<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>2. **RETALIATION IN VIOLATION OF LABOR CODE §1102.5;**<br>3. **FAILURE TO PAY ALL WAGES DUE AT TERMINATION;**<br>4. **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**<br>5. **BREACH OF CONTRACT;**<br>6. **BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**<br>4.        .<br><br><br>**DEMAND FOR JURY TRIAL** |

First Amended Complaint for Damages

PLAINTIFF PATRICK BYRNE ("**PLAINTIFF**") complains and alleges as follows:

## PARTIES

1. PLAINTIFF is a male resident of Orange County, California.

2. PLAINTIFF is informed and believes that Defendant AMERIS BANK ("**AMERIS**") is organized as a corporation under the laws of Georgia, with a principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00.

4. Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 1391(b), as the Defendant is found in, has or has had an agent or agents, has or has had contacts, and transact or have transacted business in this district.

## GENERAL ALLEGATIONS

5. During all times relevant to this Complaint, Balboa Capital Corporation ("**BALBOA**") was and continues to be a financial technology company that provides business lending solutions to small and medium-sized businesses nationwide for the purchase or lease of business equipment.

6. On or about December 10, 2021, AMERIS entered into a Stock Purchase Agreement whereby AMERIS acquired BALBOA. Through this Stock Purchase Agreement, BALBOA continued to operate in California as a division of AMERIS. BALBOA employees continued working for BALBOA performing the same job duties as they had before the Stock Purchase Agreement, except that employees were now considered employees of AMERIS, not BALBOA.

7. Along these lines, on or about December 10, 2021, AMERIS entered into an Employment Agreement with PLAINTIFF whereby PLAINTIFF would

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 2 -

First Amended Complaint for Damages

continue to work at BALBOA as its Chief Executive Officer, while being an employee of AMERIS. The term of the Employment Agreement was from December 10, 2021 through December 31, 2024 ("Initial Term"). The Employment Agreement ("Agreement") would be automatically renewed for an additional one year period at the expiration of the existing term, whether the Initial Term or a Renewal Term, unless either party terminated the Agreement.

8.     On or about December 10, 2021, AMERIS issued the BALBOA Long-term Cash Incentive Plan ("**LTIP**"). The LTIP provided for ~~cash bonus awards~~ Cash Bonus Awards (Defined Term in LTIP) to eligible employees of the BALBOA division of AMERIS based on the achievement of performance goals by BALBOA during the performance periods. Specifically, the LTIP which was agreed to prior to AMERIS' acquisition, of BALBOA, set agreed upon performance goals for 2022, 2023, and 2024 that required BALBOA to increase its earnings before taxes (EBT) by millions of dollars each successive year. If BALBOA exceeded the performance goal set in the LTIP for a year, 35% of the amount by which BALBOA exceeded the performance goal would be placed into an Incentive Pool. The entire Incentive Pool would then be paid out in Cash Bonus Awards to employees working in the BALBOA division of AMERIS.

9.     The potential for additional ~~cash awards promised~~ Cash Bonus Awards in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond their usual working hours to increase BALBOA's profitability, resulting in millions of dollars of additional profits for AMERIS.

10.    Instead of honoring the promises made in the LTIP, AMERIS intentionally ~~failed to properly calculate the earnings and performance of BALBOA~~miscalculated the LTIP by changing various inputs to the LTIP so as to reduce BALBOA's earnings so that ~~it would not have to pay any cash awards under the LTIP.~~ AMERIS could reduce or eliminate the Incentive Pool from which

- 3 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1    Cash Bonus Awards would be paid. AMERIS' intentional miscalculations and
2    changes to various inputs to the LTIP thereby reduced and/or eliminated the
3    incentive compensation of BALBOA employees participating in the LTIP,
4    including PLAINTIFF, after they had already performed the extra work that the
5    LTIP was designed to encourage. As a result of AMERIS' intentional
6    miscalculations and changes to various inputs to the LTIP, BALBOA employees
7    participating in the LTIP, including PLAINTIFF, were retroactively deprived of
8    the income they earned through their increased efforts after they had already done
9    the work.

10       10.11. AMERIS did this by intentionally miscalculating BALBOA's EBT in
11    breach of the agreed upon calculation method under the LTIP. The LTIP required
12    AMERIS to calculate the EBT of BALBOA using the methods consistent with the
13    "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and to apply
14    an expressly enumerated set of "Key Assumptions" that "must be used in
15    interpretation and application of the Pioneer 1Q21 Operating Model for purposes
16    of the calculation of EBT." AMERIS, however, did not use the methods consistent
17    with the Pioneer 1Q21 Operating Model or correctly apply the "Key Assumptions"
18    as required under the LTIP and instead calculated the EBT of BALBOA using
19    different methods that intentionally lowered the EBT, and by extension, lowered or
20    eliminated the Cash Bonus Awards earned but not received by approximately 145
21    BALBOA employees participating in the LTIP from 2022 to 2024, including
22    PLAINTIFF.

23       11.12. From June 2023 through his termination, PLAINTIFF complained
24    repeatedly to AMERIS that they were improperly calculating BALBOA's earnings
25    under the LTIP. miscalculating and changing various inputs to the agreed-upon
26    LTIP. PLAINTIFF complained to AMERIS that he and numerous approximately
27    145 other eligible employees were owed a larger Cash Bonus Award Bonus for
28    their participation in the LTIP during 2022, and a larger Cash Bonus Award Bonus

- 4 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

for their participation in the LTIP during 2023, and that they were owed other monies. Through their intentional miscalculations and changing of various inputs to the LTIP, AMERIS reduced the Incentive Pool for 2022 and avoided placing any money into the Incentive Pool for 2023 thereby depriving approximately 145 employees of Cash Award Bonuses they earned for their work in 2022 and 2023.

12.13. As a result of PLAINTIFF's complaints, AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about March 2024. Then in June 2024, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of BALBOA's earnings. Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy with PLAINTIFF'S performance and that AMERIS wanted to continue the realationship relationship with PLAINTIFF.

## DAMAGES

13.14. **Economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer loss of income and employment benefits in a sum to be proven at trial because AMERIS withheld monies earned by PLAINTIFF and owed to him pursuant to the Employment Agreement. Additionally, PLAINTIFF has suffered and will suffer harm, including lost past and future income and employment benefits in a sum to be proven at trial because he was terminated for complaining about unlawful violations of the California Labor Code which was depriving PLAINTIFF and approximately 145 other employees of AMERIS of millions of dollars in bonuses. PLAINTIFF has also lost the investment income PLAINTIFF would have earned had he been paid when the wages were due.

14.15. **Non-economic damages:** As a consequence of AMERIS' conduct, PLAINTIFF has suffered and will suffer psychological and emotional distress,

- 5 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1  humiliation, and mental and physical pain and anguish, in a sum to be proven at

2  trial. PLAINTIFF took great pride in his work as CEO. He personally hired many

3  of the employees affected by AMERIS' violations of the California Labor Code.

4  For decades, PLAINTIFF worked directly with many of the employees at

5  BALBOA. He worked closest with the 14 employees that made up the senior

6  management team at BALBOA, with whom he worked for an average of 15 years,

7  and who were most directly affected by AMERIS depriving them of their Cash

8  Bonus Awards. Therefore, PLAINTIFF was devastated that he could not protect

9  these employees from AMERIS' fraudulent conduct.

10      15.16. **Punitive damages:** AMERIS' conduct constitutes oppression, fraud,

11  and/or malice under California Civil Code section 3294 and, thus, entitles

12  PLAINTIFF to an award of exemplary and/or punitive damages.

13      a.    **Fraud:** In addition, and/or alternatively, AMERIS' conduct, as

14  alleged above, was fraudulent within the meaning of California Civil Code section

15  3294, including that AMERIS changed the methods of calculation of BALBOA's

16  earnings. Intentionally miscalculated and changed various inputs to the LTIP.

17  Additionally, AMERIS asserted false (pretextual) grounds for terminating

18  PLAINTIFF were undertaken to cause PLAINTIFF hardship and deprive him of

19  legal rights.

20      b.    **Malice:** Defendants' conduct was committed with malice within the

21  meaning of California Civil Code section 3294, including that (a) defendants acted

22  with intent to cause injury to PLAINTIFF and/or acted with reckless disregard for

23  PLAINTIFF'S rights, including his right to be free from retaliation for voicing

24  valid complaints about AMERIS' violations of the California Labor Code. This

25  conduct was despicable and committed in willful and conscious disregard of

26  PLAINTIFF'S rights to be free of retaliation.

27      c.    **Oppression:** In addition, and/or alternatively, defendants' conduct

28  was committed with oppression within the meaning of California Civil Code

1    section 3294, including that AMERIS' actions against PLAINTIFF because of his

2    complaints were "despicable" and subjected PLAINTIFF to cruel and unjust

3    hardship, in knowing disregard of PLAINTIFF'S rights to a work place free of

4    retaliation.

5        ~~16.~~17.**Attorneys' fees:** PLAINTIFF has incurred and continues to incur

6    legal expenses and attorneys' fees.

### COUNT I

### WRONGFUL TERMINATION/ADVERSE EMPLOYMENT ACTION IN

### VIOLATION OF PUBLIC POLICY

(Against AMERIS)

11      ~~17.~~18.PLAINTIFF realleges each and every allegation in the preceding

12   paragraphs with the same force and effect as though fully set forth herein.

13      ///

14      ~~18.~~19.Under California law, no employee, whether they are an at-will

15   employee, or an employee under a written or other employment contract, can be

16   terminated or subjected to another adverse action for a reason that is in violation of

17   a fundamental public policy.

18      ~~19.~~20.PLAINTIFF is informed and believes, and based thereon alleges, that

19   AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about

20   March 2024 and then terminated ~~his~~ PLAINTIFF'S employment in June 2024

21   because he complained of unlawful violations of the California Labor Code and

22   fraud which deprived employees of earned compensation. Thus PLAINTIFF'S

23   termination was in violation of the public policy of the State of California and the

24   United States imposing general business duties with which every business entity

25   must comply.

26      ~~20.~~21.As a proximate result of AMERIS conduct, PLAINTIFF has sustained

27   and will continue to sustain economic damages in the form of lost wages and

28   benefits,  future  lost  wages  and  benefits,  lost  business  and  professional

- 7 -

1   opportunities.

2       21.22. In addition, PLAINTIFF has sustained emotional and mental damages

3   as a result of his anxiety, loss of self-esteem, loss of self-confidence,

4   embarrassment, humiliation, worry and mental distress, all in an amount that is not

5   currently known, but capable of proof at trial and within the jurisdictional limits of

6   this court.

7       22.23. AMERIS' supervisory agents acted with malice, oppression, deceit,

8   and with the intent to injure PLAINTIFF, or in reckless disregard of PLAINTIFF'S

9   rights. PLAINTIFF was terminated by officers, directors or managing agents of

10  AMERIS because *inter alia* he complained of business practices that were

11  fraudulent and he refused to violate the California Labor Code.    Alternatively,

12  AMERIS authorized and ratified the conduct of its officers, directors and

13  managing agents who maliciously engaged in the despicable act of terminating

14  PLAINTIFF in conscious disregard of his right to be free of retaliation.

15  PLAINTIFF is therefore entitled to punitive and exemplary damages. PLAINTIFF

16  prays for punitive damages against AMERIS in an amount to be determined at the

17  time of trial, that is sufficiently high to punish AMERIS deter them from engaging

18  in such conduct in the future, and to make an example of them to others.

19                          **COUNT II**

20  **RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

21                      (Against AMERIS)

22      23.24. PLAINTIFF realleges each and every allegation in the preceding

23  paragraphs with the same force and effect as though fully set forth herein.

24      24.25. At all times mentioned herein, the California Labor Code was in full

25  force and effect and proscribed AMERIS' conduct.

26      25.26. AMERIS created the LTIP for the purposes of inducing employees

27  working for BALBOA, a division of AMERIS, to perform work above and beyond

28  what they had been doing., generating millions of dollars of additional profits for

- 8 -

First Amended Complaint for Damages

AMERIS. Beginning in 2024, after employees had already performed the work necessary to secure the results identified thoughout 2023, and despite Plaintiff complaining about the miscalculation and changing of various inputs to the Performance Formula LTIP starting in June 2023, AMERIS continued to miscalculate and change various inputs to the Performance Formula LTIP so as deprive eligible employees of the promised cash awards. Cash Award Bonuses. This affected approximately 145 employees. Throughout the beginning months of 2024, PLAINTIFF continued to complain repeatedly to AMERIS that their alterations about miscalculations and various changes to inputs to the Performance Formula retroactively removed many line items used to determine profitability, andLTIP. By this point in time PLAINTIFF was accusing AMERIS of intentionally miscalculating the LTIP so as such,to prevent BALBOA from hitting the performance goal necessary to fund the Incentive Pool from which Cash Bonus Awards would be paid. PLAINTIFF complained that AMERIS' various changes to the LTIP served to retroactively deprive all of the approximately 145 eligible employees of their Cash Award Bonuses Awards under the LTIP after they had done the extra work to meet the LTIP performance goals. PLAINTIFF had reasonable cause to believe that his complaints disclosed a violation of the statutes in the California Labor Code and California Civil Code. These retroactive changes to the bonus structure deprived all of the approximately 145 eligible employees of earned wages in violation of Labor Code §§201, 202, 204 and 219, among others. AMERIS' conduct was also fraudulent in violation of Civil Code §1572 and 1710.

26.27.PLAINTIFF is informed and believes, and thereon alleges that as a direct result of his complaints, and because PLAINTIFF refused to ignore the violations of the Labor Code requiring the payment of earned wages and violations of the Civil Code prohibiting fraud, AMERIS decided not to renew PLAINTIFF'S Employment Agreement and then when PLAINTIFF still refused to go along with what he had reasonable cause to believe was unlawful conduct, AMERIS

- 9 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1  terminated his employment.

2      27.28. As a proximate result of AMERIS' conduct, PLAINTIFF has

3  sustained and will continue to sustain economic damages in the form of lost wages

4  and benefits, future lost wages and benefits, lost business and professional

5  opportunities.

6      28.29. Additionally, PLAINTIFF has sustained emotional and mental

7  damages as a result of his anxiety, loss of self-esteem, loss of self-confidence,

8  embarrassment, humiliation, worry and mental distress, all in an amount that is not

9  currently known, but capable of proof at trial and within the jurisdictional limits of

10 this court

11     29.30. As a further proximate result of the aforementioned wrongful conduct,

12 PLAINTIFF has had to employ the services of attorneys to pursue his legal rights,

13 to PLAINTIFF'S damage in an amount unknown at this time, but according to

14 proof at trial.

15     30.31. The grossly reckless, and/or intentional, malicious, and bad faith

16 manner in which AMERIS engaged in those acts as described in this cause of

17 action entitles PLAINTIFF to punitive damages against AMERIS in an amount

18 within the jurisdiction of this court, to be ascertained by the fact finder, that is

19 sufficiently high to punish AMERIS deter them from engaging in such conduct

20 again, and to make an example of them to others.

<div align="center">

**COUNT III**

**FAILURE TO PAY ALL WAGES AT TERMINATION**

**CALIFORNIA LABOR CODE §§201 AND 203**

(Against AMERIS)

</div>

25     31.32. PLAINTIFF realleges each and every allegation in the preceding

26 paragraphs with the same force and effect as though fully set forth herein.

27     32.33. At all times relevant during the liability period, PLAINTIFF was an

28 employee of AMERIS covered by California Labor Code Section 201.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

33.34. Pursuant to Labor Code Section 201, PLAINTIFF was entitled, upon termination, to timely payment of all wages earned and unpaid prior to termination.

34.35. AMERIS failed to pay PLAINTIFF all wages earned and unpaid prior to termination in accordance with California Labor Code Section 201.  Indeed, to this day PLAINTIFF is still owed unpaid bonuses earned for his work in 2022 and 2023 as well as other wages.

35.36. AMERIS' failure to pay PLAINTIFF all wages earned at the time of termination in accordance with Labor Code Section 201 was willful. AMERIS had the ability to pay all wages earned in accordance with Labor Code Section 201 but failed to do so.

36.37. Pursuant to *inter alia* Labor Code Section 201, PLAINTIFF is entitled to all wages earned prior to termination that AMERIS did not pay him.

37.38. Pursuant to Labor Code section 203, PLAINTIFF is entitled to daily waiting time penalties equivalent to one day's wage from the day his earned and unpaid wages were due upon termination up to a maximum of thirty (30) days.

38.39. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid for all wages earned prior to termination.

39.40. As a result of AMERIS' conduct, PLAINTIFF has suffered damages in an amount, subject to proof, to the extent he was not paid all continuation wages/waiting time penalties owed under Labor Code section 203.

40.41. As a further result of AMERIS' conduct, pursuant to Labor Code sections 218.5, and 218.6, PLAINTIFF is entitled to recover interest on the unpaid final wages, reasonable attorneys' fees, and costs of suit.

### COUNT IV

### VIOLATION OF BUSINESS & PROFESSIONS CODE §17200

(Against AMERIS)

41.42. PLAINTIFF realleges each and every allegation in the preceding

- 11 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1   paragraphs with the same force and effect as though fully set forth herein.

2   ///

3   42.43. Section 17200 of the California Business and Professions Code

4   prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent

5   business acts or practices . . ." PLAINTIFF is informed and believes that by (1)

6   intentionally and fraudulently miscalculating and changing various inputs to the

7   LTIP so as to reduce the amount AMERIS was required to pay into the Incentive

8   Pool, thereby depriving employees of earned Cash Bonus Awards Bonuses, and (2)

9   terminating PLAINTIFF for complaining about AMERIS' intentional and unlawful

10   miscalculation of BALBOA'S earnings so as to avoid paying employees the Cash

11   Bonus Awards Bonuses promised agreed to in the LTIP, AMERIS violated their

12   generally applicable duty, as recognized in the statutes cited above, to refrain from

13   unfair and deceptive business acts and practices.

14   43.44. AMERIS' conduct as alleged herein violates the Unfair Competition

15   Law. The business acts and practices of AMERIS as alleged herein, constituted

16   and continue to constitute a continuing course of conduct that is unlawful, unfair

17   and/or fraudulent.  PLAINTIFF is informed and believes that such unlawful, unfair

18   and/or fraudulent conduct continues to this day and AMERIS will continue such

19   activity in the future.  The harm to the general public and AMERIS' employees far

20   outweighs any illegitimate benefit AMERIS may derive from their legal violations.

21   44.45. PLAINTIFF and members of the general public have been injured by

22   AMERIS' unlawful, misleading and fraudulent general business practices. These

23   violations persist to this day and have not been rectified.  Therefore, PLAINTIFF

24   has been injured by AMERIS' conduct and lost money as a result of said conduct.

25   45.46. PLAINTIFF is thus entitled to restitution of monies he would have

26   earned had AMERIS not engaged in these fraudulent and unfair business practices,

27   disgorgement of unlawful profits and , an injunction preventing AMERIS from

28   engaging in the unlawful practices discussed herein, and an injunction requiring

AMERIS to fund an Incentive Pool with the unlawful profits it earned through its intentional miscalculation so that BALBOA employees participating in the LTIP in 2022, 2023 and 2024 can receive their full Cash Bonus Awards for those years according to the distribution plan that PLAINTIFF and senior management of BALBOA agreed to at the time of the acquisition.

47.    PLAINTIFF also requests an award of attorneys' fees, based on his vindication of a public interest and/or the Court's inherent equitable powers, in an amount to be established by proof at time of trial.

<u>**COUNT V**</u>

<u>**BREACH OF CONTRACT**</u>

(Against AMERIS)

48.    PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

49.    The LTIP constitutes a valid and enforceable contract between PLAINTIFF and AMERIS, and by its terms, obligated AMERIS to calculate the EBT of BALBOA using the methods consistent with the "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and to correctly apply an expressly enumerated set of "Key Assumptions" that "must be used in interpretation and application of the Pioneer 1Q21 Operating Model for purposes of the calculation of EBT."

50.    PLAINTIFF has performed or substantially performed all of his obligations under the LTIP, or was otherwise excused from performance.

51.    AMERIS materially breached the LTIP by, among other things, failing to calculate the EBT of BALBOA with the required calculation method under the LTIP.

52.    PLAINTIFF has not, and no provision in the LTIP, otherwise excused AMERIS' non-performance.

53.    PLAINTIFF has suffered and continues to suffer damages as a direct

- 13 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

and proximate result of AMERIS' breach of its obligations under the LTIP in an amount to be proven at trial.

## COUNT VI

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against AMERIS)

54.   PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

55.   The LTIP constitutes a valid and enforceable contract between PLAINTIFF and AMERIS.

56.   The LTIP contains an implied covenant of good faith and fair dealing that imposes a duty upon each party to act with honesty in transacting business, and to perform the agreement in good faith in a manner that will accomplish the purpose of the contract.  This duty of good faith is implied in every agreement and there is a covenant by each party not to deprive or do anything that will deprive the other party thereto of the benefits of the contract.

57.   AMERIS breached the implied covenant of good faith and fair dealing by, among other things, calculating the EBT of BALBOA using different methods that intentionally lowered the EBT, and by extension, lowered or eliminated the Cash Bonus Awards earned by not received by approximately 145 BALBOA employees participating in the LTIP, including PLAINTIFF.

46.58.PLAINTIFF has suffered and continues to suffer damages as a direct and proximate result of AMERIS' breach of the implied covenant of good fatih and fair dealing under the LTIP in an amount to be proven at trial.

///

///

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against AMERIS BANK as

- 14 -

First Amended Complaint for Damages

follows:

1.    For economic damages, including but not limited to past and future lost wages, commissions, bonuses and benefits, according to proof at trial;

2.    For non-economic, including but not limited to emotional distress damages, mental suffering, loss of reputation, anxiety, inconvenience, according to proof at trial;

3.    For punitive damages as allowed by law and according to proof at trial;

4.    For pre-judgment interest at the prevailing legal rate;

5.    For PLAINTIFF'S costs;

6.    For reasonable attorneys' fees, according to proof;

7.    For injunctive relief (as to PLAINTIFF'S cause of action for Violation of Business & Professions Code §17200); and

8.    For such other and further relief as this Court deems just and proper.

DATED: ~~September 16, 2024~~November ___, 2025.

**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**

By: _____

Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 15 -

First Amended Complaint for Damages

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, PLAINTIFF hereby requests a trial by jury for all claims and issues so triable.

DATED: ~~September 16, 2024~~November ___, 2025.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

By:

_____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 16 -

# EXHIBIT D

# NUKK-FREEMAN & CERRA, PC

EMPLOYMENT ATTORNEYS

November 5, 2025

<u>**VIA EMAIL**</u>

Esperanza Cervantes Anderson, Esq.
ESPERANZA ANDERSON
1037 Allen Ave.
Pasadena, CA 91104
*esperanza@esperanzaanderson.com*

**Re:**   ***Patrick Byrne v. Ameris Bank***
        ***U.S. District Court, Central District of California Case No. 9:24-cv-01989***

Dear Ms. Cervantes Anderson,

We are in receipt of Plaintiff Patrick Byrne's ("Plaintiff") October 27, 2025 correspondence requesting Defendant Ameris Bank ("Ameris") to stipulate to his First Amended Complaint, enclosing a redlined copy of the proposed First Amended Complaint. Upon review, it appears that the redlined version provided does not accurately reflect all the modifications made to the original Complaint. If Plaintiff intends to provide a redlined amended pleading, please ensure that the redline is properly generated to reflect all additions, deletions, and other alterations made to the original Complaint. Accordingly, if Plaintiff provides a properly redlined amended pleading, Ameris will review and provide a substantive response.

However, Ameris also wants to make it clear that Plaintiff's contention that its productions on September 22, 29, and October 17 "were not Relativity ready" and "some emails were produced as extracted text files only" is inaccurate. Ameris's ESI productions included images, natives, text files and data (all Relativity ready prepared by the ESI vendor, Consilio). Ameris produced all these file types via ShareFile. Ameris's records show counsel for Plaintiff downloaded all file types for ESI Prod0001 – 0003. For ESI Prod0004, Plaintiff downloaded text files only even though all file types were produced.

Very truly yours,

NUKK-FREEMAN & CERRA, P.C.

Stacy L. Fode, Esq.
Nana Yee, Esq.
Zachary Brower, Esq.

# EXHIBIT E

| From: | Esperanza Anderson |
|---|---|
| To: | Nana Yee; Stacy Fode; Zachary Brower |
| Cc: | Clara Castaneda; Patricia Hoffman; Amelia Castro |
| Subject: | Agenda re Meet and Confer call today |
| Date: | Wednesday, November 12, 2025 8:28:34 AM |
| Attachments: | image001.png |
| | 2025.11.10 - AMERIS First Amended Complaint.redlined.doc |
| | Dkt No. 1 - Complaint for Damages.pdf |
| | 2025.11.12 - ESI Key Word Search.docx |

**EXTERNAL MESSAGE**

Hi Nana and Zac

I look forward to speaking with you today at 4 p.m.

When we speak, we also need to meet and confer regarding the following topics:

1. Plaintiff's proposed First Amended Complaint. This attached draft has made changes to the cause of action for breach of contract to address Ameris' refusal to pay Plaintiff his LTIP bonus for 2024. It also adds a cause of action for an accounting. These issues became apparent and necessary given the testimony and discussions between counsel during the depositions in Atlanta last week. To address the type of argument raised in your November 6 letter, I personally made the redlined changes on the word version of the Complaint filed in September 2024. I have attached both the redlines and the Docket copy of the Complaint for your review.

2. We also need to continue the discussion regarding Plaintiff's request that Ameris include additional search terms for ESI. I handed Nana a list on October 22 when we were in court. This attached list adds Plaintiff's name and some search terms based on the Rule 30(b)(6) deposition on Wednesday, Nov. 5.

3. Lastly, Plaintiff served notices of deposition for Leo Hill and Palmer Proctor. You emailed me asking me to withdraw the notices. I responded explaining the reasons why Plaintiff needs to depose these individuals. I never heard back. The depositions remain on calendar. As always, Plaintiff is willing to change the dates so long as other dates are provided.

I look forward to speaking with you today about these issues and the other issues you have identified in your emails.

Thanks,

Espie


ESPERANZA
ANDERSON

1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-

7627
www.esperanzaanderson.com


The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

1  Esperanza Cervantes Anderson | SBN 197953
2  T. Stephen Corcoran | SBN 167880
   **LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
3  1037 N Allen Avenue
   Pasadena, California 91104
   Tel.:   (626) 219-6773
4  Fax:   (626) 389-8911

5  Attorneys for PLAINTIFF
   PATRICK BYRNE

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11

12  PATRICK BYRNE, an individual,          Case No.: 8:24-cv-01989

13              PLAINTIFF,                  **FIRST AMENDED COMPLAINT
                                            FOR DAMAGES FOR:**
14        v.
                                            **1. WRONGFUL TERMINATION
15  AMERIS BANK, a Georgia                     IN VIOLATION OF PUBLIC
    corporation,                               POLICY;**
16                                          **2. RETALIATION IN
                                               VIOLATION OF LABOR
17              Defendants.                     CODE §1102.5;**
                                            **3. FAILURE TO PAY ALL
18                                             WAGES DUE AT
                                               TERMINATION;**
19                                          **4. VIOLATION OF BUSINESS &
                                               PROFESSIONS CODE §17200**
20                                          **5. BREACH OF CONTRACT;**
                                            **6. BREACH OF IMPLIED
21                                             COVENANT OF GOOD FAITH
                                               & FAIR DEALING; AND**
22                                          **7. ACCOUNTING**
                                            4.         .
23

24                                          **DEMAND FOR JURY TRIAL**

25

26

27

28

                              - 1 -

_Law Office of Esperanza Cervantes Anderson_
_Pasadena, California_

Law Office of Esperanza Cervantes Anderson
Pasadena, California

PLAINTIFF PATRICK BYRNE ("**PLAINTIFF**") complains and alleges as follows:

### PARTIES

1.     PLAINTIFF is a male resident of Orange County, California.

2.     PLAINTIFF is informed and believes that Defendant AMERIS BANK ("**AMERIS**") is organized as a corporation under the laws of Georgia, with a principal place of business in Atlanta, Georgia.

### JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.00.

4.     Personal jurisdiction and venue are proper in this judicial district pursuant to 28 U.S.C. § 139l(b), as the Defendant is found in, has or has had an agent or agents, has or has had contacts, and transact or have transacted business in this district.

### GENERAL ALLEGATIONS

5.     During all times relevant to this Complaint, Balboa Capital Corporation ("**BALBOA**") was and continues to be a financial technology company that provides business lending solutions to small and medium-sized businesses nationwide for the purchase or lease of business equipment.

6.     On or about December 10, 2021, AMERIS entered into a Stock Purchase Agreement whereby AMERIS acquired BALBOA. Through this Stock Purchase Agreement, BALBOA continued to operate in California as a division of AMERIS. BALBOA employees continued working for BALBOA performing the same job duties as they had before the Stock Purchase Agreement, except that employees were now considered employees of AMERIS, not BALBOA.

7.     Along these lines, on or about December 10, 2021, AMERIS entered into an Employment Agreement with PLAINTIFF whereby PLAINTIFF would

- 2 -

<u>First Amended</u> Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1  continue to work at BALBOA as its Chief Executive Officer, while being an
2  employee of AMERIS. The term of the Employment Agreement was from
3  December 10, 2021 through December 31, 2024 ("Initial Term"). The Employment
4  Agreement ("Agreement") would be automatically renewed for an additional one
5  year period at the expiration of the existing term, whether the Initial Term or a
6  Renewal Term, unless either party terminated the Agreement.

7      8.    On ~~or about~~ December 10, 2021, AMERIS, as part of its acquisition
8  of BALBOA, entered into an agreement establishing ~~issued~~ the BALBOA Long-
9  term Cash Incentive Plan ("**LTIP**"). The LTIP provided for ~~cash bonus awards~~
10  Cash Bonus Awards (Defined Term in the LTIP) to eligible employees of the
11  BALBOA division of AMERIS based on the achievement of ~~p~~Performance ~~g~~Goals
12  (Defined Term in the LTIP) by BALBOA during the ~~p~~Performance ~~p~~Periods
13  (Defined Term in the LTIP). Specifically, the LTIP set Performance Goals for
14  2022, 2023, and 2024 that required BALBOA to hit a minimum threshold of
15  earnings before taxes (EBT) before AMERIS was to put money in an Incentive
16  Pool (Defined Term in the LTIP). The earnings before taxes (EBT) Performance
17  Goal threshold increased substantially by multi-million dollars each year. If
18  BALBOA exceeded the Performance Goal set in the LTIP for a given year, 35% of
19  the amount by which BALBOA exceeded the Performance Goal threshold would
20  be placed into the Incentive Pool. The LTIP required that the entire amount of the
21  Incentive Pool would be paid out in Cash Bonus Awards to employees working in
22  the BALBOA division of AMERIS.

23      9.    The potential for ~~additional cash awards~~Cash Bonus Awards promised
24  in the LTIP induced employees participating in the LTIP, including PLAINTIFF,
25  to work above and beyond to increase BALBOA's profitability, which would
26  result in tens of millions of dollars of additional profits for AMERIS and hundreds
27  of millions of dollars of increased stock value for AMERIS stockholders.

28      10.   Instead of honoring the promises made in the LTIP, AMERIS

- 3 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1  intentionally failed to properly calculate the earnings and performance of
2  BALBOA miscalculated the LTIP by changing various inputs to the LTIP and
3  accounting methodologies used to calculate the LTIP so as to reduce BALBOA's
4  earnings so that AMERIS could reduce or eliminate the Incentive Pool from which
5  Cash Bonus Awards would be paid. it would not have to pay any cash awards
6  under the LTIP. AMERIS' intentional miscalculations and changes to various
7  inputs to the LTIP thereby reduced and/or eliminated the incentive compensation
8  of BALBOA employees participating in the LTIP, including PLAINTIFF, after
9  they had already performed the extra work that the LTIP was designed to
10 encourage. As a result of AMERIS' intentional miscalculations and changes to
11 various inputs to the LTIP, BALBOA employees participating in the LTIP,
12 including PLAINTIFF, were retroactively deprived of the income they earned
13 through their increased efforts after they had already done the work.

14      11.    AMERIS did this by intentionally miscalculating BALBOA's EBT in
15 breach of the agreed upon calculation method under the LTIP.  The LTIP required
16 AMERIS to calculate the EBT of BALBOA using the methods consistent with the
17 "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and to apply
18 an expressly enumerated set of "Key Assumptions" that "must be used in
19 interpretation and application of the Pioneer 1Q21 Operating Model for purposes
20 of the calculation of EBT."  AMERIS, however, did not use the methods consistent
21 with the Pioneer 1Q21 Operating Model or correctly apply the "Key Assumptions"
22 as required under the LTIP and instead calculated the EBT of BALBOA using
23 different methods that intentionally lowered the EBT, and by extension, lowered or
24 eliminated the Cash Bonus Awards earned but not received by approximately 145
25 BALBOA employees participating in the LTIP from 2022 to 2024, including
26 PLAINTIFF.

27      10.12.    AMERIS also violated the terms of the LTIP by refusing to pay
28 PLAINTIFF the Cash Bonus Award he earned for the year 2024.  Under the terms

- 4 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

of the LTIP, in the event that an employee, including PLAINTIFF, is terminated without cause, that employee does not forfeit the unearned and/or unpaid portions of the Cash Bonus Award.  On June 27, 2024, AMERIS sent PLAINTIFF a letter notifying him that his employment would be terminated effective June 30, 2024. AMERIS, however, stated that PLAINTIFF's termination was "without [c]ause" and that he "will remain eligible to participate in the Balboa Capital Long-Term Cash Incentive Plan, subject to its terms and conditions, for the 2024 calendar year performance period.  Nevertheless, AMERIS did not, as promised, pay Plaintiff the Case Bonus Award to which he is entitled for the year 2024.

11.13. From June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were ~~improperly calculating BALBOA's earnings under the LTIP~~ miscalculating and changing various inputs and accounting methodologies to the agreed-upon LTIP. PLAINTIFF complained to AMERIS that he and ~~numerous~~ 145 other ~~eligible~~ employees were owed a larger Cash Bonus Award ~~Bonus~~ for their participation in the LTIP during 2022, a larger Cash Bonus Award ~~Bonus~~ for their participation in the LTIP during 2023, ~~and that they were owed other monies.~~ Through their intentional miscalculations and changing of various inputs to the LTIP, AMERIS reduced the Incentive Pool for 2022 and avoided placing any money into the Incentive Pool for 2023 thereby depriving approximately 145 employees of Cash Bonus Awards they earned for their work in 2022 and 2023.

12.14. As a result of PLAINTIFF's complaints, AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about March 2024. Then in June 2024, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of BALBOA's earnings. Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were

- 5 -

First Amended Complaint for Damages

1  happy with PLAINTIFF'S performance and that AMERIS wanted to continue the

2  ~~realationship~~ relationship with PLAINTIFF.

3  <div align="center">**DAMAGES**</div>

4  ~~13.~~15.**Economic damages:** As a consequence of AMERIS' conduct,

5  PLAINTIFF has suffered and will suffer loss of income and employment benefits

6  in a sum to be proven at trial because AMERIS withheld monies earned by

7  PLAINTIFF and owed to him pursuant to the Employment Agreement.

8  Additionally, PLAINTIFF has suffered and will suffer harm, including lost past

9  and future income and employment benefits in a sum to be proven at trial because

10  he was terminated for complaining about unlawful violations of the California

11  Labor Code which was depriving PLAINTIFF and approximately 145 other

12  employees of AMERIS of millions of dollars in bonuses. PLAINTIFF has also lost

13  the investment income PLAINTIFF would have earned had he been paid when the

14  wages were due.

15  ~~14.~~16.**Non-economic damages:** As a consequence of AMERIS' conduct,

16  PLAINTIFF has suffered and will suffer psychological and emotional distress,

17  humiliation, and mental and physical pain and anguish, in a sum to be proven at

18  trial. PLAINTIFF took great pride in his work as CEO. He personally hired many

19  of the employees affected by AMERIS' violations of the California Labor Code.

20  For decades, PLAINTIFF worked directly with many of the employees at

21  BALBOA. He worked closest with the 14 employees that made up the senior

22  management team at BALBOA, with whom he worked for an average of 15 years,

23  and who were most directly affected by AMERIS depriving them of their Cash

24  Bonus Awards. Therefore, PLAINTIFF was devastated that he could not protect

25  these employees from AMERIS' fraudulent conduct.

26  ~~15.~~17.**Punitive damages:** AMERIS' conduct constitutes oppression, fraud,

27  and/or malice under California Civil Code section 3294 and, thus, entitles

28  PLAINTIFF to an award of exemplary and/or punitive damages.

<div style="writing-mode: vertical">LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA</div>

a. **Fraud:** In addition, and/or alternatively, AMERIS' conduct, as alleged above, was fraudulent within the meaning of California Civil Code section 3294, including that AMERIS ~~changed the methods of calculation of BALBOA's earnings~~. Intentionally miscalculated and changed various inputs to the LTIP. Additionally, AMERIS asserted false (pretextual) grounds for terminating PLAINTIFF were undertaken to cause PLAINTIFF hardship and deprive him of legal rights.

b. **Malice:** Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to PLAINTIFF and/or acted with reckless disregard for PLAINTIFF'S rights, including his right to be free from retaliation for voicing valid complaints about AMERIS' violations of the California Labor Code. This conduct was despicable and committed in willful and conscious disregard of PLAINTIFF'S rights to be free of retaliation.

c. **Oppression:** In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that AMERIS' actions against PLAINTIFF because of his complaints were "despicable" and subjected PLAINTIFF to cruel and unjust hardship, in knowing disregard of PLAINTIFF'S rights to a work place free of retaliation.

~~16.~~18.**Attorneys' fees:** PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

## COUNT I

## WRONGFUL TERMINATION /ADVERSE EMPLOYMENT ACTION IN

## VIOLATION OF PUBLIC POLICY

(Against AMERIS)

~~17.~~19.PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

- 7 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1  ///

2  18.20.Under California law, no employee, whether they are an at-will

3  employee, or an employee under a written or other employment contract, can be

4  terminated or subjected to another adverse action for a reason that is in violation of

5  a fundamental public policy.

6  19.21.PLAINTIFF is informed and believes, and based thereon alleges, that

7  AMERIS decided not to renew PLAINTIFF'S Employment Agreement in or about

8  March 2024 and then terminated his PLAINTIFF'S employment in June 2024

9  because he complained of unlawful violations of the California Labor Code and

10  fraud which deprived employees of earned compensation. Thus PLAINTIFF'S

11  termination was in violation of the public policy of the State of California and the

12  United States imposing general business duties with which every business entity

13  must comply.

14  20.22.As a proximate result of AMERIS conduct, PLAINTIFF has sustained

15  and will continue to sustain economic damages in the form of lost wages and

16  benefits, future lost wages and benefits, lost business and professional

17  opportunities.

18  21.23.In addition, PLAINTIFF has sustained emotional and mental damages

19  as a result of his anxiety, loss of self-esteem, loss of self-confidence,

20  embarrassment, humiliation, worry and mental distress, all in an amount that is not

21  currently known, but capable of proof at trial and within the jurisdictional limits of

22  this court.

23  22.24.AMERIS' supervisory agents acted with malice, oppression, deceit,

24  and with the intent to injure PLAINTIFF, or in reckless disregard of PLAINTIFF'S

25  rights. PLAINTIFF was terminated by officers, directors or managing agents of

26  AMERIS because *inter alia* he complained of business practices that were

27  fraudulent and he refused to violate the California Labor Code. Alternatively,

28  AMERIS authorized and ratified the conduct of its officers, directors and

- 8 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1  managing agents who maliciously engaged in the despicable act of terminating
2  PLAINTIFF in conscious disregard of his right to be free of retaliation.
3  PLAINTIFF is therefore entitled to punitive and exemplary damages. PLAINTIFF
4  prays for punitive damages against AMERIS in an amount to be determined at the
5  time of trial, that is sufficiently high to punish AMERIS deter them from engaging
6  in such conduct in the future, and to make an example of them to others.

**COUNT II**

**RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

(Against AMERIS)

10  ~~23.~~25. PLAINTIFF realleges each and every allegation in the preceding
11  paragraphs with the same force and effect as though fully set forth herein.

12  ~~24.~~26. At all times mentioned herein, the California Labor Code was in full
13  force and effect and proscribed AMERIS' conduct.

14  ~~25.~~27. AMERIS created the LTIP for the purposes of inducing employees
15  working for BALBOA, a division of AMERIS, to perform work above and beyond
16  what they had been doing~~.~~, generating millions of dollars of additional profits for
17  AMERIS. Beginning in 2024, after employees had already performed the work
18  necessary to secure the results identified thoughout 2023, and despite Plaintiff
19  complaining about the miscalculation and changing of various inputs and
20  accounting methodologies to the LTIP ~~Performance Formula~~ starting in June 2023,
21  AMERIS continued to miscalculate and change various inputs and accounting
22  methodologies to the LTIP ~~Performance Formula~~ so as deprive eligible employees
23  of the promised ~~cash awards~~ Cash Bonus Awards. This affected approximately 145
24  employees. Throughout the beginning months of 2024, PLAINTIFF continued to
25  complain repeatedly to AMERIS about miscalculations and various changes to
26  inputs and accounting methodologies used to calculate the LTIP. ~~that their~~
27  ~~alterations to the Performance Formula retroactively removed many line items~~
28  ~~used to determine profitability, and as such,~~ By this point in time PLAINTIFF was

- 9 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

accusing AMERIS of intentionally miscalculating the LTIP so as to prevent BALBOA from hitting the Performance Goal necessary to fund the Incentive Pool from which Cash Bonus Awards would be paid. PLAINTIFF complained that AMERIS' various changes to the LTIP served to retroactively deprive all of the approximately 145 eligible employees of their Cash Bonus Awards under the LTIP after they had done the extra work to meet the LTIP performance goals. PLAINTIFF had reasonable cause to believe that his complaints disclosed a violation of the statutes in the California Labor Code and California Civil Code. These retroactive changes to the bonus structure deprived all of the approximately 145 eligible employees of earned wages in violation of Labor Code §§201, 202, 204 and 219, among others. AMERIS' conduct was also fraudulent in violation of Civil Code §1572 and 1710.

26.28. PLAINTIFF is informed and believes, and thereon alleges that as a direct result of his complaints, and because PLAINTIFF refused to ignore the violations of the Labor Code requiring the payment of earned wages and violations of the Civil Code prohibiting fraud, AMERIS decided not to renew PLAINTIFF'S Employment Agreement and then when PLAINTIFF still refused to go along with what he had reasonable cause to believe was unlawful conduct, AMERIS terminated his employment.

27.29. As a proximate result of AMERIS' conduct, PLAINTIFF has sustained and will continue to sustain economic damages in the form of lost wages and benefits, future lost wages and benefits, lost business and professional opportunities.

28.30. Additionally, PLAINTIFF has sustained emotional and mental damages as a result of his anxiety, loss of self-esteem, loss of self-confidence, embarrassment, humiliation, worry and mental distress, all in an amount that is not currently known, but capable of proof at trial and within the jurisdictional limits of this court

- 10 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1    29.31. As a further proximate result of the aforementioned wrongful conduct,

2    PLAINTIFF has had to employ the services of attorneys to pursue his legal rights,

3    to PLAINTIFF'S damage in an amount unknown at this time, but according to

4    proof at trial.

5    30.32. The grossly reckless, and/or intentional, malicious, and bad faith

6    manner in which AMERIS engaged in those acts as described in this cause of

7    action entitles PLAINTIFF to punitive damages against AMERIS in an amount

8    within the jurisdiction of this court, to be ascertained by the fact finder, that is

9    sufficiently high to punish AMERIS deter them from engaging in such conduct

10    again, and to make an example of them to others.

**COUNT III**

**FAILURE TO PAY ALL WAGES AT TERMINATION**

**CALIFORNIA LABOR CODE §§201 AND 203**

(Against AMERIS)

15    31.33. PLAINTIFF realleges each and every allegation in the preceding

16    paragraphs with the same force and effect as though fully set forth herein.

17    32.34. At all times relevant during the liability period, PLAINTIFF was an

18    employee of AMERIS covered by California Labor Code Section 201.

19    33.35. Pursuant to Labor Code Section 201, PLAINTIFF was entitled, upon

20    termination, to timely payment of all wages earned and unpaid prior to termination.

21    34.36. AMERIS failed to pay PLAINTIFF all wages earned and unpaid prior

22    to termination in accordance with California Labor Code Section 201.  Indeed, to

23    this day PLAINTIFF is still owed unpaid bonuses earned for his work in 2022 and

24    2023 as well as other wages.

25    35.37. AMERIS' failure to pay PLAINTIFF all wages earned at the time of

26    termination in accordance with Labor Code Section 201 was willful. AMERIS had

27    the ability to pay all wages earned in accordance with Labor Code Section 201 but

28    failed to do so.

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

1    ~~36.~~38.Pursuant to *inter alia* Labor Code Section 201, PLAINTIFF is entitled

2    to all wages earned prior to termination that AMERIS did not pay him.

3    ~~37.~~39.Pursuant to Labor Code section 203, PLAINTIFF is entitled to daily

4    waiting time penalties equivalent to one day's wage from the day his earned and

5    unpaid wages were due upon termination up to a maximum of thirty (30) days.

6    ~~38.~~40.As a result of AMERIS' conduct, PLAINTIFF has suffered damages

7    in an amount, subject to proof, to the extent he was not paid for all wages earned

8    prior to termination.

9    ~~39.~~41.As a result of AMERIS' conduct, PLAINTIFF has suffered damages

10   in an amount, subject to proof, to the extent he was not paid all continuation

11   wages/waiting time penalties owed under Labor Code section 203.

12   ~~40.~~42.As a further result of AMERIS' conduct, pursuant to Labor Code

13   sections 218.5, and 218.6, PLAINTIFF is entitled to recover interest on the unpaid

14   final wages, reasonable attorneys' fees, and costs of suit.

15                          **COUNT IV**

16   **VIOLATION OF BUSINESS & PROFESSIONS CODE §17200**

17                        (Against AMERIS)

18   ~~41.~~43.PLAINTIFF realleges each and every allegation in the preceding

19   paragraphs with the same force and effect as though fully set forth herein.

20                              *///*

21   ~~42.~~44.Section 17200 of the California Business and Professions Code

22   prohibits unfair competition by prohibiting any "unlawful, unfair or fraudulent

23   business acts or practices . . ." PLAINTIFF is informed and believes that by (1)

24   intentionally and fraudulently miscalculating and changing various inputs and

25   accounting methodologies used to calculate the LTIP so as to reduce the amount

26   AMERIS was required to pay into the Incentive Pool, thereby depriving employees

27   of earned Cash Bonus Award~~s~~ ~~Bonuses~~, and (2) terminating PLAINTIFF for

28   complaining about AMERIS' intentional and unlawful miscalculation of

                              - 12 -

                   First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

1   BALBOA'S earnings so as to avoid paying employees the Cash ~~Bonus~~ Award~~s~~
2   ~~Bonuses promised~~ agreed to in the LTIP, AMERIS violated their generally
3   applicable duty, as recognized in the statutes cited above, to refrain from unfair and
4   deceptive business acts and practices.

5   ~~43.~~45. AMERIS' conduct as alleged herein violates the Unfair Competition
6   Law. The business acts and practices of AMERIS as alleged herein, constituted
7   and continue to constitute a continuing course of conduct that is unlawful, unfair
8   and/or fraudulent.  PLAINTIFF is informed and believes that such unlawful, unfair
9   and/or fraudulent conduct continues to this day and AMERIS will continue such
10  activity in the future.  The harm to the general public and AMERIS' employees far
11  outweighs any illegitimate benefit AMERIS may derive from their legal violations.

12  ~~44.~~46. PLAINTIFF and members of the general public have been injured by
13  AMERIS' unlawful, misleading and fraudulent general business practices. These
14  violations persist to this day and have not been rectified.  Therefore, PLAINTIFF
15  has been injured by AMERIS' conduct and lost money as a result of said conduct.

16  ~~45.~~47. PLAINTIFF is thus entitled to restitution of monies he would have
17  earned had AMERIS not engaged in these fraudulent and unfair business practices,
18  disgorgement of unlawful profits ~~and,~~ an injunction preventing AMERIS from
19  engaging in the unlawful practices discussed herein, and an injunction requiring
20  AMERIS to fund an Incentive Pool with the unlawful profits it earned through its
21  intentional miscalculation so that BALBOA employees participating in the LTIP in
22  2022, 2023 and 2024 can receive their full Cash Bonus Awards for those years
23  according to the distribution plan that PLAINTIFF and senior management of
24  BALBOA agreed to at the time of the acquisition.

25  ~~46.~~48. PLAINTIFF also requests an award of attorneys' fees, based on his
26  vindication of a public interest and/or the Court's inherent equitable powers, in an
27  amount to be established by proof at time of trial.

28  ///

- 13 -

First Amended Complaint for Damages

**COUNT V**

**BREACH OF CONTRACT**

(Against AMERIS)

49.    PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

50.    The LTIP constitutes a valid and enforceable contract between PLAINTIFF and AMERIS, and by its terms, obligated AMERIS to calculate the EBT of BALBOA using the methods consistent with the "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and to correctly apply an expressly enumerated set of "Key Assumptions" that "must be used in interpretation and application of the Pioneer 1Q21 Operating Model for purposes of the calculation of EBT."

51.    The LTIP, by its terms, also obligated AMERIS to pay PLAINTIFF a Cash Bonus Award for the year 2024 because, among other things, the termination of his employment on June 30, 2024 was without cause.

52.    PLAINTIFF has performed or substantially performed all of his obligations under the LTIP, or was otherwise excused from performance.

53.    AMERIS materially breached the LTIP by, among other things, failing to calculate the EBT of BALBOA with the required calculation method under the LTIP, and failing to pay PLAINTIFF a Cash Bonus Award for the year 2024.

54.    PLAINTIFF has not, and no provision in the LTIP, otherwise excused AMERIS' non-performance.

55.    PLAINTIFF has suffered and continues to suffer damages as a direct and proximate result of AMERIS' breach of its obligations under the LTIP in an amount to be proven at trial.

**COUNT VI**

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

- 14 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

(Against AMERIS)

56.   PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

57.   The LTIP constitutes a valid and enforceable contract between PLAINTIFF and AMERIS.

58.   The LTIP contains an implied covenant of good faith and fair dealing that imposes a duty upon each party to act with honesty in transacting business, and to perform the agreement in good faith in a manner that will accomplish the purpose of the contract.  This duty of good faith is implied in every agreement and there is a covenant by each party not to deprive or do anything that will deprive the other party thereto of the benefits of the contract.

59.   AMERIS breached the implied covenant of good faith and fair dealing by, among other things, calculating the EBT of BALBOA using different methods that intentionally lowered the EBT, and by extension, lowered or eliminated the Cash Bonus Awards earned by not received by approximately 145 BALBOA employees participating in the LTIP, including PLAINTIFF.

60.   AMERIS also breached the implied covenant of good faith and fair dealing by, among other things, failing to pay PLAINTIFF a Cash Bonus Award for the year 2024.

61.   PLAINTIFF has suffered and continues to suffer damages as a direct and proximate result of AMERIS' breach of the implied covenant of good fatih and fair dealing under the LTIP in an amount to be proven at trial.

##

**COUNT VII**

**ACCOUNTING**

(Against AMERIS)

62.   PLAINTIFF realleges each and every allegation in the preceding paragraphs with the same force and effect as though fully set forth herein.

- 15 -

First Amended Complaint for Damages

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

63.    PLAINTIFF is and was entitled to receive a Cash Bonus Award for each year that BALBOA exceeded the Performance Goal set in the LTIP for 2022, 2023 and 2024. PLAINTIFF learned that AMERIS had intentionally miscalculated the LTIP by refusing employ methods consistent with the "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and refusing to correctly apply an expressly enumerated set of "Key Assumptions" that "must be used in interpretation and application of the Pioneer 1Q21 Operating Model for purposes of the calculation of EBT."

64.    PLAINTIFF'S investigation revealed that AMERIS shorted the Incentive Pool for 2022 by a minimum of $1,457,057, and avoided paying a minimum of $3,037,750 into the Incentive Pool for 2023 through its intentional miscalculations. PLAINTIFF is aware that AMERIS has acknowledged that BALBOA exceeded the Performance Goal for 2024 by at least $3,656,709. However, PLAINTIFF cannot know the true amounts by which BALBOA exceeded the Performance Goals for each of these years because AMERIS' miscalculations were designed to reduce or eliminate the monies it was required to pay into the Incentive Pool for 2022, 2023 and 2024 each.

65.    Therefore PLAINTIFF demands an accounting of all income and revenue earned by BALBOA in calendar years 2022, 2023 and 2024 and all expenses properly charged to BALBOA for 2022, 2023 and 2024 using the accounting methods in the "Pioneer 1Q21 Operating Model" (attached as Exhibit A to the LTIP) and correctly appling only the expressly enumerated set of "Key Assumptions" that set forth in the LTIP.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against AMERIS BANK as follows:

1.    For economic damages, including but not limited to past and future

- 16 -

First Amended Complaint for Damages

Law Office of Esperanza Cervantes Anderson
Pasadena, California

lost wages, commissions, bonuses and benefits, according to proof at trial;

      2.     For non-economic, including but not limited to emotional distress damages, mental suffering, loss of reputation, anxiety, inconvenience, according to proof at trial;

      3.     For punitive damages as allowed by law and according to proof at trial;

      4.     For pre-judgment interest at the prevailing legal rate;

      5.     For PLAINTIFF'S costs;

      6.     For reasonable attorneys' fees, according to proof;

      6.7.     For an accounting;

      7.8.     For injunctive relief (as to PLAINTIFF'S cause of action for Violation of Business & Professions Code §17200); and

      8.9.     For such other and further relief as this Court deems just and proper.

DATED: November ___, 2025September 16, 2024.

                           LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

                           By:

                           _____
                           Esperanza Cervantes Anderson, Esq.
                           Attorney for PLAINTIFF
                           PATRICK BYRNE

- 17 -

**REQUEST FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules Of Civil Procedure, PLAINTIFF hereby requests a trial by jury for all claims and issues so triable.

DATED:  November   , 2025September 16, 2024.

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

By:
_____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

First Amended Complaint for Damages

# EXHIBIT F

NUKK-FREEMAN & CERRA, PC
EMPLOYMENT ATTORNEYS

November 18, 2025

**VIA EMAIL**
Esperanza Cervantes Anderson, Esq.
esperanza@EsperanzaAnderson.com
ESPERANZA ANDERSON
1037 Allen Ave.
Pasadena, CA 91104

      **Re:**    *Patrick Byrne v. Ameris Bank*
                *U.S. District Court, Central District of California Case No. 9:24-cv-01989*

Dear Ms. Cervantes Anderson,

We are in receipt of Plaintiff Patrick Byrne's ("Plaintiff") November 12, 2025 correspondence requesting Defendant Ameris Bank ("Ameris") to stipulate to his proposed First Amended Complaint with additional allegations and three new claims.

For the reasons set forth in more detail below and in our October 2, 2025 letter, Ameris cannot agree to Plaintiff's request to stipulate filing a First Amended Complaint ("FAC"). Plaintiff initially asked to amend his Complaint on September 19, 2025, which Ameris responded to and rejected by correspondence on October 2, 2025. Plaintiff has now submitted a new request to amend the Complaint with three new causes of action. While Ameris acknowledges that requests to amend the pleadings can be liberally granted, Plaintiff's request to amend the Complaint **is well past the Court-ordered deadline to hear motions to amend the pleadings of** <u>**April 11, 2025**</u> [Doc. 22], and there is **no good cause** for the delay. In fact, the information upon which Plaintiff seeks to amend his Complaint was previously available to him at the time he filed the original Complaint, and there are no new facts or grounds on which to amend the Complaint. Additionally, the FAC is prejudicial to Ameris because written discovery is almost complete, we are within **11** days of the discovery cut-off deadline of November 28, 2025, and trial and motion deadlines, including the deadline for Ameris to bring a Motion for Summary Judgment, are fast approaching. Likewise, we are not amenable to stipulating to a revised scheduling order or extending the discovery cut-off as you have just recently requested on November 12, 2025, which the Court already denied via joint stipulation on July 24, 2024 [Doc. 34]. We are available to telephonically meet and confer about the contents of this letter at a mutually convenient date and time.

**I.    Plaintiff's Proposed First Amended Complaint Is Not Based on Newly Acquired Information or Evidence**

Plaintiff appears to seek to amend his Complaint on the ground that certain allegations in the operable Complaint are unclear. Specifically, he proposes to add allegations regarding the Long-Term Incentive Plan ("LTIP") and alleged fraud committed by Ameris to bolster his existing first cause of action for wrongful termination in violation of public policy. He further attempts to rename his first cause of action to include "Adverse Employment Action" as an additional label.

Plaintiff further asserts that his alleged complaints of "fraud" formed the basis for alleged retaliation by Ameris in the Second Cause of Action.

In addition, Plaintiff seeks to add three new causes of action: Breach of Contract (Count V), Breach of Implied Covenant of Good Faith and Fair Dealing (Count VI), and Accounting (Count VII). As framed, Plaintiff appears to claim that he was terminated after complaining about supposed fraudulent misrepresentations concerning LTIP calculations and that Ameris breached its obligations under the LTIP.

However, none of the above constitutes new information or evidence. The LTIP was produced early in discovery, and Plaintiff had full knowledge of – and possession of – the plan throughout his employment. Indeed, he raised questions and had discussions about the LTIP well before his termination. *Accordingly, Plaintiff has long been aware of the information upon which he now seeks to base these proposed amendments and could have included these claims in his original Complaint. There is no good cause for amendment at this juncture.*

## II.     Controlling Authority Indicates That Plaintiff Should Not Be Permitted To Amend His Complaint Under The Circumstances Of This Case

### a.   Plaintiff Has Unduly Delayed In Seeking To Amend His Complaint After The Amendment Cutt-off Has Passed And Has No Excuse For His Delay

The Ninth Circuit has held that there are certain limitations on a party's ability to amend under Federal Civil Rule 15. *C.F. ex rel. Farnan v. Capistrano Unified School District*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003)); *Owens v. Kaiser Foundation Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Specifically, "[i]n determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens*, 244 F.3d at 712 (quoting *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman*, 371 U.S. 178, 182 (1962)); see also *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("Courts also may deny leave when 'undue prejudice to the opposing party will result'").

Relevant here, the Ninth Circuit has held that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986). It is not an abuse of discretion to deny leave to amend under such circumstances. See, e.g., *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). In determining whether there is undue delay, the Court asks "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc*., 465 F.3d 946, 953 (9th Cir. 2006); *Cornell v. Columbus McKinnon Corp*., 2015 WL 3453902 at *2 (N.D. Cal. May 29, 2015). Courts have held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *AmerisourceBergen Corp*., supra, at 953; *Cornell*, supra, at *3; *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991). "Although delay is not a dispositive factor in

the amendment analysis, it is relevant ... especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir.1999).

Here, **the Court-ordered deadline to amend the pleadings expired on April 11, 2025**. Plaintiff offers no valid justification for waiting more than seven (7) months past that deadline to assert proposed new allegations and new causes of action, particularly given that: (A) Plaintiff was well aware of the existence of the LTIP including related calculations prior to his termination; and (B) Plaintiff raised questions about the LTIP during his employment.

At this stage, the parties have exchanged written discovery, including written requests, responses and supplemental responses, and thousands of pages of documents. They have also engaged in substantial meet and confer efforts over the past several months, including multiple conferences with the Court. As of the date of this letter, the depositions of Plaintiff, Ameris's Rule 30(b)(6) witness, and five (5) additional defense witnesses have been completed.

In short, Plaintiff's last-minute attempt to add new allegations and new claims - just 11 days before the close of—would significantly prejudice Ameris' ability to prepare its defense, impair its ability to complete a Motion for Summary Judgment, and cause unnecessary delay in these proceedings.

Plaintiff's inexcusable and unjustified delay reflects clear gamesmanship. Plaintiff was fully aware of the LTIP before filing his original Complaint—yet he made no mention of any alleged fraud, any purported retaliation based on complaints of fraud, or any breach of contract theories until now. Conveniently, Plaintiff also unilaterally cancelled his long-scheduled and agreed-upon deposition at the very moment he first proposed amending the Complaint – an unmistakably tactical maneuver aimed at bolstering his request for amendment and securing additional time. *See, e.g., Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding district court's denial of motion to amend the complaint a second time shortly before the close of discovery because (1) the motion would cause undue delay, and (2) the "new" facts that supported the motion were available to the plaintiff even before the first amendment to his complaint). Now, less than two (2) weeks before the discovery cutoff, Plaintiff seeks to add three (**3) new causes of action for the first time**. This is a clear and baseless attempt to prolong discovery indefinitely and to harass Ameris.

**b. Amending The Complaint at This Stage of The Litigation Would Be Prejudicial To Ameris**

"[P]rejudice is not an absolute requirement under Rule 15 . . . undue delay combined with bad faith is enough to justify a denial of a motion to amend." *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 509-510 (N.D. Cal. 2011). "Although there is no precise definition for prejudice under Rule 15, prejudice is generally found where the amendment would cause substantial delay in the proceedings." *Wells Fargo Bank v. Renz*, 2010 WL 2867615 at *4 (N.D. Cal. July 20, 2010) (denying motion for leave to amend).

Here, allowing Plaintiff to amend his Complaint **less than two (2) weeks before the close of discovery** would be highly prejudicial to Ameris. *See Quan v. San Franscisco Police Dep't,* 2011 WL 2460477 at *6 (N.D. Cal. 2011) ("While the Court is mindful of its interest in providing Plaintiffs with an opportunity to fully litigate any claims they may have against Defendants, the prejudice to *Foman* Defendants that would result from allowing Plaintiffs to overhaul their claims at the conclusion of the discovery period ... is sufficient to deny leave under Rule 15 at this time") (*citing Foman*, 371 U.S. at 182).

Moreover, prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment. *Miramontes v. Mills,* 2015 WL 13609449 at *4 (C.D. Cal. 2015). Here, the parties have nearly completed all written discovery, the discovery cutoff is fast approaching (less than 11 days out) and Ameris's deadline for preparing its motion for summary judgment falls soon thereafter. Accordingly, the parties have engaged in extensive and protracted discovery, such that permitting an amendment at this stage would be prejudicial to Ameris.

### III.    Conclusion

As discussed above, Plaintiff's request comes well after the Court-ordered April 11, 2025 deadline to hear motions to amend the pleadings, and Plaintiff has not provided—and cannot provide—any good faith explanation for his delay in adding allegations and counts of action that have been known to him before or since his employment with Ameris. Accordingly, Ameris cannot agree to Plaintiff's request to stipulate to a First Amended Complaint. We remain available to schedule a call to discuss this at a mutually convenient time.

Very truly yours,

NUKK-FREEMAN & CERRA, P.C.

Stacy L. Fode, Esq.
Nana Yee, Esq.

# EXHIBIT G

| | |
|---|---|
| **From:** | Esperanza Anderson |
| **To:** | Nana Yee; Stacy Fode; Zachary Brower |
| **Cc:** | Clara Castaneda; Patricia Hoffman; Amelia Castro |
| **Subject:** | Re: Agenda re Meet and Confer call today |
| **Date:** | Wednesday, November 12, 2025 9:13:37 AM |
| **Attachments:** | image001.png |

EXTERNAL MESSAGE

Also, not specifically mentioned because I thought it should be obvious, Plaintiff will be seeking to modify the scheduling order.



1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627

www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

**From:** Esperanza Anderson <esperanza@esperanzaanderson.com>
**Date:** Wednesday, November 12, 2025 at 8:28 AM
**To:** Nana Yee <nyee@nfclegal.com>, Stacy Fode <sfode@nfclegal.com>, Zachary Brower <zbrower@nfclegal.com>
**Cc:** Clara Castaneda <ccastaneda@nfclegal.com>, Patricia Hoffman <phoffman@nfclegal.com>, Amelia Castro <acastro@nfclegal.com>
**Subject:** Agenda re Meet and Confer call today

Hi Nana and Zac

I look forward to speaking with you today at 4 p.m.

When we speak, we also need to meet and confer regarding the following topics:

1. Plaintiff's proposed First Amended Complaint. This attached draft has made changes to the cause of action for breach of contract to address Ameris' refusal to pay Plaintiff his LTIP bonus for 2024. It also adds a cause of action for an accounting. These issues became apparent and necessary given the testimony and discussions between counsel during the depositions in Atlanta last week. To address the type of argument raised in your November 6 letter, I personally made the redlined changes on the word version of the Complaint filed in

September 2024. I have attached both the redlines and the Docket copy of the Complaint for your review.

2. We also need to continue the discussion regarding Plaintiff's request that Ameris include additional search terms for ESI. I handed Nana a list on October 22 when we were in court. This attached list adds Plaintiff's name and some search terms based on the Rule 30(b)(6) deposition on Wednesday, Nov. 5.

3. Lastly, Plaintiff served notices of deposition for Leo Hill and Palmer Proctor. You emailed me asking me to withdraw the notices. I responded explaining the reasons why Plaintiff needs to depose these individuals. I never heard back. The depositions remain on calendar. As always, Plaintiff is willing to change the dates so long as other dates are provided.

I look forward to speaking with you today about these issues and the other issues you have identified in your emails.

Thanks,

Espie

E S P E R A N Z A
A N D E R S O N

1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.

# EXHIBIT H

| | |
|---|---|
| **From:** | Esperanza Anderson |
| **To:** | Nana Yee; Stacy Fode; Zachary Brower |
| **Cc:** | Clara Castaneda; Amelia Castro; Patricia Hoffman |
| **Subject:** | Notice of Ex Parte Application |
| **Date:** | Monday, December 1, 2025 5:21:27 PM |
| **Attachments:** | image001.png |

<mark>EXTERNAL MESSAGE</mark>

Hello Nana -

Pursuant to Local Rule 7-19, and my voicemail today, please take notice that plaintiff will be filing an *ex parte* application for an Order

1. modifying the Civil Trial Order to amend the deadline to amend pleadings or add parties and to continue the deadlines for expert discovery, including the disclosure deadline, rebuttal disclosure deadline and expert discovery cut-off by 30 days; and
2. granting Plaintiff leave to file a FAC.

From our meet and confer conferences regarding these issues, I believe that Ameris Bank intends to oppose the application. Please let me know if anything has changed.

Pursuant to Judge Williams Court's Procedures & Schedules, Ameris' opposition, if any, is due within 24 hours after the *ex parte* application has been filed.

Thanks,

Espie



ESPERANZA
ANDERSON

1037 N Allen Avenue, Pasadena, California 91104 | T (626) 219-6773 | F (626) 389-8911 | C (626) 788-7627
www.esperanzaanderson.com

The information contained in this e-mail (including attachments) is only for the personal and confidential use of the sender and recipient named above. If the reader is not the intended recipient, you have received this message in error. Please notify the sender immediately by e-mail and delete or destroy the original message and all copies.