UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:24-cv-01989-MWC-JDEx                                     Date: December 5, 2025

Title    Patrick Byrne v. Ameris Bank

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Plaintiff's Ex Parte Application for Leave to Amend the Complaint and Continue Expert Discovery Deadlines by 30 Days (Dkt. 85)**

   Before the Court is an ex parte application filed by Plaintiff Patrick Byrne ("Plaintiff"), seeking the following relief:

>   1.    Modify the Civil Trial Order to allow Plaintiff to file a First Amended Complaint ("FAC"), and to extend the expert discovery deadlines, including the deadlines for disclosure, rebuttal disclosure and cut-off, by thirty (30) days to allow the Parties to designate experts to address the new claims, if necessary; and
>
>   2.    [Grant] [l]eave to file a [FAC] adding claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and an accounting arising from newly-discovered evidence regarding Defendant AMERIS BANK's . . . breach of the agreement at issue in the Complaint.

Dkt. # 85 ("*App.*").  Defendant Ameris Bank ("Defendant") opposed.  Dkt. # 86 ("*Opp.*").  The Court finds the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7- 15.  Having considered the papers, the Court **DENIES** Plaintiff's ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDEx                                                                 Date: December 5, 2025

Title   Patrick Byrne v. Ameris Bank

I.   Background

On September 16, 2024, Plaintiff filed the instant wrongful termination, whistleblower retaliation lawsuit against Defendant.  *See* Dkt. # 1.  On February 18, 2025, the Court entered a scheduling order setting case deadlines.  Dkt. # 22.  The order set April 11, 2025, as the last date to hear motions to amend pleadings or add parties, and a fact discovery cut-off of November 28, 2025.  *Id.* 3.

On February 20, 2025, Plaintiff propounded his first set of discovery in this case.  Dkt. # 85-1 ("*Anderson Decl.*") ¶ 7.  On August 21, 2025, Plaintiff filed his first motions to compel requested discovery from Defendant.  Dkts. # 38–39.  On September 5, 2025, Plaintiff first requested to depose individual defense witnesses.  *Opp.* 2; Dkt. # 72-1 ¶ 9.  On September 11, 2025, the parties had a meet and confer regarding discovery before Magistrate Judge John D. Early.  Dkt. # 60.

II.   Legal Standard

   A.   Ex Parte Relief

Ex parte applications are solely for extraordinary relief and are rarely granted.  *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995); Dkt. # 16 (Standing Order) ¶ 11 ("Ex parte applications are solely for extraordinary relief, are rarely granted, and should be used with discretion.").  In order to justify ex parte relief, the moving party must establish: (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power*, 883 F. Supp. at 492.  "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial."  *Id.*  "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer.  It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation."  *Id.* at 493.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-01989-MWC-JDEx                                        Date: December 5, 2025

Title       Patrick Byrne v. Ameris Bank

    B.     Modification of Court's Scheduling Order

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." *Id.* 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Under Federal Rule of Civil Procedure ("Rule") 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Mammoth Recreations, Inc.*, 975 F.2d at 609. In other words, if the scheduling order could not have been met despite the diligence of the party seeking the extension, modification may be appropriate. *See id*. If the party was not diligent, however, the inquiry ends. *See id*.

III.    Discussion

The Court finds that Plaintiff has failed to satisfy the *Mission Power* factors to justify ex parte relief, because Plaintiff has not established that the urgent need for the requested relief is not a crisis of his own making. *Mission Power*, 883 F. Supp. at 893. Plaintiff's fault in creating the crisis for which he requests ex parte relief is closely linked to his diligence in pursuing his claims. As such, the Court will discuss the second *Mission Power* factor and the "good cause" standard under Rule 16 in tandem.

The basis of Plaintiff's request is that Plaintiff only recently learned of facts sufficient to support the three new claims that Plaintiff wishes to add. *App.* 1. Plaintiff avers that he only became aware of the factual basis for the claims through documents and deposition testimony obtained in early November 2025. *Id.* Plaintiff argues Defendant's conduct prevented him from getting the necessary discovery earlier for several reasons. *Id.* First, his counsel experienced personal emergencies in February 2025. *Id.* 4. Second, Plaintiff sought supplemental responses through meet and confers between April and August 2025, but Defendant stonewalled him. *Id.* 4–6. As a result, Defendant failed to produce responsive, relevant documents until September 2025, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:24-cv-01989-MWC-JDEx | Date: December 5, 2025 |
| Title  Patrick Byrne v. Ameris Bank | |

failed to produce witnesses for deposition until November 2025. *Id.* 6–8. Defendant disputes Plaintiff's characterization of the discovery delays. *Opp.* 2.

Even accepting Plaintiff's timeline as true, given that fact discovery began in February 2025 and closed November 28, 2025, Plaintiff does not explain why he waited until August 2025 to notice motions to compel that would not be heard until September 2025. Dkts. # 38, 39. Plaintiff needed to timely bring a motion to compel, instead of a delayed ex parte application seeking to modify the Scheduling Order three days in advance of the initial expert disclosure deadline. The Court declines to modify the scheduling order where Plaintiff has not "used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *See Mission Power*, 883. F. Supp. at 493.

Finally, Plaintiff argues that amendment of the complaint is proper and would not prejudice Defendant because it would merely conform the complaint to proof. *App.* 13–15. Evidence supporting an amendment to add three new causes of action to conform to proof is not before the Court. *See generally App.* Even if it were, the Court finds Defendant would be prejudiced if amendment were permitted now. Fact discovery is closed, and the parties' deadline to file motions is forthcoming. *See* Dkt. # 22. Accordingly, the motion for leave to file an amended complaint is not granted on that basis. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 (9th Cir. 1986) ("An amendment that seeks to conform the pleadings to proof introduced at trial is proper under Rule 15(b) unless it results in prejudice to one of the parties.").

For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte application.

**IT IS SO ORDERED.**

| | : |
|---|---|
| | **Initials of Preparer**   TJ |