MATTHEW SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: msessions@allenmatkins.com
        svillagomez@allenmatkins.com
        mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>　　　　　Defendant. | Case No. 8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Michelle Williams Court<br><br>**DECLARATION OF STACEY VILLAGOMEZ IN RESPONSE TO DEFENDANT AMERIS BANK'S MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: February 13, 2026<br>Time: 1:30 p.m.<br>Ctrm: 6A<br><br>Disc. Cutoff: November 28, 2025<br>Pre-trial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

4923-4650-9189.2

DECLARATION OF STACEY VILLAGOMEZ
IN RESPONSE TO DEFENDANT AMERIS
BANK'S MOTION TO SEAL DOCUMENTS

**DECLARATION OF STACEY A. VILLAGOMEZ**

I, STACEY A. VILLAGOMEZ, declare as follows:

1. I am an attorney at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for Plaintiff Patrick Byrne in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath. This Declaration is submitted in accordance with Central District of California Local Rule 79-5.2.2.

2. Defendant Ameris Bank ("Defendant") seeks to file certain documents (the "Supporting Documents") under seal in connection with its Motion for Summary Judgment. The Supporting Documents contain information designated as confidential by Defendant.

3. The standard governing motions to seal materials submitted in connection with a dispositive motion is well established. When a party seeks to seal judicial records attached to a dispositive motion, the party bears the burden of overcoming the strong presumption of public access by demonstrating "compelling reasons" supported by specific factual findings. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003). Compelling reasons exist where court records could be used for improper purposes, including the disclosure of confidential or proprietary information, trade secrets, or other sensitive information whose disclosure would cause competitive or financial harm. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

4. The mere fact that documents were previously designated confidential or subject to a protective order does not, standing alone, justify sealing once they are submitted in connection with a dispositive motion. *Foltz*, 331 F.3d at 1136. Rather, the Court must balance the public's interest in access against the specific interests

favoring nondisclosure, and any sealing order must be narrowly tailored and supported by specific factual findings. *Id.* at 1135.

5. On December 22, 2025, my firm filed a Request for Approval of Substitution of Counsel (Dkt. 90). Central District of California Local Rule 79-5.2.2 requires a filing party to meet and confer at least three (3) days before seeking to file documents under seal. Based on Defendant's counsel's supporting declaration, it appears that Plaintiff's prior counsel, Esperanza Anderson, did not stipulate to the filing of the Supporting Documents under seal.

6. Following my firm's substitution request, my firm was not invited to participate in a meet-and-confer before Defendant filed its Motion to Seal on December 26, 2025. My firm also was not served with unsealed copies of the Supporting Documents. Although a ShareFile link was provided that may have contained the unsealed Supporting Documents, my firm was not given credentials to access the private folder.

7. On December 30, 2025, I left voicemails for Defendant's counsel, Stacy Fode and Nana Yee, requesting a return call to meet and confer regarding Defendant's Motion to Seal. I also sent a follow-up email requesting an opportunity to meet and confer, copies of the unsealed summary judgment materials, and a stipulation to extend Plaintiff's deadline to submit this Declaration pending my firm's receipt of the unsealed documents. As of the time this Declaration was filed, I had not received a response by phone or email.

8. Although my firm may have supported and joined in Defendant's Motion to Seal, and compelling reasons may exist to seal the Supporting Documents, Plaintiff has not had an opportunity to review the unsealed materials and cannot assess how the Supporting Documents were used in Defendant's Motion for Summary Judgment. Accordingly, Plaintiff cannot take a position on the Motion to Seal at this time. Plaintiff therefore reserves all rights with respect to Defendant's Motion to Seal, including the right to submit a supplemental declaration, if

1  necessary, after Plaintiff has been provided with unsealed copies of the Supporting
2  Documents.
3      I declare under penalty of perjury that the foregoing is true and correct.
4  Executed on December 30, 2025, at Irvine, California.

                                                                      STACEY A. VILLAGOMEZ

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4923-4650-9189.2

-4-

DECLARATION OF STACEY VILLAGOMEZ
IN RESPONSE TO DEFENDANT AMERIS
BANK'S MOTION TO SEAL DOCUMENTS