Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual, | Case No. 8:24-cv-01989-MWC (JDEx) |
| Plaintiff, | **DECLARATION OF STACY L. FODE IN SUPPORT OF DEFENDANT AMERIS BANK'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT AS TO EACH OF PLAINTIFF'S CLAIMS** |
| vs. | |
| AMERIS BANK, a Georgia corporation, | |
| Defendant. | |
| | Judge: Hon. Michelle Williams Court |
| | Date: February 13, 2026 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 6A |
| | Discovery Cut-Off: November 28, 2025 |
| | Pretrial Conference: May 22, 2026 |
| | Trial Date: June 1, 2026 |

I, Stacy L. Fode, declare[1] as follows:

1. I am an attorney licensed to practice law in the State of California and in the above-entitled Court. I am partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant Ameris Bank, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2. On March 3, 2025, Defendant served written discovery, including Interrogatories, on Plaintiff Patrick Byrne ("Plaintiff").

3. On April 2, 2025, Plaintiff served our office with Responses to Defendant's Interrogatories. A true and correct copy of relevant portions of Plaintiff's Responses to Defendant's Interrogatories is attached hereto as **Exhibit A**.

4. Plaintiff brought to our attention in his Response to SSUF No. 111 that while the cites to the deposition of Phil Silva are accurate, the supporting transcript did not align. By way of background, Plaintiff took a lengthy deposition of Phil Silva on Oct. 28, 2024 (from approximately 10:00 a.m. to 9:00 p.m.), and Plaintiff's counsel switched to a different/second court reporter for after-hours transcription, which resulted in two separate transcripts with non-consecutive page numbering. For the Court's convenience, true and correct copies of the relevant pages of the second deposition transcript of Phil

---

[1] The instant Declaration in support of Defendant's Reply is necessary to clarify the record, which the Court does not have full access to, and is permitted under case authority. "[W]hile a party, generally, may not introduce new evidence via a Reply, a party may introduce evidence that directly responds to evidence provided in Opposition papers." *Young v. Allstate Co.,* 662 F. Supp. 3d 1066, 1073 (C.D. Cal. 2023) (*citing Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007) (reply evidence was not new where "[t]he Reply Brief addressed the same set of facts supplied in [plaintiff's] opposition to the motion but provide[d] the full context to [plaintiff's] selected recitation of the facts")); see also *Edwards v. Toys 'R' US*, 527 F. Supp. 2d 1197, 1205 n. 31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion"); *Est. of Graham v. Sotheby's Inc.*, No. CV 11-8604-MWF (FFMX), 2019 WL 13551289, at *1 (C.D. Cal. Nov. 19, 2019) (declarations were not "new" evidence because they were submitted in direct response to arguments raised in plaintiffs' opposition and primarily appeared to rebut plaintiffs' characterizations of the evidence).

---

1  Sliva are attached hereto as **Exhibit B**.
2      I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct.
4      Executed this 30th day of January 2026, in San Diego, California.

                                    *s/Stacy L. Fode*
                                    Stacy L. Fode, Esq.

# EXHIBIT A

Esperanza Cervantes Anderson | SBN 197953
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:  (626) 219-6773
Fax:  (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>　　　　PLAINTIFF,<br><br>　　v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>　　　　Defendants. | Case No.: 8:24-cv-01989<br><br>**PLAINTIFF PATRICK BYRNE'S RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:　　Defendant AMERIS BANK

RESPONDING PARTY:　　Plaintiff PATRICK BYRNE

SET NO.:　　One

　　Pursuant to Federal Rule of Civil Procedure 30, Plaintiff PATRICK BYRNE ("Plaintiff") hereby objects and responds to Defendant AMERIS BANK'S ("Defendant's") Interrogatories, Set One, as follows:

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff complained to Defendant repeatedly, including by email to James LaHaise, that Defendant's calculations for the 2022 and 2023 LTIP were improper. Plaintiff requested adjustment of LTIP calculations for 2022 and 2023. Ameris terminated Plaintiff's employment on June 30, 2024, in direct retaliation for these protected complaints. Prior to these complaints, Ameris had expressed satisfaction with Plaintiff's performance.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**INTERROGATORY NO. 4:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that DEFENDANT failed to pay all wages due to YOU at termination as set forth in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Defendant failed to pay Plaintiff all monies due from the 2022 and 2023 LTIP upon termination as required by California Labor Code Section 201. Now Ameris has also failed to timely pay Plaintiff's 2024 LTIP.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

///

**INTERROGATORY NO. 20:**

IDENTIFY any and all persons, including but not limited to physicians, psychiatrists, psychologists, psychotherapists, licensed clinical social workers, rehabilitation therapists, counselors, marriage counselors, and pastoral counselors, if any, with whom YOU have consulted or who have diagnosed or treated YOU for any mental or emotional condition or any other conditions as alleged in YOUR COMPLAINT since July 1, 2014 to the present.

**RESPONSE TO INTERROGATORY NO. 20:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, particularly given its temporal scope dating back to 2014 and also relating to issues that include his marriage. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege, work product doctrine, the physician-patient privilege and spousal privileges. Plaintiff also objects to the extent this interrogatory seeks information that is protected from disclosure by Plaintiff's Constitutional right to privacy and by the privacy rights of third parties. Plaintiff objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims or defenses in this action.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff has not received treatment since being terminated by Defendant.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

DATED: April 2, 2025.   LAW OFFICE OF ESPERANZA CERVANTES ANDERSON

By: _____
Esperanza Cervantes Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

# VERIFICATION

I, Patrick Byrne, declare:

I am the plaintiff in the above-entitled action. I have read the foregoing "PLAINTIFF PATRICK BYRNE'S RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE" and know the contents thereof and certify that the same are true of my own knowledge.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 2, 2025 at Winters, California.

By: _____
      Patrick Byrne

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action, and my business address is Law Office of Esperanza Cervantes Anderson, 1037 N. Allen Avenue, Pasadena, California 91104 (the "business").

On April 2, 2025, I served the following document(s): **PLAINTIFF PATRICK BYRNE'S RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Stacy L. Fode (sfode@nfclegal.com)
> Nana Yee (nyee@nfclegal.com)
> NUKK-FREEMAN & CERRA, P.C.
> 1230 Columbia Street, Suite 860
> San Diego, California 92101

_____ BY REGULAR U.S. MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Pasadena, California.

\_\_X\_\_ BY E-MAIL: I sent a true and complete copy of the document(s) described above by electronic transmission to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list.

_____ BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE: I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

_____ BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the above address(es). I sent a true and complete copy of the document(s) described above to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list pursuant to agreement by counsel to accept personal service via e-mail service.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

\_\_X\_\_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 2, 2025 at Pasadena, California.

_____
Esperanza Cervantes Anderson

- 22 -

PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

# EXHIBIT B

```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE CENTRAL DISTRICT OF CALIFORNIA

 3

 4   PATRICK BYRNE, an individual,    )
                                      )
 5              Plaintiff,            )
                                      )
 6        vs.                         ) No.
                                      ) 8:24-cv-01989-MWC
 7   AMERIS BANK, a Georgia           ) (JDEx)
     corporation,                     )
 8                                    )
                Defendant.            )
 9

10         VIDEOCONFERENCE DEPOSITION OF PHILIP F. SILVA

11                       October 28, 2025

12                     Continuation of Volume 1

13                     Taken Remotely Via Zoom

14

15

16

17

18

19

20

21

22

23

24
              Reporter:  Christy Sheppard, CCR, RPR
25
```



```
 1        you," correct?
 2   A    That's what it reads, yes.
 3   Q    That's what you wrote, right?
 4   A    Yes.
 5   Q    And so --
 6   A    Who what?
 7   Q    Who is them?  You said you have been very clear with
 8        them, is that Ameris?
 9   A    Yes.
10   Q    And you also state that you have been very clear with
11        Pat, that Balboa Capital is a much better company with
12        Pat Byrne as the CEO, correct?
13   A    If he was positive and wanted to be here, yes.
14   Q    Your next bullet point says, "They want you to be here if
15        you want to be here," right?
16   A    Yes.
17   Q    Who is the they?
18   A    Top of the bullets with regards to Jim and Ameris.
19   Q    So that means Ameris wanted Pat Byrne to be there if Pat
20        Byrne wanted to be there, right?
21   A    If he was engaged and positive he could have been a real
22        positive force.  The unfortunate thing is he was the
23        alternative of that.
24                    MR. CORCORAN:  Move to strike the
25        nonresponsive portion.
```



```
 1                    THE WITNESS:  Or the inverse of that.
 2                    MR. CORCORAN:  I still move to strike
 3      nonresponsive portions.
 4                    THE WITNESS:  He was paranoid.
 5   Q  (By Mr. Corcoran)  Your next bullet point says -- well,
 6      strike that before we move on.
 7           The only thing Patrick Byrne was not positive about
 8      was how the LTIP was being calculated, true?
 9                    MS. YEE:  Objection.  Assumes facts
10      not in evidence.
11                    THE WITNESS:  I would say that's not
12      true.
13   Q  (By Mr. Corcoran)  Well, Patrick Byrne was critical of
14      how the LTIP was being calculated?
15   A  As a subset, yes.
16   Q  Your next bullet point says, "I didn't know about the
17      nonrenewal, but I am guessing the LTIP one percent
18      structure was the reason."  Those were your words, right?
19   A  Yeah.  We are reading it together.
20   Q  What were you guessing about the LTIP one percent
21      structure was the reason --
22   A  That it was my understanding that it was a three-year
23      arrangement, and so after the three-year arrangement
24      Ameris was looking to renegotiable going forward what
25      was -- that's all.  It was just a three-year -- we had a
```



```
 1                    MS. YEE:  Objection.  Calls for
 2      speculation.  Document speaks for itself.
 3                    THE WITNESS:  It would be hard for me
 4      to say yes considering that I can't see the attachments.
 5   Q  (By Mr. Corcoran)  Did you ever talk to Pat Byrne about
 6      his complaints about the LTIP and try to understand what
 7      his complaints were?
 8                    MS. YEE:  Objection.  Overbroad.
 9      Lacks foundation.
10                    THE WITNESS:  Pat was very frustrated
11      with the LTIP, and that's why we've read email after
12      email after email, and many of the emails over and over.
13      Yes, there was a -- Pat was very unhappy for a long
14      period of time.
15   Q  (By Mr. Corcoran)  Did you ever try to understand Pat
16      Byrne's disputes about how the LTIP calculations were
17      being made?
18                    MS. YEE:  Objection.  Calls for
19      speculation.  Lacks foundation.
20                    THE WITNESS:  Prior to the last break,
21      as you could see, there was an example of where I was
22      aggregating all of this information so that Jim and Pat
23      and me could be on the same page, which speaks to what I
24      was saying before, if Pat was motivated and Pat was
25      energized, we would be a better company with him, but --
```



1    so he was very unhappy, but we were trying to get him to
2    be happy.
3          And the problem, to answer your question, is his
4    interpretation of what he negotiated he felt like he --
5    like there was a misunderstanding, I gather.  But much of
6    this right here is accounting.  Much of this is --
7    adheres to regulatory requirements and GAAPs, general
8    accepted accounting principles, so, you know, going from
9    an independent, I suspect that there could be some
10   differences, but they didn't get reconciled ultimately.
11 Q  (By Mr. Corcoran)  Isn't it true that if Pat was right
12   about what he was complaining about, you would have
13   received additional money for the LTIP?
14                MS. YEE:  Objection.  Lacks
15   foundation.  Argumentative.  And to the extent you are
16   asking about his compensation he's not going to answer
17   that, but otherwise he can respond.
18                THE WITNESS:  Generally speaking, if
19   there were more LTIP dollars that many of our -- all of
20   the employees in question would have had a more positive
21   effect, yes.
22 Q  (By Mr. Corcoran)  All right.  Final stretch here, sir.
23 A  Are you sure?
24 Q  Absolutely.
25        You understood that all -- Pat having to complain