1  Stacy L. Fode, Esq. (SBN 199883)
2  sfode@nfclegal.com
   Nana J. Yee, Esq. (SBN 272783)
3  nyee@nfclegal.com
4  **NUKK-FREEMAN & CERRA, P.C.**
   550 West C Street, Suite 910
5  San Diego, CA 92101
6  Telephone: 619.292.0515
   Facsimile: 619.566.4741
7
8  Attorneys for Defendant
9  AMERIS BANK

10
11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| PATRICK BYRNE, an individual, | Case No. 8:24-cv-01989-MWC (JDEx) |
| Plaintiff, | **DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF PATRICK BYRNE** |
| vs. | |
| AMERIS BANK, a Georgia corporation, | Judge: Hon. Michelle Williams Court |
| Defendant. | Date: February 13, 2026 |
| | Time: 1:30 p.m. |
| | Place: Courtroom 6A |
| | Discovery Cut-Off: November 28, 2025 |
| | Pretrial Conference: May 22, 2026 |
| | Trial Date: June 1, 2026 |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL OBJECTIONS:**

Defendant Ameris Bank ("Ameris") objects generally to the declaration of Patrick Byrne ("Byrne Declaration") and cited exhibits pursuant to FRCP 56(c)(2), (3), including because it is speculative and lacks foundation (Fed. R. Evid. 602); is irrelevant and inadmissible (Fed. R. Evid. 401, 402); relies on unauthenticated "agreements" (Fed. R. Evid. 901); and, is based on inadmissible hearsay (Fed. R. Evid. 801, 802).

Ameris further respectfully submits the following written objections to the evidence in the Byrne Declaration filed in support of Plaintiff Patrick Byrne ("Byrne") Opposition to Ameris' Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("MSJ"):

| **Purported Evidence** | **Grounds for Objection** | **Ruling:** |
|---|---|---|
| 3. During the entire period before Ameris's acquisition, the company had a long operating history with relatively predictable performance. That performance was driven by established lease portfolios and underwriting models. Balboa evaluated profitability using consistent internal metrics that reflected the long-term nature of its equipment leasing business, and this approach was critical to Balboa's business model. Those metrics were used consistently for management compensation, incentive planning, and performance evaluation long before the Ameris acquisition. This established Balboa's past practice. | Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the additional grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to | Sustained: ___<br>Overruled: ___ |

---

*PATRICK BYRNE v. AMERIS BANK*                                   Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 4. In 2021, Ameris Bank pursued and ultimately acquired Balboa in December 2021. Before agreeing to sell Balboa to Ameris, Byrne evaluated multiple acquisition opportunities from other banks and financial institutions. | Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the additional grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602). | Sustained: ___<br>Overruled: ___ |
| 7. The LTIP was a significant factor in my decision to sell Balboa to Ameris and to remain with the company following the acquisition. Before agreeing to sell Balboa to Ameris, I evaluated multiple acquisition opportunities from other banks and financial institutions. The proposals that I received for Balboa were very close in terms of price and structure but differed in incentives for Byrne's and the other approximately 180 employees of Balboa. | Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the additional grounds that this statement lacks foundation (Fed. R. Evid. 602). | Sustained: ___<br>Overruled: ___ |
| 8. The LTIP pool allocation framework was established prior to the acquisition and included fixed percentage | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602). | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| **<u>Purported Evidence</u>** | **<u>Grounds for Objection</u>** | **<u>Ruling:</u>** |
|---|---|---|
| allocations for certain participants, including myself. My negotiated percentage allocation, through explicit agreement with Ameris, was a guaranteed 62.54% of the LTIP pool each year that performance thresholds were met. This arrangement was also explicitly discussed with Robert Rasmussen and Phil Silva, each of whom also received fixed percentage allocations of the LTIP pool. The remainder of the pool would then be allocated by me within pre-established framework. A true and correct copy of my email referencing Mr. Rasmussen's and Mr. Silva's fixed percentage allocations, with bates label AMERIS001198, are attached to Plaintiff's Compendium of Evidence as **Exhibit 56**. A true and correct copy of my February 10, 2023 email thread with Laura Rodriguez reflecting the Bank's approval of my LTIP payouts to Balboa Capital Personnel, with bates label AMERIS001202-001206, is attached to Plaintiff's Compendium of Evidence as **Exhibit 60**. | Objectionable on the additional grounds that this statement references an "explicit agreement with Ameris, was a guaranteed 62.54% of the LTIP pool each year the performance thresholds were met" that has never been produced or referenced in this litigation (Fed. R. Civ. P. 56(c)(1); *see F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (uncorroborated, conclusory, and self-serving affidavit insufficient to create a genuine issue of material fact); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (same); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292–93 (9th Cir. 2000) (exclusion proper where plaintiff failed to disclose theory during discovery)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt* | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | *Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues.<br><br>Objectionable on the additional grounds that the statement improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523.<br><br>Objectionable on the additional grounds that this statement references an alleged "explicit agreement," which if written, has never been authenticated in this litigation and no authenticated evidence states Byrne was allocated a guaranteed 62.54% of the LTIP pool each year (Fed. R. Evid. 901; *see Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, | |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | 925 (9th Cir. 1987) ("unauthenticated documents cannot be considered on a motion for summary judgment")).

Objectionable on the grounds that these statements regarding the LTIP allocations are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).

The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)).

Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 9. Several months before the acquisition and following the acquisition, I communicated to Balboa's key leaders, with Robert Rasmussen and Phil Silva present, that the LTIP was an important component of | Objectionable on the grounds that this statement is speculative and lacks foundation, and that the declarant lacks personal knowledge (Fed. R. Evid. 602).

Objectionable on the grounds | Sustained: ___ Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| **Purported Evidence** | **Grounds for Objection** | **Ruling:** |
|---|---|---|
| their post-acquisition compensation. Senior and mid-level leaders relied on those representations when deciding to remain with the company. I used the LTIP as a tool to retain, motivate, and reward Balboa personnel at all levels following the acquisition. | these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the grounds that the statement includes inadmissible hearsay (Fed. R. Evid. 801-802).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law*." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 11. The LTIP provided that earnings before taxes ("EBT") was to be calculated in a manner that materially followed Balboa's past practice prior to Ameris's acquisition. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>The evidence cited is not a factual | Sustained: ___<br>Overruled: ___ |

---

*PATRICK BYRNE v. AMERIS BANK*                                Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under | |

*PATRICK BYRNE v. AMERIS BANK*                                                   Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| **Purported Evidence** | **Grounds for Objection** | **Ruling:** |
|---|---|---|
|  | Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. |  |
| 12. Prior to the acquisition, Balboa evaluated profitability and performance using consistent internal operating metrics that reflected the long-term economics of its equipment leasing business, rather than GAAP financial reporting prepared for external purposes. Those internal operating metrics constituted Balboa's historical past practice and formed the baseline reflected in the LTIP's performance framework and the Pioneer operating model. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds of the parol evidence rule. The | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*　　　　　　　Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 13. In 2022, Balboa performed strongly. Ameris calculated and paid LTIP awards for the 2022 performance period, including awards to me and to other Balboa employees. My understanding at the time was that these payments confirmed that Balboa's performance satisfied the threshold required under the governing LTIP framework. Accordingly, I did not undertake an independent recalculation of EBT for LTIP purposes at that time because there was no reason for me to | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                      Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| do so: the certified outcome was that the performance threshold had been met, and LTIP payments were made in accordance with that conclusion. | Objectionable because this paragraph is contradictory to Byrne's prior testimony and statements (SSUF 38) (*Preach v. Monter Rainbow* (1993) 12 Cal. App. 4th 1441, 1451 (a party cannot create an issue of fact by a declaration that contradicts his prior pleadings)). | |
| 14. I did not understand acceptance of the 2022 LTIP payment to constitute agreement with Ameris's methodology for future performance periods or a waiver of my right to object to subsequent changes in calculation methodology. At the time, Ameris had not disclosed to me that it intended to apply GAAP globally to LTIP EBT calculations or to depart from the Pioneer model assumptions. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic* | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | *evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 15. Beginning in 2023, I learned that Ameris had determined that the Balboa Division failed to meet the LTIP performance threshold and that no LTIP payment would be made for that year. This conclusion was surprising to me because my understanding of Balboa's performance was that it had improved compared to the prior year. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable because this paragraph is contradictory to Byrne's prior testimony and statements (SSUF 17) (*Preach v. Monter Rainbow* (1993) 12 Cal. | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                              Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| | **Purported Evidence** | **Grounds for Objection** | **Ruling:** |
|---|---|---|---|
| | | App. 4th 1441, 1451 (a party cannot create an issue of fact by a declaration which contradicts his prior pleadings)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| | 16. After learning of Ameris's determination, I requested and reviewed the LTIP workbooks prepared by Ameris for the 2022 and 2023 performance periods. Based on that review, I learned that Ameris had applied calculation approaches that differed from the assumptions and practices | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible. | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| reflected in the Pioneer Q1 2021 Operating Model and Balboa's historical past practices. | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 17. In particular, Ameris appeared to take the position that GAAP accounting principles applied globally to the LTIP Earnings Before Tax calculation, rather than only where expressly identified in the LTIP. That position was inconsistent with how the LTIP had been explained to me during the acquisition and with my understanding of how LTIP performance was to be measured. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed*" | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | *extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 18. The changes I observed included, among other things, the treatment of overhead expenses, interim rent, stipulated judgments, repossessions, and the allowance for loan losses. In my experience, these items had historically been treated in a manner that reflecting Balboa's accounting methodologies prior to the acquisition. Ameris's revised approaches materially reduced Balboa's reported Earnings Before Tax for LTIP purposes, even though the underlying performance of the business had not declined to the same degree. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores,* | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | *Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)). Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 19. I raised concerns regarding these calculations because I believed they departed from the express terms of the LTIP and from Balboa's past practices. My objections were not based on a disagreement with GAAP as an accounting framework, but on my understanding that Ameris was applying GAAP selectively and in a manner | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602). Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing* | Sustained: ___ Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| inconsistent with the LTIP's key assumptions as defined in the LTIP agreement. Under my calculations, the threshold EBT for 2023 had been satisfied and thus payment was required. A true and correct copy of a July 24, 2023 email thread reflecting my concerns from me to James LaHaise and copying others, with bates label AMERIS0014104, is attached to Plaintiff's Compendium of Evidence as **Exhibit 57**. | *House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)). | |
| 20. When I raised these concerns, Ameris responded by asserting that the LTIP calculations were required to follow GAAP and that the performance threshold therefore had not been satisfied. Ameris did not state that it was exercising discretion under the LTIP, nor did it identify any provision authorizing it to override the Pioneer operating model or materially depart from Balboa's historical practices. Following my discussions, James LaHaise acknowledged that the 2022 LTIP calculation required an adjustment, and he issued a reconciliation. Still, the reconciliation did not fully resolve the inconsistencies that I had raised as to the 2022 LTIP Pool calculation. A true | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable on the grounds that these statements regarding the LTIP calculations are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| and correct copy of my April 28, 2022 email exchange with Mr. LaHaise is attached to Plaintiff's Compendium of Evidence as **Exhibit 55**. | The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 21. In or around the summer of 2023, Ms. Stokes and Mr. LaHaise traveled to California and met with me in person. During that meeting, I reiterated my concerns regarding Ameris's LTIP | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable on the grounds that these statements regarding the in- | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| calculation methodology and its consistency with the LTIP Agreement, the Pioneer operating model, and pre-acquisition practices. No agreement was reached, and my concerns remained unresolved following that meeting. | person meeting are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § | |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 22. Throughout this period, my focus remained on operating the Balboa Division and improving its performance. I did not attempt to manipulate or revise LTIP calculations to make performance appear to meet any target, nor did I instruct any employee to violate Ameris's internal controls or accounting procedures. | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___ Overruled: ___ |
| 23. From my perspective, the dispute was not about accounting theory, but about whether the LTIP would be administered as promised—by materially following Balboa's past practices – or whether Ameris could redefine performance after the fact in a manner that reduced or eliminated earned incentives. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).

Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___ Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible.<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "*even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law.*" *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. | |
| 24. I raised these concerns repeatedly and in good faith because the LTIP affected not only my compensation, but also the compensation of other Balboa leaders who relied on the LTIP when deciding to remain with the company following the acquisition. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible. | |
| 25. After I raised concerns regarding the LTIP calculations both verbally and in writing, including through multiple emails in 2023 and 2024, my relationship with Ameris leadership deteriorated. I was increasingly portrayed as difficult or disruptive, even though my focus remained on Balboa's performance and the integrity of the LTIP process. While I did not characterize my concerns as "retaliation" while still employed, I repeatedly raised substantive objections to the LTIP calculations and their impact on compensation through the channels available to me. For example, I did not undermine Mr. Phil Silva in any communication, nor did I have any intention of doing so. I did not believe that my LTIP- | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Byrne's opinion of the nature of his position and performance does not create a triable issue of material fact (*Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270 (9th Cir. 1996) (concluding, despite the plaintiff's claims that she had performed her job well, that "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact"); *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–29 n.6 (9th Cir. 2006) (plaintiff may not defeat a motion for summary judgment "by relying solely on the plaintiff's subjective belief that the challenged [ ] action was [wrong]")). | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| related discussions with him or others were inappropriate or unprofessional. A true and correct copy of a January 19, 2024 email I received from Phil Silva, with bates label PLAINTIFF 001531-001533, is attached to the Compendium of Evidence as **Exhibit 64**. | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). <br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible. | |
| 27. My 2023 annual performance review did not document that I failed to meet the performance goals that were established for me or for the Balboa Division at the beginning of the year. The goals referenced in the review were not goals that had been set for me at the outset of 2023, and I achieved the operational and financial objectives that had actually been established for that year. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602). <br><br>Byrne's opinion of the nature of his position and performance does not create a triable issue of material fact (*Bradley v. Harcourt, Brace & Co.,* 104 F.3d 267, 270 (9th Cir. 1996) (concluding, despite the plaintiff's claims that she had performed her job well, that "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact"); *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–29 | Sustained: ___ <br> Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                     Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| | n.6 (9th Cir. 2006) (plaintiff may not defeat a motion for summary judgment "by relying solely on the plaintiff's subjective belief that the challenged [ ] action was [wrong]")).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds these statements are irrelevant (Fed. R. Evid. 401, 402) and therefore inadmissible. | |
| 28. Although I did not always memorialize my concerns in the specific email chains Ameris now cites, I raised concerns regarding Ameris's LTIP calculation methodology and treatment of the LTIP pool through multiple communications and discussions, including with Ameris personnel involved in compensation and accounting. Ameris did not meaningfully | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| address the substance of my concerns. Instead, the same disputed methodologies continued to be applied. | (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)). | |
| 29. In early February 2024, Mr. LaHaise sent me a written response to the LTIP issues I had raised. I did not refuse to discuss these issues by phone, and I remained willing to engage regarding the proper application of the LTIP. Mr. LaHaise's February 5, 2024 email reflected Ameris's position, but it did not resolve my disputes regarding the LTIP calculations or the amounts owed. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___<br>Overruled: ___ |
| 30. In 2024, Ameris issued a non-renewal notice regarding my employment, while at the same time continuing to engage in discussions with me about my role and responsibilities. These mixed messages reinforced my belief that the compensation disputes | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Byrne's opinion of the nature of his position and performance does not create a triable issue of material fact (*Bradley v. Harcourt,* | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
| had strained my relationship with Ameris leadership. | *Brace & Co.,* 104 F.3d 267, 270 (9th Cir. 1996) (concluding, despite the plaintiff's claims that she had performed her job well, that "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact"); *Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–29 n.6 (9th Cir. 2006) (plaintiff may not defeat a motion for summary judgment "by relying solely on the plaintiff's subjective belief that the challenged [ ] action was [wrong]")). Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 31. At the time of my termination in June 2024, my entitlement under the 2024 LTIP was not uncertain. My entitlement to the 2024 LTIP was guaranteed according to my Employment Agreement, not on continued employment through year-end. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602). Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to | Sustained: ___ Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF PATRICK BYRNE

| | **Purported Evidence** | **Grounds for Objection** | **Ruling:** |
|---|---|---|---|
| | | create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)). | |
| | 32. Ultimately, Ameris terminated my employment. I do not understand this decision to have been based on performance issues. Indeed, I was informed that my termination was determined to be "without cause," but it followed my repeated objections to Ameris's LTIP calculations and my efforts to secure proper compensation for Balboa employees. Ameris did not terminate me for performance deficiencies, relationship issues, or any failure to follow internal controls, and I dispute that any of those asserted reasons accurately reflect my conduct or the Balboa Division's performance. I would have | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Byrne's opinion of the nature of his position and performance does not create a triable issue of material fact (*Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (concluding, despite the plaintiff's claims that she had performed her job well, that "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact"); *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028–29 n.6 (9th Cir. 2006) (plaintiff may not defeat a motion for summary judgment "by relying solely on the | Sustained: ___<br>Overruled: ___ |

| | Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|---|
| | liked to continue in the role of Division CEO. A true and correct copy of my February 28, 2024 email to Phil Silva regarding this subject, with bates label AMERIS001521, is attached to Plaintiff's Compendium of Evidence as **Exhibit 58**. | plaintiff's subjective belief that the challenged [ ] action was [wrong]")).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)). | |
| | 33. I was not informed that my employment was being terminated prior to receiving Ameris's June 27, 2024 termination email. | Objectionable on the grounds that this statement is speculative and lacks foundation (Fed. R. Evid. 602).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts and any supporting evidence as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling: |
|---|---|---|
|  | (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable because this paragraph is contradictory to Byrne's prior testimony and statements (SSUF 115-117) (*Preach v. Monter Rainbow* (1993) 12 Cal. App. 4th 1441, 1451 (a party cannot create an issue of fact by a declaration which contradicts his prior pleadings)). |  |

Dated:  January 30, 2026            **NUKK-FREEMAN & CERRA**


By:    */s/Stacy L. Fode*
       Stacy L. Fode, Esq.
       Nana J. Yee, Esq.
       Attorney for Defendant
       AMERIS BANK

---