1  Stacy L. Fode, Esq. (SBN 199883)
   sfode@nfclegal.com
2  Nana J. Yee, Esq. (SBN 272783)
3  nyee@nfclegal.com
   **NUKK-FREEMAN & CERRA, P.C.**
4  550 West C Street, Suite 910
5  San Diego, CA 92101
   Telephone: 619.292.0515
6  Facsimile: 619.566.4741
7
8  Attorneys for Defendant
   AMERIS BANK
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>　　　　Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ROBERT RASMUSSEN**<br><br>Judge: Hon. Michelle Williams Court<br>Date: February 13, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

**GENERAL OBJECTIONS:**

Defendant Ameris Bank ("Ameris") objects generally to the declaration of Robert Rasmussen ("Rasmussen Declaration") because it lacks foundation and is speculative. (Cal. Evid. Code, §§400-403). Specifically, Mr. Rasmussen has not established that he has any personal knowledge of the matters he sets forth in his declaration.[1] As such, the entirety of his declaration is irrelevant and inadmissible.

Ameris further respectfully submits the following written objections to the evidence in the Rasmussen Declaration filed in support of Plaintiff Patrick Byrne ("Byrne") Opposition to Ameris' Motion for Summary Judgment, or in the alternative, Summary Adjudication ("MSJ"):

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| 2. I was employed by Balboa for approximately nineteen years. During that entire period, I worked closely with Byrne. I served as Balboa's Chief Credit Officer and later as its Chief Operating Officer. In | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement lacks foundation to the extent this testimony is offered to establish knowledge beyond declarant's outlined herein (Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)). | Sustained: \_\_\_<br>Overruled: \_\_\_ |

---

[1] In addition to these Objections, Rasmussen is not a neutral witness. He previously filed his own employment lawsuit against Ameris, notwithstanding that he had executed a Release Agreement knowingly releasing those claims and accepting severance payments. That action was dismissed with prejudice.

---

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| those roles, I oversaw multiple operational departments, including Credit, Portfolio Management, Information Technology, Accounting Operations, and the Business Center. | | |
| 3. Prior to Balboa's acquisition by Ameris, the departments I oversaw reported through Balboa's internal management structure. Decisions regarding operations, staffing, budgeting, and workflow were coordinated internally within Balboa. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402). | Sustained: ___<br>Overruled: ___ |
| 4. Before the acquisition closed, I was not informed that | Objectionable on the grounds that this statement is irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402). | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| the departments I oversaw would no longer report through Balboa's leadership structure or that they would instead be subject to direct oversight by Ameris personnel following the transaction. I learned this for the first time approximately six to eight months after the acquisition. | | |
| 5. Before the acquisition, I was aware that the Long-Term Incentive Plan ("LTIP") was introduced in connection with Ameris' acquisition of Balboa and was an important component of the transaction for | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that these statements by third parties regarding the LTIP are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable on the grounds that the statement is speculative, lacks foundation because the declarant fails to establish involvement in the acquisition negotiations, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| Balboa leadership, including Patrick Byrne. Prior to the acquisition, Balboa had bonus programs, but ultimate decisions regarding those bonuses were made by Byrne. Before the acquisition, I had discussions regarding the LTIP with Jim LaHaise, Byrne, and Phil Silva. | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).

The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 6. Prior to the acquisition closing, Byrne communicated to me, both verbally and in writing, that my LTIP allocation would be seven percent (7%) of the LTIP pool each year performance | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).

Objectionable on the grounds that these alleged statements regarding the terms and allocation of the LTIP are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).

Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| thresholds were met. These communications occurred before the transaction closed and were consistent with how the LTIP was discussed internally at Balboa. | personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable on the grounds that the declarant references alleged written communications concerning the LTIP terms, but no writing is produced, a violation of the best-evidence rule (Fed. R. Evid. 1002).<br><br>Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues.<br><br>The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary | |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| | evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 7. I understood my LTIP allocation, including the allocations to Byrne and Phil Silva, to be fixed as part of the pre-acquisition compensation framework. At no time prior to the acquisition was I told that my LTIP allocation was discretionary, subject to post-closing approval, or contingent on Ameris's later determination. No one from Ameris ever told me, either before or after closing, that my LTIP percentage could be changed or revoked. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).

Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).

Objectionable on the grounds that this statement refers to an agreement related to a fixed LTIP that has never been produced or authenticated in this litigation (Fed. R. Civ. P. 56(c)(1); Fed. R. Evid. 901).

The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)).

Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___ Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues.<br><br>The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 8. I was also aware that fixed LTIP percentage allocations were established for certain | The alleged "62.54% entitlement" appears nowhere in the pleadings, written discovery responses, deposition testimony of declarant, or any document produced in fulsome discovery. This assertion appears for the *first time* in | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| other Balboa executives prior to the acquisition, including for Byrne at 62.5% and Phil Silva at 16%, and that the remaining portion of the LTIP pool would be allocated based on a framework that reward those that were most valuable to Balboa and that Silva and I would be consulted by that Byrne would be the ultimate decision maker. I understand that my employment agreement and LTIP Award Agreement were the same as Byrne's and Silva's, except with respect to the LTIP Pool percentage. | this declaration and finds no support in the governing agreements or the evidentiary record.<br><br>Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). Objectionable on the grounds that these statements regarding the LTIP allocations are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable on the grounds that this statement refers to an agreement related to a fixed LTIP that has never been produced or authenticated in this litigation (Fed. R. Civ. P. 56(c)(1); Fed. R. Evid. 901).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can | |

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
|  | disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). <br><br> Objectionable on the grounds that the declarant references and compares the contents of multiple written employment agreements and the LTIP, but no writings are produced, a violation of the best-evidence rule (Fed. R. Evid. 1002). <br><br> Objectionable on the grounds of the parol evidence rule. The declaration relies on extrinsic evidence to interpret a written agreement, even though "even when conflicting evidence may be drawn from the undisputed extrinsic evidence or extrinsic evidence renders the contract terms susceptible to more than one reasonable interpretation, the court interprets the contract as a matter of law." *Wolf v. Walt Disney Pictures & Television*, 162 Cal. App. 4th 1107, 1126–27 (2008); Cal. Code Civ. Proc. § 1856. Such parol evidence is irrelevant and inadmissible under Fed. R. Evid. 402 and may also be excluded under Fed. R. Evid. 403 because it risks unfair prejudice and confusion of the issues. <br><br> The declaration improperly paraphrases |  |

*PATRICK BYRNE v. AMERIS BANK*  
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS  
TO THE DECLARATION OF ROBERT RASMUSSEN

Case No. 8:24-01989

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 9. After the acquisition, I understood that Byrne continued to make recommendations regarding LTIP allocations for employees within Balboa, including based on input from department heads such as myself. Those recommendations were consistent with the allocation framework that had been established prior to the acquisition. Based on my understanding, | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c).)<br><br>Objectionable on the grounds that these statements regarding the LTIP with third parties are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| Byrne developed and implemented that framework. I did not understand Ameris to retain discretion to deny payment of earned LTIP allocations once applicable performance thresholds were met. | (9th Cir. 2002)).

The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 10. Following the acquisition, Byrne communicated the LTIP to Balboa's leadership team as a significant component of post-acquisition compensation. Based on my conversations with Byrne and my own observations, the LTIP was a major incentive for retaining employees following the acquisition. | Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).

Objectionable on the grounds that these statements regarding the LTIP with the leadership team are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).

The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)). | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). <br><br> The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 11. In my role, I observed that the LTIP was an important tool for retaining leadership and maintaining stability during the transition following the sale of Balboa. | Objectionable on the grounds that these statements are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402). <br><br> Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). | Sustained: ___ <br> Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS  
TO THE DECLARATION OF ROBERT RASMUSSEN

Case No. 8:24-01989

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
|  | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). |  |
| 12. Both before and after the acquisition, Byrne remained highly involved in the management of Balboa. He consistently participated in operational discussions, strategic planning, and performance oversight. | Objectionable on the grounds that these statements are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>Objectionable on the grounds that these statements regarding operational discussions are hearsay and therefore | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | inadmissible (Fed. R. Evid. 801-802). | |
| 13. At all relevant times, Byrne was the hardest-working person at Balboa that I observed. His level of involvement remained high even as operational complexity increased following the acquisition. | Objectionable on the grounds these statements are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___<br>Overruled: ___ |
| 14. To my knowledge, Byrne never instructed me to violate accounting controls, compliance requirements, or internal procedures. | Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |
| 15. I participated in | Objectionable on the grounds that this | Sustained: ___ |

*PATRICK BYRNE v. AMERIS BANK*   Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| several telephone and Microsoft Teams calls that included Byrne, myself, and other Ameris personnel, during which Byrne openly expressed his disagreement with the manner in which the LTIP was being calculated. Based on my observations, those discussions reflected genuine disagreements regarding LTIP calculation methodology, not any effort to circumvent controls or procedures. | statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). Objectionable on the grounds that these statements regarding the LTIP calculations are hearsay and therefore inadmissible (Fed. R. Evid. 801-802). The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)). Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the | Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
|  | writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. |  |
| 16. During the relevant period, Patrick Byrne never told me that he intended to quit or resign. | Objectionable on the grounds these statements are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation because the declarant was not present and/or was on leave for much of the relevant timeframe and ceased working at the company in March 2024, and reflects a lack of personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |

Dated:  January 30, 2026               **NUKK-FREEMAN & CERRA**

By:   */s/Stacy L. Fode*
        Stacy L. Fode, Esq.
        Nana J. Yee, Esq.
        Attorney for Defendant
        AMERIS BANK

---

*PATRICK BYRNE v. AMERIS BANK*                                         Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF ROBERT RASMUSSEN