Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JACQUIE EMERT**<br><br>Judge: Hon. Michelle Williams Court<br>Date: February 13, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

**GENERAL OBJECTIONS:**

Defendant Ameris Bank ("Ameris") objects generally to the declaration of Jacquie Emert ("Emert Declaration") because it lacks foundation. (Cal. Evid. Code, §§400-403). Specifically, Ms. Emert has not established that she has any personal knowledge of the matters she sets forth in this Declaration. As such, the entirety of her Declaration is irrelevant and inadmissible.

Ameris further respectfully submits the following written objections to the evidence in the Emert Declaration filed in support of Plaintiff Patrick Byrne ("Byrne") Opposition to Ameris's Motion for Summary Judgment, or in the Alternative, Summary Adjudication ("MSJ"):

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| 2. I began working at Balboa in or around April 1989, just one year after the company was founded. Over the course of my employment at Balboa, I served in various roles, including my last role as Vice President of Loan Operations for the Balboa Capital division of Ameris. Prior to Ameris's acquisition of Balboa I was the manager of accounting operations. I worked closely with Mr. Byrne and other members of Balboa's senior leadership for decades. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement lacks foundation, is speculative, and lacks personal knowledge (Fed. R. Evid. 602 and Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |

---

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF JACQUIE EMERT

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| 3. During the period when Balboa was privately held, I had responsibility for significant aspects of Balboa's accounting processes. Through this work, I became very familiar with Balboa's historical business practices, internal controls, and performance metrics. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement lacks foundation, is speculative, and lacks personal knowledge (Fed. R. Evid. 602 and Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |
| 4. Prior to Ameris's acquisition of Balboa, Balboa operated with substantial internal controls and external oversight. Balboa regularly worked with lenders, auditors, rating agencies, and regulatory and compliance professionals, including with respect to accounting practices, tax compliance, and lease administration. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation, and that the declarant lacks personal knowledge (Fed. R. Evid. 602, 701 and Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |
| 5. In my experience, Balboa's accounting and operational practices were well established and consistently applied over time, including Balboa's internal | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that this statement is | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| performance metrics. Balboa's pre-acquisition internal operational metrics and incentive plans were not required to conform to GAAP as they served a different purpose than external financial reporting. | speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable on the grounds that this statement offers opinions regarding GAAP requirements and accounting standards, which constitute improper expert opinion (Fed. R. Evid. 702).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 6. During the period leading up to Ameris's acquisition of Balboa, I was aware that a Long-Term Cash Incentive Plan ("LTIP") at issue was discussed as a significant component of the post-acquisition compensation structure for Balboa's leadership. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that these statements regarding LTIP discussions are hearsay and therefore inadmissible (Fed. R. Evid. 801-802). | Sustained: ___<br>Overruled: ___ |

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701 and Fed. R. Civ. P. 56(c)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.,* 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the | |

| Purported Evidence | Grounds for Objection | Ruling |
|---|---|---|
| | requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 7. Based on my discussions with Mr. Byrne and my involvement in Balboa's leadership communications, I understood that the LTIP was intended to reward strong performance following the acquisition and was discussed internally as an important component of post-acquisition compensation. | Objectionable on the grounds that these statements regarding LTIP leadership communications are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701 and Fed. R. Civ. P. 56(c)).<br><br>The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha* | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | *Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)).<br><br>The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 8. I also understood that the LTIP pool allocation framework, including fixed percentages for certain participants, such as Mr. Byrne, and a remaining portion subject to allocation by Mr. Byrne, was established prior to the acquisition and was not determined after the fact. | Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable on the grounds that these statements regarding the LTIP allocation framework are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable on the grounds that this statement refers to an agreement related to a fixed LTIP that has never been produced or authenticated in | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*     Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF JACQUIE EMERT

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | this litigation (Fed. R. Civ. P. 56(c)(1); Fed. R. Evid. 901). Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). The evidence cited is not a factual statement; it is a factual and/or legal conclusion and is insufficient to create a triable issue of fact (*Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 777 (9th Cir. 2010)). Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). The declaration improperly paraphrases and interprets documents that speak for themselves. The contract language is to govern its interpretation. Cal. Civ. Code § 1638. Testimony offered to | |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | prove the contents of a writing in lieu of the writing itself, without satisfying the requirements of the secondary-evidence rule, constitutes improper secondary evidence and is irrelevant. Fed. R. Evid. 402, 1004; Cal. Evid. Code § 1523. | |
| 9. During 2023 and 2024, Ameris personnel, including members of senior leadership, periodically visited Balboa's offices. In connection with those visits, I assisted with scheduling, logistics, and meeting arrangements, and I was generally aware of the topics being discussed. | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)). | Sustained: ___<br>Overruled: ___ |
| 10. Based on my involvement, meetings with Ameris personnel during these visits addressed a range of operational, accounting, and performance issues. In my experience, Mr. Byrne's concerns regarding LTIP calculations were not resolved | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable on the grounds that these statements regarding meetings with Ameris personnel are hearsay and therefore inadmissible (Fed. R. Evid. 801-802). | Sustained: ___<br>Overruled: ___ |

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
DEFENDANT AMERIS BANK'S EVIDENTIARY OBJECTIONS
TO THE DECLARATION OF JACQUIE EMERT

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| during these visits and remained an ongoing point of disagreement. | Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | |
| 11. Throughout the post-acquisition period, Mr. Byrne remained actively engaged in the leadership of the Balboa Division. In my experience, he continued to focus on Balboa's performance and to advocate for compensation that he believed was consistent with the LTIP and with Balboa's historical practices. | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable on the grounds that statements made prior to the acquisition are irrelevant and therefore inadmissible (Fed. R. Evid. 401, 402).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, | Sustained: ___<br>Overruled: ___ |

| **Purported Evidence** | **Grounds for Objection** | **Ruling** |
|---|---|---|
| | 1059 n.5, 1061 (9th Cir. 2002)). | |
| 12. I did not observe Mr. Byrne disengaging from his role or instructing employees to disregard Ameris's policies or procedures. To the contrary, his communications reflected a desire to address what he believed were discrepancies in how the LTIP was being calculated and applied by Ameris. | Objectionable on the grounds that this statement is speculative, lacks foundation, and the declarant lacks personal knowledge (Fed. R. Evid. 602, 701; Fed. R. Civ. P. 56(c)).<br><br>Objectionable on the grounds that these statements regarding communications are hearsay and therefore inadmissible (Fed. R. Evid. 801-802).<br><br>Objectionable because the court can disregard conclusory, self-serving declarations that lack detailed facts or supporting evidence, as they are insufficient to create a genuine issue of material fact (*F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002)). | Sustained: ___<br>Overruled: ___ |

Dated: January 30, 2026

**NUKK-FREEMAN & CERRA**

By:  */s/Stacy L. Fode*
Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorney for Defendant
AMERIS BANK