Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE REPORT AND TESTIMONY FROM PLAINTIFF'S EXPERT DEBORAH DICKSON AS UNTIMELY**<br><br>Judge: Hon. Michelle Williams Court<br>Date: March 13, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

---

*PATRICK BYRNE v. AMERIS BANK*                                                                                       Case No. 8:24-01989
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report
and Testimony from Plaintiff's Expert Deborah Dickson as Untimely

# I. PRELIMINARY STATEMENT

Ameris Bank ("Ameris") seeks to exclude from the evidentiary record the opinions of Plaintiff Patrick Byrne's ("Byrne") economic expert, Deborah Dickson ("Ms. Dickson"), as set forth in her January 2, 2026 expert report ("Dickson Report") and related deposition testimony. Byrne failed to serve the Dickson Report as required under Federal Rule of Civil Procedure 26 until almost one month after the deadline set forth in the applicable scheduling order, which has severely prejudiced Ameris, and accordingly should be barred from presenting the opinions and testimony set forth therein pursuant to Rule 26(a)(2)(B) and Rule 37(c). Further, while Ameris moves *in limine* to exclude Ms. Dickson's opinions for purposes of trial and otherwise, it respectfully requests advanced hearing prior to the Final Pretrial Conference (set for May 22, 2026) because the relief it seeks is related to its pending Motion for Summary Judgment, which is currently scheduled for hearing on February 13, 2026. (Dkts. 22, 93.)[1]

# II. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff Missed the Deadline to File an Initial Expert Report.

Pursuant to this Court's Scheduling Order (Dkt. No. 22), the deadline for initial expert disclosures was December 5, 2025. On December 5, 2025, Byrne disclosed Ms. Dickson as an economic expert in his Initial Expert Disclosure and clarified his intent to use Ms. Dickson as an affirmative expert to prove his claims. Declaration of Stacy Fode in Support of Ameris's Motion *in Limine* No. 1 ("Fode Decl."), ¶ 4, Ex. A ("Byrne Disclosure") at 3 (designating Dickson to opine on Plaintiff's key claims relating to "[Ameris's] calculations of the LTIP [Long-Term Cash Incentive Plan]," Plaintiff's "economic damages" and Defendant's "financial condition"). However, without explanation, Byrne failed to serve Ms. Dickson's initial expert report together with his initial disclosure, as required by Rule 26(a)(2)(B). Fode Decl. ¶ 6; Fed. R. Civ. P. 26(a)(2)(B). On the other hand, Ameris disclosed its economic expert, MaryEllen Sebold

---

[1] This Motion is being filed together with Defendant's related Motion *in Limine* No. 2, which seeks to exclude Ms. Dickson's report and testimony as unreliable, improper or otherwise inadmissible under the Federal Rules of Evidence and applicable law.

*PATRICK BYRNE v. AMERIS BANK*     Case No. 8:24-01989
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely     Page 1

("Ms. Sebold") and served her extensive Rule 26 expert report on Byrne by the December 5 deadline. Fode Decl. ¶ 7. Due to the year-end holidays, the parties stipulated to extend the expert rebuttal deadline to January 2 and the expert discovery cutoff to January 16, which the Court granted on December 19. (Dkts. 88, 92.)

### B. Ameris Moved for Summary Judgment Before Receiving Dickson's Untimely Report, Which Byrne Mischaracterized as a "Rebuttal" Report.

On December 26, 2025, Ameris filed a Motion for Summary Judgment without having received any expert report for Ms. Dickson, or notice that Byrne intended to rely on her opinions for summary judgment. Fode Decl. ¶¶ 6, 22. Without seeking a stipulation or Court permission to submit a late initial report or offering justification, Byrne served Ms. Dickson's expert report on January 2, 2026, the *rebuttal* report deadline. *Id.* ¶¶ 9, 11 and Ex. B ("Dickson Report"). While the Dickson Report purports to make (and repeatedly makes) affirmative opinions,[2] and is titled "Rule 26(a)(2)(B) Expert Report" (referencing the rule for witnesses who will "present evidence" at trial), Byrne's counsel described it as a "rebuttal report," and insisted that Ms. Dickson be deposed after Ms. Sebold because she was solely designated as a *rebuttal* expert, not an affirmative expert. Fode Decl. ¶¶ 12, 14, Exs. B, C, D; Fed. R. Civ. P. 26(a)(2)(A).

### C. Dickson Made Affirmative Opinions, and Improperly Sought to Amend Her Report Immediately Before and During Her Deposition.

On January 13, 2026 (two days before Ms. Dickson's deposition on January 15), Byrne produced Ms. Dickson's expert file. *Id.* ¶ 16. Unbeknownst to Defendant (and without any notice or explanation from Byrne's counsel), Ms. Dickson's file improperly added new documents that were not referenced or cited in the Dickson Report. *Id.* ¶¶ 17,

---

[2] For example, the Dickson Report notes that Ms. Dickson was retained by Byrne's counsel prior to the December 5 deadline, with the express purpose of proving economic damages to support Plaintiff's case-in-chief – rather than solely to rebut Ms. Sebold's report – by stating, "*Specifically, I was asked to analyze and quantify any economic damages suffered by Plaintiff due to Defendant's alleged actions. I was also asked* to respond to the opinions and comments expressed by Ms. Sebold." Dickson Report at 2, ¶ 11 (emphasis added).

---

*PATRICK BYRNE v. AMERIS BANK*  
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 2

20, Ex. E (Deposition of Deborah Dickson ("Dickson Dep.")) at 20:25-21:6, 24:13-25:5. The expert file also contained documents that Ms. Dickson later claimed (at her deposition) represented **brand new calculations of Byrne's economic damages.** Dickson Dep. at 120:3-121:10. Without advance notice from Byrne's counsel, Ms. Dickson testified that these new calculations should be added as new exhibits to her report (despite being based on information available to her at the time she wrote the report), effectively seeking to supplement her (already untimely) expert report at her own deposition. *Id.* at 15:20-17:3; 120:3-122:4; Fode Decl. ¶ 21. During her deposition, Ms. Dickson also testified about an additional alternative calculation, which she did not include in her ***expert report or expert file***, and which she presented to Defendant for the first time ***during her deposition***. Dickson Dep. at 15:20-17:11; 120:12-121:10.

When asked about the purpose and scope of her opinions and her role as an affirmative or "rebuttal" expert, Ms. Dickson testified that her "assignment" was to provide a report that would make affirmative damages calculations and conclusions, in addition to reviewing Ms. Sebold's report.[3] Ameris made a record and reserved all rights to challenge Ms. Dickson's testimony, including by motion. *Id.* at 122:5-9.

### D. Byrne Relied on Dickson's Opinions in Opposing Summary Judgment Without Permitting Defendant an Opportunity to Rebut Them.

Because Byrne served the Dickson Report on the rebuttal report deadline (January 2) and offered Dickson for deposition as a "rebuttal" expert the day before expert discovery closed (on January 16), Ameris had no opportunity to rebut Ms. Dickson's opinions. Dkt. 88, Fode Decl. ¶¶ 9, 14, 23. On January 23, 2026, Byrne filed his Opposition to Ameris's Motion for Summary Judgment, relying in part upon Ms. Dickson's affirmative opinions. Dkt. 108, Fode Decl. ¶¶ 24-25. On January 28, 2026, Ameris advised Byrne's counsel of its intent to seek exclusion of Ms. Dickson's opinions

---

[3] *Id.* at 117:1-12 (describing the assignment to "review the LTIP agreement, make our own calculations, and identify whether, for the years '22 and '23, Mr. Byrne exceeded the [LTIP] thresholds," and also to review certain issues relating to "nonrefundable security deposits" in addition to "*review[ing] Ms. Sebold's report and create[ing] comments therein."*) (emphasis added); *id.* at 25:9-22 (same).

PATRICK BYRNE v. AMERIS BANK
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 3

and testimony as untimely, irrelevant and inadmissible. Fode Decl. ¶ 33, Ex. F. On January 29, 2026, the parties held a Rule 7-3 meet and confer, during which Byrne's counsel confirmed that Byrne would not stipulate to exclusion. Fode Decl. ¶ 35.

## III. LEGAL ARGUMENT

### A. Rule 26 Violations and Rule 37 Sanctions Support Exclusion *in Limine.*

Rule 26 requires a party to disclose the identity of each witness it intends to rely on for affirmative expert testimony, *together with that expert's report*. Fed. R. Civ. P. 26(a)(2)(B) (initial disclosures "must be accompanied by [the expert's] written report"); *id.* at 26(a)(2)(D) ("A party must make these disclosures *at the times and in the sequence that the court orders*" in accordance with Rule 26) (emphasis added). Rule 37 "gives teeth" to Rule 26 by forbidding a party who fails to timely provide information required under Rule 26(a) from using that evidence "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," in addition to authorizing other forms of sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (describing Rule 37(c)(1) as a "self-executing," "automatic" sanction intended to "provide[ ] a strong inducement for disclosure of material . . . .") (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).

Motions seeking exclusion based on Rule 37(c) sanctions may properly be brought as motions *in limine*, particularly where, as here, the moving party would otherwise be prejudiced, including by losing the ability to challenge untimely disclosures. *See e.g.*, *Guangzhou Yucheng Trading Co., Ltd. v. Dbest Products, Inc.*, 644 F. Supp. 3d 637, 655 (C.D. Cal. 2022) (motion to exclude based on Rule 37(c) was properly raised as a motion *in limine* (after deadline for other motions had passed) because motions to exclude experts are "akin to a motion *in limine*" and moving party would otherwise be prejudiced); *MS Amlin Marine NV v. Delta Marine Indus. Inc.*, 348 F.R.D. 658, 676 (W.D. Wash. 2025) ("district courts regularly consider motions in limine requesting the exclusion of undisclosed evidence as a discovery sanction under Rule 37(c)" even after discovery motion deadline has lapsed); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175,

---

*PATRICK BYRNE v. AMERIS BANK*  
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 4

1179 (9th Cir. 2008) (motion seeking exclusion under Rule 37(c) was properly raised as sanction *in limine*, and was not required to comply with discovery motion requirements). Accordingly, Defendants are entitled to seek relief via motion *in limine*.[4]

### B. Ms. Dickson's Report and Testimony Should Be Excluded Because Her Report Was Untimely and Exceeded the Scope of a Rebuttal Report.

Byrne disclosed Ms. Dickson as an initial expert on December 5, 2025, but did not produce her report until January 2, 2026, in plain violation of Rule 26(a)(2)(B). While counsel tried to cover Byrne's failure to comply with the Rule by designating Dickson as a "rebuttal" expert, her purported "rebuttal" report fails to satisfy the narrow criteria set forth in Rule 26(a)(2)(D) because it was not intended to (and did not) "solely [] contradict or rebut evidence" on the same subject matters identified in Sebold's report.[5]

For example, in addition to calculating the LTIP cash bonuses purportedly owed to Byrne for 2022 and 2023 (utilizing undisclosed methodology), the Dickson Report concludes that Byrne was owed an additional $2,024,765.00 relating to "security deposits under the terms of the Purchase Agreement." Dickson Report at 3, ¶ 14(d). Ms. Sebold did not address "security deposits" at all. Rather, this was an entirely new category of alleged damages created by Ms. Dickson.

An expert may not disclose a plaintiff's affirmative damages theories and calculations for the first time in a rebuttal report. *See Tubio v. Adidas Am. Inc.*, 2024 WL 1191051, at *3 (C.D. Cal. Feb. 5, 2024) ("[W]here a party attempts to designate as a

---

[4] Defendant would also be severely prejudiced if precluded from challenging Plaintiff's misconduct via motion. Defendant could not have earlier challenged Ms. Dickson's untimely report via discovery motion (the deadline for such motions having closed on November 28) and did not have grounds to strike Ms. Dickson's opinions until Plaintiff relied on them in his Summary Judgment Opposition (filed on January 23, the last day to notice non-*in limine* motions by the February 20 hearing deadline under the applicable Scheduling Order and Local Rules). Fode Decl. ¶¶ 27-30. While mindful of the Scheduling Order setting motions *in limine* for hearing on the Final Pretrial Conference date (May 22), Defendant also respectfully requests advanced hearing of this Motion, which substantially impacts its pending Summary Judgment Motion, as described herein.

[5] Ms. Dickson testified that she was unaware she had been designated a rebuttal expert, Dickson Depo. at 26:21-29:9, and that she was asked to review the LTIP agreement, make her own calculations, and determine whether Byrne exceeded the applicable LTIP bonus thresholds, in addition to reviewing Ms. Sebold's opinions. *Id.* at 117:1-12.

---

*PATRICK BYRNE v. AMERIS BANK*  Case No. 8:24-01989
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely   Page 5

'rebuttal' expert someone whose proposed testimony is beyond the scope of appropriate rebuttal, that witness may be viewed as an initial expert" whose testimony "may be struck" as untimely (citation omitted)); *Lusida Rubber Prods., Inc. v. Point Indus., LLC*, 2017 WL 11631535, at *2 (C.D. Cal. Mar. 20, 2017) (expert opinions on "Plaintiff's damages are clearly part of Plaintiff's opening case" and "*not a proper topic to be first identified in rebuttal*." (emphasis added)).

Byrne did not seek a stipulation or request an extension of time from the Court to file the Dickson Report. He cannot now try to sneak an initial, affirmative report into discovery under the guise of a rebuttal report. *See, e.g.*, *Browne v. Clark*, 2025 WL 1683641, at *4 (C.D. Cal. May 22, 2025) (a party "proceed[s] at his own peril" in failing to meet expert disclosure deadlines where he failed to seek an extension of time from the court); *Lusida Rubber Prods.*, 2017 WL 11631535, at *3 (finding "no question" that plaintiff violated Rule 26 when it failed to get an extension to file its initial expert report and then later "disclosed the same retained experts it intended to rely on in its case-in-chief in the guise of rebuttal disclosures").

The purpose of Rule 26's expert disclosure requirements is to ensure that **both parties** have a full and fair opportunity to review, test and rebut the expert opinions of the other party **before** critical motion practice and trial. Having served Ms. Dickson's report approximately one month late, without justification and after Defendant moved for summary judgment, Byrne should not be permitted to rely on Ms. Dickson's report and testimony for purposes of motion practice or trial in accordance with Rule 37(c).

### C. Plaintiff Cannot Demonstrate Justification or Harmlessness.

The Ninth Circuit has made clear that "Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure," and that untimely-served expert opinions should presumptively be stricken or excluded absent a showing of substantial justification or harmlessness. *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *see also Yeti by Molly*, 259 F.3d at 1106-07 (same); *Cambridge Lane, LLC v. J-M Mfg. Co., Inc.*, 2024 WL 4101940, at *10 (C.D. Cal. Aug. 2,

*PATRICK BYRNE v. AMERIS BANK*   Case No. 8:24-01989
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely   Page 6

2024) (same); Fed. R. Civ. P. 37(c)(1). The party facing the sanction bears the burden to show that the failure to disclose is substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107. In evaluating substantial justification or harmlessness, courts consider, inter alia: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x. 705, 713 (9th Cir. 2010) (unpublished).

Here, exclusion of the Dickson Report should be "automatic" because Byrne cannot show that his untimely disclosure was substantially justified or harmless, and each of the *Lanard Toys* factors weigh in favor of exclusion.

### 1. Plaintiff's Untimely Disclosure Has Substantially Prejudiced Defendant.

Plaintiff's delay in serving the Dickson Report prejudiced Defendant in several ways. First, Ameris was entirely deprived of the opportunity to have its economic expert submit a rebuttal report in response to Ms. Dickson's affirmative opinions. By producing a fully integrated report on January 2 that addressed perceived flaws in Defendant's analysis, while simultaneously providing new, affirmative opinions (which Ms. Dickson later amended with new information supplied during, or shortly before, her deposition on January 15), Byrne deprived Defendant of any meaningful opportunity to challenge Ms. Dickson's opinions before filing its Motion for Summary Judgment on December 26, and before the close of expert discovery on January 16. Ameris suffered further prejudice when its time to prepare for the deposition of Plaintiff's damages expert was cut by more than half.  Ameris also had to incur costs in filing the instant Motion.

Courts routinely exclude expert evidence provided under similarly prejudicial circumstances. *See, e.g.*, *Churchill v. United States*, 2011 WL 444849, at *7 (E.D. Cal. Feb. 8, 2011) (finding substantial prejudice where late-disclosing plaintiff gained an unfair "litigation advantage" by "being in a position to examine and rebut" defendant's initial expert reports, while at the same time, "foreclos[ing] [defendant] from designating [its own] rebuttal expert information"); *Tubio*, 2024 WL 1191051, at *4 ("where the

---

*PATRICK BYRNE v. AMERIS BANK*  
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and  
Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 7

purported rebuttal evidence concerns the party's case in chief, as it does here," the failure to timely disclose is 'indefensible'"); *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) (belated disclosure of expert opinions that prevented the opposing party from rebutting such opinions—"because the deadline for disclosing rebuttal experts has passed"—was a "hornbook example of sandbagging" that the court would "not tolerate").[6]

### 2. Absent Exclusion, Defendant Has No Means to Cure the Prejudice.

The fact that Ameris had the opportunity to depose Ms. Dickson did not cure the harm, especially given Plaintiff's strategic decision to supplement Ms. Dickson's already late-filed report with new documentary evidence and affirmative damages calculations provided (without notice) only ***two days before*** (or during) Ms. Dickson's deposition, and just ***three days before*** the close of expert discovery. Accordingly, Ameris had no meaningful opportunity to review, test or challenge Ms. Dickson's affirmative opinions, and, having been served an incomplete and improper report on the rebuttal expert disclosure deadline of January 2, 2026, also had no opportunity to rebut Ms. Dickson's report. *See, e.g.*, *Munifi v. Abraham*, No. 821CV01143SPGDFM, 2024 WL 1094036, at *3 (C.D. Cal. Feb. 1, 2024) (substantial harm resulting from untimely expert disclosure was "not cure[d]" or justified by amendments to report provided immediately before or after expert's deposition, where timing "left no opportunity for [d]efendants to review the [report] in preparation for the deposition").

### 3. Plaintiff's Untimely Disclosure Will Continue to Negatively Impact Trial Preparation and the Court's Scheduling Order.

As noted above, Plaintiff's delayed expert disclosure has already prejudiced Defendant's pending Motion for Summary Judgment and will continue to impact the parties' trial preparation, should the Motion be denied. Even if the Court holds that Ms.

---

[6] *See also Browne*, 2025 WL 1683641, at *6 (substantively same); *Cambridge Lane*, 2024 WL 4101940, at *10 (excluding untimely expert declarations as prejudicial where they expanded the preexisting scope of expert evidence, were provided after dispositive motions were filed, and required the opposing party to file a motion to strike).

---

*PATRICK BYRNE v. AMERIS BANK*　　　　　　　　　　　　　　Case No. 8:24-01989
Defendant Ameris Bank's Motion *in Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely　　　　Page 8

Dickson may provide "true" rebuttal testimony, the Court would then have to grapple with, *inter alia*: 1) whether to require a new expert report from Ms. Dickson or strike portions of the current report; 2) whether to permit Ms. Sebold to provide a rebuttal report as to any remaining affirmative opinions; 3) whether to permit Defendant to re-depose Ms. Dickson; 4) whether to permit Ameris to file an amended Motion for Summary Judgment incorporating Ms. Dickson's report (or amended report) and any additional evidence and argument from its expert's review and rebuttal thereto, and otherwise 5) which portions of Plaintiff's Summary Judgment Opposition should be stricken because they rely upon the late report of Ms. Dickson. The Ninth Circuit has held that such disruption is not harmless, even when the trial is far in advance. *See Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005); *see also Sanchez v. Stryker Corp.*, 2012 WL 13006186, at *2 (C.D. Cal. Mar. 28, 2012) (excluding plaintiff's untimely expert report and related testimony where delay caused unfair prejudice to defendant and would "disrupt[] the [c]ourt's calendar").

### 4. Byrne's Conduct Was Willful and the Remedy is Exclusion.

As for whether Byrne's litigation conduct was willful or in bad faith, it plainly was. Ms. Dickson admitted that she was retained by Byrne in November 2025 – before the initial expert report deadline – and was asked "*specifically . . . to analyze and quantify any economic damages suffered by Plaintiff*," in addition to evaluating Defendant's expert's report. Dickson Report at 2, ¶¶ 10-11 (emphasis added). Plaintiff thus intended for the Dickson Report to support his case-in-chief – not solely to rebut Ms. Sebold's report. *Cf.* Rule 26(a)(2)(D)(ii) (narrowly defining a "rebuttal" opinion); *Tubio*, 2024 WL 1191051, at *2 (rebuttal "testimony cannot be used to advance new arguments").[7]

Because Plaintiff cannot show substantial justification or harmlessness under the *Lanard Toys* factors (or otherwise), Court should grant Ameris' motion *in limine* to exclude Ms. Dickson's report and testimony. As courts in this district and elsewhere have

---

[7] *See also City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 2022 WL 1203075, at *2 (N.D. Cal. Apr. 22, 2022) (substantively same); *Giovacchini v. Cincinnati Ins. Co.*, 2024 WL 5077099, at *3 (N.D. Cal. Dec. 10, 2024) (same).

---

recognized under similar circumstances, exclusion is the proper remedy, whether sought via a discovery motion or motion *in limine*. *See supra*, III(A). For example, in *Guangzhou v. Yucheng Trading Co., Ltd.*, plaintiff filed its rebuttal report two days after the rebuttal deadline and the defendant moved to exclude under Rule 37(c)(1) based on timeliness, as it had already filed its summary judgment motion and plaintiff had used its rebuttal report as evidence in its opposition. 644 F.Supp.3d at 655. Even though the deadline for filing motions (other than motions *in limine*) had passed, the Court struck the untimely report, finding defendant's motion to exclude akin to a motion *in limine* (for which the deadline had not passed), because (1) belated service prevented defendant from having "a meaningful opportunity" to challenge plaintiff's report in connection with summary judgment briefing; (2) defendant had no chance to cure because plaintiff had already relied on the late-filed report in its summary judgment opposition; (3) allowing the report would prejudice defendant and "disrupt the current trial schedule" by delaying decision on the pending summary judgment motion and (4) plaintiff's explanations for the delay were insufficient. *Id.* at 656. The same analysis applies here, and the same result should follow.

## IV. CONCLUSION

For these reasons, Ameris requests that the Court grant this Motion to exclude Ms. Dickson's report and testimony for all purposes, including motion practice and trial, and permit advanced hearing to resolve the issues raised herein in connection with its pending Motion for Summary Judgment.

Dated: February 6, 2026         **NUKK-FREEMAN & CERRA**

                                By:
                                    *s/Stacy L. Fode*
                                    Stacy L. Fode, Esq.
                                    Nana J. Yee, Esq.
                                    Attorney for Defendant
                                    AMERIS BANK