Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C. Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF STACY L. FODE IN SUPPORT OF DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE REPORT AND TESTIMONY FROM PLAINTIFF'S EXPERT DEBORAH DICKSON AS UNTIMELY**<br><br>Judge:  Hon. Michelle Williams Court<br>Date: March 13, 2026<br>Time: 1:30 p.m.<br>Place:  Courtroom: 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

_____
*Patrick Byrne v. Ameris Bank*                                                                          *Case No. 8:24-01989*
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and Testimony from Plaintiff's Expert Deborah Dickson as Untimely

I, Stacy Fode, declare as follows:

1. I am an attorney licensed to practice law in the State of California and in the above-entitled Court. I am a Partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2. I make this declaration in support of Ameris's Motion *in Limine* No. 1 to Exclude Report and Testimony from Plaintiff's Expert Witness Deborah Dickson as Untimely. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

**Plaintiff's Counsel Disclosed Ms. Dickson in Plaintiff's Initial Expert Disclosure.**

3. Pursuant to the Court's Scheduling Order ("Scheduling Order") in this matter, the deadline to file initial expert disclosures was December 5, 2025. (Dkt. 22.)

4. On December 5, 2025, Plaintiff Patrick Byrne ("Byrne" or "Plaintiff") disclosed Deborah Dickson ("Ms. Dickson") as an expert economic witness in his Initial Expert Disclosures ("Byrne Disclosure").

5. Attached hereto as **Exhibit A** is a true and correct copy of the Byrne Disclosure served on December 5, 2025.

6. While Plaintiff disclosed Ms. Dickson as an expert, he failed to provide an expert report by Ms. Dickson on or before the December 5, 2025 deadline.

7. In accordance with Defendant's initial expert disclosures, Defendant Ameris timely served Plaintiff's counsel with a copy of Ameris's report for MaryEllen Sebold ("Ms. Sebold"), Ameris's economic expert, on the December 5 deadline.

**Plaintiff's Counsel Served the Dickson Report on the Rebuttal Deadline, Identifying it as a Rebuttal Report.**

8. Pursuant to the Scheduling Order, as amended by the parties and Court Order, the deadline for the parties to exchange rebuttal reports was extended from December 19, 2025 to January 2, 2026. (Dkts. 88, 92.)

///

*Patrick Byrne v. Ameris Bank*  
Declaration of Stacy L. Fode in Support of Defendant  
Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and  
Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 1

9. Plaintiff's counsel provided Ameris with a copy of Plaintiff's expert report for Ms. Dickson via email on the rebuttal report deadline of January 2 ("Dickson Report").

10. Attached hereto as **Exhibit B** is a true and correct copy of the Dickson Report provided to Ameris on January 2.

11. Prior to serving Ameris with the Dickson Report, Plaintiff's counsel did not seek a stipulation from Ameris, or leave from the Court, to extend its time to submit an initial expert report.

12. On January 2, 2026, Plaintiff's counsel emailed a copy of the Dickson Report to Ameris's counsel, labeling the report as the "2026.01.02 Dickson Rebuttal Report." In this email, Plaintiff's counsel stated: "Attached is a service copy of the Rebuttal Expert Report of Deborah Dickson."

13. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's counsel's January 2 email to Ameris's counsel.

14. On January 7, 2026, Plaintiff's counsel responded via email to Ameris's counsel's request for deposition dates by stating that Ms. Dickson was available on January 15, and further stating that "Because Ms. Dickson is a rebuttal expert, we expect her deposition to proceed after the deposition of Ms. Sebold."

15. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's and Ameris's counsel's correspondence dating January 6 through January 7.

**Ms. Dickson Added New Documents and Calculations in Her Expert File and Deposition Testimony.**

16. Two days before Ms. Dickson's deposition, on January 13, 2026, Plaintiff's counsel produced Ms. Dickson's expert file.

17. Ms. Dickson's expert file contained new documents and calculations that were not previously included or referenced in the Dickson Report, including three new exhibits reflecting Dickson's recalculations based on her interpretation of the 2022 and 2023 Long-Term Cash Incentive Plan ("LTIP") agreement.

*Patrick Byrne v. Ameris Bank*  
Declaration of Stacy L. Fode in Support of Defendant  
Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and  
Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 2

18. Ameris's counsel deposed Ms. Dickson on January 15, 2026.

19. Attached hereto as **Exhibit E** is a true and correct copy of relevant deposition excerpts from the Transcript of the Testimony of Deborah Dickson, taken on January 15, 2026.

20. Prior to Ms. Dickson's deposition, Plaintiff's counsel did not inform or otherwise notify Ameris that Ms. Dickson's expert file contained new calculations of economic damages not reflected in the Dickson Report.

21. Prior to Ms. Dickson's deposition, Plaintiff's counsel also did not advise Ameris that Ms. Dickson would rely on new economic calculations during her deposition or request that the new calculations be added as additional exhibits to Dickson Report.

**Ameris Moved for Summary Judgment Prior to Receiving the Dickson Report, Which Byrne Later Relied on in Opposing Summary Judgment.**

22. On December 26, 2025, Ameris filed its Motion for Summary Judgment as to all of Plaintiff's claims. (Dkt. 93.)

23. In preparing its Summary Judgment motion, Ameris's counsel did not anticipate addressing Ms. Dickson as an affirmative expert because Ms. Dickson did not provide an initial expert report on the December 5 deadline (and did not provide any report until January 2), and Plaintiff's counsel had not informed Ameris that Plaintiff intended to rely on Ms. Dickson as an affirmative expert.

24. On the evening of January 23, 2026, Plaintiff filed his Opposition to Ameris's Motion for Summary Judgment ("Opposition"). (Dkt. 108.)

25. In his Opposition, Plaintiff relied on opinions and testimony from Ms. Dickson's deposition. (Dkt. No. 108-1, Plaintiff Patrick Byrne's Statement of Genuine Issues and Additional Facts, citing to excerpts from the January 16 deposition of Deborah Dickson, attached as Exhibit 62 to Plaintiff's Compendium of Evidence.)

///

///

*Patrick Byrne v. Ameris Bank*  
Declaration of Stacy L. Fode in Support of Defendant  
Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and  
Testimony from Plaintiff's Expert Deborah Dickson as Untimely

Case No. 8:24-01989

Page 3

26. Prior to filing its Opposition, Plaintiff's counsel did not give Ameris advanced notice that it intended to rely on Ms. Dickson's testimony in opposing summary judgment.

27. Pursuant to the Scheduling Order, the deadline to complete discovery and to file discovery-related motions was November 28, 2025. (Dkt. 22.)

28. Pursuant to the Scheduling Order, the last day for the Court to hear other motions (except for motions *in limine*) is February 20, 2026. *Id.*

29. Pursuant to Rule 6-1 of the Local Civil Rules for the U.S. District Court for the Central District of California, parties must file motions at least 28 days prior to the hearing date, such that, by Ameri's calculations, Ameris would have had to notice any (non-pretrial) motion challenging Plaintiff's untimely expert disclosure by January 23, 2026 (28 days before February 20), the same day that Plaintiff filed its Opposition brief, when Ameris first learned of Plaintiff's intent to rely on Ms. Dickson's opinions for purposes of summary judgment.

30. Because Plaintiff filed his Opposition after 10:30pm PT on January 23, Ameris's counsel did not learn of Plaintiff's intent to rely on Ms. Dickson's testimony for summary judgment purposes until the end of the day on January 23, making it effective impossible or impractical to file a motion challenging her testimony in time to meet the February 20 hearing deadline.

31. On January 30, Ameris filed its Reply brief in further support of its Motion for Summary Judgment ("Reply"). (Dkt. 114.) In its Reply, Ameris stated that "Any reliance on Dickson's opinions or testimony should be disregarded because they are the subject of Ameris's pending motion to exclude on both procedural grounds and under Rule 702 and *Daubert*." (Dkt. No. 114, at 8 n.7.)

32. Ameris's Motion for Summary Judgment is now fully briefed and remains pending, with a hearing date of February 13, 2026.

/ / /

/ / /

*Patrick Byrne v. Ameris Bank*    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant
Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely    Page 4

**The Parties Have Met and Conferred.**

33. On January 28, 2026, Ameris's counsel advised Plaintiff's counsel via email of its intent to seek to exclude Ms. Dickson's testimony and report, and accordingly requested to meet and confer. The email noted that Ameris had objected to Ms. Dickson's report and testimony during her deposition and reserved its rights to challenge her report and testimony. It further clarified Ameris's intent to seek to exclude Ms. Dickson's report and testimony as unreliable, not helpful to the trier of fact and improper because her report "was not supplied in a timely manner."

34. Attached hereto as **Exhibit F** is a true and correct copy of Ameris's and Plaintiff's counsel's meet and confer correspondence dating January 28 through January 29.

35. In compliance with Local Rule 7-3, my office engaged in a conference call with Plaintiff's counsel on January 29, and reported to me regarding the substance of the call shortly thereafter. During the meet and confer, my colleagues Kirsten Grossman, Esq. and Zachary Brower, Esq. described the basis for Ameris's anticipated motions to exclude Ms. Dickson's report and testimony, including for being untimely under Rules 26 and 37, and unreliable, improper or otherwise inadmissible under *Daubert* and the Federal Rules of Evidence. Plaintiff's counsel advised that Plaintiff would not stipulate to the withdrawal or exclusion of Ms. Dickson's testimony or report.

36. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of February, 2026, in San Diego, California.

By: *s/Stacy L. Fode*
Stacy L. Fode, Esq.

*Patrick Byrne v. Ameris Bank*   Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant
Ameris Bank's Motion *In Limine* No. 1 to Exclude Report and
Testimony from Plaintiff's Expert Deborah Dickson as Untimely   Page 5