MATTHEW SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: msessions@allenmatkins.com
        svillagomez@allenmatkins.com
        mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>  Plaintiff,<br><br>  vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>  Defendant. | Case No. 8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Michelle Williams Court<br><br>**PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT AMERIS BANK'S MOTION IN LIMINE NO. 1 TO EXCLUDE REPORT AND TESTIMONY FROM PLAINTIFF'S EXPERT DEBORAH DICKSON AS UNTIMELY**<br><br>Date: March 13, 2026<br>Time: 1:30 p.m.<br>Ctrm: 6A<br><br>Disc. Cutoff: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4897-2639-3230.5

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................. 2

    A. The Scheduling Order and the Parties' Stipulated Extension ............................................................................................ 2

    B. Ameris's Affirmative Expert Report Defined the Scope of Rebuttal ................................................................................... 2

    C. Dickson's Rebuttal Report Responded to Sebold's Opinions ............................................................................................. 2

    D. Ameris Took Full Expert Discovery Without Seeking Relief ................................................................................................... 3

    E. Ameris Files Summary Judgment Before Expert Rebuttal Closed ................................................................................. 3

III. ARGUMENT .................................................................................................. 3

    A. There Was No Rule 26 Violation Because Ms. Dickson's Report Was Timely and Constitutes Proper Rebuttal .......................... 4

        1. Ms. Dickson's Report Was Timely Under Rule 26(a)(2)(D) ................................................................... 4

        2. Dickson's Opinions Fall Squarely Within the Permissible Scope of Rebuttal ........................................ 4

            (a) Ms. Dickson Addresses the Same Subject Matter as Ms. Sebold ......................................... 4

            (b) Rebuttal May Contradict Methodology and Apply Alternative Analyses ............................ 7

            (c) Ameris's Authorities Are Factually Distinguishable ................................................................ 9

    B. Even If the Court Were to Treat Ms. Dickson's Report as Affirmative, Exclusion Under Rule 37 Is Unwarranted Because Any Delay Was Harmless ................................................................ 9

        1. Ameris Cannot Establish Prejudice Under Rule 37(c)(1) ............................................................................. 9

        2. Ameris's "Automatic Exclusion" Cases Involve Extreme, Egregious Conduct ........................................ 11

    C. Even If the Court Were to Find Any Portion Exceeds Rebuttal, the Remedy Is Narrow Limitation – not Exclusion ..................................................................................... 13

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

(i)

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

|   | **Page** |
|---|---|
| IV. CONCLUSION | 15 |

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

(ii)

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amos v. Makita U.S.A., Inc.*,
 2011 WL 43092 (D. Nev. Jan. 6, 2011) .................................................. 10, 12, 13

*Baker v. SeaWorld Entertainment, Inc.*,
 423 F. Supp. 3d 878 (S.D. Cal. 2019) ..................................................... 4, 5, 6, 7

*Churchill v. United States*,
 2011 WL 444849 (E.D. Cal. 2011) .................................................................. 12

*Frontline Med. Assocs., Inc. v. Coventry Health Care*,
 263 F.R.D. 567 (C.D. Cal. 2009) ..................................................................... 11

*Galentine v. Holland America Line-Westours, Inc.*,
 333 F.Supp.2d 991 (W.D.Wash., 2004) ..................................................... 13, 14

*Goodman v. Staples*,
 644 F.3d 817 (9th Cir. 2011) ........................................................................... 12

*Johnson v. Hooters, Inc.*,
 2020 WL 8614574 (D. Nev. 2020) .................................................................. 13

*Lanard Toys Ltd. v. Novelty, Inc.*,
 375 F. App'x 705 (9th Cir. 2010) .................................................................... 10

*Lusida Rubber Prods., Inc. v. Point Indus., LLC*,
 2017 WL 11631535 (C.D. Cal. 2017) .............................................................. 12

*Ohio Six Ltd. v. Motel 6 Operating L.P.*,
 2013 WL 12125747 (C.D. Cal. Aug. 7, 2013) ................................................... 7

*Tubio v. Adidas Am. Inc.*,
 2024 WL 1191051 (C.D. Cal 2024) .................................................................. 9

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
 259 F.3d 1101 (9th Cir. 2001) ............................................................... 9, 10, 12

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(D)(ii) .................................................................................. 4

Fed. R. Civ. P. 37(c) .............................................................................................. 10

Fed. R. Civ. P. 37(c)(1) ......................................................................................... 13

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4897-2639-3230.5

(iii)

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

## I. INTRODUCTION

Defendant Ameris Bank ("Ameris") asks this Court to impose the extreme sanction of exclusion against Plaintiff Patrick Byrne's rebuttal economic expert, Deborah Dickson, claiming her January 2, 2026 report was untimely. The record squarely refutes that claim.

Ameris's motion is not about late disclosure, gamesmanship, or unfair surprise. It is about Ameris's effort to insulate its expert from rebuttal. Byrne disclosed Ms. Dickson as a rebuttal expert, served her report on the Court-approved rebuttal deadline, and produced her for a full deposition within the agreed-upon discovery period. Ameris knew precisely what her opinions were and had every opportunity to challenge them. Having elected to move for summary judgment before rebuttal disclosures closed, Ameris now attempts to convert its own strategic choice into a basis for exclusion. Rule 26 does not permit that maneuver, and Rule 37 does not reward it.

Even if the Court were to treat any portion of the report as a late-disclosed "affirmative" expert disclosure, outright exclusion would still be unwarranted. Ameris cannot show that it suffered harm or prejudice at all: It deposed Ms. Dickson, cross-examined her at length, and proceeded with summary judgment knowing rebuttal disclosures had not yet closed. The extreme, months- and years-late disclosure cases Ameris cites bear no resemblance to these facts. The motion amounts to Ameris's thin attempt to avoid rebuttal by recasting a timely, court-approved disclosure as a discovery violation. Rule 37 does not authorize that end-run maneuver. The motion should be denied.

Finally, Ameris's request for an "advanced hearing" on this Motion in Limine is moot. The Court has already ruled on Ameris's Motion for Summary Judgment. (Dkt. 123.) Accordingly, there is no basis to deviate from the Scheduling Order. Plaintiff respectfully requests that this Motion be heard in accordance with the Court's established schedule at the Final Pretrial Conference on May 22, 2026. (Dkt. 107.)

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-1-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

## II. BACKGROUND

### A. The Scheduling Order and the Parties' Stipulated Extension

The Court's Scheduling Order set December 5, 2025 as the deadline for initial expert disclosures. (Dkt. 22.) Byrne disclosed Ms. Dickson as an economic expert on that date, but an affirmative expert report was not disclosed. (Dkt. 88.) The parties later stipulated to extend the expert rebuttal deadline to January 2, 2026 and the expert discovery cutoff to January 16, 2026. (Dkt. 88.) The Court approved the stipulation. (Dkt. 92.)

### B. Ameris's Affirmative Expert Report Defined the Scope of Rebuttal

Ameris designated Maryellen Sebold as its affirmative economic expert and served her report on December 5, 2025 in accordance with the Court's Scheduling Order. (Declaration of Stacey Villagomez ("Villagomez Decl.") ¶ 2.) Ms. Sebold's report, along with other assumptions and findings, (1) applied GAAP globally to the LTIP calculations[1], (2) made accounting assumptions[2], and (3) calculated Byrne's alleged damages.[3] As the sole affirmative economic expert, Ms. Sebold's report established the opinions and methodologies subject to rebuttal.

### C. Dickson's Rebuttal Report Responded to Sebold's Opinions

On January 2, 2026, Byrne timely disclosed Ms. Dickson's rebuttal report, which was issued after and in direct response to receiving Ms. Sebold's report. (Villagomez Decl. ¶ 3) Ms. Dickson's report adhered to the proper scope of rebuttal, including by (1) responding to Ms. Sebold's GAAP methodology[4], (2) addressing accounting assumptions made by Ms. Sebold[5], and (3) analyzing the numerical impact of those assumptions[6].

---

[1] *See* Sebold Report ¶¶ 12–13, 37–42, 73–75, 80, 103-104, 110–111, 113, 128–129
[2] *Id.* at ¶¶ 41, 50, 58, 60, 73, 79–80, 99, 103, 109, 113, 115, 128–129,
[3] *Id.* at ¶¶ 127, 128, 130
[4] *See* Dickson Report ¶¶ 14, 17, 18, 19, 30–33
[5] *Id.* at ¶¶ 17–20
[6] *Id.* at ¶¶ 14, 17, 37–38

### D. Ameris Took Full Expert Discovery Without Seeking Relief

The parties completed expert depositions within the extended discovery period. Ameris deposed Ms. Dickson and conducted a full cross-examination. (Villagomez Decl. ¶ 6) Not once during the rebuttal period, during depositions, or during the Rule 7-3 meet and confer did Ameris claim prejudice, seek additional time, request a further continuance, or move to strike the report. (Villagomez Decl. ¶ 7) Only later did Ameris file the instant motion in limine ("MIL No. 1") seeking to exclude Ms. Dickson's rebuttal testimony. (Dkt. 115.)

### E. Ameris Files Summary Judgment Before Expert Rebuttal Closed

Ameris made a strategic decision to file its motion for summary judgment *before* expert rebuttal discovery closed. Again, the Court approved stipulation extending rebuttal deadline on December 19, 2025. (Dkt. 92.) Six days later, on December 26, 2025, Ameris filed its Motion for Summary Judgment knowing that Byrne's rebuttal expert reports, if any, were not yet due. (Dkt. 93.) Ameris had ample time remaining to bring its summary judgment motion until after expert discovery closed, but it chose to file early. (*Id.*) When the parties met to agree to the extension of the expert discovery deadline, Ameris did not request that Byrne agree to extend their Motion for Summary Judgment filing deadline even further. (Villagomez Decl. ¶ 7) Thereafter on January 2, 2026, Byrne served Ms. Dickson's rebuttal report on the stipulated deadline. (Villagomez Decl. 3) In opposing summary judgment, Byrne cited Ms. Dickson's report and testimony. (Dkt. 108.)

The sequencing of these deadlines was known to both parties and was expressly permitted under the Court's amended Scheduling Order. Notwithstanding this knowledge and its own choice to file for summary judgment before expert discovery closed, Ameris now contends that Byrne's reliance on Ms. Dickson's opinions in opposing summary judgment warrants exclusion of her testimony. (MIL No. 1 at n.4.)

### III. ARGUMENT

Ms. Dickson's rebuttal expert report was timely and compliant under Rule 26.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-3-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

Her opinions fall well within the permissible scope of rebuttal, directly responding to the methodologies and assumptions made in Ms. Sebold's report. Even if the Court finds that Ms. Dickson made affirmative arguments, the result is harmless under Rule 37(c) and did not prejudice the Defendant. Due to this harmlessness, complete exclusion would not be an appropriate sanction. Thus, Ameris's motion should be denied in full.

### A. There Was No Rule 26 Violation Because Ms. Dickson's Report Was Timely and Constitutes Proper Rebuttal

#### 1. Ms. Dickson's Report Was Timely Under Rule 26(a)(2)(D)

Rebuttal expert disclosures are governed by Rule 26(a)(2)(D)(ii), which requires that evidence "intended solely to contradict or rebut evidence on the same subject matter" be disclosed within 30 days after the opposing party's disclosure, unless otherwise set by court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). There can be no dispute Byrne complied with this rule, serving Ms. Dickson's rebuttal report on the stipulated rebuttal expert report deadline of January 2, 2026—within 30 days of Ameris's December 5, 2025 disclosure of Ms. Sebold's report.

Indeed, on December 19, 2025, the Court approved the parties' stipulation setting January 2, 2026 as the rebuttal deadline. (Dkt. 92.) Ms. Dickson's rebuttal report was then served on that deadline. (Villagomez Decl. 3) It was therefore timely under both the Court-approved schedule and Rule 26(a)(2)(D)(ii), as it was served within 30 days of Ameris's December 5, 2025 disclosure of Ms. Sebold's affirmative expert report.

#### 2. Dickson's Opinions Fall Squarely Within the Permissible Scope of Rebuttal

##### (a) Ms. Dickson Addresses the Same Subject Matter as Ms. Sebold

"Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address." *Baker v. SeaWorld Entertainment, Inc.*, 423 F. Supp. 3d 878, 896 (S.D. Cal. 2019). Courts likewise permit rebuttal experts to rely on

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-4-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

additional data, so long as the opinions remain confined to the same subject matter. *Id.*

Ms. Dickson's opinions were triggered by—and directly respond to—the methodologies, assumptions, and damage calculations set forth in Ms. Sebold's affirmative report. The following chart reflects a side-by-side comparison of the topics addressed in Ms. Sebold's report and the corresponding sections of Ms. Dickson's rebuttal report:

| Expert Topic | Paragraph reference(s) in Sebold's affirmative report | Paragraph reference(s) in Dickson's rebuttal report |
| --- | --- | --- |
| Allowance for Loan Losses | 50, 62 | 20 |
| Earnings Before Tax (EBT) | Discussed throughout | Discussed throughout |
| Email Adjustment Requests | 67–69, 117 | 23–24 |
| Stipulated judgments | 70–75 | 30 |
| Depreciation of Pre-Acquisition Assets | 76–85, 123–124 | 28 |
| Interim Rent | 98–106 | 31 |
| Repossessions | 107–111 | 32 |
| Security Deposits | 13, 112–116, 129 | 14, 33–34, 39 |
| Overhead Compensation | 86–91, 118–120 | 25–26 |
| Tax Benefits | 92–97, 121–122 | 27 |
| 2022 Compensation | 10, 56–66, 126 | 14; 17; 37 |
| 2023 Compensation | 11, 44–55, 127 | 14; 17; 38 |

As this chart demonstrates, each topic addressed by Ms. Dickson corresponds to subject matter first raised in Ms. Sebold's report, including, among other things, allowance for loan losses, EBT calculations, stipulated judgments, interim rent, repossessions, security deposits, and compensation calculations. Ms. Dickson evaluated the exact same accounting frameworks and numerical assumptions advanced by Ms. Sebold, then analyzes their quantitative impact. Ms. Dickson did not introduce any new subject matter or advance new affirmative theories. To the

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5                          -5-                          Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

contrary, she critiqued and recalculated the opinions already offered by Ameris's expert.

All of Ms. Dickson's calculations flow directly from figures and assumptions used in Ms. Sebold's report, with one discrete interest calculation included to complete her analysis.[7] (Dickson Report ¶ 29.) This minor addition does not transform the report into Byrne's affirmative expert report. *Baker*, 423 F. Supp. 3d at 896 ("Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address.") That limited supplemental calculation does not convert her rebuttal into an affirmative expert report. Ms. Dickson was disclosed and served as Byrne's rebuttal expert, and the structure and substance of her report confirm that role.[8]

Ameris argues that Ms. Dickson went beyond the scope of rebuttal, using the contention that "Ms. Sebold did not address 'security deposits' at all" as a purported example. (MIL No. 1 5:15–16.)  Yet, Ms. Dickson's rebuttal analysis of security deposits provides a clear example of her service as a rebuttal expert. Ms. Sebold addressed security deposits—including identifying the same $2,024,765 disputed figure—in multiple sections of her report and as part of one of her principal opinions. (Sebold Report ¶¶ 13, 29, 68, 112–116, 129.) Ms. Dickson responded to that treatment. (Dickson Report at ¶¶ 14, 17, 33–34, 39.) Ameris's claim that this was a "new category" is factually incorrect. That opinion formed the basis of one of Ms. Sebold's four key opinions:

---

[7] In response to Ms. Sebold's damage calculations, Ms. Dickson noted that the LTIP agreement included "interest on other borrowings" separate from the 1% cost of funds expense. In response, Ms. Dickson added back that adjustment. (Dickson Report at ¶ 29.)

[8] Ameris simultaneously claims Dickson improperly added new alternative calculations, and the "supplemental reports" were not included in her expert file. Yet these positions are internally inconsistent. The materials were included in Ms. Dickson's expert file and produced, further demonstrating Ameris's disingenuous motives for this motion.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5                -6-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

> 13. **Opinion 4**: Ameris's recording of unclaimed security deposits that were acquired in the Balboa transaction are supported by GAAP and accounting principles.

In particular, Ms. Sebold summarized Byrne's January 27, 2024 email requesting $2,024,765 based on security deposits and his application of a 3.1x multiplier under the Stock Purchase Agreement. (Sebold Report ¶ 112.) She then analyzed the accounting treatment of refundable security deposits under GAAP, citing ASC 842 and ASC 405, and opined that such deposits must be recorded as liabilities rather than income. (Sebold Report ¶¶ 113–114.) Finally, she concluded that Ameris's accounting methodology for security deposits was correct and that Byrne's request did not affect the LTIP calculation. (Sebold Report ¶¶ 115–116.)

In short, Ms. Sebold addressed the security deposit issue, applied GAAP to it, and rendered an affirmative opinion rejecting Byrne's position. Ms. Dickson's analysis responded directly to that treatment in true rebuttal fashion.

### (b) Rebuttal May Contradict Methodology and Apply Alternative Analyses.

Again trying to argue that Ms. Dickson went beyond the scope of rebuttal, Ameris contends that she improperly provides affirmative damages calculations. (MIL No. 1 5:18–6:6.) But a rebuttal expert report may contradict the opposing expert's methodology and apply alternative means of analysis. *See Baker*, 423 F. Supp. 3d at 896 (rebuttal may properly offer a "different, purportedly better methodology"); *Ohio Six Ltd. v. Motel 6 Operating L.P.*, 2013 WL 12125747, at *16 (C.D. Cal. Aug. 7, 2013) ("[a] rebuttal expert . . . is not limited to only critiquing the methods and opinions of opposing experts; he may also provide an alternate means of evaluating the same issue.").

Here, Ms. Dickson addressed the *same* damages framework, assumptions, and categories analyzed by Ms. Sebold. Her report responds directly to two core

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5   -7-   Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

components of Ms. Sebold's analysis: (1) the application of GAAP to the LTIP Agreement, and (2) the calculation of the allowance for loan losses.

As a prime example, with respect to GAAP, Ms. Dickson explains that Ms. Sebold assumed that the LTIP Agreement globally required GAAP compliance for all components of the calculation. (Dickson Report ¶ 19.) Ms. Dickson identifies multiple statements in Ms. Sebold's report asserting that the LTIP "clearly states" the calculation must follow GAAP and rejecting Byrne's requested adjustments on that basis. (*Id.*) Ms. Dickson responds by analyzing the actual text of the LTIP Agreement and explaining that GAAP is expressly referenced only with respect to "Initial direct costs," not as a blanket requirement governing every aspect of the LTIP calculation. (*Id.*) This is classic rebuttal: she critiques the interpretive premise underlying Ms. Sebold's calculations and evaluates the consequences of that premise.

As a further marquee example, Ms. Dickson addresses Ms. Sebold's calculation of the "allowance for loan losses," a defined Key Assumption under the LTIP. (Dickson Report ¶ 20.) While Ms. Sebold quoted the contractual formula, she ultimately applied Ameris's version of the calculation, which deviated from the LTIP's defined methodology. (*Id.*) To demonstrate the impact of that departure, Ms. Dickson modeled the allowance for loan losses under two scenarios: (A) following the LTIP's defined formula, and (B) following Ameris's approach. (*Id.*) Her analysis quantified the resulting differences for 2022 and 2023, illustrating how the different methodologies affect the EBT figure and, in turn, the LTIP calculation. (*Id.*)

Ms. Dickson's use of numerical modeling does not convert her rebuttal into an affirmative report. She did not introduce new categories of damages or advance independent claims. Rather, she evaluated the same contractual provisions and accounting assumptions addressed by Ms. Sebold, applied her alternative means of analysis, and quantified the impact of her assumptions. That is precisely the type of

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-8-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

methodological critique and alternative calculation that courts recognize as proper rebuttal.

### (c) Ameris's Authorities Are Factually Distinguishable.

Ameris's relies on *Tubio v. Adidas Am. Inc.*, 2024 WL 1191051 at *2 (C.D. Cal 2024) for the proposition that a rebuttal expert "cannot be used to advance new arguments." (MIL No. 1 9:20-23.) Ameris's reliance on *Tubio* is misplaced. In *Tubio*, a rebuttal expert offered case-in-chief opinions untethered to the opposing expert's analysis. 2024 WL 1191051 at *3. The court emphasized that the rebuttal expert did not identify the opposing expert's report as part of her assignment and referenced it only "in passing." *Id.* at *3. The report failed to "contradict or rebut" the opposing expert's opinions and instead advanced new, independent theories. *Id.* On those facts, the court found the testimony improper.

That is not what occurred here. As set forth in detail above, Ms. Dickson's report is expressly anchored to Ms. Sebold's analysis. She reviewed Ms. Sebold's report as part of her assignment and directly challenged her interpretation of the LTIP, application of GAAP, and resulting calculations. (Dickson Report ¶¶ 14, 19, 30–32, 36–38.) She did not introduce new damages categories or independent theories; she evaluated and recalculated the same framework advanced by Ameris's expert.

Ameris's attempt to label that rebuttal as "affirmative" simply because it produces different results misunderstands the function of rebuttal testimony. *Tubio* is inapposite.

### B. Even If the Court Were to Treat Ms. Dickson's Report as Affirmative, Exclusion Under Rule 37 Is Unwarranted Because Any Delay Was Harmless

#### 1. Ameris Cannot Establish Prejudice Under Rule 37(c)(1)

Rule 37(c)(1) provides the enforcement mechanism for Rule 26 by permitting exclusion of information that was not properly disclosed. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, exclusion under Rule 37(c) "is a harsh sanction and should be imposed only in rare instances."

1  Accordingly, the rule providing for exclusion based on late disclosures expressly
2  provides two exceptions: evidence may still be used if the failure to disclose was (1)
3  "substantially justified" or (2) "harmless." *See Yeti by Molly*, 259 F.3d at 1106; Fed.
4  R. Civ. P. 37(c).

5      Even assuming arguendo that any portion of Ms. Dickson's report was deemed
6  affirmative, exclusion would still be improper because any delay was substantially
7  justified or harmless. *See Yeti by Molly*, 259 F.3d at 1106; *Amos v. Makita U.S.A.,
8  Inc.*, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) (finding no prejudice where the
9  opposing party was aware of the expert, understood the substance of the testimony,
10 and deposed the expert). Courts in the Ninth Circuit use a four-factor test to weigh if
11 any delay was substantially justified or harmless: (1) prejudice or surprise; (2) the
12 ability to cure; (3) disruption of trial; and (4) bad faith or willfulness. *See Lanard Toys
13 Ltd. v. Novelty, Inc.*, 375 F. App'x 705 (9th Cir. 2010). As applied here, each factor
14 weighs against exclusion.

15     First, Ameris cannot show prejudice or surprise. It received the timely
16 disclosure of Ms. Dickson's identity and the substance of her anticipated testimony
17 by the initial disclosure deadline, followed by her full report in response to Sebold's
18 report by the rebuttal deadline. Ameris then deposed Ms. Dickson and conducted a
19 complete cross-examination, without any extraneous complaints or delay regarding
20 procedure. There was no ambush or surprise. *See, e.g., Amos*, 2011 WL 43092, at *4
21 (finding no harm where plaintiff was not prejudiced or surprised because he knew of
22 the rebuttal expert and deposed him).

23     Importantly, any claimed prejudice is self-inflicted. Ameris elected to move for
24 summary judgment before rebuttal disclosures closed. The sequencing of expert
25 disclosures was known in advance, and Ameris neither sought additional time nor
26 requested further relief after reviewing the report. Having proceeded under the
27 schedule it agreed to, Ameris cannot now claim unfairness.

28

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-10-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

Nor was there any inability to cure any purported prejudice. Second, Ameris had the ability to cure any alleged prejudice. Ameris cured any conceivable concern through its deposition of Ms. Dickson, which occurred months before trial. *See ,e.g.*, *Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (finding no harm where disclosure occurred before the discovery cutoff, permitting the opposing party to conduct discovery, including depositions). Moreover, Ms. Sebold had a complete opportunity to address Dickson's competing methodologies, further removing any potential prejudice. (Villagomez Decl. ¶ 6)

There is also no evidence of trial disruption. Ms. Dickson's report was served nearly six months before trial—ample time for Ameris's preparation and response at trial.

Lastly, Ameris cannot demonstrate bad faith, willfulness, or prejudice. The parties jointly stipulated to extend the rebuttal expert disclosure and expert discovery deadlines due to the intervening holiday period and expert availability, and the Court entered that stipulation. (Dkts. 88, 92.)  Ms. Dickson's rebuttal report was served within the Court-approved extended deadline. Ameris therefore cannot claim surprise or procedural unfairness arising from a disclosure schedule it negotiated and the Court adopted. During this period, Byrne experienced a change of counsel. New counsel promptly ensured compliance with the operative, Court-approved schedule. The record reflects cooperation and adherence to modified deadlines—not bad faith.

As all four factors lean in favor of finding substantial justification or harmlessness, Ameris cannot establish the required showing for exclusion under Rule 37(c).

### 2. Ameris's "Automatic Exclusion" Cases Involve Extreme, Egregious Conduct

In support of its argument that Ms. Dickson's testimony should be outright excluded, Ameris relies on cases that involve more extreme and egregious conduct, which are factually distinct from this matter. In *Yeti*, the court excluded the

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-11-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

defendant's damages rebuttal expert because the report was provided two and a half years late and disclosed only 28 days before trial, without a compelling justification. *See Yeti by Molly*, 259 F.3d at 1105 (9th Cir. 2001) (the defendant merely "justified this shortcoming by noting that he would be used only as a rebuttal witness, and that an expert report would be disclosed if [the defendant] decided to have him testify."). In *Goodman*, reports were excluded because they were provided four and a half months late, with no justification or showing of harmlessness. *See Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011). Also in *Goodman*, the defendant "never argued that the failure was substantially justified . . . her attorney admitted that he simply failed to read the court's scheduling order and didn't realize that [the plaintiff] needed to disclose expert reports." *Id.*

In *Lusida Rubber*, the party "did not serve *any* designations or expert reports when initial designations were due." *Lusida Rubber Prods., Inc. v. Point Indus., LLC*, 2017 WL 11631535, at *2 (C.D. Cal. 2017). They completely failed to ever provide "written reports containing the information specifically required by Rule 26." *Id.* In *Churchill*, the plaintiff only told the defendant of its witness's names, which the defendant disputed, on the disclosure deadline, without any other requirements under Rule 26. *See Churchill v. United States*, 2011 WL 444849, at *6 (E.D. Cal. 2011). The plaintiff also waited 40 days after the disclosure deadline to submit the report, which precluded the defendant from identifying supplemental experts. *See id.* at *1, *7.

Unlike the fact patterns in the cases relied upon by Ameris, Ms. Dickson's report was served on the rebuttal deadline and its contents complied with Rule 26. (Villagomez Decl. ¶¶ 3–4) On the other hand, Ameris's offered cases involved months or years of delay. Further, it included more than just Ms. Dickson's name; it also contained descriptions of what she would testify to. Most importantly, Ameris had the opportunity to take Ms. Dickson's full deposition, which was done nearly 6 months before trial. *See, e.g., Amos* 2011 WL 43092, at *5 (exclusion of expert witness was

LAW OFFICES
Allen Matkins Leck Gamble Mallory & Natsis LLP

4897-2639-3230.5 -12-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

not the proper sanction due to the fact that the risk of prejudice was "minimal and easily remedied because there [was] still time" to depose the expert before trial.) There was no concealment on behalf of Byrne, and Ameris suffered no serious prejudice. Even cases involving short delays declined exclusion. *See Galentine v. Holland America Line-Westours, Inc.*, 333 F.Supp.2d 991, 994 (W.D.Wash., 2004) (Court allowed report that was 11 days late, where the defendant knew of plaintiff's expert by the disclosure deadline.)

Moreover, Ameris's unexplained attempt to characterize Ms. Dickson's report as "incomplete" does not convert a timely rebuttal disclosure into a Rule 37 violation. The report set forth Ms. Dickson's opinions, the bases and reasons for those opinions, the materials she reviewed, and the calculations she performed. Ameris deposed Ms. Dickson at length and explored each of those opinions in detail nearly six months before trial. The Rules do not require perfection; they require disclosure sufficient to prevent unfair surprise. That standard was satisfied here. Any disagreement with Ms. Dickson's conclusions or assumptions goes to weight—not admissibility—and certainly does not justify the drastic sanction of exclusion.

### C.  Even If the Court Were to Find Any Portion Exceeds Rebuttal, the Remedy Is Narrow Limitation – not Exclusion

Finally, to the extent the Court believes that any portion of Ms. Dickson's report did exceed the proper scope of rebuttal testimony, the appropriate remedy is to limit the scope of her testimony, rather than exclude it.

Rule 37 expressly authorizes lesser sanctions "in addition to or instead of" exclusion. *See Johnson v. Hooters, Inc.*, 2020 WL 8614574 (D. Nev. 2020), at *4; Fed. R. Civ. P. 37(c)(1) (providing for other sanctions besides exclusion, "in addition to *or instead of*"). Accordingly, courts favor alternatives to exclusion. *See Galentine*, 333 F. Supp. 2d at 994 (finding any prejudiced suffered was harmless and could be remedied by other means); *Amos*, 2011 WL 43092, at *4 (D. Nev. 2011) ("[e]xcluding expert testimony is not proper when there are other, less severe sanctions available.").

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5

-13-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

Overall, in determining whether an expert's testimony should be excluded, courts look "to the public policy favoring disposition of cases on their merits, the availability of less drastic sanctions, the court's need to manage its docket, and the public's interest in expeditious resolution of litigation." *Galentine*, 333 F. Supp. 2d at 993. Thus, if the prejudice is minimal, there should be no exclusion. *See Galentine*, 333 F. Supp. 2d at 994 ("The potential prejudice that Defendant claims it will suffer is not so severe as to warrant exclusion, especially given the possibility of ameliorating that prejudice through various means[.]").

Ameris asserts that exclusion is the only available remedy. It is not. It baselessly claims that its deposition did not cure any harm because "Ameris had no meaningful opportunity to review, test or challenge Ms. Dickson's affirmative opinions[.]"[9] (MIL No. 1 8:12–13.) As discussed above—this was not an affirmative report. Regardless of how Ameris characterizes Ms. Dickson's report, the opportunity to depose an expert is one of the primary mechanisms courts rely upon to cure any alleged prejudice. *See Galentine*, 333 F. Supp. 2d at 994 (finding "the admission of [the plaintiff's expert]'s declaration not so prejudicial as to warrant exclusion", and instead extended "the deadline for the limited purpose of taking [their] deposition."). If the Court identifies any portion exceeding rebuttal, the appropriate remedy would be a tailored limitation at trial—not wholesale exclusion. Further, alternative jury instructions could be prepared to cure any remaining prejudice. *Id.* Not excluding the testimony would also allow for the case to be decided on its merits. *See id.* at 993.

---

[9] Ameris contends that Plaintiff "strategically" supplemented Ms. Dickson's report with new documents and damages calculations shortly before her deposition. (MIL No. 1 8:9–12.) Ms. Dickson's expert file was timely produced on this date. Ms. Dickson's expert file contained the documents Ms. Dickson relied upon in preparing her rebuttal report, plus additional calculations that supplemented her rebuttal report. (Villagomez Decl. ¶ 5) The parties agreed to exchange expert files on January 13, 2026, and Ms. Dickson's file was timely produced that day, containing all materials required under Rule 26. (Villagomez Decl. ¶ 4) Plaintiff was not required to provide advance notice of specific documents within the file. Ameris had the complete file two days before the deposition and had full opportunity to review and cross-examine Ms. Dickson regarding its contents. (Villagomez Decl. ¶¶ 5–6)

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.5                -14-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

There has been no pattern of deception, no discovery abuse, and no concealment here. The report was timely served under a Court-approved schedule, and Ameris had months to prepare. Under these circumstances, the drastic sanction of exclusion would be disproportionate and unwarranted. If the Court identifies any portion of Ms. Dickson's testimony that exceeds rebuttal, the remedy should be limited to striking such discrete opinions. Wholesale exclusion would be improper.

## IV. CONCLUSION

Ameris's Motion in Limine No. 1 asks this Court to impose the extreme sanction of wholesale exclusion despite the absence of any Rule 26 violation or cognizable prejudice. Ms. Dickson was disclosed on the schedule Ameris negotiated, served her report on the Court-approved rebuttal deadline, and was deposed at length months before trial. There was no ambush, no concealment, and no disruption. Ameris's real objection is that it disagrees with Ms. Dickson's conclusions. But disagreement is tested through cross-examination and competing expert testimony, not by striking a timely report from the record.

Even if the Court were to find that any discrete portion of the report exceeds rebuttal, the sweeping exclusion Ameris demands would be disproportionate and contrary to the Federal Rules' preference for resolving cases on their merits.

The motion should be denied in full.

Dated: February 20, 2026

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
MATTHEW SESSIONS
STACEY A. VILLAGOMEZ
MADISON E. LARSEN


By: _____/s/ Matthew Sessions_____
    MATTHEW SESSIONS
    Attorneys for Plaintiff
    PATRICK BYRNE

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

4897-2639-3230.5

-15-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT AMERIS BANK'S MOTION IN LIMINE NO. 1