Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DOCUMENTS AND INFORMATION NOT DISCLOSED OR PRODUCED BEFORE THE CLOSE OF FACT DISCOVERY**<br><br>Judge: Hon. Michelle Williams Court<br>Date: May 22, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                           Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed Or Produced Before The Close of Fact Discovery

## I.     PRELIMINARY STATEMENT

By this Motion *in Limine*, Defendant Ameris Bank ("Ameris") seeks an Order excluding, without limitation, all documents, evidence, testimony, and argument relating to information that Plaintiff Patrick Byrne ("Byrne") failed to disclose before the November 28, 2025 fact discovery cutoff, including:

(1) Byrne's documents production bearing Bates numbers PLAINTIFF001147-1640, produced on December 1, 2025;[1]

(2) Byrne's Third Supplemental Responses and Objections to Ameris's Interrogatories, produced on December 1, 2025; and

(3) Byrne's newly minted assertion that he was entitled to a fixed 62.54% share of the Long-Term incentive Plan ("LTIP") pool, raised for the first time in his January 23, 2026 Declaration in opposition to Ameris's Motion for Summary Judgment, or in the alternative, Motion for Partial Summary Judgment ("MSJ").

Each of his above-referenced disclosures is untimely, prejudicial, and violates Federal Rule of Civil Procedure 26, this Court's Scheduling Order, and the applicable Local Rules.

It is well established that documents produced after the discovery cutoff may not be relied upon at trial unless the producing party demonstrates that the untimely disclosure was either (1) substantially justified or (2) harmless. Byrne can satisfy neither requirement. The documents at issue were not newly discovered evidence, and Byrne has offered no justification for the delay. Nor was the untimely disclosure harmless, as case

---

[1] On November 17, 2025, Byrne timely produced an email chain bearing Bates numbers PLAINTIFF01147–01153. On December 1, 2025, Byrne produced a separate, untimely set of documents but reused the same Bates range, marking them PLAINTIFF001147–001640. Although the two productions share certain overlapping Bates numbers, they consist of entirely different documents. Ameris's instant Motion seeks to exclude only the documents produced on December 1, 2025.

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information
Not Disclosed Or Produced Before The Close of Fact Discovery                    Page 1

law recognizes various forms of prejudice under similar circumstances and the harm and prejudice to Ameris is real and substantial.

For example, Ameris has had no opportunity to conduct discovery into the late-produced or disclosed materials and information, and most critically, Ameris's damages expert was denied the opportunity to review and consider Byrne's newly asserted 62.54% LTIP allocation before submitting her expert report on December 5, 2025. Byrne's eleventh-hour assertion of this fixed-percentage theory, raised for the first time in his January 23, 2026 declaration, came after expert discovery had already closed, leaving Ameris with no meaningful avenue to respond. Permitting Byrne to rely on these materials at trial would reward discovery gamesmanship, expand the case well beyond the record developed during discovery, and deprive Ameris of any meaningful opportunity to challenge this untimely evidence through proper channels. *See Kendrick Davis v. Clients on Demand, LLC*, 2026 WL 712980, at \*3–4 (C.D. Cal. Feb. 19, 2026) (Hon. Michelle Williams Court) (granting plaintiff's motion *in limine* to exclude defendants' evidence and witnesses not disclosed prior to discovery cutoff as defendants did "not comply[ ] with their discovery obligations").

Because Byrne cannot demonstrate substantial justification for his untimely disclosures, and because the prejudice to Ameris is significant, exclusion is mandatory under Federal Rule of Civil Procedure 37(c)(1).

## II.     PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1). On March 17, 2025, Byrne served his Fed. R. Civ. P. 26(a)(1) disclosures. Declaration of Stacy L. Fode ("Fode Decl.") ¶ 4, Ex. A ("Byrne Disclosure"). On June 20, 2025, Byrne served an Amended Rule 26 Initial Disclosures. *Id.* at ¶ 5, Ex. B ("Byrne Amended Disclosure").

---

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information
Not Disclosed Or Produced Before The Close of Fact Discovery                    Page 2

**A.    Byrne Produced 490 Pages of Documents and 4 Spreadsheets and Supplemented His Interrogatory Responses After the Fact Discovery Cutoff.**

Pursuant to this Court's February 18, 2025 Scheduling Order (Dkt. No. 22), the deadline for fact discovery was November 28, 2025. Fode Decl. ¶ 6. Ameris served its Request for Production of Documents ("RFPs") and Interrogatories on March 3, 2025. *Id.* at ¶ 7.  Despite having ample time to respond, Byrne's repeated failures to produce adequate discovery forced Ameris to file two motions to compel on September 10, 2025 (Dkt. Nos. 58–59), after which the Court convened the parties in Chambers and Byrne's counsel represented that no further documents would be forthcoming. (Dkt. No. 60.) Fode Decl. ¶ 8. That representation proved false. After producing documents on November 13 and 17, 2025, Byrne made an additional production on December 1, 2025 - three days after the discovery cutoff - consisting of 490 pages of emails to, from, or copying Byrne's personal Yahoo account, along with four (4) spreadsheets (PLAINTIFF001147-1640). Notably, key attachments to the produced emails were missing. Fode Decl. ¶ 9. In Plaintiff's proposed trial exhibit list shared with Ameris on April 10, 2026, he includes emails from this late production, PLAINTIFF001504-1512 and PLAINTIFF001531-1534.  Fode Decl. ¶ 10, Ex. C.

On that same late date of December 1, 2025, Byrne also served his Third Supplemental Responses to Interrogatories. There, Byrne introduced **for the first time** substantive information central to his claims, including: the identities of additional or previously undisclosed individuals with knowledge of his allegations;[2] additional factual basis for his claims under Business & Professions Code § 17200, Labor Code § 1102.5,

---

[2] Additionally, in his trial witness list exchanged with Ameris on April 10, Byrne identified, for the very first time, six individuals (Dave Mandel, Matt Roux, David Rogers, Ron Kent, Michael Aquino, and Patrick Ontal) never disclosed in his initial or amended disclosures or discovery responses, whether timely or untimely served. Ameris reserves all rights to seek their exclusion on multiple grounds and does not waive any objection to the admissibility of their testimony.

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information
Not Disclosed Or Produced Before The Close of Fact Discovery                    Page 3

and wrongful termination; additional factual basis for his LTIP-related contentions; additional factual basis relating to the nature and details of his complaints to Ameris; his prior litigation history; and specific reasons he was unable to work following his separation. Fode Decl. ¶ 13, Ex. D. **This was not supplemental housekeeping, it was the wholesale introduction of core factual contentions after the close of discovery.**

> **B.    Byrne Asserted Fixed LTIP Allocation Percentages for the First Time In His Declarations In Support of Opposition to MSJ – Never Once Disclosing This Theory During Discovery, *Not Even in his Belated Discovery Responses.***

On January 23, 2026, nearly two months after Ameris submitted its damages expert report on December 5, 2025, Byrne filed his Opposition to Ameris's MSJ. Attached to that Opposition were two declarations introducing, **for the first time** in this litigation, the claim that specific fixed percentages of the LTIP pool had been promised to Byrne and two other division executives. Fode Decl. ¶ 12 (Dkt. Nos. 108-8 and 108-9).

Specifically, Byrne declared that his "negotiated percentage allocation, through explicit agreement with Ameris, was a guaranteed 62.54% of the LTIP pool each year that performance thresholds were met," and "[t]his arrangement was also explicitly discussed with Robert Rasmussen ("Rasmussen") and Phil Silva ("Silva," President of Balboa Division), each of whom also received fixed percentage allocations of the LTIP pool." (Dkt. 108-8, ¶ 8.) A separate declaration by Rasmussen (Balboa Division's former Chief Credit Officer and later Chief Operating Officer) similarly alleged for the first time that he had been promised <u>by Byrne</u> a 7% individual allocation of the LTIP pool each year, and that Byrne and Silva would each receive 62.5% and 16%, respectively. (Dkt. 108-9, ¶¶ 6–8.) **Notably, Rasmussen attributed these promises to Byrne personally, not to Ameris**. *Id*. And tellingly, Byrne's own evidence is internally inconsistent: his declaration claims a 62.54% allocation while Rasmussen's states 62.5%. To date, Byrne has produced no written agreement or document substantiating either figure. In fact, this "new" theory was never disclosed in any discovery response or production, not in Byrne's initial disclosures, not in his timely discovery responses, not in his deposition,

---

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information
Not Disclosed Or Produced Before The Close of Fact Discovery                          Page 4

and not even in his belated December 1, 2025 supplemental responses or document production. Fode Decl. ¶ 15. Notably, Byrne's own purported "rebuttal expert" on damages, Deborah Dickson, made no mention of any set LTIP Pool percentages in her report served on January 2, 2026, nor at her deposition on January 15, 2026.

**C.    Byrne Never Sought Leave of Court to Reopen Discovery or Demonstrated Good Cause under Fed. R. Civ. P. 16(b)(4).**

Byrne never moved to reopen discovery or made any attempt to demonstrate good cause for his untimely disclosures as required by Federal Rule of Civil Procedure 16(b)(4). The materials and information at issue in this Motion *in Limine* were absent from Byrne's Initial Disclosures, his Rule 26(e) supplemental disclosures, his timely discovery responses, and his own deposition testimony. Compounding this, Byrne's own purported rebuttal damages expert, Deborah Dickson, made no mention of any fixed LTIP pool percentages in her January 2, 2026 report, and confirmed at her January 15, 2026 deposition that Byrne never provided her with any individual allocation instructions and that Byrne had full discretion over how to allocate the LTIP pool. Fode Decl. ¶ 16, Ex. E (Dickson Dep. 64:18–25).

As a result of Byrne's untimely disclosures, Ameris was deprived of any meaningful opportunity to: question Byrne about these materials and information at deposition; depose Rasmussen or other belatedly identified witnesses; or provide its damages expert with the alleged LTIP allocation information that Byrne now contends is central to his damages claim.

On April 10, 2026, Byrne provided Ameris with his proposed Exhibit List, which includes documents bearing Bates numbers PLAINTIFF001504-1512 and PLAINTIFF001531-1534, both produced after the discovery cutoff. Fode Decl. ¶ 17. Plaintiff should be excluded from using these documents at trial in any way, and any other documents produced after the cut-off for impeachment purposes or if later disclosed. That same day, the parties met and conferred in person pursuant to Local Rule 7-3, at which time Ameris advised Byrne's counsel of its intent to seek exclusion of

documents and information not disclosed or produced before the close of fact discovery. Fode Decl. ¶ 18. Byrne's counsel confirmed that Byrne would not stipulate to exclusion. *Id.* at ¶ 19.

## III.   LEGAL STANDARD

The Federal Rules require timely, complete disclosures. Fed. R. Civ. P. 26(a) & (e); Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(A)-(B). Federal Rule of Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Ninth Circuit has emphasized that Rule 37(c)(1) is "self-executing" and "automatic" absent a showing of substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Courts in this District consistently exclude evidence disclosed after the discovery cutoff, *see, e.g., Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1179 (9th Cir. 2008), and "have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001)).

## IV.   ARGUMENT

### A.   Byrne's Untimely Production of Documents and Disclosure of Evidence After the Discovery Cutoff Violates Rules 26, 33 and 34.

The untimely production of documents and information described in Section II above violates Federal Rules of Civil Procedure 26(a) and (e), 33, and 34. Rule 26(a) requires a party to disclose the identities of individuals likely to have discoverable information, all documents the party may use to support its claims or defenses, and the evidentiary materials underlying any damages computation. Fed. R. Civ. P. 26(a)(1)(A)(i)–(iii). Byrne's belated production runs afoul of each of these requirements: he failed to timely identify witnesses, produce supporting documents, and disclose the

LTIP allocation percentages that he now contends underpin his damages claim.[3]

Any supplementation to Byrne's Initial Disclosures was due no later than the November 28, 2025 fact discovery cutoff - a strict deadline this Court established on February 18, 2025.[4] (Dkt. 22.) The Court could not have been clearer in its Order Setting Scheduling Conference: "At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and thereby obtain and produce most of what would be produced in the early stages of discovery, because at the Scheduling Conference *the Court will impose strict deadlines to complete discovery*." (Dkt. 17, at p. 2) (emphasis added). Byrne's failure to timely disclose these materials is an unambiguous violation of that directive and of Rules 26(a) and (e).

Byrne's obligations extended equally to his responses to Ameris's RFPs and Interrogatories, served on March 3, 2025. Rule 26(e) requires a party to "supplement or

---

[3] Moreover, Byrne's evidence concerning LTIP Pool percentages should be precluded in accordance with the parol evidence rule, under which the written terms of an unambiguous contract supersede statements made during the negotiations, and extrinsic evidence of the agreement's terms is thus irrelevant and cannot be relied upon. *Riverisland Cold Storage, Inc. v. Fresno Madera Prod. Credit Assn.*, 55 Cal. 4th 1169, 1174 (2013); *Ringfree USA Corp v. Ringfree Co.*, 2008 WL 11339112, at *2 (C.D. Cal. Aug. 15, 2008) ("The parol evidence rule 'generally prohibits the introduction of any extrinsic evidence, whether oral or written, to vary, alter or add to the terms of an integrated written instrument.'" (Citing *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 343 (2004)); *see also LaHaye v. Goodneuz Grp., LLC*, 2007 WL 4355382, at *1 (C.D. Cal. Apr. 12, 2007) (granting motion *in limine* to "exclude parol evidence that contradicts the parties' written agreement").

[4] The discovery cutoff date of November 28, 2025 was a <u>Friday and not a court holiday</u> but, even if it was a weekend or holiday, the law is clear that "Rule 6(a) does not apply to the discovery cut-off date." *Ortiz v. Vortex Cellular*, 2021 WL 4642795, at *1 (C.D. Cal. Jan. 29, 2021). *See id.* (explaining, "The advisory committee notes [to Rule 6(a)] confirm that the rule does not apply 'when a fixed time to act is set,'" and citing *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005) for the proposition that Rule 6(a) "does not apply to situations where the court has established a specific calendar day as a deadline.").

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed Or Produced Before The Close of Fact Discovery                    Page 7

correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…." Fed. R. Civ. P. 26(e)(1)(A). The documents and information Byrne disclosed after the discovery cutoff either predate this lawsuit or were stored in his personal Yahoo email account - meaning they were in his possession or within his knowledge well before the discovery deadline, and in all likelihood before he even filed suit. There is no excuse for his belated production. These materials should have been produced at the time of Byrne's Initial Disclosures and, at the very latest, by November 28, 2025. His failure to do so violates Rules 26(a), 26(e), 33, and 34.

**B.     Byrne Cannot Demonstrate That His Untimely Disclosures Were Substantially Justified or Harmless.**

Rule 37(c)(1) provides only two exceptions to mandatory exclusion: the disclosing party must show that the failure to timely disclose was either substantially justified or harmless. The burden falls squarely on Byrne. *Torres v. City of L.A.*, 548 F.3d 1197, 1214 (9th Cir. 2008). Byrne cannot meet it on either ground.

Byrne cannot show substantial justification. None of the late-produced documents or information were newly discovered, and no circumstances exist on this record that could excuse the delay. For example, the documents Byrne produced after the cutoff are dated prior to the filing of this lawsuit and were sitting in his personal Yahoo email account. His failure to timely produce them reflects nothing more than inexcusable neglect - which is not a basis to avoid sanctions. *Burns v. Home Depot, USA, Inc.*, 2010 WL 11404592, at *2 (C.D. Cal. July 19, 2010) ("[A]ttorney negligence is not a sufficient basis for avoiding appropriate sanctions.").

///

///

///

///

///

Byrne likewise cannot show that his untimely disclosures were harmless.[5] Courts have recognized that "[h]aving to commit any amount of trial preparation time on late-disclosed discovery materials is, in itself, a harm." *Yowan Yang v. ActioNet, Inc.*, 2016 WL 8929250, at *9 (C.D. Cal. Feb. 19, 2016). Harm is found where nondisclosure disrupts schedules, forecloses discovery opportunities, prevents a party from testing the disclosed information, or results in trial-by-surprise. *See, e.g., Ruiz v. RSCR Cal., Inc.*, 683 F. Supp. 3d 1079, 1090-91 (C.D. Cal. 2023) (striking nondisclosed exhibit appended to summary judgment motion despite party's ability to file response brief and raise evidentiary objections); *Green v. Baca*, 226 F.R.D. 624, 654-55 (C.D. Cal. 2005) (finding harm in the inability to "propound discovery" to determine the witness's relevance to the case); *Hogge v. Costco Wholesale Corp.*, 2023 WL 3432218, at *2 (C.D. Cal. Apr. 4, 2023) (excluding disclosure of article after rebuttal expert deadline); *Elena v. City of Los Angeles*, 2025 WL 1144824, at *4 (C.D. Cal. Mar. 19, 2025) (granting motion *in limine* to exclude evidence not produced during discovery because, "[a]s a result of Defendants' belated disclosure, Plaintiffs were unable to conduct discovery regarding the untimely evidence and would have been unduly prejudiced by seeking to reopen discovery," and "[a]dditionally, Defendants' delay was not harmless because the information was unavailable when, among other things, Plaintiffs conducted depositions." (Citations omitted)).

All of these harms are present here. Because of Byrne's untimely disclosures, Ameris was unable to question Byrne at deposition about the late-produced materials, depose or seek discovery from the belatedly identified witnesses, or provide its damages expert with the LTIP allocation percentages Byrne now claims are central to his damages.

---

[5] It is irrelevant whether Ameris had any documents, such as emails, in its possession because "the proper recourse for failure to produce appears to be sanctions for discovery misconduct." *Zinna v. Newmark*, 2025 WL 575354, at *2 (C.D. Cal. Jan. 13, 2025) (citing Fed. R. Civ. P. 37(b)(2)(A) & (d)).

Ameris had no opportunity to conduct any discovery after the late production, yet Byrne intends to rely on multiple email chains from that production at trial.

## V. CONCLUSION

For these reasons, Ameris respectfully requests that the Court exclude all documents, evidence, testimony, and argument relating to Byrne's untimely productions and disclosures made in violation of Rules 26, 33, and 34, for which Byrne can demonstrate neither substantial justification nor harmlessness.

Dated: April 17, 2026                                    **NUKK-FREEMAN & CERRA**

By:

/s/Stacy L. Fode
Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorneys for Defendant
AMERIS BANK