Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C. Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF STACY L. FODE IN SUPPORT OF DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DOCUMENTS AND INFORMATION NOT DISCLOSED OR PRODUCED BEFORE THE CLOSE OF FACT DISCOVERY**<br><br>Judge: Hon. Michelle Williams Court<br>Date:   May 22, 2026<br>Time:  1:30 p.m.<br>Place:  Courtroom: 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

I, Stacy Fode, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in the above-entitled Court.  I am a Partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2.      I make this declaration in support of Ameris's Motion *in Limine* No. 3 to Exclude Documents and Information Not Disclosed or Produced Before the Close of Discovery. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

3.      Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

4.      On March 17, 2025, Byrne served his Fed. R. Civ. P. 26(a)(1) disclosures. Attached hereto as **Exhibit A** is a true and correct copy of Byrne's Rule 26 Initial Disclosures.

5.      On June 20, 2025, Byrne served an Amended Rule 26 Initial Disclosures. Attached hereto as **Exhibit B** is a true and correct copy of Byrne's Amended Rule 26 Initial Disclosures.

6.      Pursuant to this Court's February 18, 2025 Scheduling Order (Dkt. No. 22), the deadline for fact discovery was November 28, 2025.

7.      Ameris served its Request for Production of Documents ("RFPs") and Interrogatories on March 3, 2025.

8.      Despite having ample time to respond, Byrne's repeated failures to produce adequate discovery forced Ameris to file two motions to compel on September 10, 2025 (Dkt. Nos. 58–59), after which the Court convened the parties in Chambers and Byrne's counsel represented that no further documents would be forthcoming. (Dkt. No. 60.)

///

*Patrick Byrne v. Ameris Bank*                                                          Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's
Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed or
Produced Before the Close of Discovery                                          Page 2

9.      After producing documents on November 13 and 17, 2025, Byrne made an additional production on December 1, 2025 - three days after the discovery cutoff - consisting of 490 pages of emails to, from, or copying Byrne's personal Yahoo account, along with four (4) spreadsheets (PLAINTIFF001147-1640). Notably, key attachments to the produced emails were missing.

10.     In Plaintiff's proposed trial exhibit list shared with Ameris on April 10, 2026, he includes emails from this late production, PLAINTIFF001504-1512 and PLAINTIFF001531-1534. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Trial Exhibit List shared with Ameris on April 10, 2026.

11.     On that same late date of December 1, 2025, Byrne also served his Third Supplemental Responses to Interrogatories. There, Byrne introduced **for the first time** substantive information central to his claims, including: the identities of additional or previously undisclosed individuals with knowledge of his allegations; additional factual basis for his claims under Business & Professions Code § 17200, Labor Code § 1102.5, and wrongful termination; additional factual basis for his LTIP-related contentions; additional factual basis relating to the nature and details of his complaints to Ameris; his prior litigation history; and specific reasons he was unable to work following his separation. Attached hereto as **Exhibit D** is a true and correct copy of Byrne's Third Supplemental Responses to Interrogatories.

12.     On January 23, 2026, nearly two months after Ameris submitted its damages expert report on December 5, 2025, Byrne filed his Opposition to Ameris's MSJ. Attached to that Opposition were two declarations introducing, **for the first time** in this litigation, the claim that specific fixed percentages of the LTIP pool had been promised to Byrne and two other division executives. (Dkt. No. 108-8 and 108-9).

13.     Specifically, Byrne declared that his "negotiated percentage allocation, through explicit agreement with Ameris, was a guaranteed 62.54% of the LTIP pool each year that performance thresholds were met," and "[t]his arrangement was also explicitly discussed with Robert Rasmussen ("Rasmussen") and Phil Silva ("Silva,"

*Patrick Byrne v. Ameris Bank*                                                            Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's
Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed or
Produced Before the Close of Discovery                                                      Page 3

President of Balboa Division), each of whom also received fixed percentage allocations of the LTIP pool." (Dkt. 108-8, ¶ 8.)

14. A separate declaration by Rasmussen (Balboa Division's former Chief Credit Officer and later Chief Operating Officer) similarly alleged for the first time that he had been promised by Byrne a 7% individual allocation of the LTIP pool each year, and that Byrne and Silva would each receive 62.5% and 16%, respectively. (Dkt. 108-9, ¶¶ 6–8.)

15. To date, Byrne has produced no written agreement or document stating that Byrne was guaranteed 62.54% of the LTIP pool. In fact, this percentage was never disclosed in any discovery response, not in Byrne's initial disclosures, not in his timely discovery responses, and not at his deposition.

16. Compounding this, Byrne's own purported rebuttal damages expert, Deborah Dickson, made no mention of any fixed LTIP pool percentages in her January 2, 2026 report, and confirmed at her January 15, 2026 deposition that Byrne never provided her with any individual allocation instructions and that Byrne had full discretion over how to allocate the LTIP pool. Attached hereto as **Exhibit E** is a true and correct copy of relevant deposition excerpts from the Transcript of the Testimony of Deborah Dickson, taken on January 15, 2026.

17. On April 10, 2026, Byrne provided Ameris with his proposed Exhibit List, which includes documents bearing Bates numbers PLAINTIFF001504-1512 and PLAINTIFF001531-1534, which were produced after the discovery cutoff.

18. That same day, the parties met and conferred in person pursuant to Local Rule 7-3, at which time Ameris advised Byrne's counsel of its intent to seek exclusion of documents and information not disclosed or produced before the close of fact discovery.

19. Byrne's counsel confirmed that Byrne would not stipulate to exclusion.

///

///

---

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's
Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed or
Produced Before the Close of Discovery                                          Page 4

20.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of April, 2026, in San Diego, California.

By:    _/s/Stacy L. Fode_____

Stacy L. Fode, Esq.

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's
Motion *In Limine* No. 3 to Exclude Documents and Information Not Disclosed or
Produced Before the Close of Discovery                                    Page 5