# EXHIBIT D

Esperanza Cervantes Anderson | SBN 197953
T. Stephen Corcoran | SBN 167880
**LAW OFFICE OF ESPERANZA CERVANTES ANDERSON**
1037 N Allen Avenue
Pasadena, California 91104
Tel.:   (626) 219-6773
Fax:   (626) 389-8911

Attorneys for PLAINTIFF
PATRICK BYRNE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>PLAINTIFF,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendants. | Case No.: 8:24-cv-01989<br><br>**PLAINTIFF PATRICK BYRNE'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:    Defendant AMERIS BANK

RESPONDING PARTY:    Plaintiff PATRICK BYRNE

SET NO.:    One

Pursuant to Federal Rule of Civil Procedure 30, Plaintiff PATRICK BYRNE ("Plaintiff") hereby supplements his responses to Defendant AMERIS BANK'S ("Defendant's") Interrogatories, Set One, as follows:

- 1 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

# PRELIMINARY STATEMENT

The following preliminary statement is incorporated into each and every response as if individually set forth therein.

Plaintiff has not fully completed his investigation of the facts relating to this action and has not fully completed his preparation for trial. All of the answers contained herein are based only upon such information and documents, which are presently available to and specifically known to Plaintiff, and disclose only those contentions, which presently occur to Plaintiff. It is anticipated that further independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

The following responses are given without prejudice to Plaintiff's right to supplement these responses with information later obtained. Plaintiff accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The answers contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known.

# GENERAL OBJECTIONS

Plaintiff makes the following General Objections to each of the Interrogatories contained herein, whether or not fully set forth in the specific objections to each Interrogatory.

A. Plaintiff objects to each Interrogatory to the extent that it seeks information concerning communications or other matters protected by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. No information covered by any privilege or protection shall be

- 2 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT'S INTERROGATORIES, SET ONE

disclosed.  Any inadvertent disclosure of privileged or otherwise protected information shall not be deemed a waiver of the attorney-client privilege, work product doctrine or any other applicable privileges or doctrines.

B.      Plaintiff objects to each Interrogatory to the extent that it seeks information protected by the right of privacy contained in the California Constitution or any other applicable law, statute or doctrine.

C.      Plaintiff objects to each Interrogatory to the extent that it seeks information equally available to Defendant because it has been previously provided to Defendant or because it was generated by Defendant, on the grounds that the Interrogatory subjects Plaintiff to unreasonable and undue annoyance, oppression, burden and expense.

D.      Plaintiff objects to each Interrogatory to the extent it seeks confidential financial or other private information of Plaintiff.

E.      Plaintiff objects to each Interrogatory to the extent it seeks to impose obligations in addition to or in violation of the Federal Rules of Civil Procedure.

## RESPONSES

### INTERROGATORY NO. 1:

IDENTIFY all persons with knowledge regarding any of the allegations set forth in YOUR COMPLAINT.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

- Plaintiff Patrick Byrne, who may be contacted through Plaintiff's counsel;

- Robert Rasmussen, former Balboa Chief Operating Officer, who may be contacted through Plaintiff's counsel;

- Jacquie Emert, former Balboa Vice President of Accounting, who may be contacted through Plaintiff's counsel;

- Phil Silva, Balboa Vice President of Sales;

- David White, Balboa Top Sales Producer;

- David Sexton, Balboa Chief Credit Officer;

- Michelle Chiongson, Balboa Chief Legal Officer;

- Kevan Wilkinson, former Balboa Marketing Manager;

- Heather Parker, Balboa Chief Financial Officer;

- Krystina Ortega, Balboa Vice President of Marketing;

- Nicol Maurer, former Balboa Marketing Manager;

- James Grant, Balboa Vice President of Portfolio Management;

- Carla Freberg, Balboa Vice President of Vendor Sales;

- Matt Edenhofer, Balboa Vice President of IT; and

- Todd Edson, Balboa Vice President of Operations.

**KBW Investment Bankers**

The following individuals may have discoverable information regarding the allegations in the Complaint, including but not limited to, the negotiations that led to the acquisition of Balboa by Ameris and to the creation of the LTIP.

- Michael Jones, (312) 320-4108; and

- Daniel Larrea, dslarrea@gmail.com, (720) 594-4155.

///

- 4 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**Employees and former employees of Defendant Ameris**

The following individuals may have discoverable information regarding the allegations in the Complaint, including but not limited to, the negotiations that led to the acquisition of Balboa by Ameris; Balboa's performance following the acquisition; the requirements to obtain a cash award bonus under the LTIP; the calculation of the LTIP; Plaintiff's performance; and Plaintiff's termination. Except where indicated otherwise, the contact information for these witnesses is thought to be within the possession, custody or control of Ameris.

- Palmer Proctor Jr., Ameris Chief Executive Officer of Ameris Bank and Ameris Bancorp.;
- Lawton E. Bassett III, Ameris President of Ameris Bank and Ameris Bancorp Banking Group.;
- Nicole S. Stokes, Ameris Executive Vice President and Chief Financial Officer;
- Ross L. Creasy, Ameris Executive Vice President and Chief Information Officer;
- James A. LaHaise III, Ameris Executive Vice President and Chief Strategy Officer;
- William D. McKendry, Ameris Executive Vice President and Chief Risk Officer;
- Michael T. Pierson, Ameris Executive Vice President, Chief Governance Officer, and Corporate Secretary;
- Jody L. Spencer, Ameris Executive Vice President and Chief Legal Officer;
- Douglas D. Strange, Ameris Executive Vice President and Chief Credit Officer;

///

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 5 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- Jon Edwards, Ameris Executive Vice President and Chief Credit Officer;

- Laura Rodriquez, Ameris head of compensation;

- Ben Phelps, Ameris Head of HR for Balboa;

- Sidney Houghton, Ameris HR manager;

- Sufhan Majid, Ameris Controller for Ameris;

- David Sparacio, Ameris Head of Accounting; and

- Billy Marvin, Ameris Head of Marketing.

**Members of the Board of Directors at Ameris Bank (2021 and 2024)**

The following individuals may have discoverable information regarding the allegations in the Complaint, including but not limited to, the negotiations that led to the acquisition of Balboa by Ameris; Balboa's performance following the acquisition; the requirements to obtain a cash award bonus under the LTIP; the calculation of the LTIP; Plaintiff's performance; and Plaintiff's termination. Except where indicated otherwise, the contact information for these witnesses is thought to be within the possession, custody or control of Ameris.

Members are thought to include the following people. The contact information for each of these individuals is in Defendant's possession, custody or control.

- Palmer Proctor Jr.;

- James Miller;

- Leo Hill;

- William Stern;

- Elizabeth McCague;

- Robert Ezzell;

- William Bowen;

- Robert Lynch;

- 6 -

- Gloria O'Neal;

- Rodney Bullard;

- William Choate;

- Daniel Jeter; and

- Claire E. McLean.

**Members of the Compensation Committee of Ameris Bank**

The following individuals may have discoverable information regarding the allegations in the Complaint, including but not limited to, the requirements to obtain a cash award bonus under the LTIP; Balboa's performance during the fiscal years 2022, 2023 and 2024; the calculation of the LTIP for each of these years.

Members are thought to include Rodney D. Bullard and R. Dale Ezzell. The contact information for each of these persons is in Defendant's possession, custody or control.

**All persons involved in the decision to terminate Plaintiff's employment**.

The identity of these persons and contact information are in Defendant's possession, custody or control.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff supplements his response as follows:

Balboa Division employees:

- Don Ngo, Legal Collector

- Jesus Reyes, Recovery Supervisor

- Lynn Luzon, Assistant Vice President, Accounting Manager

- Anjana Keshav, Senior Accountant

- Victoria Le, Ameris Financial Crimes EFF Analyst II

///

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Ameris Bank employees:

- Matt Roux, Ameris Executive Vice President, Director of Financial Reporting
- David Rogers, Ameris Enterprise Data Director

**INTERROGATORY NO. 2:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that DEFENDANT violated Business & Professions Code section 17200 as set forth in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows:

Ameris Bank violated Business & Professions Code section 17200 through unfair and deceptive business practices by:

- Creating and implementing the LTIP to induce approximately 145 Balboa employees to increase their work efforts;
- Improperly calculating LTIP earnings by, among other things, making improper deductions to pre-acquisition income;
- Retroactively changing the Performance Formula after employees had already performed the work;
- Terminating Plaintiff's employment in retaliation for complaining about these unlawful practices;

- 8 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

- Failing to pay Plaintiff and other employees all wages earned.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff supplements his original response as follows:

Ameris Bank violated Business & Professions Code section 17200 through unfair and deceptive business practices by:

- Inducing Plaintiff to sell his company to Ameris with the understanding that the LTIP would be available to 145 Balboa employees;

- Creating and implementing the LTIP to induce approximately 145 Balboa employees to increase their work efforts;

- Intentionally miscalculating LTIP earnings before tax by, among other things, by applying different accounting methodologies than were agreed to in the Pioneer 1Q21 Operating Model, which Ameris was required to follow. In so doing, Ameris kept hundreds of millions of dollars in value added by Balboa employees through their extra efforts and sacrifices and also kept the millions of dollars that Ameris was required to allocate to the Incentive Pool for the distribution of Cash Bonus Awards to Balboa employees for work already performed;

- Terminating Plaintiff's employment in retaliation for complaining about these unlawful practices;

- Failing to pay Plaintiff and other employees all wages earned for work performed.

///

///

///

- 9 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**INTERROGATORY NO. 3:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that DEFENDANT retaliated against YOU in violation of Labor Code section 1102.5 as set forth in YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff complained to Defendant repeatedly, including by email to James LaHaise, that Defendant's calculations for the 2022 and 2023 LTIP were improper. Plaintiff requested adjustment of LTIP calculations for 2022 and 2023. Ameris terminated Plaintiff's employment on June 30, 2024, in direct retaliation for these protected complaints. Prior to these complaints, Ameris had expressed satisfaction with Plaintiff's performance.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff supplements his original response as follows: From June 5, 2023 through his termination, Plaintiff complained to his supervisor, James LaHaise, Chief Strategy Officer, as well as individuals in Ameris (Nicole Stokes, Chief Financial Officer; David Sparacio, Controller; Laura Rodriguez, Head of Compensation; and Sufhan Majid, Senior Vice President, Director of Accounting) who had the authority to investigate, discover and correct the legal violations that

- 10 -

Ameris had intentionally miscalculated the LTIP and that these miscalculations were depriving employees working in the Balboa division of Ameris Cash Bonus Awards they had earned for work they had already performed in 2022 and 2023. In retaliation, Ameris decided not to renew Plaintiff's Employment Agreement.

Plaintiff had reasonable cause to believe Ameris' miscalculations were a violation of law, including fraud (because Ameris fraudulently induced Balboa employees to significantly increase the work performed by promising bonuses they had no intention of providing, and also various provisions in the California Labor Code because the bonuses Ameris failed to pay constituted earned wages. When Ameris made its miscalculations, the Balboa employees had already performed the work necessary to obtain the bonuses. Ameris had no discretion to refuse to allocate the required amount of money to the LTIP incentive pools for 2022 and 2023, which pools were to be divided between Balboa employees in accordance with an agreement Plaintiff and other senior management at Balboa reached before the acquisition.

When Plaintiff continued to refuse to go along with what he had reasonable cause to believe was a violation of law, Ameris terminated Plaintiff's employment. Ameris had expressed satisfaction with Plaintiff's performance, repeatedly telling him that they wanted him to remain as CEO of the Balboa division of Ameris until it was clear that Plaintiff would not go along with what he had reasonable cause to believe was a violation of law.

**INTERROGATORY NO. 5:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that DEFENDANT wrongfully terminated YOUR EMPLOYMENT as set forth in YOUR COMPLAINT.

///

///

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff made protected complaints about LTIP calculations, specifically identifying improper calculations of the LTIP for 2022 and 2023. Prior to these complaints, Ameris had expressed satisfaction with Plaintiff's performance. Ameris terminated Plaintiff's employment on June 30, 2024 in retaliation for his protected complaints.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff supplements his original response by incorporating his supplemental response to Interrogatory No. 3 as though fully stated herein.

**INTERROGATORY NO. 6:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "The potential for additional cash awards promised in the LTIP induced employees participating in the LTIP, including PLAINTIFF, to work above and beyond to increase BALBOA's profitability for AMERIS," as stated in Paragraph 9 of YOUR COMPLAINT.

///

///

///

Law Office of Esperanza Cervantes Anderson
Pasadena, California

- 12 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: The LTIP established specific performance targets that required increased efforts from former Balboa employees to meet. Balboa employees increased their efforts to meet the thresholds. After employees had performed the work, Ameris retroactively changed calculations to deprive Balboa employees of any bonus under the LTIP.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff supplements his original response as follows: In addition, to the demands placed on Balboa employees associated with the first year of an acquisition, the additional requirements associated with moving from a private company to a SEC regulated public company, the additional requirements associated with moving from a non-depository institution to a bank, and the complexities of managing relationships with a home office across the country; Balboa grew sales by over 63% in the first year after the acquisition.  This meant that Balboa employees were required to develop more partnerships with equipment vendors, source more customers, credit decision more applications, process more deals for funding, pay more equipment vendors and account for more transactions. This was all accomplished with the approximately the same number of operational

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

personnel.  Further, in the second year of the acquisition, 2023, Balboa grew sales 13% on a budget of 8% despite Ameris' placing significant governors on Balboa's growth through restrictions on hiring, restrictions on portfolio purchases, floors on interest rates offered, changes in reporting lines for key departments of Balboa. Balboa employees, including Plaintiff, put in the significantly greater effort because they believed they would earn a bonus at the end of the year to compensate them for the extra effort and sacrifices.

**INTERROGATORY NO. 7:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "Instead of honoring the promises made in the LTIP, AMERIS intentionally failed to properly calculate the earnings and performance of BALBOA so as to reduce BALBOA's earnings so that it would not have to pay any cash awards under the LTIP. AMERIS' miscalculations thereby reduced and/or eliminated the incentive compensation of BALBOA employees participating in the LTIP, including PLAINTIFF," as stated in Paragraph 10 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Ameris failed to properly calculate LTIP earnings for 2022 and 2023 by, among other things, making improper deductions to pre-acquisition income. These improper calculations affected approximately 145 employees participating in the LTIP.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

- 14 -

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff supplements his original response as follows: The LTIP set Performance Goals for 2022, 2023, and 2024 that required Balboa to hit a minimum threshold of earnings before taxes (EBT) before Ameris was to put money in an Incentive Pool (Defined Term in LTIP).  The earnings before taxes (EBT) Performance Goal threshold increased substantially by multi-million dollars each year. If Balboa exceeded the Performance Goal threshold in the LTIP for a given year, 35% of the amount that BALBOA exceeded the Performance Goal threshold would be placed in the Incentive Pool.  The LTIP  then required that the entire amount of the Incentive Pool be paid out in Cash Bonus Awards to employees working in the Balboa division of AMERIS. Through Ameris' intentional miscalculations of Balboa's EBT, Ameris reduced the amount of money it had to allocate to the Incentive Pool for 2022 and eliminated its duty to allocate any money into the Incentive Pool for 2023. This had the direct effect of reducing and/or eliminating incentive compensation of employees working in the Balboa division of Ameris had already earned through their increased efforts.

**INTERROGATORY NO. 8:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "As a result of AMERIS' intentional miscalculations, BALBOA employees participating in the LTIP, including PLAINTIFF, were deprived of the income they earned through their increased efforts," as stated in Paragraph 10 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the

- 15 -

extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Ameris' retroactive and improper changes to the calculations for the LTIP reduced the amount of Balboa's earnings for 2022 and 2023. The reduction meant that Balboa was due less under the LTIP for 2022 and nothing under the LTIP for 2023.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff supplements his original response by incorporating his supplemental responses to Interrogatory Nos. 3, 6 and 7 as though fully stated herein.

**INTERROGATORY NO. 9:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "From June 2023 through his termination, PLAINTIFF complained repeatedly to AMERIS that they were improperly calculating BALBOA's earnings under the LTIP. PLAINTIFF complained to AMERIS that he and numerous other eligible employees were owed a larger Cash Award Bonus for their participation in the LTIP during 2022, a larger Cash Award Bonus for their participation in the LTIP during 2023, and that they were owed other monies," as stated in Paragraph 11 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client

- 16 -

privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff sent numerous emails to various individuals at Ameris, including but not limited to James LaHaise identifying the errors in the calculations. Plaintiff continued to complain about these issues through his termination on June 30, 2024.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff supplements his original response as follows: From June 5, 2023 through his termination Plaintiff complained repeatedly about the miscalculations of the LTIP for 2022 and 2023 to James LaHaise, Nicole Stokes, Sufhan Majid and/or David Sparacio. Plaintiff complained that Ameris' accounting methodologies were different than Balboa's past practices, which Ameris was bound to follow when calculating the LTIP. Plaintiff complained that these improper changes served to artificially reduce Balboa's EBT and, as such, artificially and improperly reduce the amount of monies Ameris was required to allocate to the Incentive Pool for the 2022 and 2023 LTIP. Plaintiff complained to James LaHaise that the miscalculations deprived Balboa employees, including Plaintiff, of the bonuses they were due for the work they had already performed in order to earn the bonuses. In March 2024, Plaintiff refused to comprise the claims of Balboa employees to their bonus for a fraction of what they were due.

**INTERROGATORY NO. 10:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "As a result of PLAINTIFF's complaints, AMERIS terminated PLAINTIFF'S employment effective June 30, 2024. PLAINTIFF is informed and believes and on that basis alleges that AMERIS decided to terminate his employment in retaliation for PLAINTIFF'S complaints about AMERIS' intentional miscalculation of

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

BALBOA's earnings,' as stated in Paragraph 12 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Plaintiff had an Employment Agreement through December 31, 2024. Throughout 2023, until his termination, Plaintiff formally complained about LTIP miscalculations to various individuals at Ameris, including but not limited to James LaHaise. After Plaintiff's complaints about LTIP calculations, Ameris terminated his employment on June 30, 2024, six months before his Employment Agreement was set to expire. Prior to these complaints, Ameris had expressed satisfaction with Plaintiff's performance and expressed a desire to continue Plaintiff's employment.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff supplements his original response as follows:

Plaintiff complained to various individuals at Ameris, including but not limited to James LaHaise, Nicole Stokes, David Sparacio and Sufhan Majid, about Ameris' miscalculations of the LTIP for 2022 and 2023 from June 5, 2023 through the date of his termination. Through May 2024, Ameris expressed satisfaction with Plaintiff's performance telling him repeatedly that Ameris wanted Plaintiff to remain as CEO of the Balboa division of Ameris. When Plaintiff told James

- 18 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LaHaise that he was not giving up on his demands that Ameris correct the miscalculations and deposit the monies due into the Incentive Pool for 2022 and 2023, for distribution to Balboa employees per the agreement that Plaintiff had reached with other Balboa senior management during the acquisition of Balboa, Ameris retaliated against Plaintiff by first giving notice that Ameris would not renew Plaintiff's Employment Agreement at the end of its term. When Plaintiff continued to refuse to abandon his complaints, Ameris terminated Plaintiff's employment.

**INTERROGATORY NO. 11:**

DESCRIBE the COMPLETE FACTUAL BASIS for YOUR contention that "Prior to PLAINTIFF'S complaints, AMERIS repeatedly told PLAINTIFF that they were happy with PLAINTIFF'S performance and that AMERIS wanted to continue the relationship with PLAINTIFF," as stated in Paragraph 12 of YOUR COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Ameris employees, including but not limited to James LaHaise, repeatedly told Plaintiff that Ameris was happy with his performance.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

///

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff supplements his original response as follows:

Ameris provided Plaintiff with a stellar performance evaluation in January 2023 for his performance in January 2022. James LaHaise, Plaintiff's direct supervisor stated in the 2022 Performance Evaluation: "The integration of the long time private company into a publicly traded financial institution is challenging. Pat exceeded expectations in his leadership of that difficult leadership task while leading the company to exceed our performance expections fo (sic.) 2022." [See Ameris 000091.] James LaHaise also stated: "Pat maintains a high level of passion for delivering high performing results and keeping his team focused on delivering on their core value proposition." [Ameris 000091.] James LaHaise further acknowledged: "Exceptional first year as part of Ameris Bank. Thank you for your leadership and continued support fo (sic.) Ameris Bank's business banking strategies." [Ameris 000092.] Indeed, Balboa grew by approximately 63% during its first year with Ameris thanks to Plaintiff's excellent leadership.

In January 2023, Ameris provided Plaintiff another stellar performance review. James LaHaise stated: "Pat's leadership of the Balboa division is built on a value proposition of exceptional customer experience, solution oriented, and high standards." [Ameris 000097.] James LaHaise also stated: "Pat is an active leader and strives every day to improve the division." [Ameris 000098.]

James LaHaise recognized that:

- Balboa exceeded the budgeted loan growth by 27%,
- Balboa had 31% growth in originations from top 50 broker and vendor relationships which was higher than the 10% goal;
- Balboa grew 13% in 2023 which was higher than the 8% goal;
- Balboa had 95% retention of Top 20 Revenue Producers which was higher than the 90% goal.

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

See Ameris 000097.

Under Plaintiff's leadership, Balboa was able to achieve these results despite governors on growth placed on Balboa by Ameris in 2023. These governors included restrictions on hiring, restrictions on portfolio purchases, and changes in reporting lines for key departments. [Ameris 000095.]

James LaHaise ended the review stating: "We would like for Pat to continue a long term role leading the division…" [Ameris 000100.]

James LaHaise repeated his wish for Plaintiff to remain as CEO of the Balboa division several times in the Summary of Compensation Owed email chain with Plaintiff that extended between January 31, 2024 and May 6, 2024. [Ameris 001776-1782.]

**INTERROGATORY NO. 12:**

DESCRIBE any complaints, formal or informal, that YOU made to any employee, agent, or representative of DEFENDANT RELATING TO the allegations in YOUR COMPLAINT, including but not limited to (a) the name and job title of each individual to whom YOU complained; (b) the date of each complaint; (c) whether it was verbal or written; (d) the substance of each complaint; and (d) any response to YOUR complaint.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous and compound. Plaintiff also objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because it seeks information that is equally available to Defendant. Plaintiff further objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: James LaHaise, David Sparacio, Laura Rodriguez, Sufhan Majid and

Law Office of Esperanza Cervantes Anderson
Pasadena, California

- 21 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

Nicole Stokes.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12 (August 15, 2025):**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to documents produced in this litigation, including but not limited to documents bates numbered Ameris000301-303; Ameris000260-261; Ameris000294-296; Ameris000297-300.

Discovery and investigation have just begun. Plaintiff reserves the right to supplement this response as discovery and investigation continue.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff supplements his original and supplemental responses as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Defendant to documents produced in this litigation, including but not limited to documents bates numbered Ameris 301-303; Ameris 260-261; Ameris 294-296; Ameris 297-300; Ameris 785; Ameris 930-931; Ameris 958; Ameris 1054-1057; Ameris 1058-1061; Ameris 1082-1087; Ameris 1090-1095; Ameris 1127; Ameris 1131.1-1131.6; Ameris 1134-1136; Ameris 1207-1208; Ameris 1256-1260; Ameris 1384-1385; Ameris 1470; Ameris 1487; Ameris 1488-1490; Ameris 1506-1509; Ameris 1625; Ameris 1633-1634; Ameris 1747-1751; Ameris 1776-1782; Ameris 1802-1805; Ameris 1981; Ameris 2029-2032; Ameris 2155-2158; Ameris 2186-2191; Ameris 2243-2244; Ameris 2245; Ameris 2249-2254; and Ameris 2257-2259. Plaintiff complained to James LaHaise, David Sparacio, Laura Rodriguez, Sufhan Majid and Nicole Stokes in writing and also in telephonic and face to face conversations that Ameris' miscalculations were reducing or eliminating the LTIP Incentive Pools for 2022 and 2023, which pool was designed to be divided between all employees

working in the Balboa division of Ameris of the Cash Bonus Awards to compensate them for work they had earned for work performed in 2022 and 2023.

**INTERROGATORY NO. 13:**

DESCRIBE whether YOU have ever been a party to any judicial (civil or criminal) or administrative proceeding, including the nature of such proceeding and YOUR participation therein, the date of filing and docket number of each such proceeding, and the present status and disposition of each such proceeding.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, as it seeks information about any proceedings without temporal or subject matter limitations. Plaintiff further objects to this Interrogatory on the ground that it seeks information that is not relevant to the claims or defenses in this action. Plaintiff also objects to this Interrogatory on the grounds that it violates his Constitutional right to privacy and the privacy rights of third parties.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13 (August 15, 2025):**

In addition to this lawsuit, Plaintiff has been involved in three other lawsuits.

(1)    Plaintiff is a defendant in a lawsuit filed by Defendant in Delaware. Plaintiff was never served and does not know if this lawsuit is still pending.

(2)    Approximately 8 years ago, Plaintiff brought a lawsuit against St. Margaret in San Juan Capistrano, California. This lawsuit was resolved more than 3 years ago.

(3)    Approximately 10 years ago, Plaintiff filed a lawsuit against a former landlord to recover a security deposit. This lawsuit was resolved more than 3 years ago.

///

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff supplements his original and supplemental responses as follows:

Pursuant to the agreement reached with counsel for Ameris in August 2025 to limit Plaintiff's response to this Interrogatory to lawsuits filed within the last 10 years of August 15, 2025, Plaintiff states:

In addition to this lawsuit, Plaintiff has been involved in three other lawsuits.

(1)     Plaintiff is a defendant in a lawsuit filed by Defendant in Delaware. Although Plaintiff was never served, Ameris falsely obtained a default judgment against Plaintiff which he is seeking to set aside.

(2)     Approximately 8 years ago, Plaintiff brought a lawsuit against St. Margaret in San Juan Capistrano, California. This lawsuit was resolved more than 3 years ago.

(3)     Approximately 9 or 10 years ago, Plaintiff filed a lawsuit against a former landlord to recover a security deposit. Specifically, On June 8, 2017, Plaintiff filed a lawsuit against the McFadden Family Trust and its trustees, Timothy McFadden and Mary McFadden, for breach of lease agreement, violation of California Civil Code 1950.5(g) and breach of the covenant of good faith and fair dealing. Plaintiff prevailed at trial and on the subsequent appeal. This lawsuit was resolved more than 3 years ago.

(4)     On March 16, 2018, Plaintiff filed suit against Robert Dilbeck Masonry for breach of written agreement and negligence.

**INTERROGATORY NO. 15:**

If YOU were unable to work for any period of time since YOUR separation from DEFENDANT, IDENTIFY the specific dates YOU were unable to work and the reason(s) YOU were unable to work.

///

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

- 24 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff objects to this interrogatory on the grounds that it is vague and ambiguous as to the phrase "unable to work." Plaintiff further objects to the extent this interrogatory seeks information protected by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Defendant prevented Plaintiff from working following his termination by limiting the persons with whom he could work and the work he could do.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15 (August 15, 2025):**

Plaintiff's Employment Agreement with Ameris prevented him from working in his chosen profession following his termination. See Employment Agreement, Para. 4.3, produced by Ameris with bates numbers Ameris 000238-000259.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff supplements his original and supplemental responses as follows:

In addition to Plaintiff's Employment Agreement, the Stock Purchase Agreement entered into when Ameris acquired Balboa in December 2021 and other agreements Plaintiff signed when he began working at Ameris following the acquisition, including for example the Confidential Information Agreement, restricted Plaintiff's ability to work in his chosen profession following his termination from Ameris.

DATED:  December 1, 2025.          **LAW OFFICE OF ESPERANZA ANDERSON**

By: _____

Esperanza Anderson, Esq.
Attorney for PLAINTIFF
PATRICK BYRNE

- 25 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

VERIFICATION

I, Patrick Byrne, declare:

I am the plaintiff in the above-entitled action. I have read the foregoing "PLAINTIFF PATRICK BYRNE'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE" and know the contents thereof and certify that the same are true of my own knowledge.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 1, 2025, in Dana Point, California.

By: _____
Patrick Byrne

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE

LAW OFFICE OF ESPERANZA CERVANTES ANDERSON
PASADENA, CALIFORNIA

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen and not a party to the within action, and my business address is Law Office of Esperanza Cervantes Anderson, 1037 N. Allen Avenue, Pasadena, California 91104 (the "business").

On December 1, 2025, I served the following document(s): **PLAINTIFF PATRICK BYRNE'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT AMERIS BANK'S INTERROGATORIES, SET ONE** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

> Stacy L. Fode (sfode@nfclegal.com)
> Nana Yee (nyee@nfclegal.com)
> NUKK-FREEMAN & CERRA, P.C.
> 550 West C Street, Suite 910
> San Diego, California 92101

_____BY REGULAR U.S. MAIL:  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Pasadena, California.

___X___BY E-MAIL:  I sent a true and complete copy of the document(s) described above by electronic transmission to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list.

_____BY FEDERAL EXPRESS OVERNIGHT DELIVERY OR OTHER EXPRESS OVERNIGHT SERVICE:  I declare that the foregoing described document(s) was(were) deposited on the date indicated below in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served, at the address as last given by that person on any document filed in the cause and served on this office.

_____BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the above address(es). I sent a true and complete copy of the document(s) described above to the e-mail addresses set forth opposite the name(s) of the person(s) set forth on the attached service list pursuant to agreement by counsel to accept personal service via e-mail service.

_____(State)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___X___(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 1, 2025 at Pasadena, California.

_____
Esperanza Cervantes Anderson

- 27 -

PLAINTIFF'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES, SET ONE