MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone: (949) 553-1313
Fax: (949) 553-8354
E-Mail: msessions@allenmatkins.com
         svillagomez@allenmatkins.com
         mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Michelle Williams Court<br><br>**PLAINTIFF PATRICK BYRNE'S MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANT AMERIS BANK'S EVIDENCE SUPPORTING THE DISCRETIONARY NATURE OF WAGES**<br><br>Date: May 22, 2026<br>Time: 1:30 p.m.<br>Ctrm: 6A<br><br>Disc. Cutoff: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S MOTION IN
LIMINE NO. 3

4933-1248-2209.5

## I.    INTRODUCTION

At the parties' April 10, 2026, meet and confer conference regarding motions in limine, Defendant Ameris Bank ("Ameris") indicated it would re-assert an argument at trial which this Court has already foreclosed as a matter of law—namely, that Plaintiff Patrick Byrne's ("Byrne") Long-Term Incentive Plan ("LTIP") cash award is a *discretionary* bonus and, therefore, not a "wage" recoverable under Labor Code §§ 201–203. *See* Declaration of Matthew T. Sessions ("Sessions Decl."), filed concurrently herewith, ¶2.

In its Motion for Summary Judgment, Ameris previously argued that Byrne's LTIP cash award was discretionary. And in deciding Ameris's Motion for Summary Judgment, this Court unequivocally struck down this argument as contrary to established California precedent. Under the law of the case doctrine, Ameris may not now try its hand with the jury on the same legally-unfounded argument that this Court previously foreclosed.

Therefore, by this Motion, Byrne respectfully requests that the Court preclude Ameris from presenting and using evidence to argue at trial that the LTIP cash award is a discretionary bonus.

## II.   ARGUMENT

### A.    Legal Standard – The Law Of The Case Doctrine Precludes Relitigating An Issue That Was Already Decided Earlier In A Case.

In *Arizona v. California*, the Supreme Court made clear that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Consistent with that precedent, the Ninth Circuit has explained that "[t]he law of the case doctrine precludes a court from reconsidering an issue that it has already resolved" and that "[i]ssues that a district court determines during pretrial motions

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

become law of the case." *See U.S. v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004); *id.* at 856–57 (affirming the district court's limited jury instruction which prevented the jury from deciding issues the district court had already resolved on a pretrial motion).

In the motion in limine context, district courts within the 9th Circuit have decided motions in limine on law of the case grounds. For example, in *Tate v. University Medical Center of Southern Nevada*, a district court granted multiple motions in limine—and thereby precluded the plaintiff from presenting certain arguments and evidence at trial—holding that a previous trial court and the 9th Circuit (in an "intertwined" case) had already disposed of the issues on summary judgment for which the plaintiff wanted to bring his evidence and arguments again at trial. *See* 2016 WL 7045711, at *3–4 (D. Nev. 2016) (holding that due to the "law of the case" doctrine, the prior rulings "preclude[d] [the plaintiff] from presenting to the jury anew the question of whether [a doctor] had a constitutionally protected interest in being employed as an on-call trauma surgeon"). And in *Parker v. BNSF Railway Company*, a district court in a retrial ruled identically to the previous trial judge on certain motions in limine that were initially decided in the first trial and then filed again in the retrial, holding that the first trial judge's "*in limine* rulings are law of the case and binding on this Court." 2021 WL 4819910, at *2 (W.D. Wash. 2021); *see also Obrey v. England*, 2008 WL 4566970, at *2–3 (D. Haw. 2008) (granting a motion in limine on law of the case grounds to exclude evidence supporting a claim that was already dismissed on a directed verdict in a previous trial in the same case).

Notably, there are limited circumstances in which a court may diverge from the law of the case doctrine (none of which apply here, as explained below). Specifically, a court may refuse to apply an earlier decision if: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Gonzalez v. Arizona*, 677 F.3d 383, 389, n. 4 (9th

Cir. 2012) (internal quotations omitted). If none of those exceptions apply, then the law of the case controls.

**B.      Analysis – The Law of the Case Precludes Ameris from Relitigating the Discretionary Bonus Issue at Trial.**

Earlier in this case, Ameris filed a motion for summary judgment in which it argued that Byrne's LTIP cash award is not a "wage" under California Labor Code §§ 201–203, but rather a "discretionary bonus." *See* Dkt. 93(1) (Ameris's Motion for Summary Judgment) at 15:3–6. In support of this position, Ameris argued that "all material aspects of an LTIP cash bonus award—including eligibility, calculation, and even the existence or amount of payment—were determined on a discretionary basis." *Id.* at 16:2–4. This Court, however, denied this portion of Ameris's motion as a matter of law (as opposed to a matter of disputed fact). For the avoidance of doubt, the Court's denial appears in full below, taken directly from pages 13 and 14 of the Order Dkt. 121:

> *i.      Whether the LTIP Cash Award Is a "Wage"*
>
> First, Defendant argues that LTIP awards are "discretionary bonuses," not wages due upon termination under Labor Code §§ 201–203, because the employer retained discretion "both as to the fact of payment and as to the amount." Mot. 15–16 ("The undisputed evidence shows that all material aspects of an LTIP cash bonus award—including eligibility, calculation, and even the existence or amount of any payment—were determined on a discretionary basis.") (citing DSUF ¶¶ 11, 12, 14)).
>
> Labor Code § 200(a) defines wage as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Lab. Code § 200(a). In *Schachter v. Citigroup, Inc.*, the California Supreme Court construed the term "wages" broadly to include not only periodic monetary earnings but "[i]ncentive compensation, such as bonuses and profit-sharing plans." 47 Cal. 4th 610, 618 (2009); *see also Davis v. Farmers Ins. Exch.*, 245 Cal.App.4th 1302, 1331 & n.20 (2016) (stating Labor Code's wage payment provisions apply to "highly-compensated executives," and "wages include not just salaries earned hourly, but also bonuses, profit-sharing plans, and commissions."). "Only when an employee satisfies the condition(s) precedent to receiving

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-1248-2209.5

-3-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S MOTION IN
LIMINE NO. 3

incentive compensation . . . can that employee be said to have earned the incentive compensation (thereby necessitating payment upon resignation or termination)." *Schachter*, 47 Cal. 4th at 621. *See also Neisendorf v. Levi Strauss & Co.*, 143 Cal.App.4th 509, 522 (2006) (stating, "once a bonus has been promised as part of the compensation for service, and the employee fulfills all the agreed-to conditions, the promised bonus is considered wages that must be paid.").

Under *Schachter* and *Neisendorf*, the LTIP Cash Award is properly considered incentive compensation that, if Plaintiff satisfied the conditions precedent to receiving the LTIP cash award, needed to be paid upon termination. *See Schachter*, 47 Cal. 4th at 621.

Facially clear from the Order, this Court determined that Ameris's discretionary bonus argument failed—not due to disputed facts—but because it ran afoul of well-established California law (i.e., the *Schachter* and *Neisendorf* cases). Accordingly, the fact that Plaintiff Byrne's LTIP payments were "wages" in the form of "incentive compensation," and not mere "discretionary bonuses," is "an issue that it has already resolved" and is thus "law of the case." *See Phillips*, 367 F.3d at 856. Accordingly, Ameris should be precluded from presenting any evidence at trial supporting this now rejected theory. *See, e.g.*, *In re Medina*, 2024 WL 150610, at *3 (S.D. Cal. 2024) ("The Court agrees the Bankruptcy Court's finding that the TA represented a 'transfer' under the UVTA is binding on the parties. This was a legal conclusion made by the Bankruptcy Court in a summary judgment order, which neither party appealed . . . Accordingly, the Court **GRANTS** Plaintiff's first motion in limine"); *Gise LLC v. Olympia Terrace Corp.*, 2003 WL 25674800, at *9–10 (S.D. Cal. 2003) ("The law of the case doctrine therefore precludes relitigation of these issues . . . [Counter-defendants] had the opportunity to present evidence OTC consented to the assignment at the summary judgment stage and failed to do so. They have not shown any basis for this Court to reconsider its ruling and allow trial on that issue . . . Accordingly, OTC's motion *in limine* no. 5 is **GRANTED IN PART**").

Moreover, none of the limited exceptions to the law of the case doctrine are applicable here. *See Gonzalez*, 677 F.3d at 389, n. 4. First, this Court's denial in its Motion for Summary Judgment Order was not "clearly erroneous" and would not result in "manifest injustice" if the Court relied upon that Order to grant this Motion. Under the *Schachter* and *Neisendorf* cases, the Court's Order was, in fact, correct, and Ameris would face no manifest injustice by being precluded from bringing its failed argument again, because it had a full opportunity to conduct discovery on and brief this argument the first time around on summary judgment. Second, no "intervening controlling authority makes reconsideration" of the Court's Order appropriate. The *Schachter* and *Neisendorf* cases are still good law and have not been overturned by any cases, statutes, or other authorities since the Court's Order. Third, no new evidence has been "adduced" at any "subsequent trial." There has been no "subsequent trial" here, and, in any event, no new evidence has arisen in discovery which might support Ameris's argument that Byrne's LTIP cash award was discretionary. *See* Sessions Decl., at ¶ 3.

Furthermore—and even putting the law of the case doctrine aside—given that this Court has already ruled as a matter of law that Byrne's LTIP payments were not "discretionary bonuses," if Ameris were allowed to revive its discretionary bonus argument at trial, then there would be a danger of "confusing the issues" or "misleading the jury," as the jury may unknowingly make a determination contrary to both California law and a prior ruling of this very Court. *See* Fed. R. Evid. § 403.

## III.   CONCLUSION

For the foregoing reasons, Byrne respectfully requests that the Court preclude Ameris from presenting and using any evidence for the purpose of arguing that Byrne's LTIP cash award is a discretionary bonus. This Court has already determined that Ameris's discretionary bonus argument fails as a matter of California law, and Ameris should not be allowed another bite at the apple in front of the jury.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4933-1248-2209.5                    -5-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S MOTION IN
LIMINE NO. 3

Dated: April 17, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW SESSIONS
STACEY A. VILLAGOMEZ
MADISON E. LARSEN

By: _____
MATTHEW T. SESSIONS
Attorneys for Plaintiff
PATRICK BYRNE

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff Patrick Byrne certifies that this brief contains 1,734 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 17, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW SESSIONS
STACEY A. VILLAGOMEZ
MADISON E. LARSEN

By: _____
MATTHEW T. SESSIONS
Attorneys for Plaintiff
PATRICK BYRNE

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-1248-2209.5

-6-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S MOTION IN
LIMINE NO. 3