Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>        Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY CLAIM FOR ENTITLEMENT TO OR RECOVERY OF 2024 LTIP COMPENSATION CONSISTENT WITH THE COURT'S MOTION FOR SUMMARY JUDGMENT ORDER**<br><br>Judge: Hon. Michelle Williams Court<br>Date: May 22, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

---

*Patrick Byrne v. Ameris Bank*                                               Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 4 to Exclude Any Claim For Entitlement to or Recovery of 2024 LTIP Compensation Consistent with the Court's Motion for Summary Judgment Order

## I.    PRELIMINARY STATEMENT

This Motion seeks to exclude any evidence, testimony, or argument that Plaintiff Patrick Byrne ("Byrne") is entitled to, or may recover, any Long-Term Incentive Plan ("LTIP") compensation for 2024. The Court has already granted Defendant Ameris Bank's ("Ameris") Motion for Summary Judgment, or Alternatively, Partial Summary Judgment ("MSJ") barring Byrne's recovery of a 2024 LTIP Cash Award under his unpaid wages claim, finding that "Plaintiff is not entitled to recover the 2024 LTIP Cash Award as unpaid wages as a matter of law." (Dkt. No. 122). In light of this ruling, any reference suggesting that Ameris owed Byrne 2024 LTIP compensation, failed to pay such compensation, or that Byrne may recover such amounts is barred by the law of the case doctrine and contrary to the Court's order. Accordingly, such evidence is irrelevant under Federal Rules of Evidence (FRE) 401 and 402, and in any event should be excluded under FRE 403 as unduly prejudicial, confusing to the jury, and likely to mislead the jury regarding issues already decided by the Court.

By this Motion *in Limine*, Ameris respectfully requests that the Court issue an Order excluding, without limitation, any attempt to introduce any witness testimony, statement, argument, questions from Byrne's counsel, documentary evidence, or expert testimony that (1) Byrne allegedly earned or was entitled to any 2024 LTIP payment, compensation, or bonus; (2) Ameris allegedly wrongfully withheld, reduced, or failed to pay the 2024 LTIP payment, compensation, or bonus; or (3) any calculation of, reference to, or recovery of alleged damages that incorporates or is derived from any 2024 LTIP payment, compensation, or bonus amounts.

In addition, Ameris respectfully requests that the Court issue a limiting instruction advising the jury that Byrne is not entitled to recover any 2024 LTIP compensation and that such evidence may only be considered for a limited, non-damages purpose and not to suggest entitlement, liability, or damages.

///

///

---

*Patrick Byrne v. Ameris Bank*                                                  Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 4 to Exclude Any Claim For Entitlement to or Recovery of 2024 LTIP Compensation Consistent with the Court's Motion for Summary Judgment Order                                                                              Page 1

## II.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

On February 12, 2026, this Court granted in part and denied in part Ameris's Motion for Summary Judgment. (Dkt. 122). In pertinent part, the Court granted partial summary judgment in Ameris's favor as to recovery of a 2024 LTIP Award under Byrne's unpaid wages claim. *Id.* at p. 22. The Court explained that "an unpaid wages claim requires that the employer promptly pay wages earned and unpaid at the time of termination," *id.* at p. 15 (citing Labor Code §§ 201, 202), and that since Byrne was terminated in June 2024 and "any amounts owed [for the 2024 LTIP Award] were not due until the following year," *id.* (quoting PSUF ¶ 75), "the 2024 LTIP Award is not available under this cause of action [for unpaid wages]." *Id*.

Ameris anticipates Byrne will attempt to introduce evidence regarding recovery of the 2024 LTIP Award. By way of example, Byrne's damages expert, Deborah Dickson, stated in her expert report that she lacked sufficient information to calculate the 2024 LTIP because Ameris did not produce the underlying data. *See* Declaration of Stacy L. Fode ("Fode Decl.") ¶ 6, Ex. A. Byrne has also included Dickson on his trial witness list, which it shared with Ameris on April 10, 2026. Fode Decl. ¶ 7, Ex. B. Additionally, Byrne is expected to rely on emails and documents in which he contends that the Q1 and Q2 2024 performance targets were achieved or that he was entitled to compensation under the 2024 LTIP, which were included in Plaintiff's trial Exhibit List, provided to Ameris on April 10, 2026. These include by way of example, among others, a May 6, 2024 email in which Byrne asserts that the LTIP target was met in Q1 2024 and demands payment of his corresponding bonus, and a spreadsheet calculating the Q2 2024 LTIP. Fode Decl. ¶ 8, Ex. C.

///

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 4 to Exclude Any Claim For Entitlement to or Recovery of 2024 LTIP Compensation Consistent with the Court's Motion for Summary Judgment Order                                                    Page 2

On April 10, 2026, the parties held an in person meet and confer session, where Ameris advised Byrne's counsel of its intent to seek exclusion of evidence, testimony, or argument that Byrne is entitled to, or may recover, any LTIP compensation for 2024, pursuant to the Court's MSJ ruling. *See* Fode Decl. ¶ 9. In response, Byrne's counsel confirmed that Byrne would not stipulate to exclusion. Fode Decl. ¶ 10.

## III.   LEGAL STANDARD

This Court recently explained in <u>Koch v. City of Los Angeles</u>, 2025 WL 2986574, at *2 (C.D. Cal. Oct. 20, 2025):

> A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. *See Jenkins v. Chrysler Motor Corp.*, 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

A motion *in limine* may seek to exclude evidence as irrelevant or unfairly prejudicial under FRE 401, 402 and 403. Under FRE 401 and 402, "[e]vidence which is not relevant is inadmissible." *Medtronic MiniMed, Inc. v. Nova Biomedical Corp.*, 2009 WL 10670877, at *1 (C.D. Cal. Aug. 18, 2009) (citing FRE 402).

FRE 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997). In *Liew v. Official Receiver and Liquidator*, 685 F. 2d 1192, 1195 (9th Cir. 1982), the Ninth Circuit held that trial courts have "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal." Under FRE 403, unfair prejudice is "an undue tendency to suggest decision on an

improper basis." *U.S. v. Lyons*, 472 F.3d 1055, 1066 (9th Cir. 2006). The Advisory Committee note to FRE 403 indicates that, "[u]nfair prejudice is that which could lead the jury to make an emotional or irrational decision, or to use the evidence in a manner not permitted by the rules of evidence ... Unfair prejudice within the context of Rule 403 means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." FRE 403, Adv. Comm. Note. (citing *Ballou v. Henri Studios*, 656 F.2d 1147 (5th Cir. 1981)).

## IV.    ARGUMENT

"Issues that a district court determines during pretrial motions become law of the case." *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004). **Accordingly, courts routinely grant motions in limine to exclude evidence or argument that seeks to relitigate issues already decided at summary judgment or otherwise**. *See, e.g.*, *Miranda v. U.S. Sec. Assocs., Inc.*, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) (alteration in original) (citations omitted) (granting motion "to exclude all evidence contradicting the Court's finding[s] at summary judgment"); *Jacobs v. Alexander*, 2015 WL 8010537, at *2 (E.D. Cal. Dec. 7, 2015) ("Plaintiff may not provide testimony or reference any Defendants, claims, or events that were previously dismissed from this action as such evidence is not relevant and is subject to exclusion under Rule 403."); *Farris v. Int'l Paper, Inc.*, 2014 U.S. Dist. LEXIS 162335, at *67-68 (C.D. Cal., Nov. 17, 2014) (excluding evidence relating to claims dismissed on a motion to dismiss); *Arroyo v. Volvo Grp. North Am., LLC*, 2016 U.S. Dist. LEXIS 102286, at *1-12 (N.D. Ill. Aug. 4, 2016) ("Evidence of claims not before the jury is irrelevant and prejudicial to Defendant, and would unnecessarily confuse the jury."); *Lincoln Ben. Life Co. v. Dallal*, 2018 WL 11303206, at *6 (C.D. Cal. June 19, 2018):

> Generally speaking, evidence of dismissed claims is no longer relevant and poses a risk of confusing the jury. *See, e.g.,* *Astudillo v. Cnty. of Los Angeles*, No. CV 03-4719-ABC (MCx), 2005 WL 5957822, at *3 (C.D. Cal. Apr. 18, 2005)

(granting motion *in limine* to exclude evidence of defendants' customs and practices where *Monell* claims had been dismissed); *Ng v. Snow*, 2008 WL 5459167 *1 (CD. Cal. August 18, 2008) (granting motion in limine to exclude evidence regarding incidents on which Court granted summary judgment); *see also* Fed. R. Evid. 401-403.

Here, the Court has already decided the issue of recovery of a 2024 LTIP Award and held Byrne cannot seek recovery for such under his unpaid wages claim, granting summary judgment in Ameris's favor on that issue. **That ruling is the law of the case**. Accordingly, Byrne may not introduce evidence, testimony, or argument seeking to relitigate entitlement to, or recovery of, any 2024 LTIP award of any kind or amount.

**A.    Argument or Evidence Concerning Byrne's Alleged Entitlement to a 2024 LTIP Award is Irrelevant and Should Be Precluded under FRE 401 and 402.**

Because this Court has rejected the position that Byrne may recover for a 2024 LTIP Award under his unpaid wages claim, any evidence or argument referencing or suggesting entitlement to or recovery of any such amounts is irrelevant to any remaining claim or defense in this action and has no bearing on any fact of consequence to the determination of this action.  As such, it is proper for this Court to exclude any such evidence or testimony. *See Andazola v. Logan's Roadhouse, Inc.*, 2013 WL 1834308, at *8 (N.D. Ala. Apr. 29, 2013) (pursuant to FRE 402, granting motion *in limine* to exclude evidence that is relevant only to plaintiff's dismissed claims); *Mag Instrument, Inc. v. Dollar Tree Stores Inc.*, 2005 WL 5957825, at *1 (C.D. Cal. Apr. 14, 2005) (granting motion *in limine* to preclude affirmative defense that was already decided at summary judgment). *See also generally Burnett v. Duna USA Inc.*, No. 2:22-cv-03288-MWC-MBK, 2025 WL 2014288, at *5 (C.D. Cal. Apr. 16, 2025) (holding evidence to be inadmissible under FRE 402 where the evidence "simply does not move the needle for purposes of Plaintiff's case"). Accordingly, any evidence or argument that Byrne earned,

was entitled to, or may recover a 2024 LTIP award, or any damages model that includes such amounts, should be excluded as irrelevant.

**B.      Any Marginal Relevance is Substantially Outweighed by the Risk of Unfair Prejudice, Jury Confusion, and Waste of Time Under FRE 403.**

Even if Byrne attempts to characterize such evidence as marginally relevant to other claims, it should still be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

Courts have broad discretion to exclude evidence of collateral matters that risk confusing the jury or relitigating issues already decided. See *United States v. Stewart*, 770 F.2d 825, 829 (9th Cir. 1985); *United States v. Weiner*, 578 F.2d 757, 766 (9th Cir. 1978) (District courts have a "specific duty to prevent counsel from confusing the jury with a proliferation of details on collateral matters.")

In the case at bar, allowing Byrne to introduce evidence or argument regarding entitlement to or valuation of a 2024 LTIP award would improperly invite the jury to consider a damages theory the Court has already rejected. It would also create a substantial risk of jury confusion by suggesting that such amounts are recoverable or relevant to liability or damages. *See*, *e.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (granting motion to exclude testimony on matters the Court already decided "in its summary judgment order[]" because it "would have no probative value, and would merely waste time" under Rule 403); *Toups v. Du-Mar Marine Contractors, Inc.*, 644 F. Supp. 475, 480 (E.D. La. 1985) ("Having granted summary judgment on the issue, it would be inappropriate to permit evidence or mention of maintenance at trial, as this would prejudice the jury."); *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, 2010 WL 11505684, at *10 (C.D. Cal. Jan. 25, 2010), *aff'd in part*, 526 F. App'x 761 (9th Cir. 2013) (excluding sales evidence that exceeded the scope of damages caused by the alleged wrongdoing pursuant to FRE 402 and 403 as it "would be both misleading and irrelevant").

Accordingly, exclusion is warranted under FRE 403.

**C.      Alternatively, if Any Reference to the 2024 LTIP is Allowed, The Court Should Issue a Proper Limiting Instruction.**

If any reference to the 2024 LTIP is permitted for the limited purpose of providing contexts of Byrne's other claims (if any), Ameris requests that the Court issue a limiting instruction, as proposed below:

## PROPOSED LIMITING INSTRUCTION

Members of the jury, you may hear certain evidence relating to a 2024 Long-Term Incentive Plan, or "LTIP." You are instructed that Plaintiff is not entitled to any payment or compensation under the 2024 LTIP. You must not consider this evidence as a basis for awarding Plaintiff any damages or recovery related to the 2024 LTIP. Any suggestion that Plaintiff is entitled to such compensation must be disregarded.

**V.      CONCLUSION**

For these reasons, Ameris respectfully requests that the Court grant this motion, consistent with the Court's prior MSJ ruling, to preclude any evidence, testimony, or argument suggesting entitlement to or recovery of a 2024 LTIP Cash Award.

In addition, should the Court permit any reference to the 2024 LTIP for limited, non-damages purposes, Ameris respectfully requests that the Court issue the proposed limiting instruction set forth above, directing the jury that Byrne is not entitled to any compensation under the 2024 LTIP and that such evidence may not be considered as a basis for awarding damages.

Dated:  April 17, 2026

**NUKK-FREEMAN & CERRA**

By:

_/s/Stacy L. Fode_

Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorneys for Defendant
AMERIS BANK

---

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Motion *In Limine* No. 4 to Exclude Any Claim For Entitlement to or Recovery of 2024 LTIP Compensation Consistent with the Court's Motion for Summary Judgment Order                                      Page 7