Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C. Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF STACY L. FODE IN SUPPORT OF DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE ANY CLAIM FOR ENTITLEMENT TO OR RECOVERY OF 2024 LTIP COMPENSATION CONSISTENT WITH THE COURT'S MOTION FOR SUMMARY JUDGMENT ORDER**<br><br>Judge: Hon. Michelle Williams Court<br>Date:   May 22, 2026<br>Time:  1:30 p.m.<br>Place:  Courtroom: 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                           Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine*
No. 4 to Exclude Any Claim for Entitlement to, or Recovery of 2024 LTIP Compensation
Consistent with the Court's Motion for Summary Judgment Order

I, Stacy Fode, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in the above-entitled Court.  I am a Partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2.      I make this declaration in support of Ameris's Motion *In Limine* No. 4 to Exclude Any Claim for, Entitlement to, or Recovery of 2024 LTIP Compensation Consistent with the Court's Motion for Summary Judgment Order. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

3.      Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

4.      On February 12, 2026, this Court granted in part and denied in part Ameris's Motion for Summary Judgment or in the Alternative Partial Summary Judgment. (Dkt. 122).

5.      In pertinent part, the Court granted partial summary judgment in Ameris's favor as to recovery of a 2024 LTIP Award under Byrne's unpaid wages claim. *Id.* at p. 22.

6.      Ameris anticipates Byrne will attempt to introduce evidence regarding recovery of the 2024 LTIP Award. By way of example, Byrne's damages expert, Deborah Dickson, stated in her expert report that she lacked sufficient information to calculate the 2024 LTIP because Ameris did not produce the underlying data. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts of Byrne's expert report for Ms. Dickson provided to Ameris on January 2, 2026.

///

///

*Patrick Byrne v. Ameris Bank*                                             Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine*
No. 4 to Exclude Any Claim for Entitlement to or Recovery of 2024 LTIP
Compensation Consistent with the Court's Motion for Summary Judgment Order

7. Byrne has also included Dickson on his trial witness list, which it shared with Ameris on April 10, 2026. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's Trial Witness List shared with Ameris on April 10, 2026.

8. Additionally, Byrne is expected to rely on emails and documents in which he contends that the Q1 and Q2 2024 performance targets were achieved or that he was entitled to compensation under the 2024 LTIP, which were included in Plaintiff's trial Exhibit List, provided to Ameris on April 10, 2026. These include by way of example, among others, a May 6, 2024 email in which Byrne asserts that the LTIP target was met in Q1 2024 and demands payment of his corresponding bonus, and a spreadsheet calculating the Q2 2024 LTIP. Attached hereto as **Exhibit C** is a true and correct copy of Byrne's trial Exhibit List shared with Ameris on April 10, 2026.

9. On April 10, 2026, the parties held an in person meet and confer session, where Ameris advised Byrne's counsel of its intent to seek exclusion of evidence, testimony, or argument that Byrne is entitled to, or may recover, any LTIP compensation for 2024, pursuant to the Court's MSJ ruling.

10. In response, Byrne's counsel confirmed that Byrne would not stipulate to exclusion.

11. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of April, 2026, in San Diego, California.

By: _/s/Stacy L. Fode_

Stacy L. Fode, Esq.

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine*
No. 4 to Exclude Any Claim for Entitlement to or Recovery of 2024 LTIP
Compensation Consistent with the Court's Motion for Summary Judgment Order

Page 2