Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF STACY L. FODE IN SUPPORT OF DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE PLAINTIFF FROM CALLING OR ELICITING IRRELEVANT TESTIMONY AT TRIAL FROM APEX EXECUTIVES**<br><br>Judge: Hon. Michelle Williams Court<br>Date:   May 22, 2026<br>Time:  1:30 p.m.<br>Place:  Courtroom: 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine*
No. 5 to Preclude Plaintiff from Calling or Eliciting Irrelevant Testimony at Trial from
Apex Executives

I, Stacy Fode, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and in the above-entitled Court.  I am a Partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2.      I make this declaration in support of Ameris's Motion *in Limine* No. 5 to Preclude Plaintiff Patrick Byrne ("Byrne") from Calling or Eliciting Irrelevant Testimony at Trial from Apex Executives. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

3.      Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

4.      During discovery, Byrne conducted six (6) depositions – for approximately 33 hours total – of Ameris executives and employees who had involvement with Byrne's employment and/or compensation, including James LaHaise (Ameris's Chief Strategy Officer) ("LaHaise"), Byrne's direct supervisor who was deposed twice - once in his personal capacity and once as Ameris's Fed. R. Civ. P. 30(b)(6) representative, Nicole Stokes (Ameris's Chief Financial Officer), Phil Silva (President of the Balboa Division), Sufhan Majid (Ameris's Director of Accounting), and Heather Parker (Senior Vice President of Loan Relations of the Balboa Division).

5.      LaHaise's deposition testimony concerned a broad range of subjects, including, but not limited to, Ameris's acquisition of Balboa Capital; the Long-Term Incentive Plan ("LTIP"); Ameris's calculation of Balboa Division's earnings for purposes of the LTIP; Byrne's employment at Ameris, including his performance issues, compensation and termination; Byrne's alleged complaints and challenges to Ameris's LTIP calculations; and his working relationships with Ameris's senior management and other colleagues. (Dkt. Nos. 93-4, 93-8, 93-11). Attached hereto as

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine*
No. 5 to Preclude Plaintiff from Calling or Eliciting Irrelevant Testimony at Trial from
Apex Executives                                                                              Page 1

**Exhibit A** is a true and correct copy of Byrne's October 31, 2025 Sixth Amended Notice of Deposition of Defendant Ameris Bank Pursuant to Federal Rule of Civil Procedure 30(b)(6).

6. LaHaise testified that, as Byrne's direct supervisor and Ameris's CSO, he was the ultimate decision-maker as to the individual allocation of the Long-Term Incentive Plan ("LTIP") Awards and Byrne's termination.

7. Silva (who was deposed for a total of 10 hours, with roughly 7 hours on the record) testified that he had worked with and reported to Byrne for 17 years, including before the acquisition, and that his friendship and partnership with Byrne changed over time. (Dkt. No. 93-52).

8. Stokes' deposition testimony addressed her working relationship with Byrne, compliance with U.S. generally accepted accounting principles ("GAAP") and the accounting standards, Byrne's repeated challenges to Ameris's LTIP calculation and her review and responses to the same, Ameris's established calculation methodology, including treatment of various accounting items, etc. (Dkt. Nos. 93-5, 93-13).

9. Majid, who was responsible for preparation of the LTIP calculations, testified as to, for example, his involvement with pulling data from the general ledger via reporting software and correspondences to and from Byrne regarding the LTIP calculations.

10. Parker's deposition testimony covered topics including her working relationship with Byrne, Byrne's non-compliance with Ameris's internal accounting processes, etc.

11. On October 29, 2025, Byrne unilaterally noticed the depositions of Proctor and Hill. Attached hereto as **Exhibit B** is a true and correct copy of Byrne's October 29, 2025 Notice of Deposition of H. Palmer Proctor. Attached hereto as **Exhibit C** is a true and correct copy of Byrne's October 29, 2025 Notice of Deposition of Leo J. Hill.

12. Ameris filed an *Ex Parte* Application for Issuance of a Protective Order to preclude Byrne from deposing Proctor and Hill. (Dkt. 78).

13.     Magistrate Judge John D. Early agreed with Ameris and found that Hill lacks first-hand, non-repetitive knowledge of the pertinent facts. (Dkt. 81).

14.     The Court allowed a limited 45-minute deposition of Proctor to two narrowly defined topics: (1) Plaintiff's termination; and (2) Plaintiff's compensation under the LTIP. (*Id.*, at p. 5).

15.     During his deposition, Proctor testified that LaHaise made the decision to terminate Byrne <u>without</u> any input from Proctor and that LaHaise did not need Proctor's permission to terminate Bryne.

16.     Proctor further testified that (1) he has no recollection of having seen the LTIP agreement while Byrne was employed by Ameris, (2) any LTIP payouts would have been calculated by the Ameris accounting team and approved by LaHaise (not Proctor), and (3) that he has no recollection of Byrne having made LTIP-related complaints[1].

17.     Other than Proctor, Hill, LaHaise, Stokes, Silva, Majid, and Parker, Byrne never sought depositions of or directed written discovery to any of the other high-level Ameris executives whose trial attendance he now seeks to compel.

18.     On April 10, 2026, the parties met and conferred regarding this issue and were unable to reach a compromise.

19.     Later that day, Byrne served a trial witness list naming the nine Apex Executives at issue, along with 31 other individuals. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's trial witness list shared with Ameris on April 10, 2026.

20.     Ameris's witness list contains only 13 individuals, four of whom are high-level executives including LaHaise, Stokes, Ross Creasy (Chief Information Officer),

---

[1] The Deposition Transcript of H. Palmer Proctor is confidential under the Protective Order (Dkt. No. 29). Ameris will provide relevant excerpts to the Court for <u>in camera review</u> at the Final Pretrial Conference or at such other time as the Court may direct.

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine* No. 5 to Preclude Plaintiff from Calling or Eliciting Irrelevant Testimony at Trial from Apex Executives                                                              Page 3

and Bill McKendry (Chief Risk Officer), who are prepared to testify to issues relevant to this action.

21.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of April, 2026, in San Diego, California.


By:    _/s/Stacy L. Fode_____
           Stacy L. Fode, Esq.

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Declaration of Stacy L. Fode in Support of Defendant Ameris Bank's Motion *In Limine* No. 5 to Preclude Plaintiff from Calling or Eliciting Irrelevant Testimony at Trial from Apex Executives                                                                 Page 4