**EXHIBIT 3**

Code of Federal Regulations
 Title 17. Commodity and Securities Exchanges
  Chapter II. Securities and Exchange Commission
   Part 229. Standard Instructions for Filing Forms Under Securities Act of 1933, Securities Exchange Act of 1934
   and Energy Policy and Conservation Act of 1975—Regulation S–K (Refs & Annos)
    Subpart 229.400. Management and Certain Security Holders

17 C.F.R. § 229.402

§ 229.402 (Item 402) Executive compensation.

Effective: February 27, 2023
Currentness

(a) General.

(1) Treatment of foreign private issuers. A foreign private issuer will be deemed to comply with this Item if it provides the information required by Items 6.B, 6.E.2, and 6.F of Form 20–F (17 CFR 249.220f), with more detailed information provided if otherwise made publicly available or required to be disclosed by the issuer's home jurisdiction or a market in which its securities are listed or traded, or paragraph (19) of General Instruction B of Form 40–F (17 CFR 249.240f), as applicable. A foreign private issuer that elects to provide domestic Item 402 disclosure must provide the disclosure required by Item 402(w) in its annual report or registration statement, as applicable.

(2) All compensation covered. This Item requires clear, concise and understandable disclosure of all plan and non-plan compensation awarded to, earned by, or paid to the named executive officers designated under paragraph (a)(3) of this Item, and directors covered by paragraph (k) of this Item, by any person for all services rendered in all capacities to the registrant and its subsidiaries, unless otherwise specifically excluded from disclosure in this Item. All such compensation shall be reported pursuant to this Item, even if also called for by another requirement, including transactions between the registrant and a third party where a purpose of the transaction is to furnish compensation to any such named executive officer or director. No amount reported as compensation for one fiscal year need be reported in the same manner as compensation for a subsequent fiscal year; amounts reported as compensation for one fiscal year may be required to be reported in a different manner pursuant to this Item.

(3) Persons covered. Disclosure shall be provided pursuant to this Item for each of the following (the "named executive officers"):

(i) All individuals serving as the registrant's principal executive officer or acting in a similar capacity during the last completed fiscal year ("PEO"), regardless of compensation level;

(ii) All individuals serving as the registrant's principal financial officer or acting in a similar capacity during the last completed fiscal year ("PFO"), regardless of compensation level;

(iii) The registrant's three most highly compensated executive officers other than the PEO and PFO who were serving as executive officers at the end of the last completed fiscal year; and

(iv) Up to two additional individuals for whom disclosure would have been provided pursuant to paragraph (a)(3)(iii) of this Item but for the fact that the individual was not serving as an executive officer of the registrant at the end of the last completed fiscal year.

Instructions to Item 402(a)(3). 1. Determination of most highly compensated executive officers. The determination as to which executive officers are most highly compensated shall be made by reference to total compensation for the last completed fiscal year (as required to be disclosed pursuant to paragraph (c)(2)(x) of this Item) reduced by the amount required to be disclosed pursuant to paragraph (c)(2)(viii) of this Item, *provided, however*, that no disclosure need be provided for any executive officer, other than the PEO and PFO, whose total compensation, as so reduced, does not exceed $100,000.

2. Inclusion of executive officer of subsidiary. It may be appropriate for a registrant to include as named executive officers one or more executive officers or other employees of subsidiaries in the disclosure required by this Item. See Rule 3b–7 under the Exchange Act (17 CFR 240.3b–7).

3. Exclusion of executive officer due to overseas compensation. It may be appropriate in limited circumstances for a registrant not to include in the disclosure required by this Item an individual, other than its PEO or PFO, who is one of the registrant's most highly compensated executive officers due to the payment of amounts of cash compensation relating to overseas assignments attributed predominantly to such assignments.

(4) Information for full fiscal year. If the PEO or PFO served in that capacity during any part of a fiscal year with respect to which information is required, information should be provided as to all of his or her compensation for the full fiscal year. If a named executive officer (other than the PEO or PFO) served as an executive officer of the registrant (whether or not in the same position) during any part of the fiscal year with respect to which information is required, information shall be provided as to all compensation of that individual for the full fiscal year.

(5) Omission of table or column. A table or column may be omitted if there has been no compensation awarded to, earned by, or paid to any of the named executive officers or directors required to be reported in that table or column in any fiscal year covered by that table.

(6) Definitions. For purposes of this Item:

(i) The term stock means instruments such as common stock, restricted stock, restricted stock units, phantom stock, phantom stock units, common stock equivalent units or any similar instruments that do not have option-like features, and the term option means instruments such as stock options, stock appreciation rights and similar instruments with option-like features. The term stock appreciation rights ("SARs") refers to SARs payable in cash or stock, including SARs payable in cash or stock at the election of the registrant or a named executive officer. The term equity is used to refer generally to stock and/or options.

(ii) The term plan includes, but is not limited to, the following: Any plan, contract, authorization or arrangement, whether or not set forth in any formal document, pursuant to which cash, securities, similar instruments, or any other property may be received. A plan may be applicable to one person. Except with respect to the disclosure required by paragraph (t) of

this Item, registrants may omit information regarding group life, health, hospitalization, or medical reimbursement plans that do not discriminate in scope, terms or operation, in favor of executive officers or directors of the registrant and that are available generally to all salaried employees.

(iii) The term incentive plan means any plan providing compensation intended to serve as incentive for performance to occur over a specified period, whether such performance is measured by reference to financial performance of the registrant or an affiliate, the registrant's stock price, or any other performance measure. An equity incentive plan is an incentive plan or portion of an incentive plan under which awards are granted that fall within the scope of FASB ASC Topic 718, Compensation—Stock Compensation. A non-equity incentive plan is an incentive plan or portion of an incentive plan that is not an equity incentive plan. The term incentive plan award means an award provided under an incentive plan.

(iv) The terms date of grant or grant date refer to the grant date determined for financial statement reporting purposes pursuant to FASB ASC Topic 718.

(v) Closing market price is defined as the price at which the registrant's security was last sold in the principal United States market for such security as of the date for which the closing market price is determined.

(b) Compensation discussion and analysis.

(1) Discuss the compensation awarded to, earned by, or paid to the named executive officers. The discussion shall explain all material elements of the registrant's compensation of the named executive officers. The discussion shall describe the following:

(i) The objectives of the registrant's compensation programs;

(ii) What the compensation program is designed to reward;

(iii) Each element of compensation;

(iv) Why the registrant chooses to pay each element;

(v) How the registrant determines the amount (and, where applicable, the formula) for each element to pay;

(vi) How each compensation element and the registrant's decisions regarding that element fit into the registrant's overall compensation objectives and affect decisions regarding other elements; and

(vii) Whether and, if so, how the registrant has considered the results of the most recent shareholder advisory vote on executive compensation required by section 14A of the Exchange Act (15 U.S.C. 78n–1) or § 240.14a–20 of this chapter in determining compensation policies and decisions and, if so, how that consideration has affected the registrant's executive compensation decisions and policies.

(2) While the material information to be disclosed under Compensation Discussion and Analysis will vary depending upon the facts and circumstances, examples of such information may include, in a given case, among other things, the following:

(i) The policies for allocating between long-term and currently paid out compensation;

(ii) The policies for allocating between cash and non-cash compensation, and among different forms of non-cash compensation;

(iii) For long-term compensation, the basis for allocating compensation to each different form of award (such as relationship of the award to the achievement of the registrant's long-term goals, management's exposure to downside equity performance risk, correlation between cost to registrant and expected benefits to the registrant);

(iv) How the determination is made as to when awards are granted, including awards of equity-based compensation such as options;

(v) What specific items of corporate performance are taken into account in setting compensation policies and making compensation decisions;

(vi) How specific forms of compensation are structured and implemented to reflect these items of the registrant's performance, including whether discretion can be or has been exercised (either to award compensation absent attainment of the relevant performance goal(s) or to reduce or increase the size of any award or payout), identifying any particular exercise of discretion, and stating whether it applied to one or more specified named executive officers or to all compensation subject to the relevant performance goal(s);

(vii) How specific forms of compensation are structured and implemented to reflect the named executive officer's individual performance and/or individual contribution to these items of the registrant's performance, describing the elements of individual performance and/or contribution that are taken into account;

(viii) Registrant policies and decisions regarding the adjustment or recovery of awards or payments if the relevant registrant performance measures upon which they are based are restated or otherwise adjusted in a manner that would reduce the size of an award or payment;

(ix) The factors considered in decisions to increase or decrease compensation materially;

(x) How compensation or amounts realizable from prior compensation are considered in setting other elements of compensation (e.g., how gains from prior option or stock awards are considered in setting retirement benefits);

(xi) With respect to any contract, agreement, plan or arrangement, whether written or unwritten, that provides for payment(s) at, following, or in connection with any termination or change-in-control, the basis for selecting particular events as triggering payment (e.g., the rationale for providing a single trigger for payment in the event of a change-in-control);

Case 8:24-cv-01989-MWC-JDE    Document 145-4    Filed 04/17/26    Page 6 of 56    Page
ID #:6648

(xii) The impact of the accounting and tax treatments of the particular form of compensation;

(xiii) The registrant's equity or other security ownership requirements or guidelines (specifying applicable amounts and forms of ownership), and any registrant policies regarding hedging the economic risk of such ownership;

(xiv) Whether the registrant engaged in any benchmarking of total compensation, or any material element of compensation, identifying the benchmark and, if applicable, its components (including component companies); and

(xv) The role of executive officers in determining executive compensation.

Instructions to Item 402(b). 1. The purpose of the Compensation Discussion and Analysis is to provide to investors material information that is necessary to an understanding of the registrant's compensation policies and decisions regarding the named executive officers.

2. The Compensation Discussion and Analysis should be of the information contained in the tables and otherwise disclosed pursuant to this Item. The Compensation Discussion and Analysis should also cover actions regarding executive compensation that were taken after the registrant's last fiscal year's end. Actions that should be addressed might include, as examples only, the adoption or implementation of new or modified programs and policies or specific decisions that were made or steps that were taken that could affect a fair understanding of the named executive officer's compensation for the last fiscal year. Moreover, in some situations it may be necessary to discuss prior years in order to give context to the disclosure provided.

3. The Compensation Discussion and Analysis should focus on the material principles underlying the registrant's executive compensation policies and decisions and the most important factors relevant to analysis of those policies and decisions. The Compensation Discussion and Analysis shall reflect the individual circumstances of the registrant and shall avoid boilerplate language and repetition of the more detailed information set forth in the tables and narrative disclosures that follow.

4. Registrants are not required to disclose target levels with respect to specific quantitative or qualitative performance-related factors considered by the compensation committee or the board of directors, or any other factors or criteria involving confidential trade secrets or confidential commercial or financial information, the disclosure of which would result in competitive harm for the registrant. The standard to use when determining whether disclosure would cause competitive harm for the registrant is the same standard that would apply when a registrant requests confidential treatment of confidential trade secrets or confidential commercial or financial information pursuant to Securities Act Rule 406 (17 CFR 230.406) and Exchange Act Rule 24b–2 (17 CFR 240.24b–2), each of which incorporates the criteria for non-disclosure when relying upon Exemption 4 of the Freedom of Information Act (5 U.S.C. 552(b)(4)). A registrant is not required to seek confidential treatment under the procedures in Securities Act Rule 406 and Exchange Act Rule 24b–2 if it determines that the disclosure would cause competitive harm in reliance on this instruction; however, in that case, the registrant must discuss how difficult it will be for the executive or how likely it will be for the registrant to achieve the undisclosed target levels or other factors.

5. Disclosure of target levels that are non–GAAP financial measures will not be subject to Regulation G (17 CFR 244.100—102) and Item 10(e) (§ 229.10(e)); however, disclosure must be provided as to how the number is calculated from the registrant's audited financial statements.

6. In proxy or information statements with respect to the election of directors, if the information disclosed pursuant to Item 407(i) would satisfy paragraph (b)(2)(xiii) of this Item, a registrant may refer to the information disclosed pursuant to Item 407(i).

(c) Summary compensation table—

(1) General. Provide the information specified in paragraph (c)(2) of this Item, concerning the compensation of the named executive officers for each of the registrant's last three completed fiscal years, in a Summary Compensation Table in the tabular format specified below.

**Summary Compensation Table**

| Name and principal position | Year | Salary ($) | Bonus ($) | Stock awards ($) | Option awards ($) | Non-equity incentive plan com-pensation ($) | Change in pen-sion value and non-qualified deferred compen-sation earnings ($) | All other compen-sation ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) |
| PEO | | | | | | | | | |
| PFO | | | | | | | | | |
| A | | | | | | | | | |
| B | | | | | | | | | |
| C | | | | | | | | | |

(2) The Table shall include:

(i) The name and principal position of the named executive officer (column (a));

(ii) The fiscal year covered (column (b));

(iii) The dollar value of base salary (cash and non-cash) earned by the named executive officer during the fiscal year covered (column (c));

(iv) The dollar value of bonus (cash and non-cash) earned by the named executive officer during the fiscal year covered (column (d));

Instructions to Item 402(c)(2)(iii) and (iv).

1. If the amount of salary or bonus earned in a given fiscal year is not calculable through the latest practicable date, a footnote shall be included disclosing that the amount of salary or bonus is not calculable through the latest practicable date and providing the date that the amount of salary or bonus is expected to be determined, and such amount must then be disclosed in a filing under Item 5.02(f) of Form 8–K (17 CFR 249.308).

2. Registrants shall include in the salary column (column (c)) or bonus column (column (d)) any amount of salary or bonus forgone at the election of a named executive officer under which stock, equity-based or other forms of non-cash compensation instead have been received by the named executive officer. However, the receipt of any such form of non-cash compensation instead of salary or bonus must be disclosed in a footnote added to the salary or bonus column and, where applicable, referring to the Grants of Plan–Based Awards Table (required by paragraph (d) of this Item) where the stock, option or non-equity incentive plan award elected by the named executive officer is reported.

(v) For awards of stock, the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (e));

(vi) For awards of options, with or without tandem SARs (including awards that subsequently have been transferred), the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (f));

Instruction 1 to Item 402(c)(2)(v) and (vi). For awards reported in columns (e) and (f), include a footnote disclosing all assumptions made in the valuation by reference to a discussion of those assumptions in the registrant's financial statements, footnotes to the financial statements, or discussion in the Management's Discussion and Analysis. The sections so referenced are deemed part of the disclosure provided pursuant to this Item.

Instruction 2 to Item 402(c)(2)(v) and (vi). If at any time during the last completed fiscal year, the registrant has adjusted or amended the exercise price of options or SARs previously awarded to a named executive officer, whether through amendment, cancellation or replacement grants, or any other means ("repriced"), or otherwise has materially modified such awards, the registrant shall include, as awards required to be reported in column (f), the incremental fair value, computed as of the repricing or modification date in accordance with FASB ASC Topic 718, with respect to that repriced or modified award.

Instruction 3 to Item 402(c)(2)(v) and (vi). For any awards that are subject to performance conditions, report the value at the grant date based upon the probable outcome of such conditions. This amount should be consistent with the estimate of aggregate compensation cost to be recognized over the service period determined as of the grant date under FASB ASC Topic 718, excluding the effect of estimated forfeitures. In a footnote to the table, disclose the value of the award at the grant date assuming that the highest level of performance conditions will be achieved if an amount less than the maximum was included in the table.

(vii) The dollar value of all earnings for services performed during the fiscal year pursuant to awards under non-equity incentive plans as defined in paragraph (a)(6)(iii) of this Item, and all earnings on any outstanding awards (column (g));

Instructions to Item 402(c)(2)(vii). 1. If the relevant performance measure is satisfied during the fiscal year (including for a single year in a plan with a multi-year performance measure), the earnings are reportable for that fiscal year, even if not payable until a later date, and are not reportable again in the fiscal year when amounts are paid to the named executive officer.

2. All earnings on non-equity incentive plan compensation must be identified and quantified in a footnote to column (g), whether the earnings were paid during the fiscal year, payable during the period but deferred at the election of the named executive officer, or payable by their terms at a later date.

(viii) The sum of the amounts specified in paragraphs (c)(2)(viii)(A) and (B) of this Item (column (h)) as follows:

(A) The aggregate change in the actuarial present value of the named executive officer's accumulated benefit under all defined benefit and actuarial pension plans (including supplemental plans) from the pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the prior completed fiscal year to the pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the covered fiscal year; and

(B) Above-market or preferential earnings on compensation that is deferred on a basis that is not tax-qualified, including such earnings on nonqualified defined contribution plans;

Instructions to Item 402(c)(2)(viii). 1. The disclosure required pursuant to paragraph (c)(2)(viii)(A) of this Item applies to each plan that provides for the payment of retirement benefits, or benefits that will be paid primarily following retirement, including but not limited to tax-qualified defined benefit plans and supplemental executive retirement plans, but excluding tax-qualified defined contribution plans and nonqualified defined contribution plans. For purposes of this disclosure, the registrant should use the same amounts required to be disclosed pursuant to paragraph (h)(2)(iv) of this Item for the covered fiscal year and the amounts that were or would have been required to be reported for the executive officer pursuant to paragraph (h)(2)(iv) of this Item for the prior completed fiscal year.

2. Regarding paragraph (c)(2)(viii)(B) of this Item, interest on deferred compensation is above-market only if the rate of interest exceeds 120% of the applicable federal long-term rate, with compounding (as prescribed under section 1274(d) of the Internal Revenue Code, (26 U.S.C. 1274(d))) at the rate that corresponds most closely to the rate under the registrant's plan at the time the interest rate or formula is set. In the event of a discretionary reset of the interest rate, the requisite calculation must be made on the basis of the interest rate at the time of such reset, rather than when originally established. Only the above-market portion of the interest must be included. If the applicable interest rates vary depending upon conditions such as a minimum period of continued service, the reported amount should be calculated assuming satisfaction of all conditions to receiving interest at the highest rate. Dividends (and dividend equivalents) on deferred compensation denominated in the registrant's stock ("deferred stock") are preferential only if earned at a rate higher than dividends on the registrant's common stock. Only the preferential portion of the dividends or equivalents must be included. Footnote or narrative disclosure may be provided explaining the registrant's criteria for determining any portion considered to be above-market.

3. The registrant shall identify and quantify by footnote the separate amounts attributable to each of paragraphs (c)(2)(viii)(A) and (B) of this Item. Where such amount pursuant to paragraph (c)(2)(viii)(A) is negative, it should be disclosed by footnote but should not be reflected in the sum reported in column (h).

(ix) All other compensation for the covered fiscal year that the registrant could not properly report in any other column of the Summary Compensation Table (column (i)). Each compensation item that is not properly reportable in columns (c)-(h), regardless of the amount of the compensation item, must be included in column (i). Such compensation must include, but is not limited to:

(A) Perquisites and other personal benefits, or property, unless the aggregate amount of such compensation is less than $10,000;

(B) All "gross-ups" or other amounts reimbursed during the fiscal year for the payment of taxes;

(C) For any security of the registrant or its subsidiaries purchased from the registrant or its subsidiaries (through deferral of salary or bonus, or otherwise) at a discount from the market price of such security at the date of purchase, unless that discount is available generally, either to all security holders or to all salaried employees of the registrant, the compensation cost, if any, computed in accordance with FASB ASC Topic 718;

(D) The amount paid or accrued to any named executive officer pursuant to a plan or arrangement in connection with:

(1) Any termination, including without limitation through retirement, resignation, severance or constructive termination (including a change in responsibilities) of such executive officer's employment with the registrant and its subsidiaries; or

(2) A change in control of the registrant;

(E) Registrant contributions or other allocations to vested and unvested defined contribution plans;

(F) The dollar value of any insurance premiums paid by, or on behalf of, the registrant during the covered fiscal year with respect to life insurance for the benefit of a named executive officer; and

(G) The dollar value of any dividends or other earnings paid on stock or option awards, when those amounts were not factored into the grant date fair value required to be reported for the stock or option award in column (e) or (f); and

Instructions to Item 402(c)(2)(ix). 1. Non-equity incentive plan awards and earnings and earnings on stock and options, except as specified in paragraph (c)(2)(ix)(G) of this Item, are required to be reported elsewhere as provided in this Item and are not reportable as All Other Compensation in column (i).

2. Benefits paid pursuant to defined benefit and actuarial plans are not reportable as All Other Compensation in column (i) unless accelerated pursuant to a change in control; information concerning these plans is reportable pursuant to paragraphs (c)(2)(viii)(A) and (h) of this Item.

3. Any item reported for a named executive officer pursuant to paragraph (c)(2)(ix) of this Item that is not a perquisite or personal benefit and whose value exceeds $10,000 must be identified and quantified in a footnote to column (i). This requirement applies only to compensation for the last fiscal year. All items of compensation are required to be included in the Summary

Compensation Table without regard to whether such items are required to be identified other than as specifically noted in this Item.

4. Perquisites and personal benefits may be excluded as long as the total value of all perquisites and personal benefits for a named executive officer is less than $10,000. If the total value of all perquisites and personal benefits is $10,000 or more for any named executive officer, then each perquisite or personal benefit, regardless of its amount, must be identified by type. If perquisites and personal benefits are required to be reported for a named executive officer pursuant to this rule, then each perquisite or personal benefit that exceeds the greater of $25,000 or 10% of the total amount of perquisites and personal benefits for that officer must be quantified and disclosed in a footnote. The requirements for identification and quantification apply only to compensation for the last fiscal year. Perquisites and other personal benefits shall be valued on the basis of the aggregate incremental cost to the registrant. With respect to the perquisite or other personal benefit for which footnote quantification is required, the registrant shall describe in the footnote its methodology for computing the aggregate incremental cost. Reimbursements of taxes owed with respect to perquisites or other personal benefits must be included in column (i) and are subject to separate quantification and identification as tax reimbursements (paragraph (c)(2)(ix)(B) of this Item) even if the associated perquisites or other personal benefits are not required to be included because the total amount of all perquisites or personal benefits for an individual named executive officer is less than $10,000 or are required to be identified but are not required to be separately quantified.

5. For purposes of paragraph (c)(2)(ix)(D) of this Item, an accrued amount is an amount for which payment has become due.

(x) The dollar value of total compensation for the covered fiscal year (column (j)). With respect to each named executive officer, disclose the sum of all amounts reported in columns (c) through (i).

Instructions to Item 402(c). 1. Information with respect to fiscal years prior to the last completed fiscal year will not be required if the registrant was not a reporting company pursuant to section 13(a) or 15(d) of the Exchange Act (15 U.S.C. 78m(a) or 78o(d)) at any time during that year, except that the registrant will be required to provide information for any such year if that information previously was required to be provided in response to a Commission filing requirement.

2. All compensation values reported in the Summary Compensation Table must be reported in dollars and rounded to the nearest dollar. Reported compensation values must be reported numerically, providing a single numerical value for each grid in the table. Where compensation was paid to or received by a named executive officer in a different currency, a footnote must be provided to identify that currency and describe the rate and methodology used to convert the payment amounts to dollars.

3. If a named executive officer is also a director who receives compensation for his or her services as a director, reflect that compensation in the Summary Compensation Table and provide a footnote identifying and itemizing such compensation and amounts. Use the categories in the Director Compensation Table required pursuant to paragraph (k) of this Item.

4. Any amounts deferred, whether pursuant to a plan established under section 401(k) of the Internal Revenue Code (26 U.S.C. 401(k)), or otherwise, shall be included in the appropriate column for the fiscal year in which earned.

5. Reduce the amount reported in the applicable Summary Compensation Table column for the fiscal year in which the amount recovered initially was reported as compensation by any amounts recovered pursuant to a registrant's compensation recovery policy required by the listing standards adopted pursuant to 17 CFR 240.10D–1, and identify such amounts by footnote.

(d) Grants of plan-based awards table.

Case 8:24-cv-01989-MWC-JDE    Document 145-4    Filed 04/17/26    Page 12 of 56   Page ID #:6654

(1) Provide the information specified in paragraph (d)(2) of this Item, concerning each grant of an award made to a named executive officer in the last completed fiscal year under any plan, including awards that subsequently have been transferred, in the following tabular format:

**Grants of Plan-Based Awards**

| Name | Grant date | Estimated future payouts under non-equity incentive plan awards | | | Estimated future payouts under equity incentive plan awards | | | All other stock awards: Number of shares of stock or units (#) | All other option awards: Number of securities underlying options (#) | Exercise or base price of option awards ($/Sh) | Grant date fair value of stock and option awards |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Threshold ($) | Target ($) | Maximum ($) | Threshold (#) | Target (#) | Maximum (#) | | | | |
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) | (k) | (l) |
| PEO | | | | | | | | | | | |
| PFO | | | | | | | | | | | |
| A | | | | | | | | | | | |
| B | | | | | | | | | | | |
| C | | | | | | | | | | | |

(2) The Table shall include:

(i) The name of the named executive officer (column (a));

(ii) The grant date for equity-based awards reported in the table (column (b)). If such grant date is different than the date on which the compensation committee (or a committee of the board of directors performing a similar function or the full board of directors) takes action or is deemed to take action to grant such awards, a separate, adjoining column shall be added between columns (b) and (c) showing such date;

(iii) The dollar value of the estimated future payout upon satisfaction of the conditions in question under non-equity incentive plan awards granted in the fiscal year, or the applicable range of estimated payouts denominated in dollars (threshold, target and maximum amount) (columns (c) through (e));

(iv) The number of shares of stock, or the number of shares underlying options to be paid out or vested upon satisfaction of the conditions in question under equity incentive plan awards granted in the fiscal year, or the applicable range of estimated payouts denominated in the number of shares of stock, or the number of shares underlying options under the award (threshold, target and maximum amount) (columns (f) through (h));

(v) The number of shares of stock granted in the fiscal year that are not required to be disclosed in columns (f) through (h) (column (i));

(vi) The number of securities underlying options granted in the fiscal year that are not required to be disclosed in columns (f) through (h) (column (j));

(vii) The per-share exercise or base price of the options granted in the fiscal year (column (k)). If such exercise or base price is less than the closing market price of the underlying security on the date of the grant, a separate, adjoining column showing the closing market price on the date of the grant shall be added after column (k); and

(viii) The grant date fair value of each equity award computed in accordance with FASB ASC Topic 718 (column (l)). If at any time during the last completed fiscal year, the registrant has adjusted or amended the exercise or base price of options, SARs or similar option-like instruments previously awarded to a named executive officer, whether through amendment, cancellation or replacement grants, or any other means ("repriced"), or otherwise has materially modified such awards, the incremental fair value, computed as of the repricing or modification date in accordance with FASB ASC Topic 718, with respect to that repriced or modified award, shall be reported.

Instructions to Item 402(d). 1. Disclosure on a separate line shall be provided in the Table for each grant of an award made to a named executive officer during the fiscal year. If grants of awards were made to a named executive officer during the fiscal year under more than one plan, identify the particular plan under which each such grant was made.

2. For grants of incentive plan awards, provide the information called for by columns (c), (d) and (e), or (f), (g) and (h), as applicable. For columns (c) and (f), threshold refers to the minimum amount payable for a certain level of performance under the plan. For columns (d) and (g), target refers to the amount payable if the specified performance target(s) are reached. For columns (e) and (h), maximum refers to the maximum payout possible under the plan. If the award provides only for a single estimated payout, that amount must be reported as the target in columns (d) and (g). In columns (d) and (g), registrants must provide a representative amount based on the previous fiscal year's performance if the target amount is not determinable.

3. In determining if the exercise or base price of an option is less than the closing market price of the underlying security on the date of the grant, the registrant may use either the closing market price as specified in paragraph (a)(6)(v) of this Item, or if no market exists, any other formula prescribed for the security. Whenever the exercise or base price reported in column (k) is not the closing market price, describe the methodology for determining the exercise or base price either by a footnote or accompanying textual narrative.

4. A tandem grant of two instruments, only one of which is granted under an incentive plan, such as an option granted in tandem with a performance share, need be reported only in column (i) or (j), as applicable. For example, an option granted in tandem

with a performance share would be reported only as an option grant in column (j), with the tandem feature noted either by a footnote or accompanying textual narrative.

5. Disclose the dollar amount of consideration, if any, paid by the executive officer for the award in a footnote to the appropriate column.

6. If non-equity incentive plan awards are denominated in units or other rights, a separate, adjoining column between columns (b) and (c) shall be added quantifying the units or other rights awarded.

7. Options, SARs and similar option-like instruments granted in connection with a repricing transaction or other material modification shall be reported in this Table. However, the disclosure required by this Table does not apply to any repricing that occurs through a pre-existing formula or mechanism in the plan or award that results in the periodic adjustment of the option or SAR exercise or base price, an antidilution provision in a plan or award, or a recapitalization or similar transaction equally affecting all holders of the class of securities underlying the options or SARs.

8. For any equity awards that are subject to performance conditions, report in column (l) the value at the grant date based upon the probable outcome of such conditions. This amount should be consistent with the estimate of aggregate compensation cost to be recognized over the service period determined as of the grant date under FASB ASC Topic 718, excluding the effect of estimated forfeitures.

(e) Narrative disclosure to summary compensation table and grants of plan-based awards table.

(1) Provide a narrative description of any material factors necessary to an understanding of the information disclosed in the tables required by paragraphs (c) and (d) of this Item. Examples of such factors may include, in given cases, among other things:

(i) The material terms of each named executive officer's employment agreement or arrangement, whether written or unwritten;

(ii) If at any time during the last fiscal year, any outstanding option or other equity-based award was repriced or otherwise materially modified (such as by extension of exercise periods, the change of vesting or forfeiture conditions, the change or elimination of applicable performance criteria, or the change of the bases upon which returns are determined), a description of each such repricing or other material modification;

(iii) The material terms of any award reported in response to paragraph (d) of this Item, including a general description of the formula or criteria to be applied in determining the amounts payable, and the vesting schedule. For example, state where applicable that dividends will be paid on stock, and if so, the applicable dividend rate and whether that rate is preferential. Describe any performance-based conditions, and any other material conditions, that are applicable to the award. For purposes of the Table required by paragraph (d) of this Item and the narrative disclosure required by paragraph (e) of this Item, performance-based conditions include both performance conditions and market conditions, as those terms are defined in FASB ASC Topic 718; and

(iv) An explanation of the amount of salary and bonus in proportion to total compensation.

Instructions to Item 402(e)(1). 1. The disclosure required by paragraph (e)(1)(ii) of this Item would not apply to any repricing that occurs through a pre-existing formula or mechanism in the plan or award that results in the periodic adjustment of the option or SAR exercise or base price, an antidilution provision in a plan or award, or a recapitalization or similar transaction equally affecting all holders of the class of securities underlying the options or SARs.

2. Instructions 4 and 5 to Item 402(b) apply regarding disclosure pursuant to paragraph (e)(1) of this Item of target levels with respect to specific quantitative or qualitative performance-related factors considered by the compensation committee or the board of directors, or any other factors or criteria involving confidential trade secrets or confidential commercial or financial information, the disclosure of which would result in competitive harm for the registrant.

(2) [Reserved]

(f) Outstanding equity awards at fiscal year-end table.

(1) Provide the information specified in paragraph (f)(2) of this Item, concerning unexercised options; stock that has not vested; and equity incentive plan awards for each named executive officer outstanding as of the end of the registrant's last completed fiscal year in the following tabular format:

Outstanding Equity Awards at Fiscal Year-End

| Name | Option awards | | | | | Stock awards | | | |
|------|---------------|---|---|---|---|--------------|---|---|---|
| | Number of securities underlying unexercised options (#) exercisable | Number of securities underlying unexercised options (#) unexercisable | Equity incentive plan awards: Number of securities underlying unexercised unearned options (#) | Option exercise price ($) | Option expiration date | Number of shares or units of stock that have not vested (#) | Market value of shares or units of stock that have not vested | Equity incentive plan awards: Number of unearned shares, units or other rights that have not vested (#) | Equity incentive plan awards: market or payout value of unearned shares, units or other rights that have not vested ($) |
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) |
| PEO | | | | | | | | | |
| PFO | | | | | | | | | |
| A | | | | | | | | | |

| B |
| --- |

| C |
| --- |

(2) The Table shall include:

(i) The name of the named executive officer (column (a));

(ii) On an award-by-award basis, the number of securities underlying unexercised options, including awards that have been transferred other than for value, that are exercisable and that are not reported in column (d) (column (b));

(iii) On an award-by-award basis, the number of securities underlying unexercised options, including awards that have been transferred other than for value, that are unexercisable and that are not reported in column (d) (column (c));

(iv) On an award-by-award basis, the total number of shares underlying unexercised options awarded under any equity incentive plan that have not been earned (column (d));

(v) For each instrument reported in columns (b), (c) and (d), as applicable, the exercise or base price (column (e));

(vi) For each instrument reported in columns (b), (c) and (d), as applicable, the expiration date (column (f));

(vii) The total number of shares of stock that have not vested and that are not reported in column (i) (column (g));

(viii) The aggregate market value of shares of stock that have not vested and that are not reported in column (j) (column (h));

(ix) The total number of shares of stock, units or other rights awarded under any equity incentive plan that have not vested and that have not been earned, and, if applicable the number of shares underlying any such unit or right (column (i)); and

(x) The aggregate market or payout value of shares of stock, units or other rights awarded under any equity incentive plan that have not vested and that have not been earned (column (j)).

Instructions to Item 402(f)(2). 1. Identify by footnote any award that has been transferred other than for value, disclosing the nature of the transfer.

2. The vesting dates of options, shares of stock and equity incentive plan awards held at fiscal-year end must be disclosed by footnote to the applicable column where the outstanding award is reported.

3. Compute the market value of stock reported in column (h) and equity incentive plan awards of stock reported in column (j) by multiplying the closing market price of the registrant's stock at the end of the last completed fiscal year by the number of shares or units of stock or the amount of equity incentive plan awards, respectively. The number of shares or units reported in columns (d) or (i), and the payout value reported in column (j), shall be based on achieving threshold performance goals, except that if the previous fiscal year's performance has exceeded the threshold, the disclosure shall be based on the next higher performance measure (target or maximum) that exceeds the previous fiscal year's performance. If the award provides only for a single estimated payout, that amount should be reported. If the target amount is not determinable, registrants must provide a representative amount based on the previous fiscal year's performance.

4. Multiple awards may be aggregated where the expiration date and the exercise and/or base price of the instruments is identical. A single award consisting of a combination of options, SARs and/or similar option-like instruments shall be reported as separate awards with respect to each tranche with a different exercise and/or base price or expiration date.

5. Options or stock awarded under an equity incentive plan are reported in columns (d) or (i) and (j), respectively, until the relevant performance condition has been satisfied. Once the relevant performance condition has been satisfied, even if the option or stock award is subject to forfeiture conditions, options are reported in column (b) or (c), as appropriate, until they are exercised or expire, or stock is reported in columns (g) and (h) until it vests.

(g) Option exercises and stock vested table.

(1) Provide the information specified in paragraph (g)(2) of this Item, concerning each exercise of stock options, SARs and similar instruments, and each vesting of stock, including restricted stock, restricted stock units and similar instruments, during the last completed fiscal year for each of the named executive officers on an aggregated basis in the following tabular format:

**Option Exercises and Stock Vested**

| Name | Option awards | | Stock awards | |
|---|---|---|---|---|
| | Number of shares acquired on exercise (#) | Value realized on exercise ($) | Number of shares acquired on vesting (#) | Value realized on vesting ($) |
| (a) | (b) | (c) | (d) | (e) |
| PEO | | | | |
| PFO | | | | |
| A | | | | |

Case 8:24-cv-01989-MWC-JDE     Document 145-4     Filed 04/17/26     Page 18 of 56   Page
ID #:6660

B

C

(2) The Table shall include:

(i) The name of the executive officer (column (a));

(ii) The number of securities for which the options were exercised (column (b));

(iii) The aggregate dollar value realized upon exercise of options, or upon the transfer of an award for value (column (c));

(iv) The number of shares of stock that have vested (column (d)); and

(v) The aggregate dollar value realized upon vesting of stock, or upon the transfer of an award for value (column (e)).

Instruction to Item 402(g)(2). Report in column (c) the aggregate dollar amount realized by the named executive officer upon exercise of the options or upon the transfer of such instruments for value. Compute the dollar amount realized upon exercise by determining the difference between the market price of the underlying securities at exercise and the exercise or base price of the options. Do not include the value of any related payment or other consideration provided (or to be provided) by the registrant to or on behalf of a named executive officer, whether in payment of the exercise price or related taxes. (Any such payment or other consideration provided by the registrant is required to be disclosed in accordance with paragraph (c)(2)(ix) of this Item.) Report in column (e) the aggregate dollar amount realized by the named executive officer upon the vesting of stock or the transfer of such instruments for value. Compute the aggregate dollar amount realized upon vesting by multiplying the number of shares of stock or units by the market value of the underlying shares on the vesting date. For any amount realized upon exercise or vesting for which receipt has been deferred, provide a footnote quantifying the amount and disclosing the terms of the deferral.

(h) Pension benefits.

(1) Provide the information specified in paragraph (h)(2) of this Item with respect to each plan that provides for payments or other benefits at, following, or in connection with retirement, in the following tabular format:

**Pension Benefits**

| Name | Plan name | Number of years credited service | Present value of accumulated benefit | Payments during last fiscal year |
| --- | --- | --- | --- | --- |

| (a) | (b) | (#) (c) | ($) (d) | ($) (e) |
|-----|-----|---------|---------|---------|
| PEO | | | | |
| PFO | | | | |
| A | | | | |
| B | | | | |
| C | | | | |

(2) The Table shall include:

(i) The name of the executive officer (column (a));

(ii) The name of the plan (column (b));

(iii) The number of years of service credited to the named executive officer under the plan, computed as of the same pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the last completed fiscal year (column (c));

(iv) The actuarial present value of the named executive officer's accumulated benefit under the plan, computed as of the same pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the last completed fiscal year (column (d)); and

(v) The dollar amount of any payments and benefits paid to the named executive officer during the registrant's last completed fiscal year (column (e)).

Instructions to Item 402(h)(2). 1. The disclosure required pursuant to this Table applies to each plan that provides for specified retirement payments and benefits, or payments and benefits that will be provided primarily following retirement, including but not limited to tax-qualified defined benefit plans and supplemental executive retirement plans, but excluding tax-qualified

defined contribution plans and nonqualified defined contribution plans. Provide a separate row for each such plan in which the named executive officer participates.

2. For purposes of the amount(s) reported in column (d), the registrant must use the same assumptions used for financial reporting purposes under generally accepted accounting principles, except that retirement age shall be assumed to be the normal retirement age as defined in the plan, or if not so defined, the earliest time at which a participant may retire under the plan without any benefit reduction due to age. The registrant must disclose in the accompanying textual narrative the valuation method and all material assumptions applied in quantifying the present value of the current accrued benefit. A benefit specified in the plan document or the executive's contract itself is not an assumption. Registrants may satisfy all or part of this disclosure by reference to a discussion of those assumptions in the registrant's financial statements, footnotes to the financial statements, or discussion in the Management's Discussion and Analysis. The sections so referenced are deemed part of the disclosure provided pursuant to this Item.

3. For purposes of allocating the current accrued benefit between tax qualified defined benefit plans and related supplemental plans, apply the limitations applicable to tax qualified defined benefit plans established by the Internal Revenue Code and the regulations thereunder that applied as of the pension plan measurement date.

4. If a named executive officer's number of years of credited service with respect to any plan is different from the named executive officer's number of actual years of service with the registrant, provide footnote disclosure quantifying the difference and any resulting benefit augmentation.

(3) Provide a succinct narrative description of any material factors necessary to an understanding of each plan covered by the tabular disclosure required by this paragraph. While material factors will vary depending upon the facts, examples of such factors may include, in given cases, among other things:

(i) The material terms and conditions of payments and benefits available under the plan, including the plan's normal retirement payment and benefit formula and eligibility standards, and the effect of the form of benefit elected on the amount of annual benefits. For this purpose, normal retirement means retirement at the normal retirement age as defined in the plan, or if not so defined, the earliest time at which a participant may retire under the plan without any benefit reduction due to age;

(ii) If any named executive officer is currently eligible for early retirement under any plan, identify that named executive officer and the plan, and describe the plan's early retirement payment and benefit formula and eligibility standards. For this purpose, early retirement means retirement at the early retirement age as defined in the plan, or otherwise available to the executive under the plan;

(iii) The specific elements of compensation (e.g., salary, bonus, etc.) included in applying the payment and benefit formula, identifying each such element;

(iv) With respect to named executive officers' participation in multiple plans, the different purposes for each plan; and

(v) Registrant policies with regard to such matters as granting extra years of credited service.

(i) Nonqualified defined contribution and other nonqualified deferred compensation plans.

Case 8:24-cv-01989-MWC-JDE    Document 145-4    Filed 04/17/26    Page 21 of 56   Page ID #:6663

(1) Provide the information specified in paragraph (i)(2) of this Item with respect to each defined contribution or other plan that provides for the deferral of compensation on a basis that is not tax-qualified in the following tabular format:

**Nonqualified Deferred Compensation**

| Name | Executive contributions in last FY ($) | Registrant contributions in last FY ($) | Aggregate earnings in last FY ($) | Aggregate withdrawals/ distributions ($) | Aggregate balance at last FYE ($) |
|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) |
| PEO | | | | | |
| PFO | | | | | |
| A | | | | | |
| B | | | | | |
| C | | | | | |

(2) The Table shall include:

(i) The name of the executive officer (column (a));

(ii) The dollar amount of aggregate executive contributions during the registrant's last fiscal year (column (b));

(iii) The dollar amount of aggregate registrant contributions during the registrant's last fiscal year (column (c));

(iv) The dollar amount of aggregate interest or other earnings accrued during the registrant's last fiscal year (column (d));

(v) The aggregate dollar amount of all withdrawals by and distributions to the executive during the registrant's last fiscal year (column (e)); and

(vi) The dollar amount of total balance of the executive's account as of the end of the registrant's last fiscal year (column (f)).

Instruction to Item 402(i)(2). Provide a footnote quantifying the extent to which amounts reported in the contributions and earnings columns are reported as compensation in the last completed fiscal year in the registrant's Summary Compensation Table and amounts reported in the aggregate balance at last fiscal year end (column (f)) previously were reported as compensation to the named executive officer in the registrant's Summary Compensation Table for previous years.

(3) Provide a succinct narrative description of any material factors necessary to an understanding of each plan covered by tabular disclosure required by this paragraph. While material factors will vary depending upon the facts, examples of such factors may include, in given cases, among other things:

(i) The type(s) of compensation permitted to be deferred, and any limitations (by percentage of compensation or otherwise) on the extent to which deferral is permitted;

(ii) The measures for calculating interest or other plan earnings (including whether such measure(s) are selected by the executive or the registrant and the frequency and manner in which selections may be changed), quantifying interest rates and other earnings measures applicable during the registrant's last fiscal year; and

(iii) Material terms with respect to payouts, withdrawals and other distributions.

(j) Potential payments upon termination or change-in-control. Regarding each contract, agreement, plan or arrangement, whether written or unwritten, that provides for payment(s) to a named executive officer at, following, or in connection with any termination, including without limitation resignation, severance, retirement or a constructive termination of a named executive officer, or a change in control of the registrant or a change in the named executive officer's responsibilities, with respect to each named executive officer:

(1) Describe and explain the specific circumstances that would trigger payment(s) or the provision of other benefits, including perquisites and health care benefits;

(2) Describe and quantify the estimated payments and benefits that would be provided in each covered circumstance, whether they would or could be lump sum, or annual, disclosing the duration, and by whom they would be provided;

(3) Describe and explain how the appropriate payment and benefit levels are determined under the various circumstances that trigger payments or provision of benefits;

(4) Describe and explain any material conditions or obligations applicable to the receipt of payments or benefits, including but not limited to non-compete, non-solicitation, non-disparagement or confidentiality agreements, including the duration of such agreements and provisions regarding waiver of breach of such agreements; and

(5) Describe any other material factors regarding each such contract, agreement, plan or arrangement.

Instructions to Item 402(j). 1. The registrant must provide quantitative disclosure under these requirements, applying the assumptions that the triggering event took place on the last business day of the registrant's last completed fiscal year, and the price per share of the registrant's securities is the closing market price as of that date. In the event that uncertainties exist as to the provision of payments and benefits or the amounts involved, the registrant is required to make a reasonable estimate (or a reasonable estimated range of amounts) applicable to the payment or benefit and disclose material assumptions underlying such estimates or estimated ranges in its disclosure. In such event, the disclosure would require forward-looking information as appropriate.

2. Perquisites and other personal benefits or property may be excluded only if the aggregate amount of such compensation will be less than $10,000. Individual perquisites and personal benefits shall be identified and quantified as required by Instruction 4 to paragraph (c)(2)(ix) of this Item. For purposes of quantifying health care benefits, the registrant must use the assumptions used for financial reporting purposes under generally accepted accounting principles.

3. To the extent that the form and amount of any payment or benefit that would be provided in connection with any triggering event is fully disclosed pursuant to paragraph (h) or (i) of this Item, reference may be made to that disclosure. However, to the extent that the form or amount of any such payment or benefit would be enhanced or its vesting or other provisions accelerated in connection with any triggering event, such enhancement or acceleration must be disclosed pursuant to this paragraph.

4. Where a triggering event has actually occurred for a named executive officer and that individual was not serving as a named executive officer of the registrant at the end of the last completed fiscal year, the disclosure required by this paragraph for that named executive officer shall apply only to that triggering event.

5. The registrant need not provide information with respect to contracts, agreements, plans or arrangements to the extent they do not discriminate in scope, terms or operation, in favor of executive officers of the registrant and that are available generally to all salaried employees.

(k) Compensation of directors.

(1) Provide the information specified in paragraph (k)(2) of this Item, concerning the compensation of the directors for the registrant's last completed fiscal year, in the following tabular format:

**Director Compensation**

| Name | Fees earned or paid in cash ($) | Stock awards ($) | Option awards ($) | Non-equity incentive plan compensation ($) | Change in pension value and nonqualified deferred compensation earnings | All other compensation ($) | Total ($) |
| --- | --- | --- | --- | --- | --- | --- | --- |

| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) |
|-----|-----|-----|-----|-----|-----|-----|-----|
| A | | | | | | | |
| B | | | | | | | |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |

(2) The Table shall include:

(i) The name of each director unless such director is also a named executive officer under paragraph (a) of this Item and his or her compensation for service as a director is fully reflected in the Summary Compensation Table pursuant to paragraph (c) of this Item and otherwise as required pursuant to paragraphs (d) through (j) of this Item (column (a));

(ii) The aggregate dollar amount of all fees earned or paid in cash for services as a director, including annual retainer fees, committee and/or chairmanship fees, and meeting fees (column (b));

(iii) For awards of stock, the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (c));

(iv) For awards of options, with or without tandem SARs (including awards that subsequently have been transferred), the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (d));

Instruction to Item 402(k)(2)(iii) and (iv). For each director, disclose by footnote to the appropriate column: the grant date fair value of each equity award computed in accordance with FASB ASC Topic 718; for each option, SAR or similar option like instrument for which the registrant has adjusted or amended the exercise or base price during the last completed fiscal year, whether through amendment, cancellation or replacement grants, or any other means ("repriced"), or otherwise has materially modified such awards, the incremental fair value, computed as of the repricing or modification date in accordance with FASB ASC Topic 718; and the aggregate number of stock awards and the aggregate number of option awards outstanding at fiscal year end. However, the disclosure required by this Instruction does not apply to any repricing that occurs through a pre-existing formula or mechanism in the plan or award that results in the periodic adjustment of the option or SAR exercise or base price, an antidilution provision in a plan or award, or a recapitalization or similar transaction equally affecting all holders of the class of securities underlying the options or SARs.

(v) The dollar value of all earnings for services performed during the fiscal year pursuant to non-equity incentive plans as defined in paragraph (a)(6)(iii) of this Item, and all earnings on any outstanding awards (column (e));

(vi) The sum of the amounts specified in paragraphs (k)(2)(vi)(A) and (B) of this Item (column (f)) as follows:

(A) The aggregate change in the actuarial present value of the director's accumulated benefit under all defined benefit and actuarial pension plans (including supplemental plans) from the pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the prior completed fiscal year to the pension plan measurement date used for financial statement reporting purposes with respect to the registrant's audited financial statements for the covered fiscal year; and

(B) Above-market or preferential earnings on compensation that is deferred on a basis that is not tax-qualified, including such earnings on nonqualified defined contribution plans;

(vii) All other compensation for the covered fiscal year that the registrant could not properly report in any other column of the Director Compensation Table (column (g)). Each compensation item that is not properly reportable in columns (b)-(f), regardless of the amount of the compensation item, must be included in column (g). Such compensation must include, but is not limited to:

(A) Perquisites and other personal benefits, or property, unless the aggregate amount of such compensation is less than $10,000;

(B) All "gross-ups" or other amounts reimbursed during the fiscal year for the payment of taxes;

(C) For any security of the registrant or its subsidiaries purchased from the registrant or its subsidiaries (through deferral of salary or bonus, or otherwise) at a discount from the market price of such security at the date of purchase, unless that discount is available generally, either to all security holders or to all salaried employees of the registrant, the compensation cost, if any, computed in accordance with FASB ASC Topic 718;

(D) The amount paid or accrued to any director pursuant to a plan or arrangement in connection with:

(1) The resignation, retirement or any other termination of such director; or

(2) A change in control of the registrant;

(E) Registrant contributions or other allocations to vested and unvested defined contribution plans;

(F) Consulting fees earned from, or paid or payable by the registrant and/or its subsidiaries (including joint ventures);

(G) The annual costs of payments and promises of payments pursuant to director legacy programs and similar charitable award programs;

(H) The dollar value of any insurance premiums paid by, or on behalf of, the registrant during the covered fiscal year with respect to life insurance for the benefit of a director; and

(I) The dollar value of any dividends or other earnings paid on stock or option awards, when those amounts were not factored into the grant date fair value required to be reported for the stock or option award in column (c) or (d); and

Instructions to Item 402(k)(2)(vii). 1. Programs in which registrants agree to make donations to one or more charitable institutions in a director's name, payable by the registrant currently or upon a designated event, such as the retirement or death of the director, are charitable awards programs or director legacy programs for purposes of the disclosure required by paragraph (k)(2)(vii)(G) of this Item. Provide footnote disclosure of the total dollar amount payable under the program and other material terms of each such program for which tabular disclosure is provided.

2. Any item reported for a director pursuant to paragraph (k)(2)(vii) of this Item that is not a perquisite or personal benefit and whose value exceeds $10,000 must be identified and quantified in a footnote to column (g). All items of compensation are required to be included in the Director Compensation Table without regard to whether such items are required to be identified other than as specifically noted in this Item.

3. Perquisites and personal benefits may be excluded as long as the total value of all perquisites and personal benefits for a director is less than $10,000. If the total value of all perquisites and personal benefits is $10,000 or more for any director, then each perquisite or personal benefit, regardless of its amount, must be identified by type. If perquisites and personal benefits are required to be reported for a director pursuant to this rule, then each perquisite or personal benefit that exceeds the greater of $25,000 or 10% of the total amount of perquisites and personal benefits for that director must be quantified and disclosed in a footnote. Perquisites and other personal benefits shall be valued on the basis of the aggregate incremental cost to the registrant. With respect to the perquisite or other personal benefit for which footnote quantification is required, the registrant shall describe in the footnote its methodology for computing the aggregate incremental cost. Reimbursements of taxes owed with respect to perquisites or other personal benefits must be included in column (g) and are subject to separate quantification and identification as tax reimbursements (paragraph (k)(2)(vii)(B) of this Item) even if the associated perquisites or other personal benefits are not required to be included because the total amount of all perquisites or personal benefits for an individual director is less than $10,000 or are required to be identified but are not required to be separately quantified.

(viii) The dollar value of total compensation for the covered fiscal year (column (h)). With respect to each director, disclose the sum of all amounts reported in columns (b) through (g).

Instruction to Item 402(k)(2). Two or more directors may be grouped in a single row in the Table if all elements of their compensation are identical. The names of the directors for whom disclosure is presented on a group basis should be clear from the Table.

(3) Narrative to director compensation table. Provide a narrative description of any material factors necessary to an understanding of the director compensation disclosed in this Table. While material factors will vary depending upon the facts, examples of such factors may include, in given cases, among other things:

(i) A description of standard compensation arrangements (such as fees for retainer, committee service, service as chairman of the board or a committee, and meeting attendance); and

(ii) Whether any director has a different compensation arrangement, identifying that director and describing the terms of that arrangement.

Instruction to Item 402(k). In addition to the Instruction to paragraphs (k)(2)(iii) and (iv) and the Instructions to paragraph (k) (2)(vii) of this Item, the following apply equally to paragraph (k) of this Item: Instructions 2 and 4 to paragraph (c) of this Item; Instructions to paragraphs (c)(2)(iii) and (iv) of this Item; Instructions to paragraphs (c)(2)(v) and (vi) of this Item; Instructions to paragraph (c)(2)(vii) of this Item; Instructions to paragraph (c)(2)(viii) of this Item; and Instructions 1 and 5 to paragraph (c)(2)(ix) of this Item. These Instructions apply to the columns in the Director Compensation Table that are analogous to the columns in the Summary Compensation Table to which they refer and to disclosures under paragraph (k) of this Item that correspond to analogous disclosures provided for in paragraph (c) of this Item to which they refer.

(l) Smaller reporting companies and emerging growth companies. A registrant that qualifies as a "smaller reporting company," as defined by Item 10(f) (§ 229.10(f)(1)), or is an "emerging growth company," as defined in Rule 405 of the Securities Act (§ 230.405 of this chapter) or Rule 12b–2 of the Exchange Act (§ 240.12b–2 of this chapter), may provide the scaled disclosure in paragraphs (m) through (r) instead of paragraphs (a) through (k), (s), and (u) of this Item.

(m) Smaller reporting companies —General

(1) All compensation covered. This Item requires clear, concise and understandable disclosure of all plan and non-plan compensation awarded to, earned by, or paid to the named executive officers designated under paragraph (m)(2) of this Item, and directors covered by paragraph (r) of this Item, by any person for all services rendered in all capacities to the smaller reporting company and its subsidiaries, unless otherwise specifically excluded from disclosure in this Item. All such compensation shall be reported pursuant to this Item, even if also called for by another requirement, including transactions between the smaller reporting company and a third party where a purpose of the transaction is to furnish compensation to any such named executive officer or director. No amount reported as compensation for one fiscal year need be reported in the same manner as compensation for a subsequent fiscal year; amounts reported as compensation for one fiscal year may be required to be reported in a different manner pursuant to this Item.

(2) Persons covered. Disclosure shall be provided pursuant to this Item for each of the following (the "named executive officers"):

(i) All individuals serving as the smaller reporting company's principal executive officer or acting in a similar capacity during the last completed fiscal year ("PEO"), regardless of compensation level;

(ii) The smaller reporting company's two most highly compensated executive officers other than the PEO who were serving as executive officers at the end of the last completed fiscal year; and

(iii) Up to two additional individuals for whom disclosure would have been provided pursuant to paragraph (m)(2)(ii) of this Item but for the fact that the individual was not serving as an executive officer of the smaller reporting company at the end of the last completed fiscal year.

Instructions to Item 402(m)(2). 1. Determination of most highly compensated executive officers. The determination as to which executive officers are most highly compensated shall be made by reference to total compensation for the last completed fiscal year (as required to be disclosed pursuant to paragraph (n)(2)(x) of this Item) reduced by the amount required to be disclosed pursuant to paragraph (n)(2)(viii) of this Item, *provided, however,* that no disclosure need be provided for any executive officer, other than the PEO, whose total compensation, as so reduced, does not exceed $100,000.

2. Inclusion of executive officer of a subsidiary. It may be appropriate for a smaller reporting company to include as named executive officers one or more executive officers or other employees of subsidiaries in the disclosure required by this Item. See Rule 3b–7 under the Exchange Act (17 CFR 240.3b–7).

3. Exclusion of executive officer due to overseas compensation. It may be appropriate in limited circumstances for a smaller reporting company not to include in the disclosure required by this Item an individual, other than its PEO, who is one of the smaller reporting company's most highly compensated executive officers due to the payment of amounts of cash compensation relating to overseas assignments attributed predominantly to such assignments.

(3) Information for full fiscal year. If the PEO served in that capacity during any part of a fiscal year with respect to which information is required, information should be provided as to all of his or her compensation for the full fiscal year. If a named executive officer (other than the PEO) served as an executive officer of the smaller reporting company (whether or not in the same position) during any part of the fiscal year with respect to which information is required, information shall be provided as to all compensation of that individual for the full fiscal year.

(4) Omission of table or column. A table or column may be omitted if there has been no compensation awarded to, earned by, or paid to any of the named executive officers or directors required to be reported in that table or column in any fiscal year covered by that table.

(5) Definitions. For purposes of this Item:

(i) The term stock means instruments such as common stock, restricted stock, restricted stock units, phantom stock, phantom stock units, common stock equivalent units or any similar instruments that do not have option-like features, and the term option means instruments such as stock options, stock appreciation rights and similar instruments with option-like features. The term stock appreciation rights ("SARs") refers to SARs payable in cash or stock, including SARs payable in cash or stock at the election of the smaller reporting company or a named executive officer. The term equity is used to refer generally to stock and/or options.

(ii) The term plan includes, but is not limited to, the following: Any plan, contract, authorization or arrangement, whether or not set forth in any formal document, pursuant to which cash, securities, similar instruments, or any other property may be received. A plan may be applicable to one person. Except with respect to disclosure required by paragraph (t) of this Item, smaller reporting companies may omit information regarding group life, health, hospitalization, or medical reimbursement plans that do not discriminate in scope, terms or operation, in favor of executive officers or directors of the smaller reporting company and that are available generally to all salaried employees.

(iii) The term incentive plan means any plan providing compensation intended to serve as incentive for performance to occur over a specified period, whether such performance is measured by reference to financial performance of the smaller reporting company or an affiliate, the smaller reporting company's stock price, or any other performance measure. An

equity incentive plan is an incentive plan or portion of an incentive plan under which awards are granted that fall within the scope of FASB ASC Topic 718. A non-equity incentive plan is an incentive plan or portion of an incentive plan that is not an equity incentive plan. The term incentive plan award means an award provided under an incentive plan.

(iv) The terms date of grant or grant date refer to the grant date determined for financial statement reporting purposes pursuant to FASB ASC Topic 718.

(v) Closing market price is defined as the price at which the smaller reporting company's security was last sold in the principal United States market for such security as of the date for which the closing market price is determined.

(n) Smaller reporting companies—Summary compensation table—

(1) General. Provide the information specified in paragraph (n)(2) of this Item, concerning the compensation of the named executive officers for each of the smaller reporting company's last two completed fiscal years, in a Summary Compensation Table in the tabular format specified below.

**Summary Compensation Table**

| Name and principal position | Year | Salary ($) | Bonus ($) | Stock awards ($) | Option awards ($) | Non-equity incentive plan com-pensation ($) | Non-qualified deferred compen-sation earnings ($) | All other compen-sation ($) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) |
| PEO | | | | | | | | | |
| A | | | | | | | | | |
| B | | | | | | | | | |

(2) The Table shall include:

(i) The name and principal position of the named executive officer (column (a));

(ii) The fiscal year covered (column (b));

(iii) The dollar value of base salary (cash and non-cash) earned by the named executive officer during the fiscal year covered (column (c));

(iv) The dollar value of bonus (cash and non-cash) earned by the named executive officer during the fiscal year covered (column (d));

Instructions to Item 402(n)(2)(iii) and (iv).

1. If the amount of salary or bonus earned in a given fiscal year is not calculable through the latest practicable date, a footnote shall be included disclosing that the amount of salary or bonus is not calculable through the latest practicable date and providing the date that the amount of salary or bonus is expected to be determined, and such amount must then be disclosed in a filing under Item 5.02(f) of Form 8–K (17 CFR 249.308).

2. Smaller reporting companies shall include in the salary column (column (c)) or bonus column (column (d)) any amount of salary or bonus forgone at the election of a named executive officer under which stock, equity-based or other forms of non-cash compensation instead have been received by the named executive officer. However, the receipt of any such form of non-cash compensation instead of salary or bonus must be disclosed in a footnote added to the salary or bonus column and, where applicable, referring to the narrative disclosure to the Summary Compensation Table (required by paragraph (o) of this Item) where the material terms of the stock, option or non-equity incentive plan award elected by the named executive officer are reported.

(v) For awards of stock, the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (e));

(vi) For awards of options, with or without tandem SARs (including awards that subsequently have been transferred), the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (f));

Instruction 1 to Item 402(n)(2)(v) and (n)(2)(vi). For awards reported in columns (e) and (f), include a footnote disclosing all assumptions made in the valuation by reference to a discussion of those assumptions in the smaller reporting company's financial statements, footnotes to the financial statements, or discussion in the Management's Discussion and Analysis. The sections so referenced are deemed part of the disclosure provided pursuant to this Item.

Instruction 2 to Item 402(n)(2)(v) and (n)(2)(vi). If at any time during the last completed fiscal year, the smaller reporting company has adjusted or amended the exercise price of options or SARs previously awarded to a named executive officer, whether through amendment, cancellation or replacement grants, or any other means ("repriced"), or otherwise has materially modified such awards, the smaller reporting company shall include, as awards required to be reported in column (f), the incremental fair value, computed as of the repricing or modification date in accordance with FASB ASC Topic 718, with respect to that repriced or modified award.

Instruction 3 to Item 402(n)(2)(v) and (vi). For any awards that are subject to performance conditions, report the value at the grant date based upon the probable outcome of such conditions. This amount should be consistent with the estimate of aggregate compensation cost to be recognized over the service period determined as of the grant date under FASB ASC Topic 718, excluding the effect of estimated forfeitures. In a footnote to the table, disclose the value of the award at the grant date assuming that the highest level of performance conditions will be achieved if an amount less than the maximum was included in the table.

(vii) The dollar value of all earnings for services performed during the fiscal year pursuant to awards under non-equity incentive plans as defined in paragraph (m)(5)(iii) of this Item, and all earnings on any outstanding awards (column (g));

Instructions to Item 402(n)(2)(vii). 1. If the relevant performance measure is satisfied during the fiscal year (including for a single year in a plan with a multi-year performance measure), the earnings are reportable for that fiscal year, even if not payable until a later date, and are not reportable again in the fiscal year when amounts are paid to the named executive officer.

2. All earnings on non-equity incentive plan compensation must be identified and quantified in a footnote to column (g), whether the earnings were paid during the fiscal year, payable during the period but deferred at the election of the named executive officer, or payable by their terms at a later date.

(viii) Above-market or preferential earnings on compensation that is deferred on a basis that is not tax-qualified, including such earnings on nonqualified defined contribution plans (column (h));

Instruction to Item 402(n)(2)(viii). Interest on deferred compensation is above-market only if the rate of interest exceeds 120% of the applicable federal long-term rate, with compounding (as prescribed under section 1274(d) of the Internal Revenue Code, (26 U.S.C. 1274(d))) at the rate that corresponds most closely to the rate under the smaller reporting company's plan at the time the interest rate or formula is set. In the event of a discretionary reset of the interest rate, the requisite calculation must be made on the basis of the interest rate at the time of such reset, rather than when originally established. Only the above-market portion of the interest must be included. If the applicable interest rates vary depending upon conditions such as a minimum period of continued service, the reported amount should be calculated assuming satisfaction of all conditions to receiving interest at the highest rate. Dividends (and dividend equivalents) on deferred compensation denominated in the smaller reporting company's stock ("deferred stock") are preferential only if earned at a rate higher than dividends on the smaller reporting company's common stock. Only the preferential portion of the dividends or equivalents must be included. Footnote or narrative disclosure may be provided explaining the smaller reporting company's criteria for determining any portion considered to be above-market.

(ix) All other compensation for the covered fiscal year that the smaller reporting company could not properly report in any other column of the Summary Compensation Table (column (i)). Each compensation item that is not properly reportable in columns (c) through (h), regardless of the amount of the compensation item, must be included in column (i). Such compensation must include, but is not limited to:

(A) Perquisites and other personal benefits, or property, unless the aggregate amount of such compensation is less than $10,000;

(B) All "gross-ups" or other amounts reimbursed during the fiscal year for the payment of taxes;

(C) For any security of the smaller reporting company or its subsidiaries purchased from the smaller reporting company or its subsidiaries (through deferral of salary or bonus, or otherwise) at a discount from the market price of such security at the date of purchase, unless that discount is available generally, either to all security holders or to all salaried employees of the smaller reporting company, the compensation cost, if any, computed in accordance with FASB ASC Topic 718;

(D) The amount paid or accrued to any named executive officer pursuant to a plan or arrangement in connection with:

(1) Any termination, including without limitation through retirement, resignation, severance or constructive termination (including a change in responsibilities) of such executive officer's employment with the smaller reporting company and its subsidiaries; or

Case 8:24-cv-01989-MWC-JDE    Document 145-4    Filed 04/17/26    Page 32 of 56   Page ID #:6674

(2) A change in control of the smaller reporting company;

(E) Smaller reporting company contributions or other allocations to vested and unvested defined contribution plans;

(F) The dollar value of any insurance premiums paid by, or on behalf of, the smaller reporting company during the covered fiscal year with respect to life insurance for the benefit of a named executive officer; and

(G) The dollar value of any dividends or other earnings paid on stock or option awards, when those amounts were not factored into the grant date fair value required to be reported for the stock or option award in column (e) or (f); and

Instructions to Item 402(n)(2)(ix). 1. Non-equity incentive plan awards and earnings and earnings on stock or options, except as specified in paragraph (n)(2)(ix)(G) of this Item, are required to be reported elsewhere as provided in this Item and are not reportable as All Other Compensation in column (i).

2. Benefits paid pursuant to defined benefit and actuarial plans are not reportable as All Other Compensation in column (i) unless accelerated pursuant to a change in control; information concerning these plans is reportable pursuant to paragraph (q)(1) of this Item.

3. Reimbursements of taxes owed with respect to perquisites or other personal benefits must be included in the columns as tax reimbursements (paragraph (n)(2)(ix)(B) of this Item) even if the associated perquisites or other personal benefits are not required to be included because the aggregate amount of such compensation is less than $10,000.

4. Perquisites and other personal benefits shall be valued on the basis of the aggregate incremental cost to the smaller reporting company.

5. For purposes of paragraph (n)(2)(ix)(D) of this Item, an accrued amount is an amount for which payment has become due.

(x) The dollar value of total compensation for the covered fiscal year (column (j)). With respect to each named executive officer, disclose the sum of all amounts reported in columns (c) through (i).

Instructions to Item 402(n). 1. Information with respect to the fiscal year prior to the last completed fiscal year will not be required if the smaller reporting company was not a reporting company pursuant to section 13(a) or 15(d) of the Exchange Act (15 U.S.C. 78m(a) or 78*o*(d)) at any time during that year, except that the smaller reporting company will be required to provide information for any such year if that information previously was required to be provided in response to a Commission filing requirement.

2. All compensation values reported in the Summary Compensation Table must be reported in dollars and rounded to the nearest dollar. Reported compensation values must be reported numerically, providing a single numerical value for each grid in the table. Where compensation was paid to or received by a named executive officer in a different currency, a footnote must be provided to identify that currency and describe the rate and methodology used to convert the payment amounts to dollars.

3. If a named executive officer is also a director who receives compensation for his or her services as a director, reflect that compensation in the Summary Compensation Table and provide a footnote identifying and itemizing such compensation and amounts. Use the categories in the Director Compensation Table required pursuant to paragraph (r) of this Item.

4. Any amounts deferred, whether pursuant to a plan established under section 401(k) of the Internal Revenue Code (26 U.S.C. 401(k)), or otherwise, shall be included in the appropriate column for the fiscal year in which earned.

5. Reduce the amount reported in the applicable Summary Compensation Table column for the fiscal year in which the amount recovered initially was reported as compensation by any amounts recovered pursuant to the compensation recovery policy required by the listing standards adopted pursuant to 17 CFR 240.10D–1, and identify such amounts by footnote.

(o) Smaller reporting companies—Narrative disclosure to summary compensation table. Provide a narrative description of any material factors necessary to an understanding of the information disclosed in the Table required by paragraph (n) of this Item. Examples of such factors may include, in given cases, among other things:

(1) The material terms of each named executive officer's employment agreement or arrangement, whether written or unwritten;

(2) If at any time during the last fiscal year, any outstanding option or other equity-based award was repriced or otherwise materially modified (such as by extension of exercise periods, the change of vesting or forfeiture conditions, the change or elimination of applicable performance criteria, or the change of the bases upon which returns are determined), a description of each such repricing or other material modification;

(3) The waiver or modification of any specified performance target, goal or condition to payout with respect to any amount included in non-stock incentive plan compensation or payouts reported in column (g) to the Summary Compensation Table required by paragraph (n) of this Item, stating whether the waiver or modification applied to one or more specified named executive officers or to all compensation subject to the target, goal or condition;

(4) The material terms of each grant, including but not limited to the date of exercisability, any conditions to exercisability, any tandem feature, any reload feature, any tax-reimbursement feature, and any provision that could cause the exercise price to be lowered;

(5) The material terms of any non-equity incentive plan award made to a named executive officer during the last completed fiscal year, including a general description of the formula or criteria to be applied in determining the amounts payable and vesting schedule;

(6) The method of calculating earnings on nonqualified deferred compensation plans including nonqualified defined contribution plans; and

(7) An identification to the extent material of any item included under All Other Compensation (column (i)) in the Summary Compensation Table. Identification of an item shall not be considered material if it does not exceed the greater of $25,000 or 10% of all items included in the specified category in question set forth in paragraph (n)(2)(ix) of this Item. All items of compensation are required to be included in the Summary Compensation Table without regard to whether such items are required to be identified.

Instruction to Item 402(o). The disclosure required by paragraph (o)(2) of this Item would not apply to any repricing that occurs through a pre-existing formula or mechanism in the plan or award that results in the periodic adjustment of the option or SAR

exercise or base price, an antidilution provision in a plan or award, or a recapitalization or similar transaction equally affecting all holders of the class of securities underlying the options or SARs.

(p) Smaller reporting companies—Outstanding equity awards at fiscal year-end table.

(1) Provide the information specified in paragraph (p)(2) of this Item, concerning unexercised options; stock that has not vested; and equity incentive plan awards for each named executive officer outstanding as of the end of the smaller reporting company's last completed fiscal year in the following tabular format:

**Outstanding Equity Awards at Fiscal Year-End**

| Name | Option awards | | | | | Stock awards | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Number of securities underlying unexercised options (#) exercisable | Number of securities underlying unexercised options (#) unexercisable | Equity incentive plan awards: Number of securities underlying unexercised unearned options (#) | Option exercise price ($) | Option expiration date | Number of shares or units of stock that have not vested (#) | Market value of shares of units of stock that have not vested ($) | Equity incentive plan awards: Number of unearned shares, units or other rights that have not vested (#) | Equity incentive plan awards: market or payout value of unearned shares, units or other rights that have not vested ($) |
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) | (j) |
| PEO | | | | | | | | | |
| A | | | | | | | | | |
| B | | | | | | | | | |

(2) The Table shall include:

(i) The name of the named executive officer (column (a));

(ii) On an award-by-award basis, the number of securities underlying unexercised options, including awards that have been transferred other than for value, that are exercisable and that are not reported in column (d) (column (b));

(iii) On an award-by-award basis, the number of securities underlying unexercised options, including awards that have been transferred other than for value, that are unexercisable and that are not reported in column (d) (column (c));

(iv) On an award-by-award basis, the total number of shares underlying unexercised options awarded under any equity incentive plan that have not been earned (column (d));

(v) For each instrument reported in columns (b), (c) and (d), as applicable, the exercise or base price (column (e));

(vi) For each instrument reported in columns (b), (c) and (d), as applicable, the expiration date (column (f));

(vii) The total number of shares of stock that have not vested and that are not reported in column (i) (column (g));

(viii) The aggregate market value of shares of stock that have not vested and that are not reported in column (j) (column (h));

(ix) The total number of shares of stock, units or other rights awarded under any equity incentive plan that have not vested and that have not been earned, and, if applicable the number of shares underlying any such unit or right (column (i)); and

(x) The aggregate market or payout value of shares of stock, units or other rights awarded under any equity incentive plan that have not vested and that have not been earned (column (j)).

Instructions to Item 402(p)(2). 1. Identify by footnote any award that has been transferred other than for value, disclosing the nature of the transfer.

2. The vesting dates of options, shares of stock and equity incentive plan awards held at fiscal-year end must be disclosed by footnote to the applicable column where the outstanding award is reported.

3. Compute the market value of stock reported in column (h) and equity incentive plan awards of stock reported in column (j) by multiplying the closing market price of the smaller reporting company's stock at the end of the last completed fiscal year by the number of shares or units of stock or the amount of equity incentive plan awards, respectively. The number of shares or units reported in column (d) or (i), and the payout value reported in column (j), shall be based on achieving threshold performance goals, except that if the previous fiscal year's performance has exceeded the threshold, the disclosure shall be based on the next higher performance measure (target or maximum) that exceeds the previous fiscal year's performance. If the award provides only for a single estimated payout, that amount should be reported. If the target amount is not determinable, smaller reporting companies must provide a representative amount based on the previous fiscal year's performance.

4. Multiple awards may be aggregated where the expiration date and the exercise and/or base price of the instruments is identical. A single award consisting of a combination of options, SARs and/or similar option-like instruments shall be reported as separate awards with respect to each tranche with a different exercise and/or base price or expiration date.

5. Options or stock awarded under an equity incentive plan are reported in columns (d) or (i) and (j), respectively, until the relevant performance condition has been satisfied. Once the relevant performance condition has been satisfied, even if the option or stock award is subject to forfeiture conditions, options are reported in column (b) or (c), as appropriate, until they are exercised or expire, or stock is reported in columns (g) and (h) until it vests.

(q) Smaller reporting companies—Additional narrative disclosure. Provide a narrative description of the following to the extent material:

(1) The material terms of each plan that provides for the payment of retirement benefits, or benefits that will be paid primarily following retirement, including but not limited to tax-qualified defined benefit plans, supplemental executive retirement plans, tax-qualified defined contribution plans and nonqualified defined contribution plans.

(2) The material terms of each contract, agreement, plan or arrangement, whether written or unwritten, that provides for payment(s) to a named executive officer at, following, or in connection with the resignation, retirement or other termination of a named executive officer, or a change in control of the smaller reporting company or a change in the named executive officer's responsibilities following a change in control, with respect to each named executive officer.

(r) Smaller reporting companies—Compensation of directors.

(1) Provide the information specified in paragraph (r)(2) of this Item, concerning the compensation of the directors for the smaller reporting company's last completed fiscal year, in the following tabular format:

**Director Compensation**

| Name | Fees earned or paid in cash ($) | Stock awards ($) | Option awards Compensation ($) | Non-equity incentive plan ($) | Non-qualified deferred Compensation earnings ($) | All other compensation ($) | Total ($) |
|---|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) |
| A | | | | | | | |
| B | | | | | | | |
| C | | | | | | | |
| D | | | | | | | |
| E | | | | | | | |

(2) The Table shall include:

(i) The name of each director unless such director is also a named executive officer under paragraph (m) of this Item and his or her compensation for service as a director is fully reflected in the Summary Compensation Table pursuant to paragraph (n) of this Item and otherwise as required pursuant to paragraphs (o) through (q) of this Item (column (a));

(ii) The aggregate dollar amount of all fees earned or paid in cash for services as a director, including annual retainer fees, committee and/or chairmanship fees, and meeting fees (column (b));

(iii) For awards of stock, the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (c));

(iv) For awards of options, with or without tandem SARs (including awards that subsequently have been transferred), the aggregate grant date fair value computed in accordance with FASB ASC Topic 718 (column (d));

Instruction to Item 402(r)(2)(iii) and (iv). For each director, disclose by footnote to the appropriate column, the aggregate number of stock awards and the aggregate number of option awards outstanding at fiscal year end.

(v) The dollar value of all earnings for services performed during the fiscal year pursuant to non-equity incentive plans as defined in paragraph (m)(5)(iii) of this Item, and all earnings on any outstanding awards (column (e));

(vi) Above-market or preferential earnings on compensation that is deferred on a basis that is not tax-qualified, including such earnings on nonqualified defined contribution plans (column (f));

(vii) All other compensation for the covered fiscal year that the smaller reporting company could not properly report in any other column of the Director Compensation Table (column (g)). Each compensation item that is not properly reportable in columns (b) through (f), regardless of the amount of the compensation item, must be included in column (g) and must be identified and quantified in a footnote if it is deemed material in accordance with paragraph (o)(7) of this Item. Such compensation must include, but is not limited to:

(A) Perquisites and other personal benefits, or property, unless the aggregate amount of such compensation is less than $10,000;

(B) All "gross-ups" or other amounts reimbursed during the fiscal year for the payment of taxes;

(C) For any security of the smaller reporting company or its subsidiaries purchased from the smaller reporting company or its subsidiaries (through deferral of salary or bonus, or otherwise) at a discount from the market price of such security at the date of purchase, unless that discount is available generally, either to all security holders or to all salaried employees of the smaller reporting company, the compensation cost, if any, computed in accordance with FASB ASC Topic 718;

(D) The amount paid or accrued to any director pursuant to a plan or arrangement in connection with:

(1) The resignation, retirement or any other termination of such director; or

(2) A change in control of the smaller reporting company;

(E) Smaller reporting company contributions or other allocations to vested and unvested defined contribution plans;

(F) Consulting fees earned from, or paid or payable by the smaller reporting company and/or its subsidiaries (including joint ventures);

(G) The annual costs of payments and promises of payments pursuant to director legacy programs and similar charitable award programs;

(H) The dollar value of any insurance premiums paid by, or on behalf of, the smaller reporting company during the covered fiscal year with respect to life insurance for the benefit of a director; and

(I) The dollar value of any dividends or other earnings paid on stock or option awards, when those amounts were not factored into the grant date fair value required to be reported for the stock or option award in column (c) or (d); and

Instruction to Item 402(r)(2)(vii). Programs in which smaller reporting companies agree to make donations to one or more charitable institutions in a director's name, payable by the smaller reporting company currently or upon a designated event, such as the retirement or death of the director, are charitable awards programs or director legacy programs for purposes of the disclosure required by paragraph (r)(2)(vii)(G) of this Item. Provide footnote disclosure of the total dollar amount payable under the program and other material terms of each such program for which tabular disclosure is provided.

(viii) The dollar value of total compensation for the covered fiscal year (column (h)). With respect to each director, disclose the sum of all amounts reported in columns (b) through (g).

Instruction to Item 402(r)(2). Two or more directors may be grouped in a single row in the Table if all elements of their compensation are identical. The names of the directors for whom disclosure is presented on a group basis should be clear from the Table.

(3) Narrative to director compensation table. Provide a narrative description of any material factors necessary to an understanding of the director compensation disclosed in this Table. While material factors will vary depending upon the facts, examples of such factors may include, in given cases, among other things:

(i) A description of standard compensation arrangements (such as fees for retainer, committee service, service as chairman of the board or a committee, and meeting attendance); and

(ii) Whether any director has a different compensation arrangement, identifying that director and describing the terms of that arrangement.

Instruction to Item 402(r). In addition to the Instruction to paragraph (r)(2)(vii) of this Item, the following apply equally to paragraph (r) of this Item: Instructions 2 and 4 to paragraph (n) of this Item; the Instructions to paragraphs (n)(2)(iii) and (iv) of this Item; the Instructions to paragraphs (n)(2)(v) and (vi) of this Item; the Instructions to paragraph (n)(2)(vii) of this Item; the Instruction to paragraph (n)(2)(viii) of this Item; the Instructions to paragraph (n)(2)(ix) of this Item; and paragraph (o)(7) of this Item. These Instructions apply to the columns in the Director Compensation Table that are analogous to the columns in the Summary Compensation Table to which they refer and to disclosures under paragraph (r) of this Item that correspond to analogous disclosures provided for in paragraph (n) of this Item to which they refer.

(s) Narrative disclosure of the registrant's compensation policies and practices as they relate to the registrant's risk management. To the extent that risks arising from the registrant's compensation policies and practices for its employees are reasonably likely to have a material adverse effect on the registrant, discuss the registrant's policies and practices of compensating its employees, including non-executive officers, as they relate to risk management practices and risk-taking incentives. While the situations requiring disclosure will vary depending on the particular registrant and compensation policies and practices, situations that may trigger disclosure include, among others, compensation policies and practices: at a business unit of the company that carries a significant portion of the registrant's risk profile; at a business unit with compensation structured significantly differently than other units within the registrant; at a business unit that is significantly more profitable than others within the registrant; at a business unit where compensation expense is a significant percentage of the unit's revenues; and that vary significantly from the overall risk and reward structure of the registrant, such as when bonuses are awarded upon accomplishment of a task, while the income and risk to the registrant from the task extend over a significantly longer period of time. The purpose of this paragraph(s) is to provide investors material information concerning how the registrant compensates and incentivizes its employees that may create risks that are reasonably likely to have a material adverse effect on the registrant. While the information to be disclosed pursuant to this paragraph(s) will vary depending upon the nature of the registrant's business and the compensation approach, the following are examples of the issues that the registrant may need to address for the business units or employees discussed:

(1) The general design philosophy of the registrant's compensation policies and practices for employees whose behavior would be most affected by the incentives established by the policies and practices, as such policies and practices relate to or affect risk taking by employees on behalf of the registrant, and the manner of their implementation;

(2) The registrant's risk assessment or incentive considerations, if any, in structuring its compensation policies and practices or in awarding and paying compensation;

(3) How the registrant's compensation policies and practices relate to the realization of risks resulting from the actions of employees in both the short term and the long term, such as through policies requiring claw backs or imposing holding periods;

(4) The registrant's policies regarding adjustments to its compensation policies and practices to address changes in its risk profile;

(5) Material adjustments the registrant has made to its compensation policies and practices as a result of changes in its risk profile; and

(6) The extent to which the registrant monitors its compensation policies and practices to determine whether its risk management objectives are being met with respect to incentivizing its employees.

(t) Golden parachute compensation.

(1) In connection with any proxy or consent solicitation material providing the disclosure required by section 14A(b)(1) of the Exchange Act (15 U.S.C. 78n–1(b)(1)) or any proxy or consent solicitation that includes disclosure under Item 14 of Schedule 14A (§ 240.14a–101 of this chapter) pursuant to Note A of Schedule 14A (excluding any proxy or consent solicitation of an "emerging growth company," as defined in Rule 405 of the Securities Act (§ 230.405 of this chapter) or Rule 12b–2 of the Exchange Act (§ 240.12b–2 of this chapter)), with respect to each named executive officer of the

acquiring company and the target company, provide the information specified in paragraphs (t)(2) and (3) of this section regarding any agreement or understanding, whether written or unwritten, between such named executive officer and the acquiring company or target company, concerning any type of compensation, whether present, deferred or contingent, that is based on or otherwise relates to an acquisition, merger, consolidation, sale or other disposition of all or substantially all assets of the issuer, as follows:

**Golden Parachute Compensation**

| Name | Cash | Equity | Pension/ NQDC | Perquisites/ benefits | Tax reimbursement | Other | Total |
|------|------|--------|---------------|----------------------|-------------------|-------|-------|
| | ($) | ($) | ($) | ($) | ($) | ($) | ($) |
| (a)............................ | (b) | (c) | (d) | (e) | (f) | (g) | (h) |
| PEO.................... | | | | | | | |
| PFO.................... | | | | | | | |
| A.................... | | | | | | | |
| B.................... | | | | | | | |
| C.................... | | | | | | | |

(2) The table shall include, for each named executive officer:

(i) The name of the named executive officer (column (a));

(ii) The aggregate dollar value of any cash severance payments, including but not limited to payments of base salary, bonus, and pro-rated non-equity incentive compensation plan payments (column (b));

(iii) The aggregate dollar value of:

(A) Stock awards for which vesting would be accelerated;

(B) In-the-money option awards for which vesting would be accelerated; and

(C) Payments in cancellation of stock and option awards (column (c));

(iv) The aggregate dollar value of pension and nonqualified deferred compensation benefit enhancements (column (d));

(v) The aggregate dollar value of perquisites and other personal benefits or property, and health care and welfare benefits (column (e));

(vi) The aggregate dollar value of any tax reimbursements (column (f));

(vii) The aggregate dollar value of any other compensation that is based on or otherwise relates to the transaction not properly reported in columns (b) through (f) (column (g)); and

(viii) The aggregate dollar value of the sum of all amounts reported in columns (b) through (g) (column (h)).

Instructions to Item 402(t)(2).

1. If this disclosure is included in a proxy or consent solicitation seeking approval of an acquisition, merger, consolidation, or proposed sale or other disposition of all or substantially all the assets of the registrant, or in a proxy or consent solicitation that includes disclosure under Item 14 of Schedule 14A (§ 240.14a–101) pursuant to Note A of Schedule 14A, the disclosure provided by this table shall be quantified assuming that the triggering event took place on the latest practicable date, and that the price per share of the registrant's securities shall be determined as follows: If the shareholders are to receive a fixed dollar amount, the price per share shall be that fixed dollar amount, and if such value is not a fixed dollar amount, the price per share shall be the average closing market price of the registrant's securities over the first five business days following the first public announcement of the transaction. Compute the dollar value of in-the-money option awards for which vesting would be accelerated by determining the difference between this price and the exercise or base price of the options. Include only compensation that is based on or otherwise relates to the subject transaction. Apply Instruction 1 to Item 402(t) with respect to those executive officers for whom disclosure was required in the issuer's most recent filing with the Commission under the Securities Act (15 U.S.C. 77a et seq.) or Exchange Act (15 U.S.C. 78a et seq.) that required disclosure pursuant to Item 402(c).

2. If this disclosure is included in a proxy solicitation for the annual meeting at which directors are elected for purposes of subjecting the disclosed agreements or understandings to a shareholder vote under section 14A(a)(1) of the Exchange Act (15 U.S.C. 78n–1(a)(1)), the disclosure provided by this table shall be quantified assuming that the triggering event took place on the last business day of the registrant's last completed fiscal year, and the price per share of the registrant's securities is the closing market price as of that date. Compute the dollar value of in-the-money option awards for which vesting would be accelerated by determining the difference between this price and the exercise or base price of the options.

3. In the event that uncertainties exist as to the provision of payments and benefits or the amounts involved, the registrant is required to make a reasonable estimate applicable to the payment or benefit and disclose material assumptions underlying such estimates in its disclosure. In such event, the disclosure would require forward-looking information as appropriate.

4. For each of columns (b) through (g), include a footnote quantifying each separate form of compensation included in the aggregate total reported. Include the value of all perquisites and other personal benefits or property. Individual perquisites and personal benefits shall be identified and quantified as required by Instruction 4 to Item 402(c)(2)(ix) of this section. For purposes of quantifying health care benefits, the registrant must use the assumptions used for financial reporting purposes under generally accepted accounting principles.

5. For each of columns (b) through (h), include a footnote quantifying the amount payable attributable to a double-trigger arrangement (i.e., amounts triggered by a change-in-control for which payment is conditioned upon the executive officer's termination without cause or resignation for good reason within a limited time period following the change-in-control), specifying the time-frame in which such termination or resignation must occur in order for the amount to become payable,

and the amount payable attributable to a single-trigger arrangement (i.e., amounts triggered by a change-in-control for which payment is not conditioned upon such a termination or resignation of the executive officer).

6. A registrant conducting a shareholder advisory vote pursuant to § 240.14a–21(c) of this chapter to cover new arrangements and understandings, and/or revised terms of agreements and understandings that were previously subject to a shareholder advisory vote pursuant to § 240.14a–21(a) of this chapter, shall provide two separate tables. One table shall disclose all golden parachute compensation, including both the arrangements and amounts previously disclosed and subject to a shareholder advisory vote under section 14A(a)(1) of the Exchange Act (15 U.S.C. 78n–1(a)(1)) and § 240.14a–21(a) of this chapter and the new arrangements and understandings and/or revised terms of agreements and understandings that were previously subject to a shareholder advisory vote. The second table shall disclose only the new arrangements and/or revised terms subject to the separate shareholder vote under section 14A(b)(2) of the Exchange Act and § 240.14a–21(c) of this chapter.

7. In cases where this Item 402(t)(2) requires disclosure of arrangements between an acquiring company and the named executive officers of the soliciting target company, the registrant shall clarify whether these agreements are included in the separate shareholder advisory vote pursuant to § 240.14a–21(c) of this chapter by providing a separate table of all agreements and understandings subject to the shareholder advisory vote required by section 14A(b)(2) of the Exchange Act (15 U.S.C. 78n–1(b)(2)) and § 240.14a–21(c) of this chapter, if different from the full scope of golden parachute compensation subject to Item 402(t) disclosure.

(3) Provide a succinct narrative description of any material factors necessary to an understanding of each such contract, agreement, plan or arrangement and the payments quantified in the tabular disclosure required by this paragraph. Such factors shall include, but not be limited to a description of:

(i) The specific circumstances that would trigger payment(s);

(ii) Whether the payments would or could be lump sum, or annual, disclosing the duration, and by whom they would be provided; and

(iii) Any material conditions or obligations applicable to the receipt of payment or benefits, including but not limited to non-compete, non-solicitation, non-disparagement or confidentiality agreements, including the duration of such agreements and provisions regarding waiver or breach of such agreements.

Instructions to Item 402(t). 1. A registrant that does not qualify as a "smaller reporting company," as defined by § 229.10(f)(1) of this chapter, must provide the information required by this Item 402(t) with respect to the individuals covered by Items 402(a)(3)(i), (ii) and (iii) of this section. A registrant that qualifies as a "smaller reporting company," as defined by § 229.10(f)(1) of this chapter, must provide the information required by this Item 402(t) with respect to the individuals covered by Items 402(m)(2)(i) and (ii) of this section.

2. The obligation to provide the information in this Item 402(t) shall not apply to agreements and understandings described in paragraph (t)(1) of this section with senior management of foreign private issuers, as defined in § 240.3b–4 of this chapter.

(u) Pay ratio disclosure—

(1) Disclose.

(i) The median of the annual total compensation of all employees of the registrant, except the PEO of the registrant;

(ii) The annual total compensation of the PEO of the registrant; and

(iii) The ratio of the amount in paragraph (u)(1)(i) of this Item to the amount in paragraph (u)(1)(ii) of this Item. For purposes of the ratio required by this paragraph (u)(1)(iii), the amount in paragraph (u)(1)(i) of this Item shall equal one, or, alternatively, the ratio may be expressed narratively as the multiple that the amount in paragraph (u)(1)(ii) of this Item bears to the amount in paragraph (u)(1)(i) of this Item.

(2) For purposes of this paragraph (u):

(i) Total compensation for the median of annual total compensation of all employees of the registrant and the PEO of the registrant shall be determined in accordance with paragraph (c)(2)(x) of this Item. In determining the total compensation, all references to "named executive officer" in this Item and the instructions thereto may be deemed to refer instead, as applicable, to "employee" and, for non-salaried employees, references to "base salary" and "salary" in this Item and the instructions thereto may be deemed to refer instead, as applicable, to "wages plus overtime";

(ii) Annual total compensation means total compensation for the registrant's last completed fiscal year; and

(iii) Registrant means the registrant and its consolidated subsidiaries.

(3) For purposes of this paragraph (u), employee or employee of the registrant means an individual employed by the registrant or any of its consolidated subsidiaries, whether as a full-time, part-time, seasonal, or temporary worker, as of a date chosen by the registrant within the last three months of the registrant's last completed fiscal year. The definition of employee or employee of the registrant does not include those workers who are employed, and whose compensation is determined, by an unaffiliated third party but who provide services to the registrant or its consolidated subsidiaries as independent contractors or "leased" workers.

(4) For purposes of this paragraph (u), an employee located in a jurisdiction outside the United States (a "non–U.S. employee") may be exempt from the definition of employee or employee of the registrant under either of the following conditions:

(i) The employee is employed in a foreign jurisdiction in which the laws or regulations governing data privacy are such that, despite its reasonable efforts to obtain or process the information necessary for compliance with this paragraph (u), the registrant is unable to do so without violating such data privacy laws or regulations. The registrant's reasonable efforts shall include, at a minimum, using or seeking an exemption or other relief under any governing data privacy laws or regulations. If the registrant chooses to exclude any employees using this exemption, it shall list the excluded jurisdictions, identify the specific data privacy law or regulation, explain how complying with this paragraph (u) violates such data privacy law or regulation (including the efforts made by the registrant to use or seek an exemption or other relief under such law or regulation), and provide the approximate number of employees exempted from each jurisdiction based on this exemption. In addition, if a registrant excludes any non–U.S. employees in a particular jurisdiction under this exemption, it must exclude all non–U.S. employees in that jurisdiction. Further, the registrant shall obtain a legal opinion from counsel that

opines on the inability of the registrant to obtain or process the information necessary for compliance with this paragraph (u) without violating the jurisdiction's laws or regulations governing data privacy, including the registrant's inability to obtain an exemption or other relief under any governing laws or regulations. The registrant shall file the legal opinion as an exhibit to the filing in which the pay ratio disclosure is included.

(ii) The registrant's non–U.S. employees account for 5% or less of the registrant's total employees. In that circumstance, if the registrant chooses to exclude any non–U.S. employees under this exemption, it must exclude all non–U.S. employees. Additionally, if a registrant's non–U.S. employees exceed 5% of the registrant's total U.S. and non–U.S. employees, it may exclude up to 5% of its total employees who are non–U.S. employees; provided, however, if a registrant excludes any non–U.S. employees in a particular jurisdiction, it must exclude all non–U.S. employees in that jurisdiction. If more than 5% of a registrant's employees are located in any one non–U.S. jurisdiction, the registrant may not exclude any employees in that jurisdiction under this exemption.

(A) In calculating the number of non–U.S. employees that may be excluded under this Item 402(u)(4)(ii) ("de minimis" exemption), a registrant shall count against the total any non–U.S. employee exempted under the data privacy law exemption under Item 402(u)(4)(i) ("data privacy" exemption). A registrant may exclude any non–U.S. employee from a jurisdiction that meets the data privacy exemption, even if the number of excluded employees exceeds 5% of the registrant's total employees. If, however, the number of employees excluded under the data privacy exemption equals or exceeds 5% of the registrant's total employees, the registrant may not use the de minimis exemption. Additionally, if the number of employees excluded under the data privacy exemption is less than 5% of the registrant's total employees, the registrant may use the de minimis exemption to exclude no more than the number of non–U.S. employees that, combined with the data privacy exemption, does not exceed 5% of the registrant's total employees.

(B) If a registrant excludes non–U.S. employees under the de minimis exemption, it must disclose the jurisdiction or jurisdictions from which those employees are being excluded, the approximate number of employees excluded from each jurisdiction under the de minimis exemption, the total number of its U.S. and non–U.S. employees irrespective of any exemption (data privacy or de minimis), and the total number of its U.S. and non–U.S. employees used for its de minimis calculation.

Instruction 1 to Item 402(u)—Disclosing the date chosen for identifying the median employee. A registrant shall disclose the date within the last three months of its last completed fiscal year that it selected pursuant to paragraph (u)(3) of this Item to identify its median employee. If the registrant changes the date it uses to identify the median employee from the prior year, the registrant shall disclose this change and provide a brief explanation about the reason or reasons for the change.

Instruction 2 to Item 402(u)—Identifying the median employee. A registrant is required to identify its median employee only once every three years and calculate total compensation for that employee each year; provided that, during a registrant's last completed fiscal year there has been no change in its employee population or employee compensation arrangements that it reasonably believes would result in a significant change to its pay ratio disclosure. If there have been no changes that the registrant reasonably believes would significantly affect its pay ratio disclosure, the registrant shall disclose that it is using the same median employee in its pay ratio calculation and describe briefly the basis for its reasonable belief. For example, the registrant could disclose that there has been no change in its employee population or employee compensation arrangements that it believes would significantly impact the pay ratio disclosure. If there has been a change in the registrant's employee population or employee compensation arrangements that the registrant reasonably believes would result in a significant change in its pay ratio disclosure, the registrant shall re-identify the median employee for that fiscal year. If it is no longer appropriate for the registrant to use the median employee identified in year one as the median employee in years two or three because of a change in the original median employee's circumstances that the registrant reasonably believes would result in a significant change in

Case 8:24-cv-01989-MWC-JDE    Document 145-4    Filed 04/17/26    Page 45 of 56   Page ID #:6687

its pay ratio disclosure, the registrant may use another employee whose compensation is substantially similar to the original median employee based on the compensation measure used to select the original median employee.

Instruction 3 to Item 402(u)—Updating for the last completed fiscal year. Pay ratio information (i.e., the disclosure called for by paragraph (u)(1) of this Item) with respect to the registrant's last completed fiscal year is not required to be disclosed until the filing of its annual report on Form 10–K for that last completed fiscal year or, if later, the filing of a definitive proxy or information statement relating to its next annual meeting of shareholders (or written consents in lieu of such a meeting) following the end of such fiscal year; provided that, the required pay ratio information must, in any event, be filed as provided in General Instruction G(3) of Form 10–K (17 CFR 249.310) not later than 120 days after the end of such fiscal year.

Instruction 4 to Item 402(u)—Methodology and use of estimates. 1. Registrants may use reasonable estimates both in the methodology used to identify the median employee and in calculating the annual total compensation or any elements of total compensation for employees other than the PEO.

2. In determining the employees from which the median employee is identified, a registrant may use its employee population or statistical sampling and/or other reasonable methods.

3. A registrant may identify the median employee using annual total compensation or any other compensation measure that is consistently applied to all employees included in the calculation, such as information derived from the registrant's tax and/or payroll records. In using a compensation measure other than annual total compensation to identify the median employee, if that measure is recorded on a basis other than the registrant's fiscal year (such as information derived from tax and/or payroll records), the registrant may use the same annual period that is used to derive those amounts. Where a compensation measure other than annual total compensation is used to identify the median employee, the registrant must disclose the compensation measure used.

4. In identifying the median employee, whether using annual total compensation or any other compensation measure that is consistently applied to all employees included in the calculation, the registrant may make cost-of-living adjustments to the compensation of employees in jurisdictions other than the jurisdiction in which the PEO resides so that the compensation is adjusted to the cost of living in the jurisdiction in which the PEO resides. If the registrant uses a cost-of-living adjustment to identify the median employee, and the median employee identified is an employee in a jurisdiction other than the jurisdiction in which the PEO resides, the registrant must use the same cost-of-living adjustment in calculating the median employee's annual total compensation and disclose the median employee's jurisdiction. The registrant also shall briefly describe the cost-of-living adjustments it used to identify the median employee and briefly describe the cost-of-living adjustments it used to calculate the median employee's annual total compensation, including the measure used as the basis for the cost-of-living adjustment. A registrant electing to present the pay ratio in this manner also shall disclose the median employee's annual total compensation and pay ratio without the cost-of-living adjustment. To calculate this pay ratio, the registrant will need to identify the median employee without using any cost-of-living adjustments.

5. The registrant shall briefly describe the methodology it used to identify the median employee. It shall also briefly describe any material assumptions, adjustments (including any cost-of-living adjustments), or estimates it used to identify the median employee or to determine total compensation or any elements of total compensation, which shall be consistently applied. The registrant shall clearly identify any estimates used. The required descriptions should be a brief overview; it is not necessary for the registrant to provide technical analyses or formulas. If a registrant changes its methodology or its material assumptions, adjustments, or estimates from those used in its pay ratio disclosure for the prior fiscal year, and if the effects of any such change are significant, the registrant shall briefly describe the change and the reasons for the change. Registrants must also disclose if they changed from using the cost-of-living adjustment to not using that adjustment and if they changed from not using the cost-of-living adjustment to using it.

6. Registrants may, at their discretion, include personal benefits that aggregate less than $10,000 and compensation under non-discriminatory benefit plans in calculating the annual total compensation of the median employee as long as these items are also included in calculating the PEO's annual total compensation. The registrant shall also explain any difference between the PEO's annual total compensation used in the pay ratio disclosure and the total compensation amounts reflected in the Summary Compensation Table, if material.

Instruction 5 to Item 402(u)—Permitted annualizing adjustments. A registrant may annualize the total compensation for all permanent employees (full-time or part-time) that were employed by the registrant for less than the full fiscal year (such as newly hired employees or permanent employees on an unpaid leave of absence during the period). A registrant may not annualize the total compensation for employees in temporary or seasonal positions. A registrant may not make a full-time equivalent adjustment for any employee.

Instruction 6 to Item 402(u)—PEO compensation not available. A registrant that is relying on Instruction 1 to Item 402(c)(2) (iii) and (iv) in connection with the salary or bonus of the PEO for the last completed fiscal year, shall disclose that the pay ratio required by paragraph (u) of this Item is not calculable until the PEO salary or bonus, as applicable, is determined and shall disclose the date that the PEO's actual total compensation is expected to be determined. The disclosure required by paragraph (u) of this Item shall then be disclosed in the filing under Item 5.02(f) of Form 8–K (17 CFR 249.308) that discloses the PEO's salary or bonus in accordance with Instruction 1 to Item 402(c)(2)(iii) and (iv).

Instruction 7 to Item 402(u)—Transition periods for registrants. 1. Upon becoming subject to the requirements of Section 13(a) or 15(d) of the Exchange Act (15 U.S.C. 78m or 78*o*(d)), a registrant shall comply with paragraph (u) of this Item with respect to compensation for the first fiscal year following the year in which it became subject to such requirements, but not for any fiscal year commencing before January 1, 2017. The registrant may omit the disclosure required by paragraph (u) of this Item from any filing until the filing of its annual report on Form 10–K (17 CFR 249.310) for such fiscal year or, if later, the filing of a proxy or information statement relating to its next annual meeting of shareholders (or written consents in lieu of such a meeting) following the end of such year; provided that, such disclosure shall, in any event, be filed as provided in General Instruction G(3) of Form 10–K not later than 120 days after the end of such fiscal year.

2. A registrant may omit any employees that became its employees as the result of the business combination or acquisition of a business for the fiscal year in which the transaction becomes effective, but the registrant must disclose the approximate number of employees it is omitting. Those employees shall be included in the total employee count for the triennial calculations of the median employee in the year following the transaction for purposes of evaluating whether a significant change had occurred. The registrant shall identify the acquired business excluded for the fiscal year in which the business combination or acquisition becomes effective.

3. A registrant shall comply with paragraph (u) of this Item with respect to compensation for the first fiscal year commencing on or after the date the registrant ceases to be a smaller reporting company, but not for any fiscal year commencing before January 1, 2017.

Instruction 8 to Item 402(u)—Emerging growth companies. A registrant is not required to comply with paragraph (u) of this Item if it is an emerging growth company as defined in Section 2(a)(19) of the Securities Act (15 U.S.C. 77(b)(a)(19)) or Section 3(a)(80) of the Exchange Act (15 U.S.C. 78c(a)(80)). A registrant shall comply with paragraph (u) of this Item with respect to compensation for the first fiscal year commencing on or after the date the registrant ceases to be an emerging growth company, but not for any fiscal year commencing before January 1, 2017.

Instruction 9 to Item 402(u)—Additional information. Registrants may present additional information, including additional ratios, to supplement the required ratio, but are not required to do so. Any additional information shall be clearly identified, not misleading, and not presented with greater prominence than the required ratio.

Instruction 10 to Item 402(u)—Multiple PEOs during the year. A registrant with more than one non-concurrent PEO serving during its fiscal year may calculate the annual total compensation for its PEO in either of the following manners:

1. The registrant may calculate the compensation provided to each person who served as PEO during the year for the time he or she served as PEO and combine those figures; or

2. The registrant may look to the PEO serving in that position on the date it selects to identify the median employee and annualize that PEO's compensation.

Regardless of the alternative selected, the registrant shall disclose which option it chose and how it calculated its PEO's annual total compensation.

Instruction 11 to Item 402(u)—Employees' personally identifiable information. Registrants are not required to, and should not, disclose any personally identifiable information about that employee other than his or her compensation. Registrants may choose to generally identify an employee's position to put the employee's compensation in context, but registrants are not required to provide this information and should not do so if providing the information could identify any specific individual.

Instruction to Item 402. Specify the applicable fiscal year in the title to each table required under this Item which calls for disclosure as of or for a completed fiscal year.

(v) Pay versus performance. In connection with any proxy or information statement for which the rules of the Commission require executive compensation disclosure pursuant to this section (excluding any proxy or information statement of an "emerging growth company," as defined in § 230.405 of this chapter or § 240.12b–2 of this chapter):

(1) Provide the information specified in paragraph (v)(2) of this section for each of the registrant's last five completed fiscal years in the following tabular format:

**Pay Versus Performance**

| Year | Summary compensation table total for PEO | Compensation actually paid to PEO | Average summary compensation table total for non-PEO named executive officers | Average compensation actually paid to non-PEO named executive officers | Value of initial fixed $100 investment based on: | | Net income | [Company selected measure] |
|---|---|---|---|---|---|---|---|---|
| | | | | | Total shareholder return | Peer group total shareholder return | | |
| (a) | (b) | (c) | (d) | (e) | (f) | (g) | (h) | (i) |
| | . | | . | | . | | | |

(2) The table required by paragraph (v)(1) of this section must include:

(i) The fiscal year covered (column (a)).

(ii) The PEO's (as defined in paragraph (a)(3) of this section) total compensation for the covered fiscal year as reported in the Summary Compensation Table pursuant to paragraph (c)(2)(x) of this section, or paragraph (n)(2)(x) of this section for smaller reporting companies (column (b)), and the average total compensation reported for the remaining named executive officers collectively reported pursuant to such applicable paragraph (column (d)). If more than one person served as the registrant's PEO during the covered fiscal year, provide the total compensation, as reported in accordance with the immediately preceding sentence, for each person who served as the PEO during that period separately in an additional column (b) for each such person.

(iii) The executive compensation actually paid to the PEO (column (c)) and the average executive compensation actually paid to the remaining named executive officers collectively (column (e)). If more than one person served as the registrant's PEO during the covered fiscal year, provide the compensation actually paid to each person who served as PEO during that period separately in an additional column (c) for each such person. For purposes of columns (c) and (e) of the table required by paragraph (v)(1) of this section, executive compensation actually paid must be the total compensation for the covered fiscal year for each named executive officer as provided in paragraph (c)(2)(x) of this section, or paragraph (n)(2)(x) of this section for smaller reporting companies, adjusted to:

(A) Deduct the aggregate change in the actuarial present value of the named executive officer's accumulated benefit under all defined benefit and actuarial pension plans reported in the Summary Compensation Table in accordance with paragraph (c)(2)(viii)(A) of this section;

(B)(1) Add, for all defined benefit and actuarial pension plans reported in the Summary Compensation Table in accordance with paragraph (c)(2)(viii)(A) of this section, the aggregate of:

(i) Service cost, calculated as the actuarial present value of each named executive officer's benefit under all such plans attributable to services rendered during the covered fiscal year; and

(ii) Prior service cost, calculated as the entire cost of benefits granted (or credit for benefits reduced) in a plan amendment (or initiation) during the covered fiscal year that are attributed by the benefit formula to services rendered in periods prior to the amendment.

(2) "Service cost" and "prior service cost" must be calculated using the same methodology as used for the registrant's financial statements under generally accepted accounting principles.

(C)(1) Deduct the amounts reported in the Summary Compensation Table pursuant to paragraphs (c)(2)(v) and (vi) of this section and then include an amount calculated as follows for all stock awards, and all option awards, with or without tandem SARs (as defined in paragraph (a)(6)(i) of this section) (including awards that subsequently have been transferred):

(i) Add the fair value as of the end of the covered fiscal year of all awards granted during the covered fiscal year that are outstanding and unvested as of the end of the covered fiscal year;

(ii) Add the amount equal to the change as of the end of the covered fiscal year (from the end of the prior fiscal year) in fair value (whether positive or negative) of any awards granted in any prior fiscal year that are outstanding and unvested as of the end of the covered fiscal year;

(iii) Add, for awards that are granted and vest in the same year, the fair value as of the vesting date;

(iv) Add the amount equal to the change as of the vesting date (from the end of the prior fiscal year) in fair value (whether positive or negative) of any awards granted in any prior fiscal year for which all applicable vesting conditions were satisfied at the end of or during the covered fiscal year;

(v) Subtract, for any awards granted in any prior fiscal year that fail to meet the applicable vesting conditions during the covered fiscal year, the amount equal to the fair value at the end of the prior fiscal year; and

(vi) Add the dollar value of any dividends or other earnings paid on stock or option awards in the covered fiscal year prior to the vesting date that are not otherwise included in the total compensation for the covered fiscal year.

(2) If at any time during the last completed fiscal year, the registrant has adjusted or amended the exercise price of options or SARs held by a named executive officer, whether through amendment, cancellation or replacement grants, or any other means, or otherwise has materially modified such awards, the changes in fair value included pursuant to this paragraph (v)(2)(iii)(C) must take into account the excess fair value, if any, of any such modified award over the fair value of the original award as of the date of such modification.

(3) Fair value amounts must be computed in a manner consistent with the fair value methodology used to account for share-based payments in the registrant's financial statements under generally accepted accounting principles. For any awards that are subject to performance conditions, calculate the change in fair value as of the end of the covered fiscal year based upon the probable outcome of such conditions as of the last day of the fiscal year.

(iv) For purposes of columns (f) and (g) of the table required by paragraph (v)(1) of this section, for each fiscal year disclose the cumulative total shareholder return of the registrant (column (f)) and peer group cumulative total shareholder return (column (g)) calculated, except as set forth below, in the same manner as under § 229.201(e) of this chapter (Item 201(e) of Regulation S–K). For purposes of calculating the cumulative total shareholder return of the registrant and peer group cumulative total shareholder return, the term "measurement period" must be the period beginning at the "measurement point" established by the market close on the last trading day before the registrant's earliest fiscal year in the table, through and including the end of the fiscal year for which cumulative total shareholder return of the registrant or peer group cumulative total shareholder return is being calculated. The closing price at the measurement point must be converted into a fixed investment of one hundred dollars, stated in dollars, in the registrant's stock (or in the stocks represented by the peer group). For each fiscal year, the amount included in the table must be the value of such fixed investment based on the cumulative total shareholder return as of the end of that year. The same methodology must be used in calculating both the registrant's total shareholder return and that of the peer group. For purposes of determining the total shareholder return of the registrant's peer group, the registrant must use the same index or issuers used by it for purposes of § 229.201(e)(1)(ii)

of this chapter or, if applicable, the companies it uses as a peer group for purposes of its disclosures under paragraph (b) of this section. If the peer group is not a published industry or line-of-business index, the identity of the issuers composing the group must be disclosed in a footnote. The returns of each component issuer of the group must be weighted according to the respective issuers' stock market capitalization at the beginning of each period for which a return is indicated. If the registrant selects or otherwise uses a different peer group from the peer group used by it for the immediately preceding fiscal year, explain, in a footnote, the reason(s) for this change and compare the registrant's cumulative total return with that of both the newly selected peer group and the peer group used in the immediately preceding fiscal year.

(v) The registrant's net income for each fiscal year (column (h)).

(vi) An amount for each fiscal year attributable to an additional financial performance measure included in the Tabular List provided pursuant to paragraph (v)(6) of this section, designated as the Company–Selected Measure, which in the registrant's assessment represents the most important financial performance measure (that is not otherwise required to be disclosed in the table) used by the registrant to link compensation actually paid to the registrant's named executive officers, for the most recently completed fiscal year, to company performance (column (i)). For purposes of this paragraph (v) of this section, "financial performance measures" means measures that are determined and presented in accordance with the accounting principles used in preparing the issuer's financial statements, any measures that are derived wholly or in part from such measures, and stock price and total shareholder return. A financial performance measure need not be presented within the registrant's financial statements or otherwise included in a filing with the Commission to be a Company–Selected Measure. Disclosure of any Company–Selected Measure, or any additional measure that the registrant elects to provide, that is not a financial measure under generally accepted accounting principles will not be subject to §§ 244.100 through 102 of this chapter (Regulation G) and § 229.10(e) of this chapter (Item 10(e)); however, disclosure must be provided as to how the number is calculated from the registrant's audited financial statements.

(3) For each amount disclosed in columns (c) and (e) of the table required by paragraph (v)(1) of this section, disclose in footnotes to the table each of the amounts deducted and added pursuant to paragraph (v)(2)(iii) of this section, the name of each named executive officer included as a PEO or in the calculation of the average remaining named executive officer compensation, and the fiscal years in which such persons are included. For disclosure of the executive compensation actually paid to named executive officers other than the PEO, provide the amounts required under this paragraph as averages.

(4) For the value of equity awards added pursuant to paragraph (v)(2)(iii)(C) of this section, disclose in a footnote to the table required by paragraph (v)(1) of this section any assumption made in the valuation that differs materially from those disclosed as of the grant date of such equity awards.

(5) In proxy or information statements in which disclosure is required pursuant to this Item, use the information provided in the table required by paragraph (v)(1) of this section to provide a clear description (graphically, narratively, or a combination of the two) of the relationships:

(i) Between:

(A) The executive compensation actually paid by the registrant to the PEO (column (c)) and the average of the executive compensation actually paid to the named executive officers other than the PEO (column (e)) included in the Summary Compensation Table; and

(B) The cumulative total shareholder return of the registrant (column (f)), across the registrant's last five completed fiscal years;

(ii) Between:

(A) The executive compensation actually paid by the registrant to the PEO (column (c)) and the average of the executive compensation actually paid to the named executive officers other than the PEO (column (e)) included in the Summary Compensation Table; and

(B) Net income of the registrant (column (h)), across the registrant's last five completed fiscal years; and

(iii) Between:

(A) The executive compensation actually paid by the registrant to the PEO (column (c)) and the average of the executive compensation actually paid to the named executive officers other than the PEO (column (e)) included in the Summary Compensation Table; and

(B) The Company–Selected Measure (column (i)), across the registrant's last five completed fiscal years.

(iv) The description provided in response to paragraph (v)(5)(i) of this section must also include a comparison of the cumulative total shareholder return of the registrant (column (f)) and cumulative total shareholder return of the registrant's peer group (column (g)) over the same period. If a registrant elects to provide any additional measures in the table, each additional measure must be accompanied by a clear description of the relationship between:

(A) The executive compensation actually paid by the registrant to the PEO (column (c)) and the average of the executive compensation actually paid to the named executive officers other than the PEO (column (e)) included in the Summary Compensation Table; and

(B) That additional measure, across the registrant's last five completed fiscal years.

(6) Subject to paragraph (v)(6)(iii) of this section, provide a tabular list of at least three, and up to seven, financial performance measures, which in the registrant's assessment represent the most important financial performance measures used by the registrant to link compensation actually paid to the registrant's named executive officers, for the most recently completed fiscal year, to company performance ("Tabular List").

(i) The registrant may provide the Tabular List disclosure either as one tabular list, as two separate tabular lists (one for the PEO, and one for all named executive officers other than the PEO), or as separate tabular lists for the PEO and each named executive officer other than the PEO. If the registrant elects to provide multiple tabular lists in accordance with the immediately preceding sentence, each tabular list must include at least three, and up to seven, financial performance measures, which in the registrant's assessment represent the most important financial performance measures used by the

registrant to link compensation actually paid to that, or those, particular named executive officer, or officers, for the most recently completed fiscal year, to company performance.

(ii) If fewer than three financial performance measures were used by the registrant to link compensation actually paid to the registrant's named executive officers, for the most recently completed fiscal year, to company performance, the Tabular List must include all such measures that were used, if any.

(iii) A registrant may include non-financial performance measures (i.e., performance measures other than those that fall within the definition of financial performance measures) used by the registrant to link compensation actually paid to the registrant's named executive officers, for the most recently completed fiscal year, to company performance in the Tabular List, if it determines that such measures are among its three to seven most important performance measures, and it has disclosed its most important three (or fewer, if the registrant only uses fewer) financial performance measures, in accordance with this paragraph (v)(6).

(iv) The Tabular List may include a maximum of seven performance measures, regardless of whether the registrant elects to include non-financial performance measures in the Tabular List.

(7) The disclosure provided pursuant to this paragraph (v), including, but not limited to, any disclosure provided pursuant to paragraphs (v)(3) and (6) of this section, must appear with, and in the same format as, the rest of the disclosure required to be provided pursuant to this section and, in addition, must be provided in an Interactive Data File in accordance with § 232.405 of this chapter and the EDGAR Filer Manual (referenced in § 232.301 of this chapter).

(8) A registrant that qualifies as a "smaller reporting company," as defined by § 229.10(f)(1) of this chapter, may provide the information required by this paragraph (v) for three years, instead of five years. A smaller reporting company may provide the disclosure required by this paragraph (v) for only two fiscal years in the first filing in which it provides this disclosure, and is not required to provide the disclosure required by paragraph (v)(2)(iv) or (v)(5) of this section with respect to the total shareholder return of any peer group, or the Company–Selected Measure disclosure required by paragraph (v)(2)(vi) of this section, or the Tabular List provided pursuant to paragraph (v)(6) of this section. For purposes of paragraph (v)(2)(iii) of this section with respect to smaller reporting companies, executive compensation actually paid must be the total compensation for the covered fiscal year for each named executive officer as provided in paragraph (n)(2)(x) of this section, adjusted to deduct the amounts reported in the Summary Compensation Table pursuant to paragraphs (n)(2)(v) and (vi) of this section, and to add in their place the fair value of the amounts added in paragraph (v)(2)(iii)(C) of this section. Disclose in a footnote to the table required pursuant to paragraph (v)(1) of this section for the PEO and average remaining named executive officer compensation the amounts deducted from, and added to, the Summary Compensation Table pursuant to this instruction, the name of each named executive officer included as a PEO or in the calculation of the average remaining named executive officer compensation, and the fiscal years in which they are included. A smaller reporting company is required to comply with paragraph (v)(7) of this section in the third filing in which it provides the disclosure required by this paragraph (v).

Instructions to paragraph (v).

1. Transitional relief. A registrant may provide the disclosure required by this paragraph (v) for three years, instead of five years, in the first filing in which it provides this disclosure, and may provide disclosure for an additional year in each of the two subsequent annual filings in which this disclosure is required.

2. New registrants. Information for fiscal years prior to the last completed fiscal year will not be required if the registrant was not required to report pursuant to Section 13(a) or 15(d) of the Exchange Act (15 U.S.C. 78m(a) or 78*o*(d)) at any time during that year.

3. Incorporation by reference. The information required by paragraph (v) of this section will not be deemed to be incorporated by reference into any filing under the Securities Act or the Exchange Act, except to the extent that the registrant specifically incorporates it by reference.

(w) Disclosure of a registrant's action to recover erroneously awarded compensation.

(1) If at any time during or after the last completed fiscal year the registrant was required to prepare an accounting restatement that required recovery of erroneously awarded compensation pursuant to the registrant's compensation recovery policy required by the listing standards adopted pursuant to 17 CFR 240.10D–1, or there was an outstanding balance as of the end of the last completed fiscal year of erroneously awarded compensation to be recovered from the application of the policy to a prior restatement, the registrant must provide the following information:

(i) For each restatement:

(A) The date on which the registrant was required to prepare an accounting restatement;

(B) The aggregate dollar amount of erroneously awarded compensation attributable to such accounting restatement, including an analysis of how the amount was calculated;

(C) If the financial reporting measure as defined in 17 CFR 240.10D–1(d) related to a stock price or total shareholder return metric, the estimates that were used in determining the erroneously awarded compensation attributable to such accounting restatement and an explanation of the methodology used for such estimates;

(D) The aggregate dollar amount of erroneously awarded compensation that remains outstanding at the end of the last completed fiscal year; and

(E) If the aggregate dollar amount of erroneously awarded compensation has not yet been determined, disclose this fact, explain the reason(s) and disclose the information required in paragraphs (w)(1)(i)(B) through (D) of this section in the next filing that is required to include disclosure pursuant to Item 402 of Regulation S–K;

(ii) If recovery would be impracticable pursuant to 17 CFR 240.10D–1(b)(1)(iv), for each current and former named executive officer and for all other current and former executive officers as a group, disclose the amount of recovery forgone and a brief description of the reason the listed registrant decided in each case not to pursue recovery; and

(iii) For each current and former named executive officer from whom, as of the end of the last completed fiscal year, erroneously awarded compensation had been outstanding for 180 days or longer since the date the registrant determined

the amount the individual owed, disclose the dollar amount of outstanding erroneously awarded compensation due from each such individual.

(2) If at any time during or after its last completed fiscal year the registrant was required to prepare an accounting restatement, and the registrant concluded that recovery of erroneously awarded compensation was not required pursuant to the registrant's compensation recovery policy required by the listing standards adopted pursuant to 17 CFR 240.10D–1, briefly explain why application of the recovery policy resulted in this conclusion.

(3) The information must appear with, and in the same format as, the rest of the disclosure required to be provided pursuant to this Item 402. The information is required only in proxy or information statements that call for Item 402 disclosure and the registrant's annual report on Form 10–K, and will not be deemed to be incorporated by reference into any filing under the Securities Act, except to the extent that the listed registrant specifically incorporates it by reference.

(4) The disclosure must be provided in an Interactive Data File in accordance with Rule 405 of Regulation S–T and the EDGAR Filer Manual.

(x) Disclosure of the registrant's policies and practices related to the grant of certain equity awards close in time to the release of material nonpublic information.

(1) Discuss the registrant's policies and practices on the timing of awards of options in relation to the disclosure of material nonpublic information by the registrant, including how the board determines when to grant such awards (for example, whether such awards are granted on a predetermined schedule); whether the board or compensation committee takes material nonpublic information into account when determining the timing and terms of such an award, and, if so, how the board or compensation committee takes material nonpublic information into account when determining the timing and terms of such an award; and whether the registrant has timed the disclosure of material nonpublic information for the purpose of affecting the value of executive compensation.

(2)(i) If, during the last completed fiscal year, the registrant awarded options to a named executive officer in the period beginning four business days before the filing of a periodic report on Form 10–Q (§ 249.308a of this chapter) or Form 10–K (§ 249.310 of this chapter), or the filing or furnishing of a current report on Form 8–K (§ 249.308 of this chapter) that discloses material nonpublic information (other than a current report on Form 8–K disclosing a material new option award grant under Item 5.02(e) of that form), and ending one business day after the filing or furnishing of such report provide the information specified in paragraph (x)(2)(ii) of this section, concerning each such award for each of the named executive officers in the following tabular format:

**Table 13 to paragraph (x)(2)(i)**

| Name | Grant date | Number of securities underlying the award | Exercise price of the award ($/Sh) | Grant date fair value of the award | Percentage change in the closing market price of the securities underlying the award between the trading day ending immediately prior |
| --- | --- | --- | --- | --- | --- |

| (a) | (b) | (c) | (d) | (e) | (f) to the disclosure of material nonpublic information and the trading day beginning immediately following the disclosure of material nonpublic information |
|---|---|---|---|---|---|
| PEO | | | | | |
| PFO | | | | | |
| A | | | | | |
| B | | | | | |
| C | | | | | |

(ii) The Table shall include:

(A) The name of the named executive officer (column (a));

(B) On an award-by-award basis, the grant date of the option award reported in the table (column (b));

(C) On an award-by-award basis, the number of securities underlying the options, (column (c));

(D) On an award-by-award basis, the per-share exercise price of the options (column (d));

(E) On an award-by-award basis, the grant date fair value of each award computed using the same methodology as used for the registrant's financial statements under generally accepted accounting principles (column (e)).

(F) For each instrument reported in column (b), disclose the percentage change in the market price of the underlying securities between the closing market price of the security one trading day prior to and the trading day beginning immediately following the disclosure of material nonpublic information (column (f)).

Instruction to paragraph (x)(2). A registrant that is a smaller reporting company or emerging growth company may limit the disclosures in the table to its PEO, the two most highly compensated executive officers other than the PEO who were serving as executive officers at the end of the last completed fiscal year, and up to two additional individuals who would have been the most highly compensated but for the fact that the individual was not serving as an executive officer at the end of the last completed fiscal year.

(3) The disclosure provided pursuant to this paragraph (x) must be provided in an Interactive Data File as required by 17 CFR 232.405 (Rule 405 of Regulation S–T) in accordance with the EDGAR Filer Manual.

**Credits**

[47 FR 11401, March 16, 1982, as amended at 47 FR 54769, Dec. 6, 1982; 47 FR 55665, Dec. 13, 1982; 48 FR 44473, Sept. 29, 1983; 56 FR 30053, July 1, 1991; 57 FR 48150, Oct. 21, 1992; 57 FR 53985, Nov. 16, 1992; 58 FR 63013, Nov. 29, 1993; 64 FR 11115, March 8, 1999; 64 FR 53909, Oct. 5, 1999; 71 FR 53241, Sept. 8, 2006; 71 FR 56225, Sept. 26, 2006; 71 FR 78350, Dec. 29, 2006; 73 FR 958, Jan. 4, 2008; 74 FR 68362, Dec. 23, 2009; 76 FR 6043, Feb. 2, 2011; 76 FR 50121, Aug. 12, 2011; 80 FR 50184, Aug. 18, 2015; 82 FR 17552, April 12, 2017; 84 FR 2425, Feb. 6, 2019; 84 FR 50738, Sept. 26, 2019; 87 FR 55193, Sept. 8, 2022; 87 FR 73136, Nov. 28, 2022; 87 FR 80427, Dec. 29, 2022]

SOURCE: 47 FR 11401, March 16, 1982; 67 FR 246, Jan. 2, 2002; 67 FR 13536, March 22, 2002; 67 FR 57287, Sept. 9, 2002; 68 FR 4831, Jan. 30, 2003; 68 FR 5127, Jan. 31, 2003; 68 FR 5999, Feb. 5, 2003; 68 FR 18817, April 16, 2003; 68 FR 36663, June 18, 2003; 68 FR 64969, Nov. 17, 2003; 68 FR 67009, Nov. 28, 2003; 68 FR 69221, Dec. 11, 2003; 69 FR 15615, March 25, 2004; 71 FR 76595, Dec. 21, 2006; 71 FR 78350, Dec. 29, 2006; 76 FR 6042, Feb. 2, 2011; 77 FR 38453, June 27, 2012; 80 FR 50184, Aug. 18, 2015; 81 FR 2747, Jan. 19, 2016; 82 FR 17552, April 12, 2017, unless otherwise noted.

AUTHORITY: 15 U.S.C. 77e, 77f, 77g, 77h, 77j, 77k, 77s, 77z–2, 77z–3, 77aa(25), 77aa(26), 77ddd, 77eee, 77ggg, 77hhh, 77iii, 77jjj, 77nnn, 77sss, 78c, 78i, 78j, 78j–3, 78*l*, 78m, 78n, 78n–1, 78*o*, 78u–5, 78w, 78*ll*, 78 mm, 80a–8, 80a–9, 80a–20, 80a–29, 80a–30, 80a–31(c), 80a–37, 80a–38(a), 80a–39, 80b–11 and 7201 et seq.; 18 U.S.C. 1350; sec. 953(b), Pub.L. 111–203, 124 Stat. 1904 (2010); and sec. 102(c), Pub.L. 112–106, 126 Stat. 310 (2012).

Notes of Decisions (33)

Current through April 17, 2026, 91 FR 20858.

---

**End of Document**                                   © 2026 Thomson Reuters. No claim to original U.S. Government Works.