# EXHIBIT D

Transcript of the Testimony of:

# DEBORAH DICKSON

BYRNE

vs.

AMERIS BANK

January 15, 2026



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


PATRICK BYRNE,                  )
an individual,                  )    CASE No:
                                )    8:24-cv-01989-MWC (JDEx)
            PLAINTIFF,          )
                                )
      vs.                       )
                                )
                                )
AMERIS BANK,                    )
a Georgia corporation,          )
                                )
                                )
                                )
                                )
            DEFENDANT.          )
_____/


DEPOSITION OF DEBORAH DICKSON,

taken on behalf of Defendant via Zoom.  Beginning at

2:00 p.m. and ending at 5:00 p.m. PST on January 15th,

2026, before Victor Telles, Certified Shorthand

Reporter, CSR No. 14695.

Deborah Dickson                                                    January 15, 2026

--o0o--

A P P E A R A N C E S:

FOR THE PLAINTIFF:

        ALLEN MATKINS
            BY:   STACEY VILLAGOMEZ
                  ATTORNEY AT LAW
        2010 Main Street, 8th Floor
        Irvine, CA 92614
        Telephone: 213-622-5555
        svillagomez@allenmatkins.

FOR THE DEFENDANT:

        NUKK-FREEMAN & CERRA
            BY:   NANA J. YEE
                  ATTORNEY AT LAW
        550 West C St Suite 910
        San Diego, CA 92101
        Telephone: (619) 292-0515
        nyee@nfclegal.com

Deborah Dickson                                          January 15, 2026

INDEX

--o0o--

                                                        PAGE

EXAMINATION: MS. YEE                                      6

Deborah Dickson                                          January 15, 2026

INDEX

EXHIBITS

EXHIBITS          DESCRIPTION                    PAGE

Ex. 1             DOCUMENT                        8

Ex. 8             DOCUMENT                        13

Ex. 3             DOCUMENT                        14

Ex. 7             DOCUMENT                        35

Ex. 9             DOCUMENT                        72

Ex. 10            DOCUMENT                        111

Deborah Dickson                                                    January 15, 2026

THE VIDEOGRAPHER:  Hi, good afternoon.  We are now on the record.  Today's date is January 15th, 2026, and the time is 2:00 p.m.  This is the recorded video deposition of Deborah Dickson in the matter of Patrick Byrne versus Ameris bank, case No. 824-cv-01989-MWC.  This deposition is being held via Zoom conference.  My name is Ronald Cestari from Lexitas, and I'm your videographer.  This deposition is being recorded at all times, unless all counsel agree to go on or off the video record.  Would all counsel present please state their appearance, starting with the noticing attorney.

MS. YEE:  Good afternoon, Nana J. Yee on behalf of defendants, Ameris bank.

MS. VILLAGOMEZ:  Stacey Villagomez for plaintiff, Patrick Byrne.

THE VIDEOGRAPHER:  The court reporter may now introduce himself and swear in the witness.

THE COURT REPORTER:  Good afternoon.  My name is Victor Telles.  My California CSR license No. is 14695, and I will now swear in the witness.

DEBORAH DICKSON, having been first duly sworn, was examined and testified as follows:

EXAMINATION

Deborah Dickson                                      January 15, 2026

BY MS. YEE:

Q   Okay.  So let's go back to your rebuttal report.  Your rebuttal opinions are based, in part, on your interpretation of the LTIP agreement and the award agreement; correct?

A   I'm sorry.  The LTIP agreement and the what -- what was the other thing?

Q   It's called an award agreement.  The LTIP -- yeah, I'm just referring to the LTIP and the award agreement?

A   And the award agreement, yes.  Yes.

Q   And you're not a lawyer and not retained as a legal expert; correct?

A   Correct.

Q   So your rebuttal report concludes that the LTIP agreement does not require all parts of the LTIP calculations to follow GAAP; correct?

A   Correct.

Q   This is because you opined that only one subsection, and I believe it's subsection A, under the "Key Assumptions," in LTIP expressively references "GAAP"; correct?

MS. VILLAGOMEZ:  Form.  Document speaks for itself.

THE WITNESS:  It is my understanding, and the

Deborah Dickson                                                January 15, 2026

assumptions on which my calculations are based, that GAAP calculations apply to initial direct costs, but not to the other calculations included in that LTIP agreement or in the LTIP award.

Q.   BY MS. YEE:  Understood.  So your opinion is not based upon an accounting standard or requirement on what the law requires Ameris to do; correct?

MS. VILLAGOMEZ:  Objection.  Form.  Argumentative.  Calls for a legal conclusion.

THE WITNESS:  That's a complex question because first of all, Ms. Sebold is claiming that everything should be based on GAAP.  The GAAP is not the law; neither federal law nor state law requires GAAP.  Only GAAP is required for formal financial statements for public companies.  It's not required for calculations that are made, such as a "Long-Term Cash Incentive Plan", or something along that line.

BY MS. YEE:

Q    So what's the basis for that conclusion you just told us?

A    I've been working with GAAP probably 40 years now.  I know when to apply it and when not to apply it.  GAAP is used for formal financial statements.  It is not used for calculations of any type, of any nature, unless

Deborah Dickson                                                          January 15, 2026

you believe because the footnote 3 talks about that, you believe that applies to the agreement in its entirety. That's your opinion; right?

    A    I've used to that assumption in making my calculations.

    Q    Okay, understood.  But nowhere in this LTIP, where it defines the "past practice," that appeared under footnote "3"; correct?

    A    I believe that's correct.

    Q    Okay.  So let's go to your rebuttal opinion. I believe it's rebuttal opinion A, parenthesis A, on page 3 of your report.  And this is Exhibit 3.  So we're going to be jumping around -- you know, jumping around a little bit.  But this is Exhibit 3, page 3.

    A    I have Exhibit 3 or do you want page 3?

    Q    Page 3.  Exhibit 3, page 3.  It listed your opinions, you know, your opinions "a," "b," "c," and "d."  So we're going to look at "a" first.  So you stated here that Ms. Sebold's "2022-2023 EBT Calculations Are Based on Incorrect" -- what you believe to be "Incorrect interpretation of the LTIP" because LTIP agreement doesn't require GAAP compliance for all provisions, except for one subsection related to initial cause that we just looked at.

            So you concluded that you believe Ms. Sebold's

Deborah Dickson                                           January 15, 2026

calculations are based on her incorrect interpretation

of the LTIP agreement; correct?

          MS. VILLAGOMEZ:  Objection.  Document speaks

for itself.

          THE WITNESS:  That is correct.

     BY MS. YEE:

     Q    You also just told me that your opinion is

that the LTIP requires adherence to past practices;

correct?

     A    It says the general premise of the LTIP is to

materially follow past practice.

     Q    Okay?

     A    Yes.

     Q    So tell me about -- what's -- what do you

mean -- what do you believe it to mean, "past practice"?

     A    Okay.  Past practice, in the accounting world,

would be the methodology that an entity is using to make

computations.  Even in GAAP and non-GAAP accounting,

there are different ways to make calculations.  So you

will see that -- for instance, there's cash-basis

accounting.  Cash-basis essentially means you recognize

revenue when it's physically received in the bank

account, or it means you book your expenses when they're

actually paid.

          Versus accrual-based accounting, which is part

Deborah Dickson                                                January 15, 2026

UNITED STATES DISTRICT COURT          )
                                      ) ss:
CENTRAL DISTRICT OF CALIFORNIA        )


        CERTIFICATE OF REPORTER


        I, Victor M. Telles, Certified Shorthand Reporter, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth and nothing but the truth in the within-entitled cause;

        That said deposition was taken down in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting, by computer, under my direction and supervision; that the foregoing is a true record of the testimony given.

        I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition, nor in any way interested in the event of this cause, and that I am not related to any of the parties thereto.

        _____
        VICTOR M. TELLES, CSR No. 14695