Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF PATRICK BYRNE'S MOTION *IN LIMINE* NO. 1 TO ALLOW PLAINTIFF'S EXPERT, DEBORAH DICKSON TO TESTIFY IN BYRNE'S CASE-IN-CHIEF**<br><br>Judge: Hon. Michelle Williams Court<br>Date: May 22, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify

## I.   INTRODUCTION

Plaintiff Patrick Byrne's ("Byrne" or "Plaintiff") Motion in Limine No. 1 ("MIL No. 1" or the "Motion") is a second bite at an apple this Court has already been asked to adjudicate - and it should be denied.[1] Defendant Ameris Bank ("Ameris" or "Defendant") moved to exclude Byrne's expert, Deborah Dickson ("Dickson"), for Byrne's undisputed failure to timely serve her expert report as required by Rule 26(a)(2)(B). (Dkt. 115.) Byrne opposed that motion. (Dkt. 125.) Now, Byrne has filed a separate, affirmative motion seeking the very same relief he requested in his overlength opposition[2] - permission to present Dickson's testimony at trial - raising substantially the same arguments, relying on overlapping authority, and repackaging the same harmlessness theory this Court will evaluate when it rules on Ameris's Motion in Limine No. 1.

But this Motion is worse than duplicative. It reveals a fundamental inconsistency in Byrne's litigation position. In his February 20, 2026 Opposition to Ameris's MIL No. 1, Byrne's *primary* argument was that he did not violate Rule 26 at all - because Dickson was a *rebuttal* expert whose report was timely served on the stipulated rebuttal deadline. (Dkt. 125 at 4-8.) Byrne told this Court:

- "On January 2, 2026, Byrne timely disclosed Ms. Dickson's **rebuttal report**, which was issued after and in direct response to receiving Ms. Sebold[3]'s report." (Dkt. 125 at 6.)

- "Ms. Dickson was disclosed and served as Byrne's **rebuttal expert**, and the structure and substance of her report confirm that role." (*Id.* at 10.)

- "As discussed above - **this was not an affirmative report**." (*Id.* at 18.)

---

[1] Byrne's MIL No. 1 should also be denied because Byrne failed to file any notice of motion by the Court-ordered deadline, in violation of Local Rule 7-4. *See* Ameris's Opp. to MIL No. 3, Section III.A.

[2] At fifteen pages, Byrne's Opposition to Ameris's MIL No. 1 (Dkt. 125) to Exclude Dickson's report and testimony exceeded the ten-page limit for motions in limine under Local Rule 11-6 by five pages – without leave of Court.

[3] Sebold refers to Maryellen Sebold, Ameris's retained expert.

---

*Patrick Byrne v. Ameris Bank*                                   Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                       Page 1

Now, barely two months later, Byrne abandons the rebuttal theory and expressly seeks to call Dickson in Byrne's *case-in-chief* - as an *affirmative* expert. In doing so, Byrne concedes the very violation he denied in February: that "Byrne mistakenly did not serve Ameris with an expert report from Ms. Dickson as required under Rule 26." (Dkt. 144 at 3.) **That concession is fatal to the rebuttal theory Byrne advanced in his prior opposition and confirms what Ameris has argued from the outset: Byrne failed to comply with Rule 26(a)(2)(B), and Rule 37(c)(1)'s exclusion sanction applies**.

The Court should also recognize this Motion for what it is: a vehicle for Byrne to supplement the harmlessness defense he already briefed in opposition to Ameris's MIL No. 1 with additional case law and facts that could have been raised in his original overlength opposition. To the extent Byrne raises arguments that he failed to raise in his February 20, 2026 filing, those arguments are waived.

On the merits, the Motion fails. Rule 37(c)(1) mandates exclusion of untimely disclosed expert testimony unless the violating party demonstrates substantial justification or harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Byrne cannot carry that burden. As every factor in the harmlessness analysis weighs against Byrne, his Motion must be denied.

## II.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to this Court's Scheduling Order, the deadline for initial expert disclosures was December 5, 2025. (Dkt. 22.) On or about November 25, 2025, Byrne retained Dickson as an expert. Fode Decl. at ¶ 5, Ex. A, page 25-26.

On December 5, 2025, Byrne's counsel disclosed Dickson as his initial expert witness but did not serve an initial expert report, as required by Fed. R. Civ. P. 26(a)(2)(B). Fode Decl. ¶ 6. At no time between December 5, 2025 and the close of expert discovery did Byrne seek leave of this Court to file a late affirmative expert report.

The parties subsequently stipulated to an extension of the rebuttal expert deadline to January 2 and the expert discovery cutoff to January 16, 2026. (Dkts. 88, 92.)

On December 19, 2025, Byrne's former counsel filed an Ex Parte Application to

---

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                              Page 2

Withdraw. (Dkt. 19.) On December 22, 2025, Byrne's current counsel filed a Request to Substitute Attorney. (Dkt. 90.) On December 26, 2025, Ameris filed a Motion for Summary Judgment. (Dkt. 93.)

On January 2, 2026, the *rebuttal* expert report deadline, Byrne served Dickson's Rebuttal Expert Report ("Rebuttal Report") on Ameris's counsel. The transmittal left no ambiguity about Dickson's designated role. The report attachment was titled "2026.01.02 Dickson Rebuttal Report." The subject line of the cover email read: "Byrne/Ameris-Bank – Expert Rebuttal Report of Deborah Dickson." And the body of the cover email declared in part: "Attached is a service copy of the Rebuttal Expert Report of Deboral Dickson." Fode Decl. ¶ 8, Ex. B. At no time thereafter did Byrne revise, supplement, or redesignate Dickson's Rebuttal Report to indicate that he intended to offer her testimony at trial as an affirmative expert.

On February 2, 2026, Ameris filed MIL Nos. 1 and 2, seeking to exclude Dickson's Rebuttal Report and testimony on multiple grounds. (Dkt. 115-1 and 116-1.). On February 20, 2026, Byrne filed his Opposition to Ameris's MIL No. 1, in which he repeatedly represented to this Court that Dickson was a rebuttal expert:

- "On January 2, 2026, Byrne timely disclosed **Ms. Dickson's rebuttal report,** which was issued after **and in direct response to receiving Ms. Sebold's report**. … Ms. Dickson's report adhered to the proper scope of **rebuttal**…" (Dkt. 125 at p. 6.)

- "Ms. Dickson's opinions were triggered by - and directly respond to - the methodologies, assumptions, and damage calculations set forth in Ms. Sebold's affirmative report….Ms. Dickson did not introduce any new subject matter or advance new affirmative theories." (*Id*. at 9.)

- "Ms. Dickson was disclosed and served as Byrne's **rebuttal expert**, and the structure and substance of her report confirm that role." (*Id*. at 10.)

- "As discussed above - **this was not an affirmative report**." (*Id*. at 18.)

---

*Patrick Byrne v. Ameris Bank*                                                      Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                              Page 3

- "Byrne engaged an expert, Deborah Dickson, **to rebut** the opinions and calculations of Ameris's expert." (Dkt. 124 at 5).

(Emphasis added). Byrne's counsel even insisted that Dickson be deposed *after* Ameris' expert because Dickson was solely designated as a *rebuttal* expert. Fode Decl. ¶ 11, Ex. C.

 *For the first time*, during the recent April 10, 2026 pretrial conference, Byrne advised Ameris that he intended to call Dickson as an *affirmative* expert. Fode Decl. ¶ 12. Counsel for Byrne further advised that Dickson intends to supplement her report by May 1, 2026 but did not provide any details.[4] Fode Decl. ¶ 13. As of the date of this Opposition, Ameris has not received a supplemental report. On April 17, 2026, Byrne filed the present Motion, seeking to present Dickson's testimony in his case-in-chief. (Dkt. 144.)

## III.    LEGAL ARGUMENT

### A.    Byrne's Motion Is Duplicative and His New Arguments Are Waived.

 As a threshold matter, the Court should recognize that this Motion covers the same ground already briefed in Byrne's Opposition to Ameris's MIL No. 1. (Dkt. 125.) Motions *in limine* exist to address discrete evidentiary issues in advance of trial, not to provide a party with a second forum for arguments already raised in opposition to a pending motion.

 Byrne devoted an entire section of his February 20, 2026 Opposition to MIL No. 1 to argue that "even if the Court were to treat Ms. Dickson's Report as Affirmative, Exclusion Under Rule 37 Is Unwarranted Because Any Delay Was Harmless." (Dkt. 125 at 9–14.) That section walked through the same four-factor harmlessness test Byrne

---

[4] Of significance, any testimony from Dickson, if admitted at all, must be limited to the opinions in her January 2, 2026 report. Byrne's December 5 disclosure identified Dickson as expected to testify on subjects including but not limited to loss of past and future earnings, loss of earnings potential, Ameris's and/or other related entities financial condition. (Dkt. 144 at 4.) Dickson's report addresses none of these topics and she cannot be permitted to offer such opinions for the first time at trial.

---

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                      Page 4

invokes here. (*Id.*) The present Motion rehashes those arguments, supplemented with additional case authority (*Gaffron*, *Century Surety*, *Baum*, *Bixby*, *Blair*) and a lengthier recitation of Byrne's expert disclosure – ***all of which was available to Byrne when he filed his opposition in February***. Having already had a full and fair opportunity to brief harmlessness, **Byrne should not be permitted to supplement his prior (already overlength) brief via a separate motion.**[5]

### B.    Byrne's Inconsistent Positions Undermine His Credibility and Confirm He Violated Rule 26.

The procedural history of Byrne's shifting positions is damning. In February, Byrne told this Court that Dickson's report was timely because it was a *rebuttal* report. Byrne argued at length that Dickson's opinions "were triggered by - and directly respond to - the methodologies, assumptions, and damage calculations set forth in Ms. Sebold's affirmative report." (Dkt. 125 at 9.) **Byrne was emphatic: "This was not an affirmative report."** (*Id.* at 18.) Byrne now takes the opposite position, conceding that he "mistakenly did not serve Ameris with an expert report from Ms. Dickson as required under Rule 26" (Dkt. 144 at 3) and asks the Court to allow Dickson to testify in his case-in-chief as an affirmative expert. **These two positions are irreconcilable**. Either Dickson's report was a timely rebuttal (as Byrne argued in February), or it was a late affirmative disclosure (as Byrne now claims). **It cannot be both.**

Byrne's current claim is particularly significant because it confirms what Ameris argued in MIL No. 1: Byrne failed to serve *any* affirmative expert report by the December 5, 2025 deadline. That failure triggers automatic exclusion under Rule 37(c)(1) unless the failure was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). As discussed below, Byrne cannot satisfy either exception.

### C.    Rule 37(c)(1) Mandates Exclusion, and Byrne Cannot Meet His Burden to Demonstrate Justification or Harmlessness.

---

[5] To the extent these arguments were available but not raised, **they are waived**.

---

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 5

Exclusion under Rule 37(c)(1) is "automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distribution, Inc.*, 674 F. Supp. 3d 781, 790 (C.D. Cal. 2023); *Yeti by Molly,* 259 F.3d at 1106. The burden falls entirely on Byrne. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). In determining whether a violation of a discovery deadline (including the failure to timely serve an expert report) is justified or harmless, courts evaluate the following factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd.* 375 F. App'x at 713. **Each factor weighs against Byrne**.

### 1.     Ameris Was Prejudiced and Surprised by Byrne's Bait-and-Switch.

Byrne focuses his surprise analysis on the wrong event. He argues that Ameris was not surprised *when Dickson's report was served on January 2, 2026*, because Ameris had known since December 5, 2025 that Dickson was designated as Byrne's expert. (Dkt. 144 at 4-6.) However, the operative surprise was not the service of a rebuttal report; it was Byrne's announcement, for the first time at the April 10, 2026 pretrial conference, *seven weeks before trial*, that he intended to call Dickson as an *affirmative* expert in his case-in-chief, in direct contradiction of **every prior representation** to this Court and Ameris.

This bait-and-switch caused real prejudice to Ameris. Ameris prepared its trial strategy - including the scope of Sebold's responsive opinions, the structure of its cross-examination of Dickson, and the allocation of trial time – based on Byrne's unequivocal representations that Dickson was a *rebuttal* witness. Ameris was entitled to rely on those representations.

Byrne's argument that Ameris was not surprised because it "knew" what Dickson would testify about (Dkt. 144 at 5) ignores the fundamental difference between knowing

*Patrick Byrne v. Ameris Bank*                                                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                                 Page 6

who an expert is and knowing in what capacity she will testify. Rule 26(a)(2)(B) requires a written report precisely because an expert's identity tells the opposing counsel nothing about the *specific opinions* to be offered, *the methodology* employed, or the expert's designated role at trial. In *U.S. ex rel. O'Connell v. Chapman Univ.*, the court confronted a nearly identical situation – a party that served a bare-bones expert disclosure without a compliant report – and held that such a disclosure "flies in the face of the purpose of the mandatory expert disclosure requirements delineated in Rule 26(a)(2)" because it "does not contain a complete statement of opinions to be expressed, as required; does not contain the basis and reasons for the opinions, as required; does not contain any statement of the data or information considered in forming any opinions, as required." 245 F.R.D. 652, 654 (C.D. Cal. 2007). Byrne's December 5 disclosure suffers from the same deficiencies.

Byrne's cited authority underscores, rather than aids, his position. In *Century Surety Co. v. L for Lofts, LLC*, the court found harmlessness in part because the parties had stipulated that "no prejudice will inure to either as the result of a continuance." 2025 WL 235585 at *5 (C.D. Cal. Jan. 6, 2025). No such stipulation exists here. In *Gaffron v. United States*, the court declined exclusion because it could "fashion a remedy . . . that ensures discovery will be completed before the pretrial conference." 2016 WL 3042667 at *3 (S.D. Cal. Feb. 24, 2016). Here, Byrne did not disclose his intent to use Dickson affirmatively until April 10, 2026, leaving no time for any remedy.

### 2.    Byrne's Eleventh-Hour Redesignation Cannot Be Cured.

Byrne argues that any surprise has been "cured" because Ameris deposed Dickson and Sebold addressed Dickson's opinions in deposition. (Dkt. 144 at 6–7.) This argument impermissibly shifts the burden. Under Rule 37(c)(1), it is Byrne's obligation to demonstrate harmlessness, not Ameris's obligation to show it exhausted every remedial measure. *Yeti by Molly*, 259 F.3d at 1107.

Ameris's diligence in deposing Dickson after receiving the late report reflects prudent trial preparation and compliance with a January 16 expert deposition deadline,

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 7

not the absence of prejudice. Ameris deposed Dickson as a *rebuttal* expert, consistent with Byrne's representations. The scope and strategy of that deposition were shaped by Dickson's designated role as a rebuttal witness. Had Ameris known Byrne intended to deploy Dickson affirmatively, Ameris's deposition strategy and broader trial preparation would have been materially different.

The prejudice is compounded by timing. Byrne did not disclose his intent to use Dickson affirmatively until the April 10, 2026 pretrial conference – seven weeks before trial, after all expert discovery had closed and summary judgment had been decided. At that point, there is no meaningful opportunity for Ameris to prepare a supplemental rebuttal report, conduct additional discovery, or restructure its trial presentation. *See, e.g., Stewart v. United States*, 2025 WL 2093112, at *4 (C.D. Cal. June 24, 2025) (prejudice could not be cured where "trial is less than a month away"); *Droplets, Inc. v. Yahoo! Inc.*, 2021 WL 9038509, at *9 (N.D. Cal. Apr. 27, 2021) (striking expert opinions where the opposing party was "deprived of the opportunity to meaningfully respond….").

### 3.    Permitting Dickson's Affirmative Testimony Will Disrupt Trial.

Byrne asserts that allowing Dickson to testify "would in no way disrupt the trial." (Dkt. 144 at 8.) His own authority says otherwise. The court in *Stewart* found the disruption factor "weighs heavily in favor of excluding" the untimely expert. 2025 WL 2093112 at *5. As the court in *Alfaro v. D. Las Vegas, Inc.* explained, untimely expert disclosures "unfairly interfere[] with opposing counsel's ability to properly prepare the case for deposition and trial" and "thwart[] opposing counsel's ability to determine whether its own experts are required…." 2016 WL 4473421 at *14 (D. Nev. Aug. 24, 2016). Permitting Dickson to testify affirmatively - after months of representations that she was a rebuttal witness - would upend the trial structure Ameris has been preparing under. Ameris has organized its case presentation, witness order, and time allocation on the understanding that Dickson would appear, if at all, in rebuttal. Altering that framework seven weeks before trial is inherently disruptive. See *People v. Kinder Morgan Energy Partners, L.P.,* 159 F. Supp. 3d 1182, 1193 (S.D. Cal. 2016) (quoting

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                    Page 8

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005) (excluding "rebuttal" witness due to late disclosure, reasoning that "[d]isruption to the schedule of the court and other parties . . . is not harmless."

### 4.      Byrne's Conduct Reflects Strategic Gamesmanship, Not Mere Inadvertence.

Byrne characterizes his failure to timely serve an affirmative expert report as a "simple timing error." (Dkt. 144 at 10.) The record says otherwise. Byrne served no report on December 5, 2025. He served Dickson's report on the rebuttal deadline, titled "Rebuttal Expert Report." He then told this Court, repeatedly, that it was "not an affirmative report." (Dkt. 125 at 10, 18.) Only in April did Byrne reverse course without explanation. **This sequence is not consistent with a "simple timing error."** A timing error is forgetting to attach a document to an email. What Byrne did was the kind of gamesmanship Rule 37(c)(1) is designed to prevent. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (conduct not shown to be outside the litigant's control is sufficient to establish willfulness, fault, or bad faith); *Felipe Chu v. State Farm Gen. Ins. Co.*, 2026 WL 712874, at *6 (C.D. Cal. Feb. 19, 2026) (excluding expert testimony where plaintiff failed to comply with Rule 26 disclosure requirements).

Byrne's attempt to blame former counsel does not excuse the violation. Clients are bound by their attorneys' actions and omissions in litigation. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993). And a generalized invocation of former counsel's error, without any concrete explanation of what went wrong or why, falls well short of demonstrating justification or harmlessness.

Moreover, **documents produced in Dickson's own expert file reveal that Byrne's current counsel was involved in this case well before the December 5 deadline**. As early as November 4, 2025, Byrne's assistant Jacquie Emert spoke with Dickson about retaining her as an expert and transmitted key case documents. Fode Decl. ¶ 14, Ex. A, pages 45-46. Over the following weeks, Dickson held a call with Byrne and former counsel on November 7 and 20, sent her engagement letter on November 11,

---

*Patrick Byrne v. Ameris Bank*                                     Case No. 8:24-01989

Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1 to Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 9

2025, and Byrne signed Dickson's engagement letter on November 25, 2025 - ten days before the expert disclosure deadline. Fode Decl. ¶ 15, Ex. A, pages 24-25, 28, 38, 44.

During this same period, Dickson's associate, Ryan Nguyen, was in direct contact with Stacey Villagomez - Byrne's current counsel. On November 21, 2025, Nguyen emailed Villagomez and communicated that Byrne intended to substitute counsel. Fode Decl. ¶ 16, Ex. A, page 26. On November 26, 2025, Nguyen and Villagomez scheduled a call to discuss the case. Fode Decl. ¶ 17, Ex. A, pages 12-13. Dickson was thus the very link between Byrne and his current counsel. The above timeline undermines Byrne's narrative. By late November, Dickson was retained, current counsel was aware of the case and the impending substitution, and Dickson's associate was facilitating the transition. Yet no affirmative expert report was prepared or served by December 5. The failure to comply with Rule 26(a)(2)(B) cannot credibly be laid at the feet of former counsel alone.

**D.     The Importance of Dickson's Testimony Does Not Excuse Byrne's Discovery Violation.**

Byrne argues that Dickson's testimony is "vital to the fundamental issues in this case." (Dkt. 144 at 7.) But importance is not a standalone basis for excusing a Rule 26 violation. *See Pensmore*, 674 F. Supp. 3d at 790 (excluding expert testimony under Rule 37(c)(1) despite its significance). If anything, the more critical the testimony, the more important timely disclose becomes – because late disclosure on the most consequential issues causes the greatest prejudice to the opposing party.

Byrne also reveals a troubling aspect of Dickson's anticipated testimony. He identifies one of her trial objectives as testifying to "the credibility of Ameris and Ms. Sebold regarding their repeated false assertion that Ameris was required by law to apply GAAP." (Dkt. 144 at 8.) That is **not** expert testimony on accounting methodology - it is <u>advocacy</u>. An expert presented as a neutral accounting authority but designated to attack the opposing party's *credibility* raises precisely the kind of reliability concern that weigh against admission, not in favor of it.

*Patrick Byrne v. Ameris Bank*                                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 10

## IV.    CONCLUSION

For these reasons, Ameris requests that the Court deny Byrne's Motion in Limine No. 1.

Dated:  April 30, 2026                      **NUKK-FREEMAN & CERRA**

                                  By:

                                          */s/Stacy L. Fode*
                                  _____
                                          Stacy L. Fode, Esq.
                                          Nana J. Yee, Esq.
                                          Attorneys for Defendant
                                          AMERIS BANK

*Patrick Byrne v. Ameris Bank*                                  Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 1
to Allow Plaintiff's Expert, Deborah Dickson to Testify                      Page 11