Stacy L. Fode (SBN 199883)
sfode@nfclegal.com
Nana J. Yee (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C**.
550 West C. Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile:  619.566.4741

*Attorneys for Defendant*
AMERIS BANK

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DECLARATION OF STACY L. FODE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO ALLOW PLAINTIFF'S EXPPERT, DEBORAH DICKSON TO TESTIFY IN BYRNE'S CASE-IN-CHIEF**<br><br>Judge: Hon. Michelle Williams Court<br>Date:   May 22, 2026<br>Time:  1:30 p.m.<br>Place:  Courtroom: 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

I, Stacy Fode, declare as follows:

1. I am an attorney licensed to practice law in the State of California and in the above-entitled Court. I am a Partner at Nukk-Freeman & Cerra, P.C., attorneys of record for Defendant AMERIS BANK, a Georgia Corporation (hereinafter "Ameris" or "Defendant").

2. I make this declaration in support of Ameris's Opposition to Plaintiff Patrick Byrne's ("Plaintiff" or "Byrne") Motion *in Limine* No. 1 to Allow Plaintiff's Expert Deborah Dickson to Testify in Byrne's Case-in-Chief. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently thereto.

3. Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

4. Pursuant to this Court's Scheduling Order, the deadline for initial expert disclosures was December 5, 2025. (Dkt. 22).

5. On or about November 25, 2025, Byrne retained Dickson as an expert. Attached hereto as **Exhibit A** is a true and correct copy of emails between Esperanza Anderson, Jacquie Emert, Ryan Nguyen, Deborah Dickson, and Patrick Byrne in Deborah Dickson's expert file sent to Ameris on January 13, 2026.

6. On December 5, 2025, Byrne's counsel disclosed Dickson as his initial expert witness but did not serve an initial expert report, as required by Fed. R. Civ. P. 26(a)(2)(B).

7. On December 19, 2025, Byrne's former counsel filed an Ex Parte Application to Withdraw. (Dkt. 19.) On December 22, 2025, Byrne's current counsel filed a Request to Substitute Attorney. (Dkt. 90.) On December 26, 2025, Ameris filed a Motion for Summary Judgment. (Dkt. 93.)

///

8. On January 2, 2026, the *rebuttal* expert report deadline, Byrne served Dickson's Rebuttal Expert Report ("Rebuttal Report") on Ameris's counsel. The transmittal left no ambiguity about Dickson's designated role. The report attachment was titled "2026.01.02 Dickson Rebuttal Report." The subject line of the cover email read: "Byrne/Ameris-Bank – Expert Rebuttal Report of Deborah Dickson." And the body of the cover email declared in part: "Attached is a service copy of the Rebuttal Expert Report of Deboral Dickson." Attached hereto as **Exhibit B** is a true and correct copy of the January 2, 2026 email.

9. On February 2, 2026, Ameris filed MIL Nos. 1 and 2, seeking to exclude Dickson's Rebuttal Report and testimony on multiple grounds. (Dkt. 115-1 and 116-1.).

10. On February 20, 2026, Byrne filed his Opposition to Ameris's MIL No. 1, in which he repeatedly represented to this Court that Dickson was a rebuttal expert:

- "On January 2, 2026, Byrne timely disclosed **Ms. Dickson's rebuttal report,** which was issued after **and in direct response to receiving Ms. Sebold's report**. … Ms. Dickson's report adhered to the proper scope of **rebuttal**…" (Dkt. 125 at p. 6.)

- "Ms. Dickson's opinions were triggered by - and directly respond to - the methodologies, assumptions, and damage calculations set forth in Ms. Sebold's affirmative report….Ms. Dickson did not introduce any new subject matter or advance new affirmative theories." (*Id*. at 9.)

- "Ms. Dickson was disclosed and served as Byrne's **rebuttal expert**, and the structure and substance of her report confirm that role." (*Id*. at 10.)

- "As discussed above - **this was not an affirmative report**." (*Id*. at 18.)

- "Byrne engaged an expert, Deborah Dickson, **to rebut** the opinions and calculations of Ameris's expert." (Dkt. 124 at 5).

11. Byrne's counsel even insisted that Dickson be deposed *after* Ameris' expert because Dickson was solely designated as a *rebuttal* expert. Attached hereto as **Exhibit C** is a true and correct copy of the January 7, 2026 email from Stacey

*Patrick Byrne v. Ameris Bank*                                                Case No. 8:24-01989
Declaration of Stacy L. Fode in Opposition to Plaintiff's Motion *in Limine* No. 1 to
Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 3

Villagomez, Esq.

12.    ***For the first time***, during the recent April 10, 2026 pretrial conference, Byrne advised Ameris that he intended to call Dickson as an *affirmative* expert.

13.    Counsel for Byrne further advised that Dickson intends to supplement her report by May 1, 2026 but did not provide any details.

14.    As early as November 4, 2025, Byrne's assistant Jacquie Emert spoke with Dickson about retaining her as an expert and transmitted key case documents.

15.    Over the following weeks, Dickson held a call with Byrne and former counsel on November 7 and 20, sent her engagement letter on November 11, 2025, and Byrne signed Dickson's engagement letter on November 25, 2025 - ten days before the expert disclosure deadline.

16.    During this same period, Dickson's associate, Ryan Nguyen, was in direct contact with Stacey Villagomez - Byrne's current counsel. On November 21, 2025, Nguyen emailed Villagomez and communicated that Byrne intended to substitute counsel.

17.    On November 26, 2025, Nguyen and Villagomez scheduled a call to discuss the case.

18.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 1st day of May, 2026, in San Diego, California.

By:    */s/Stacy L. Fode*
_____
Stacy L. Fode, Esq.

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Declaration of Stacy L. Fode in Opposition to Plaintiff's Motion *in Limine* No. 1 to
Allow Plaintiff's Expert, Deborah Dickson to Testify                          Page 4