Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual, | Case No. 8:24-cv-01989-MWC (JDEx) |
| Plaintiff, | **DEFENDANT AMERIS BANK'S OPPOSITION TO PLAINTIFF PATRICK BYRNE'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DEFENDANT AMERIS BANK'S EVIDENCE SUPPORTING THE DISCRETIONARY NATURE OF WAGES** |
| vs. | |
| AMERIS BANK, a Georgia corporation, | |
| Defendant. | |

Judge: Hon. Michelle Williams Court
Date: May 22, 2026
Time: 1:30 p.m.
Place: Courtroom 6A

Discovery Cut-Off: November 28, 2025
Pretrial Conference: May 22, 2026
Trial Date: June 1, 2026

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages

## I.    INTRODUCTION

Defendant Ameris Bank ("Ameris") opposes Plaintiff Patrick Byrne's ("Byrne") Motion *in Limine* No. 3 ("MIL No. 3" or "Motion"). The Motion should be denied for two independent reasons: it is procedurally defective and substantively meritless.

As a threshold matter, Byrne failed to file any notice of motion with MIL No. 3 by the Court-ordered deadline, in direct violation of Local Rule 7-4. His belated attempt to cure this defect – filed three days late under the guise of a "Notice of Errata" (instead of seeking leave of Court to file) – does not remedy the violation. This Motion should be denied for this reason alone.

On the merits, the Motion fails because it rests on a fundamental mischaracterization of this Court's Order on Ameris' Motion for Summary Judgment, or Alternatively, Partial Summary Judgment ("MSJ"). Byrne contends that the Court's denial of MSJ established as the "law of the case" that his Long-Term Incentive Plan ("LTIP") cash award payments are "wages in the form of incentive compensation." **That is not what the Court held**. The Court denied summary judgment – meaning it found that Ameris had not demonstrated entitlement to judgment as a matter of law on this issue. A denial of summary judgment is not a final adjudication of anything. It is, by definition, a determination that the issue must be resolved at trial. Ninth Circuit authority is unequivocal: a denial of summary judgment is **never** law of the case. *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) (en banc).

Even if a denial of summary judgment could constitute law of the case (and it cannot here), MIL No. 3 would still fail because the MSJ Order does not say what Byrne claims it says. The Court did not hold that LTIP payments are wages under the Labor Code. It articulated the governing legal standard and expressly conditioned its analysis on whether Byrne "satisfied the conditions precedent" - a factual question the Court left for trial. Of significance, as discussed below, the Court also noted in its Order that there is a dispute of material fact as to whether the amount of Byrne's alleged LTIP payments were

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                                      Page 1

ascertainable – a requirement for the LTIP payments to be deemed a wage under the Labor Code.

Byrne's Motion is an attempt to convert a routine MSJ denial into a binding judicial finding that forecloses Ameris from presenting evidence at trial. That is not how the law of the case doctrine works, and the Motion should be denied in its entirety.

## II.    PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Byrne filed this lawsuit on September 16, 2024, alleging claims for: (1) Wrongful Termination in Violation of Public Policy; (2) Retaliation in Violation of Labor Code section 1102.5; (3) Failure to Pay All Wages Due at Termination; and (4) Violation of Business & Professions Code section 17200. (Dkt. 1).

On February 12, 2026, this Court granted in part and denied in part Ameris's MSJ. (Dkt. 122). In pertinent part, the Court denied Ameris' argument in its MSJ that LTIP payments were not "wages" for purposes of Byrne's Labor Code claims. (*Id.*, p. 13-14). In doing so, the Court concluded, "Under *Schachter* and *Neisendorf*, the LTIP Cash Award is properly considered incentive compensation that, ***if*** Plaintiff satisfied the conditions precedent to receiving the LTIP cash award, needed to be paid upon termination." (*Id.*, p. 14 (citing *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 621 (2009) (emphasis added)). **The Court did not make any affirmative finding that the LTIP payments are wages.**  It denied (in part) Ameris's motion – nothing more.

Byrne filed MIL No. 3 on April 17, 2026, the Court-ordered deadline for motions *in limine*. (Dkts. 22, 141). The filing, however, did not include a required notice of motion. (Dkt. 141, *passim*). On April 20, 2026, Byrne's counsel sent an emailed Ameris' counsel acknowledging the omission and stating that Byrne would be "filing Notice of Errata regarding the Motions in Limine filed on April 17, 2026." Declaration of Stacy L. Fode ("Fode Decl."), ¶ 9, Ex. A. That same day – three days after the deadline - Byrne filed a Notice of Errata attaching the previously omitted notices of motion for MIL Nos. 1-3. (Dkt. 146). Byrne did not seek leave of court to file out of time.

*Patrick Byrne v. Ameris Bank*                                                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                                                              Page 2

## III.   ARGUMENT

### A.   MIL No. 3 Should Be Denied for Failure to Comply with the Local Rules.

Under Local Rule 7-4, every motion must be accompanied by a notice of motion containing (i) the date and time of the motion hearing, (ii) the name of the judicial officer, and (iii) a concise statement of the relief sought. L.R. 7-4. "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." *Id.* District courts have "considerable latitude in managing the parties' motion practice and enforcing local rules." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (a district court may, in its discretion, deny a motion for violating the Local Rules).

Byrne's MIL No. 3 wholly omitted the required notice of motion. That alone warrants denial. *See*, *e.g.*, *Pyle v. City of Redondo Beach Police Dep't*, 2023 WL 11916230, at *2 (C.D. Cal. June 22, 2023) (denying motion where, among other things, the Court would have needed to "review the entire filing to determine what relief [the party sought]" because the party did "not include anything resembling a 'Notice of Motion,' nor [did] he include any 'concise statement of the relief' he seeks"); *Pardasti v. US-VIP Grp. Corp.*, 2026 WL 1047944, at *1 (C.D. Cal. Mar. 11, 2026) (Court "denies the motion for failure to comply with local rules governing motion practice."); *Mintz v. Nw. Mut. Life Ins. Co.*, 2025 WL 1711408, at *1 (C.D. Cal. May 1, 2025) (same).

Byrne's attempt to remedy this defect compounds the problem rather than solving it. Three days after the deadline, Byrne filed a Notice of Errata attaching the previously omitted notices of motion for MIL Nos. 1-3. But an errata is a vehicle for correcting typographical or clerical errors in filed documents. It is not a mechanism for filing an entirely new document that was never filed in the first place. A notice of motion is a standalone, required component of motion practice under the Local Rules, and Byrne's complete failure to file one is not a "clerical error" amenable to correction by errata. The proper course was to seek leave of Court to file out of time and demonstrate good cause

*Patrick Byrne v. Ameris Bank*                                        Case No. 8:24-01989

Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                        Page 3

for the late filing. Byrne did neither. The Court should deny MIL No. 3 on this procedural basis alone. [1]

**B.     MIL No. 3 Should Be Denied because a Denial of Summary Judgment is Never Law of the Case.**

Byrne's Motion rests entirely on the law of the case doctrine. Byrne claims that, because this Court denied Ameris's MSJ on the discretionary-bonus issue, the Court has already "decided" that the LTIP payments are wages, and Ameris is now barred from presenting evidence on this issue at trial. This argument is foreclosed by binding Ninth Circuit authority.

Contrary to Byrne's argument, this Court's MSJ Order did <u>not</u> establish as the law of case that the "LTIP payments were 'wages' in the form of 'incentive compensation,'" (Dkt. 141, at p. 4), merely because it *denied* Ameris' argument that LTIP payments were not "wages" under the Labor Code.

The law of the case doctrine provides that "once a court decides upon a rule of law, that decision is usually binding at subsequent stages of the same case." *Intamin, Ltd. v. Magnetar Techs. Corp.*, 623 F. Supp. 2d 1055, 1067–68 (C.D. Cal. 2009), *aff'd*, 404 F. App'x 496 (Fed. Cir. 2010). Of significance here, "[t]he doctrine of the law of the case is applicable only to *final judgments*." *Intamin*, 623 F. Supp. 2d at 1068 (internal quotations omitted) (alteration in original) (emphasis added). And <u>a *denial* of a motion for summary judgment is not a final judgment, it is not a judgment at all, and thereby cannot be the law of the case</u>. *Intamin*, 623 F. Supp. 2d at 1068 ("'A denial of summary judgment is not only not a 'final judgment,' and not appealable, it is not a judgment at all. <u>It is quite simply and solely a determination that one or more issues require a trial</u>.'" (Quoting

---

[1] The fact that Byrne is represented by attorneys makes this violation even more egregious as this Court's Civil Trial Order made clear that even *pro se* litigants are not exempt "from compliance with the Federal Rules of Civil Procedure, the applicable Local Civil Rules of the Central District of California ('Local Civil Rules'), and this Court's standing orders and online procedures and schedules." Dkt. 22, p. 2 n.2 (citations omitted).

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                    Page 4

*Senza–Gel Corp. v. Seiffhart*, 803 F.2d 661, 669 (Fed. Cir. 1986)).

The Ninth Circuit has stated this principle in the most categorical terms. In *Peralta v. Dillard* (*en banc*), the Court held: "[T]he denial of a summary judgment motion is **never** law of the case because factual development of the case is still ongoing." 744 F.3d 1076, 1088 (9th Cir. 2014) (emphasis added). The Court in *Fred Segal, LLC v. CormackHill*, LP reinformed this principle, rejecting the argument that a summary judgment denial could constitute law of the case "even when the court 'clearly intended to decide the issues at hand.'" 821 F. App'x 783, 786 (9th Cir. 2020). As the Court explained, a denial of summary judgment is "a ruling that [a party] could hypothetically prove some set of facts that would support his claim, not a conclusive determination of that claim." *Id*.

That is precisely what happened here. This Court denied Ameris's MSJ argument that LTIP payments were not wages. The Court did not grant summary judgment in Byrne's favor. It did not make an affirmative finding that the LTIP payments **are** wages. It determined only that Ameris had not established entitlement to judgment as a matter of law on this issue – leaving the question open for trial.

District courts within this Circuit have consistently applied the rule. *See*, *e.g.*, *Globefill Inc. v. Elements Spirits, Inc.*, 2014 WL 12554236, at \*5 (C.D. Cal. Mar. 17, 2014), *aff'd*, 640 F. App'x 682 (9th Cir. 2016) (denial of a motion for summary judgment is not the law of the case); *Giovanetti v. Trs. of California State Univ. (Humboldt State Univ.)*, 2007 WL 9735004, at \*2 (N.D. Cal. Sept. 5, 2007) ("The language by which a court denies summary judgment, however, does not set out 'the law of the case.'"); *In re Northrop Grumman Corp. ERISA Litig.*, 2010 WL 11469724, at \*17 (C.D. Cal. Aug. 12, 2010) (same); *see also*, *Thu Mong Tanaka v. Dep't of Acct. & Gen. Servs. Hawaii*, 2011 WL 13233179, at \*5 (D. Haw. Aug. 9, 2011) (noting that a "court's statement made in the course of denying a motion to dismiss is not binding as law of the case," and explaining, "Any statement made by the Court in its prior [summary judgment] ruling should be interpreted only in light of the limited purpose for which it was made, namely,

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                    Page 5

to determine whether summary judgment was appropriate, and not for the purpose of determining whether a certain category of evidence is admissible at trial." (Citation omitted)).

*None* of the cases cited in Byrne's Motion supports his position. In fact, none of them concerned a *denial* of summary judgment. In every case Byrne relies upon, the law of the case doctrine was applied to an issue on which summary judgment (or a similar dispositive motion) was *granted*, i.e., where the court affirmatively resolved the issue on the merits. *See Tate v. University Medical Center of Southern Nevada*, 2016 WL 7045711, at *3-4 (D. Nevada Dec. 2, 2016) (finding that the law of the case doctrine applied to findings previously made by the court in *granting* summary judgment on various claims); *In re Medina*, 2024 WL 150610, at *3 (S.D. Cal. Feb. 12, 2024) (holding the law of the case doctrine applied where the bankruptcy court in an earlier proceeding *granted* summary judgment on the legal issue of whether a transmutation agreement ("TA") represented a "transfer" under the Uniform Voidable Transactions ("UVTA"), and neither party appealed that ruling);[2] *Gise LLC v. Olympia Terrace Corp.*, 2003 WL 25674800, at *2 (S.D. Cal. Oct. 3, 2003) (holding case law doctrine applied as to matter for which the court *granted* summary judgment below); *U.S. v. Phillips*, 367 F.3d 846, 854-57 (9th Cir. 2004) (did not concern a motion for summary judgment but the court made a dispositive jurisdictional finding on undisputed facts); *Parker v. BNSF Railway Company*, 2021 WL 4819910, at *2 (W.D. Wash. Oct. 15, 2021) (the court applied law of the case to motions in limine that were denied in a prior trial); *Obrey v. England*, 2008 WL 4566970, at *2 (D. Haw. 2008) (the court applied law of the case to a directed verdict from a prior trial that the plaintiff failed to appeal).

The distinction is dispositive. Where a court grants summary judgment or

---

[2] In the prior proceeding, the bankruptcy court denied the defendants' motion for summary judgment, but in its order it expressly "grant[ed] summary judgment" on the legal issue of whether the TA was a transfer for purposes of the UVTA. *In re Medina*, 2018 WL 6721764, at *7, 10 (Bankr. S.D. Cal. Dec. 4, 2018).

*Patrick Byrne v. Ameris Bank*                                      Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                   Page 6

otherwise makes a final determination on the merits, the law of the case doctrine may apply. Where, as here, the Court merely denied Ameris's summary judgment as to the argument that LTIP payments were not "wages" under the Labor Code, there is not a final judgment on that issue, which remains open for trial, and thus not the law of the case. MIL No. 3 should be denied.

**C.    Even Setting Aside the Law of the Case Doctrine, the Court's MSJ Order Did Not Hold That LTIP Payments Are Wages**

Even if the law of the case doctrine could theoretically apply to a denial of summary judgment (and it cannot), MIL No. 3 would still fail because the MSJ Order does not say what Byrne claims it says.

Byrne asserts that the Court held in its MSJ Order that the LTIP cash award payments "were 'wages' in the form of 'incentive compensation.'" MIL No. 3, at p. 4. **The Court held no such thing**. While the Court noted that LTIP payments may be considered "incentive compensation," nowhere in the MSJ Order does the Court find that those payments are in fact "wages" for purposes of the Labor Code. (Dkt. 122, *passim*). That distinction matters. **Not all incentive compensation qualifies as wages under the Labor Code**. *See*, *e.g.*, *Wentzo v. Signavio, Inc.*, 2024 WL 3191228, at *5 (C.D. Cal. Apr. 29, 2024) (incentive compensation not "deemed to be wages under Lab. Code § 200"). Byrne's conflation of these two categories is precisely the kind of mischaracterization that the Court's order, read carefully, forecloses.

The Court's actual language in the MSJ Order defeats Byrne's claim. The Order states: "Under *Schachter* and *Neisendorf*, the LTIP Cash Awards is properly considered incentive compensation that, ***if*** Plaintiff satisfied the conditions precedent to receiving the LTIP cash award, needed to be paid upon termination." (Dkt. 122, p. 14) (emphasis added) (citing *Schachter*, 47 Cal. 4th at 621). The word "if" does critical work in that sentence. The Court did not find that Byrne satisfied the conditions precedent. It did not find that the LTIP payments constituted wages owed to Byrne. It articulated the legal standard – that LTIP awards are properly considered incentive compensation under

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989

Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting the Discretionary Nature of Wages                                          Page 7

Schachter and *Neisendorf* – and then identified the dispositive factual question that remained: whether Byrne actually satisfied the conditions precedent. Indeed, the Court's Order explicitly recognizes that a bonus is only "'considered wages'" when "'the employee fulfills all the agreed-to conditions.'" (*Id.* (quoting *Neisendorf v. Levi Strauss & Co.*, 143 Cal. App. 4th 509, 522 (2006)). *See also Steinhebel v. Los Angeles Times Commc'ns, LLC*, 126 Cal. App. 4th 696, 705 (2005) (noting that an advance "by definition i*s not a wage because all conditions for performance have not been satisfied*" (emphasis added)). That conditional framing is the hallmark of a summary judgment denial, not a final adjudication. The Court was explaining why the issue could not be resolved without a trial – precisely because a factual question remained.

Furthermore, Byrne ignores that the MSJ Order identified yet another unresolved factual dispute bearing directly on whether the LTIP payments qualify as wages: ascertainability. For incentive compensation to constitute a "wage" under the Labor Code, its amount must be ascertainable – that is, "fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation." Labor Code § 200(a); s*ee Shah v. Skillz Inc.*, 101 Cal. App. 5th 285, 314-315 (2024) (stock options are not "'wages" under the Labor Code because those wages must be fixed or ascertainable 'amounts'"); *Wentzo*, 2024 WL 3191228, at *5 (incentive compensation not "deemed to be wages under Lab. Code § 200 because the value was not "ascertainable - meaning fixed by any method of calculation - at the time that they were granted"). This Court's MSJ Order expressly noted a disputed fact **on this very point** as to whether the amount of Byrne's alleged LTIP payments are ascertainable. Specifically, the Court observed, "The parties dispute whether Byrne had negotiated receiving a guaranteed 62.54% of the LTIP pool…or whether he was not entitled to any specific percentage of the pool because the Award Agreement purposefully left any individual award percentage blank…." (Dkt. 122, pp. 5-6, n.4). As the Court identified open factual disputes going to the very definition of "wages," including the ascertainability of Byrne's LTIP payments, it thereby has *not* made a binding determination that LTIP payments are wages.

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                    Page 8

To accept Byrne's reading of the MSJ Order would be to hold that every time a court denies summary judgment and explains the applicable legal framework, it has made a binding factual finding on the merits. That is not the law and it would produce an absurd result here: the Court's use of the word "if" – and its express identification of disputed facts concerning whether the LTIP payments are ascertainable – show it was declining to make the very finding Byrne claims it made.

### D.    Byrne's Rule 403 Argument Fails for the Same Reasons

Byrne argues in the alternative that, even apart from the law of the case doctrine, evidence supporting Ameris's position should be excluded under Federal Rule of Evidence 403 because it would "confus[e] the issues" or "mislead[] the jury." MIL No. 3 at p. 5. This argument is premised on the same flawed assumption: that the Court had already resolved the discretionary-bonus question.  Because the Court has not done so, there is nothing for the jury to be "confused" or "misled" about. Whether Byrne's LTIP cash award constitutes a wage or a discretionary bonus is a live issue for trial, and evidence bearing on that question is directly relevant under Rule 401 and is not excludable under Rule 403.  Accordingly, this Motion should be denied.

## V.    CONCLUSION

For the foregoing reasons, Ameris respectfully request that the Court deny Byrne's MIL No. 3 in its entirety.

Dated:  May 1, 2026                                    **NUKK-FREEMAN & CERRA**

By:

*/s/Stacy L. Fode*
Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorneys for Defendant
AMERIS BANK

---

*Patrick Byrne v. Ameris Bank*                                    Case No. 8:24-01989
Defendant Ameris Bank's Opposition to Plaintiff Patrick Byrne's
Motion *In Limine* No. 3 to Exclude Defendant's Evidence Supporting
the Discretionary Nature of Wages                                    Page 9