MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  msessions@allenmatkins.com
         svillagomez@allenmatkins.com
         mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual, <br><br> Plaintiff, <br><br> vs. <br><br> AMERIS BANK, a Georgia corporation, <br><br> Defendant. | Case No. 8:24-cv-01989-MWC-JDE <br><br> ASSIGNED FOR ALL PURPOSES TO Judge Michelle Williams Court <br><br> **PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT AMERIS BANK'S MOTION IN LIMINE NO. 1 TO EXCLUDE REPORT AND TESTIMONY FROM PLAINTIFF'S EXPERT DEBORAH DICKSON AS UNTIMELY** <br><br> Date:  May 22, 2026 <br> Time:  1:30 p.m. <br> Ctrm:  6A <br><br> Disc. Cutoff:           November 28, 2025 <br> Pretrial Conference:  May 22, 2026 <br> Trial Date:             June 1, 2026 |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..............................................................................................1

II.     ARGUMENT .....................................................................................................1

    A.   There Was No Rule 26 Violation Because Ms. Dickson's Report Was Timely and, at a minimum, Constitutes Proper Rebuttal ...........................................................................................1

        1.   Ms. Dickson's Report Was Timely Under Rule 26(a)(2)(D) ...............................................................1

        2.   Dickson's Opinions Can Be Construed to Fall Within the Permissible Scope of Rebuttal ................................1

            (a)   Ms. Dickson Addresses the Same Issues as Ms. Sebold....................................................1

            (b)   Rebuttal May Contradict Methodology and Apply Alternative Analyses ...................................4

            (c)   Ameris's Authorities Are Factually Distinguishable ...........................................5

    B.   Even If the Court Were to Treat Ms. Dickson's Report as Affirmative, Exclusion Under Rule 37 Is Unwarranted Because Any Delay Was Harmless.......................................6

        1.   Ameris Cannot Establish Prejudice Under Rule 37(c)(1)...................................................6

        2.   Ameris's "Automatic Exclusion" Cases Involve Extreme, Egregious Conduct ......................................8

III.    CONCLUSION ..............................................................................................10

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

(i)

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amos v. Makita U.S.A., Inc.*,
2011 WL 43092 (D. Nev. Jan. 6, 2011) ....................................................... 6, 7, 9

*Baker v. SeaWorld Entertainment, Inc.*,
423 F. Supp. 3d 878 (S.D. Cal. 2019) ........................................................ 2, 3, 4

*Churchill v. United States*,
2011 WL 444849 (E.D. Cal. 2011) ................................................................... 9

*Frontline Med. Assocs., Inc. v. Coventry Health Care*,
263 F.R.D. 567 (C.D. Cal. 2009) ..................................................................... 7

*Galentine v. Holland America Line-Westours, Inc.*,
333 F.Supp.2d 991 (W.D.Wash., 2004) ........................................................... 9

*Goodman v. Staples*,
644 F.3d 817 (9th Cir. 2011) ............................................................................ 8

*Lanard Toys Ltd. v. Novelty, Inc.*,
375 F. App'x 705 (9th Cir. 2010) ..................................................................... 6

*Lusida Rubber Prods., Inc. v. Point Indus., LLC*,
2017 WL 11631535 (C.D. Cal. 2017) ............................................................... 8

*Ohio Six Ltd. v. Motel 6 Operating L.P.*,
2013 WL 12125747 (C.D. Cal. Aug. 7, 2013) ................................................. 4

*Tubio v. Adidas Am. Inc.*,
2024 WL 1191051 (C.D. Cal 2024) .................................................................. 5

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001) ...................................................................... 6, 8

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ................................................................................. 1

Fed. R. Civ. P. 37(c) ................................................................................................ 6

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

4897-2639-3230.7                                          (ii)

## I.    INTRODUCTION

Defendant Ameris Bank ("Ameris") in its Motion in Limine No. 1 asks this Court to exclude Plaintiff's economic expert, Deborah Dickson, from testifying at trial as a rebuttal expert, claiming that to the extent her report is construed as a rebuttal report, it was untimely. However, in *Plaintiff's* own Motion in Limine No. 1, Plaintiff has asked the Court to rule that Ms. Dickson can testify as an *affirmative* expert in Plaintiff's case-in-chief. Accordingly, to the extent the Court grants Plaintiff's Motion in Limine No. 1, Defendant's Motion **will be moot**. Nevertheless, to the extent the Court denies Plaintiff's Motion and limits Ms. Dickson to testifying as a rebuttal expert, Defendant's Motion should be denied because, at a minimum, Ms. Dickson's report was clearly produced within the appropriate time for rebuttal disclosures.

## II.    ARGUMENT

### A.    There Was No Rule 26 Violation Because Ms. Dickson's Report Was Timely and, at a minimum, Constitutes Proper Rebuttal.

#### 1.    Ms. Dickson's Report Was Timely Under Rule 26(a)(2)(D).

Rebuttal disclosures are governed by Rule 26(a)(2)(D)(ii), which requires that rebuttal reports be disclosed within 30 days after the opposing party's disclosure, unless otherwise set by court order or stipulation. Fed. R. Civ. P. 26(a)(2)(D)(ii). There can be no dispute Byrne complied with this rule, serving Ms. Dickson's report on the stipulated rebuttal expert report deadline of January 2, 2026—within 30 days of Ameris's December 5, 2025 disclosure of Ms. Sebold's report. (*See* Dkt. 92; Villagomez Decl. ¶¶ 2–3, 5.) It was therefore timely under both the Court-approved schedule and Rule 26(a)(2)(D)(ii).

#### 2.    Dickson's Opinions Can Be Construed to Fall Within the Permissible Scope of Rebuttal.

##### (a)    Ms. Dickson Addresses the Same Issues as Ms. Sebold.

"Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address." *Baker v. SeaWorld Entertainment, Inc.*, 423 F. Supp.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

-1-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

3d 878, 896 (S.D. Cal. 2019). Courts also permit rebuttal experts to rely on additional data, so long as the opinions remain confined to the same subject matter. *Id.*

Ms. Dickson's opinions address the same methodologies, assumptions, and damage calculations set forth in Ms. Sebold's affirmative report. The following chart reflects a side-by-side comparison of the topics addressed in Ms. Sebold's report and the corresponding sections of Ms. Dickson's report:

| Expert Topic | Paragraph reference(s) in Sebold's affirmative report | Paragraph reference(s) in Dickson's report |
|---|---|---|
| Allowance for Loan Losses | 50, 62 | 20 |
| Earnings Before Tax (EBT) | Discussed throughout | Discussed throughout |
| Email Adjustment Requests | 67–69, 117 | 23–24 |
| Stipulated judgments | 70–75 | 30 |
| Depreciation of Pre-Acquisition Assets | 76–85, 123–124 | 28 |
| Interim Rent | 98–106 | 31 |
| Repossessions | 107–111 | 32 |
| Security Deposits | 13, 112–116, 129 | 14, 33–34, 39 |
| Overhead Compensation | 86–91, 118–120 | 25–26 |
| Tax Benefits | 92–97, 121–122 | 27 |
| 2022 Compensation | 10, 56–66, 126 | 14; 17; 37 |
| 2023 Compensation | 11, 44–55, 127 | 14; 17; 38 |

As this chart demonstrates, each topic addressed by Ms. Dickson corresponds to subject matter first raised in Ms. Sebold's report, including, among other things, allowance for loan losses, EBT calculations, stipulated judgments, interim rent, repossessions, security deposits, and compensation calculations. Ms. Dickson evaluated the exact same accounting frameworks and numerical assumptions advanced by Ms. Sebold, then analyzes their quantitative impact. Ms. Dickson did not introduce any new subject matter or advance new affirmative theories. To the contrary, she critiqued and recalculated the opinions already offered by Ameris's expert.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.7

-2-

Case No. 8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

All of Ms. Dickson's calculations flow directly from the same figures and assumptions used in Ms. Sebold's report, with one discrete interest calculation included to complete her analysis.[1] (Dickson Report ¶ 29.) This minor addition does not transform the report into Byrne's affirmative expert report. *Baker*, 423 F. Supp. 3d at 896 ("Rebuttal testimony is proper as long as it addresses the same subject matter that the initial experts address.").[2]

Surprisingly, Ameris argues that to the extent Ms. Dickson's report is considered a "rebuttal report," it went beyond the scope of rebuttal, using the contention that "Ms. Sebold did not address 'security deposits' at all" as a purported example. (MIL No. 1 5:15–16.)   Yet Ms. Sebold addressed security deposits—including identifying the same $2,024,765 disputed figure—in multiple sections of her report and as part of one of her principal opinions. (Sebold Report ¶¶ 13, 29, 68, 112–116, 129.) Ms. Dickson addresses the same issue. (Dickson Report at ¶¶ 14, 17, 33–34, 39.) Ameris's claim that this was a "new category" is factually incorrect. That opinion formed the basis of one of Ms. Sebold's four key opinions:

> 13. **Opinion 4**: Ameris's recording of unclaimed security deposits that were acquired in the Balboa transaction are supported by GAAP and accounting principles.

In short, Ms. Sebold addressed the security deposit issue, applied GAAP to it, and rendered an affirmative opinion rejecting Byrne's position. Ms. Dickson's report merely conducts a competing analysis on the same topic.

---

[1]   In response to Ms. Sebold's damage calculations, Ms. Dickson noted that the LTIP agreement included "interest on other borrowings" separate from the 1% cost of funds expense. In response, Ms. Dickson added back that adjustment. (Dickson Report at ¶ 29.).

[2]   Ameris simultaneously claims Dickson improperly added new alternative calculations, and the "supplemental reports" were not included in her expert file. Yet these positions are internally inconsistent. The materials were included in Ms. Dickson's expert file and produced, further demonstrating Ameris's disingenuous motives for this motion.  (Villagomez Decl,, ¶ 5.)

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

-3-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

**(b)    Rebuttal May Contradict Methodology and Apply Alternative Analyses.**

Again trying to argue that Ms. Dickson went beyond the scope of rebuttal, Ameris contends that she improperly provides affirmative damages calculations. (MIL No. 1 5:18–6:6.) But a rebuttal expert report may contradict the opposing expert's methodology and apply alternative means of analysis. *See Baker*, 423 F. Supp. 3d at 896 (rebuttal may properly offer a "different, purportedly better methodology"); *Ohio Six Ltd. v. Motel 6 Operating L.P.*, 2013 WL 12125747, at *16 (C.D. Cal. Aug. 7, 2013) ("[a] rebuttal expert . . . is not limited to only critiquing the methods and opinions of opposing experts; he may also provide an alternate means of evaluating the same issue.").

Here, Ms. Dickson addressed the *same* damages framework, assumptions, and categories analyzed by Ms. Sebold. Her report responds directly to two core components of Ms. Sebold's analysis: (1) the application of GAAP to the LTIP Agreement, and (2) the calculation of the allowance for loan losses.

As a prime example, with respect to GAAP, Ms. Dickson explains that Ms. Sebold assumed that the LTIP Agreement globally required GAAP compliance for all components of the calculation. (Dickson Report ¶ 19.) Ms. Dickson identifies multiple statements in Ms. Sebold's report asserting that the LTIP "clearly states" the calculation must follow GAAP and rejecting Byrne's requested adjustments on that basis. (*Id.*) Ms. Dickson responds by analyzing the actual text of the LTIP Agreement and explaining that GAAP is expressly referenced only with respect to "Initial direct costs," not as a blanket requirement governing every aspect of the LTIP calculation. (*Id.*) This is classic rebuttal: she critiques the interpretive premise underlying Ms. Sebold's calculations and evaluates the consequences of that premise.

As a further marquee example, Ms. Dickson addresses Ms. Sebold's calculation of the "allowance for loan losses," a defined Key Assumption under the LTIP. (Dickson Report ¶ 20.) While Ms. Sebold quoted the contractual formula, she

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7                                    -4-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

ultimately applied Ameris's version of the calculation, which deviated from the LTIP's defined methodology. (*Id.*) To demonstrate the impact of that departure, Ms. Dickson modeled the allowance for loan losses under two scenarios: (A) following the LTIP's defined formula, and (B) following Ameris's approach. (*Id.*) Her analysis quantified the resulting differences for 2022 and 2023, illustrating how the different methodologies affect the EBT figure and, in turn, the LTIP calculation. (*Id.*)

Ms. Dickson's use of numerical modeling does not convert her rebuttal into an affirmative report. She did not introduce new categories of damages or advance independent claims. Rather, she evaluated the same contractual provisions and accounting assumptions addressed by Ms. Sebold, applied her alternative means of analysis, and quantified the impact of her assumptions. That is precisely the type of methodological critique and alternative calculation that courts recognize as proper rebuttal.

**(c)    Ameris's Authorities Are Factually Distinguishable.**

Ameris's relies on *Tubio v. Adidas Am. Inc.*, 2024 WL 1191051 at *2 (C.D. Cal 2024) for the proposition that a rebuttal expert "cannot be used to advance new arguments." (MIL No. 1 9:20-23.) Ameris's reliance on *Tubio* is misplaced. In *Tubio*, a rebuttal expert offered case-in-chief opinions untethered to the opposing expert's analysis. 2024 WL 1191051 at *3. The court emphasized that the rebuttal expert did not identify the opposing expert's report as part of her assignment and referenced it only "in passing." *Id.* at *3. The report failed to "contradict or rebut" the opposing expert's opinions and instead advanced new, independent theories. *Id.* On those facts, the court found the testimony improper.

That is not what occurred here. As set forth in detail above, Ms. Dickson's report is expressly anchored to Ms. Sebold's analysis. She reviewed Ms. Sebold's report as part of her assignment and directly challenged her interpretation of the LTIP, application of GAAP, and resulting calculations. (Dickson Report ¶¶ 14, 19, 30–32,

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.7

-5-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

36–38.) She did not introduce new damages categories or independent theories; she evaluated and recalculated the same framework advanced by Ameris's expert.

Ameris's attempt to label that rebuttal as "affirmative" simply because it produces different results misunderstands the function of rebuttal testimony. *Tubio* is inapposite.

### B. Even If the Court Were to Treat Ms. Dickson's Report as Affirmative, Exclusion Under Rule 37 Is Unwarranted Because Any Delay Was Harmless.

### 1. Ameris Cannot Establish Prejudice Under Rule 37(c)(1).

Rule 37(c)(1) provides the enforcement mechanism for Rule 26 by permitting exclusion of information that was not properly disclosed. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001). However, exclusion under Rule 37(c) "is a harsh sanction and should be imposed only in rare instances." Accordingly, the rule providing for exclusion based on late disclosures expressly provides two exceptions: evidence may still be used if the failure to disclose was (1) "substantially justified" or (2) "harmless." *See Yeti by Molly*, 259 F. 3d at 1106; Fed. R. Civ. P. 37(c).

Even assuming arguendo that any portion of Ms. Dickson's report was deemed affirmative, exclusion would still be improper because any delay was substantially justified or harmless. *See Yeti by Molly*, 259 F.3d at 1106; *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) (finding no prejudice where the opposing party was aware of the expert, understood the substance of the testimony, and deposed the expert). Courts in the Ninth Circuit use a four-factor test to weigh if any delay was substantially justified or harmless: (1) prejudice or surprise; (2) the ability to cure; (3) disruption of trial; and (4) bad faith or willfulness. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705 (9th Cir. 2010). As applied here, each factor weighs against exclusion.

First, Ameris cannot show prejudice or surprise. It received the timely disclosure of Ms. Dickson's identity and the substance of her anticipated testimony

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.7

-6-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

by the initial disclosure deadline, followed by her full report in response to Sebold's report by the rebuttal deadline. Ameris then deposed Ms. Dickson and conducted a complete cross-examination, without any extraneous complaints or delay regarding procedure. There was no ambush or surprise. *See, e.g., Amos*, 2011 WL 43092, at *4 (finding no harm where plaintiff was not prejudiced or surprised because he knew of the rebuttal expert and deposed him).

Importantly, any claimed prejudice is self-inflicted. Ameris elected to move for summary judgment before rebuttal disclosures closed. The sequencing of expert disclosures was known in advance, and Ameris neither sought additional time nor requested further relief after reviewing the report. Having proceeded under the schedule it agreed to, Ameris cannot now claim unfairness.

Second, Ameris had the ability to cure any alleged prejudice. Ameris cured any conceivable concern through its deposition of Ms. Dickson, which occurred months before trial. *See ,e.g., Frontline Med. Assocs., Inc. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009) (finding no harm where disclosure occurred before the discovery cutoff, permitting the opposing party to conduct discovery, including depositions). Moreover, Ms. Sebold had a complete opportunity to address Dickson's competing methodologies, further removing any potential prejudice. (Villagomez Decl. ¶ 6).

There is also no evidence of trial disruption. Ms. Dickson's report was served nearly six months before trial—ample time for Ameris's preparation and response at trial.

Lastly, Ameris cannot demonstrate bad faith, willfulness, or prejudice. The parties jointly stipulated to extend the rebuttal expert disclosure and expert discovery deadlines due to the intervening holiday period and expert availability, and the Court entered that stipulation. (Dkts. 88, 92.) Ms. Dickson's report was served within the Court-approved extended deadline. Ameris therefore cannot claim surprise or procedural unfairness arising from a disclosure schedule it negotiated and the Court

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7                                    -7-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

adopted. During this period, Byrne experienced a change of counsel. New counsel promptly ensured compliance with the operative, Court-approved schedule. The record reflects cooperation and adherence to modified deadlines—not bad faith.

As all four factors lean in favor of finding substantial justification or harmlessness, Ameris cannot establish the required showing for exclusion under Rule 37(c).

## 2. Ameris's "Automatic Exclusion" Cases Involve Extreme, Egregious Conduct.

In support of its argument that Ms. Dickson's testimony should be outright excluded, Ameris relies on cases that involve more extreme and egregious conduct, which are factually distinct from this matter. In *Yeti*, the court excluded the defendant's damages rebuttal expert because the report was provided two and a half years late and disclosed only 28 days before trial, without a compelling justification. *See Yeti by Molly*, 259 F.3d at 1105 (9th Cir. 2001) (the defendant merely "justified this shortcoming by noting that he would be used only as a rebuttal witness, and that an expert report would be disclosed if [the defendant] decided to have him testify."). In *Goodman*, reports were excluded because they were provided four and a half months late, with no justification or showing of harmlessness. *See Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011). Also in *Goodman*, the defendant "never argued that the failure was substantially justified . . . her attorney admitted that he simply failed to read the court's scheduling order and didn't realize that [the plaintiff] needed to disclose expert reports." *Id.*

In *Lusida Rubber*, the party "did not serve *any* designations or expert reports when initial designations were due." *Lusida Rubber Prods., Inc. v. Point Indus., LLC*, 2017 WL 11631535, at *2 (C.D. Cal. 2017). They completely failed to ever provide "written reports containing the information specifically required by Rule 26." *Id.* In *Churchill*, the plaintiff only told the defendant of its witness's names, which the defendant disputed, on the disclosure deadline, without any other requirements under

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

-8-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

Rule 26. *See Churchill v. United States*, 2011 WL 444849, at *6 (E.D. Cal. 2011). The plaintiff also waited 40 days after the disclosure deadline to submit the report, which precluded the defendant from identifying supplemental experts. *See id.* at *1, *7.

Unlike the fact patterns in the cases relied upon by Ameris, Ms. Dickson's report was served on the rebuttal deadline and its contents complied with Rule 26. (Villagomez Decl. ¶¶ 3–4) On the other hand, Ameris's offered cases involved months or years of delay. Further, it included more than just Ms. Dickson's name; it also contained descriptions of what she would testify to. Most importantly, Ameris had the opportunity to take Ms. Dickson's full deposition, which was done nearly 6 months before trial. *See, e.g.*, *Amos* 2011 WL 43092, at *5 (exclusion of expert witness was not the proper sanction due to the fact that the risk of prejudice was "minimal and easily remedied because there [was] still time" to depose the expert before trial.) There was no concealment on behalf of Byrne, and Ameris suffered no serious prejudice. Even cases involving short delays declined exclusion. *See Galentine v. Holland America Line-Westours, Inc.*, 333 F. Supp. 2d 991, 994 (W.D.Wash., 2004) (Court allowed report that was 11 days late, where the defendant knew of plaintiff's expert by the disclosure deadline.)

Moreover, Ameris's unexplained attempt to characterize Ms. Dickson's report as "incomplete" does not convert a timely rebuttal disclosure into a Rule 37 violation. The report set forth Ms. Dickson's opinions, the bases and reasons for those opinions, the materials she reviewed, and the calculations she performed. Ameris deposed Ms. Dickson at length and explored each of those opinions in detail nearly six months before trial. The Rules do not require perfection; they require disclosure sufficient to prevent unfair surprise. That standard was satisfied here. Any disagreement with Ms. Dickson's conclusions or assumptions goes to weight—not admissibility—and certainly does not justify the drastic sanction of exclusion.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4897-2639-3230.7                               -9-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1

## III.   CONCLUSION

Ameris's motion should be denied in full.

Dated: May 1, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW SESSIONS
STACEY A. VILLAGOMEZ
MADISON E. LARSEN

By: _____*/s/ Matthew Sessions*_____
MATTHEW SESSIONS
Attorneys for Plaintiff
PATRICK BYRNE

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4897-2639-3230.7

-10-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 1