MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  msessions@allenmatkins.com
        svillagomez@allenmatkins.com
        mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No.  8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Michelle Williams Court<br><br>**PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT AMERIS BANK'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DOCUMENTS AND INFORMATION NOT DISCLOSED OR PRODUCED BEFORE THE CLOSE OF FACT DISCOVERY**<br><br>Date:  May 22, 2026<br>Time:  1:30 p.m.<br>Ctrm:  6A<br><br>Disc. Cutoff:  November 28, 2025<br>Pretrial Conference:  May 22, 2026<br>Trial Date:  June 1, 2026 |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S MOTION
IN LIMINE NO. 3

4933-4742-1092.3

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................. 1

        A.      Byrne's Discovery Timeline and the Parties' Conduct ...................... 1

        B.      The Challenged Documents, Responses, and Testimony .................... 3

III.    LEGAL ARGUMENT .................................................................................... 4

        A.      Ameris Mischaracterizes Routine Supplementation as a
                Rule 26 Violation That Cannot Justify Exclusion .............................. 4

        B.      Byrne's Disclosures Were Substantially Justified and
                Harmless Under Rule 37 ...................................................................... 6

                1.      Ameris Cannot Demonstrate Prejudice Under Rule
                        37 ............................................................................................... 6

                2.      Any Timing Issues Are Attributable to Prior
                        Counsel ...................................................................................... 9

IV.     CONCLUSION ............................................................................................ 10

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3                                      (i)

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION
TO DEFENDANT AMERIS BANK'S
MOTION IN LIMINE NO. 2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bateman v. U.S. Postal Service*,
31 F.3d 1220 (9th Cir. 2000).................................................................................. 10

*Goodman v. Staples the Off. Superstore, LLC*,
644 F.3d 817 (9th Cir. 2011)................................................................................... 8

*Lanard Toys Ltd. v. Novelty, Inc.*,
375 F. App'x 705 (9th Cir. 2010)............................................................................ 8

*Liberty Ins. Corp. v. Brodeur*,
41 F.4th 1185 (9th Cir. 2022).................................................................................. 6

*Merchant v. Corizon Health, Inc.*,
993 F.3d 733 (9th Cir. 2021).................................................................................... 6

*Morey v. Vannucci*,
64 Cal.App.4th 904 (1998)....................................................................................... 4

*Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*,
69 Cal.2d 33 (1968).................................................................................................. 4

*R & R Sails, Inc. v. Ins. Co. of Pa.*,
673 F.3d 1240 (9th Cir. 2012).................................................................................. 6

*Societe Internationale v. Rogers*,
357 U.S. 197 (1958).................................................................................................. 9

*Torres v. City of Los Angeles*,
548 F.3d 1197 (9th Cir. 2008).................................................................................. 6

*Wechsler v. Macke Int'l Trade, Inc.*,
221 F.R.D. 619 (C.D. Cal. 2004) ......................................................................... 4, 5

*Wendt v. Host Int'l, Inc.*,
125 F.3d 806 (9th Cir. 1997)................................................................................... 10

**Rules**

Fed. R. Evid. P. 26............................................................................................... 4, 6

Fed. R. Evid. P. 26(e) .......................................................................................... 4, 6

Fed. R. Evid. P. 33.................................................................................................. 4

Fed. R. Evid. P. 34.................................................................................................. 4

Fed. R. Evid. P. 37............................................................................................... 6, 7

Fed. R. Evid. P. 37(c)(1)...................................................................................... 1, 6

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3

(ii)

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

**Page(s)**

Fed. R. Evid. P. 6(a) ...................................................................................... 6

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

## I.   INTRODUCTION

Defendant Ameris Bank's ("Ameris") third motion *in limine* rests on the assertion that certain materials were disclosed after the close of fact discovery and must therefore be excluded. This ignores the full record and governing law.

The challenged materials were produced on December 1, 2025—just one business day after the discovery cutoff, which fell on the Friday immediately following the Thanksgiving holiday, and based on Plaintiff's reliance on prior counsel's understanding that the November 28 cutoff operated as a court holiday extending the deadline. Ameris litigated the case on the merits with those materials in hand: it served its expert report, received Byrne's expert report, and participated in expert depositions. At no point did Ameris move to compel, seek to reopen discovery, or otherwise raise any concern about the timing of the production. Ameris cannot now claim unfair surprise or impairment of its ability to prepare for trial. Further, the challenged evidence—internal Ameris communications, supplemental interrogatory responses, and Byrne's claim to a defined share of the LTIP pool—does not alter Byrne's theory of the case. It corroborates and expands upon evidence already disclosed and explored in discovery.

Any timing issue was substantially justified and harmless, and Ameris cannot meet its burden under Rule 37(c)(1). The motion should be denied.

## II.   STATEMENT OF FACTS.

### A.   Byrne's Discovery Timeline and the Parties' Conduct.

Byrne filed this action on September 16, 2024, asserting claims arising from his termination and compensation, including as a result of his participation in Ameris's Long-Term Incentive Plan ("LTIP"). (Dkt. 1.) Byrne served his initial disclosures on March 17, 2025, and amended disclosures on June 20, 2025. (Declaration of Matthew T. Sessions ("Sessions Decl.") ¶ 3.) Byrne produced documents on a rolling basis during discovery. (*Id.*) Those productions included document sets on June 20, 2025 and September 19, 2025. (*Id.*)

In the days leading up to the discovery cutoff, Byrne was working with his prior

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3                    -1-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

counsel to complete document review and production. (Declaration of Patrick Byrne ("Byrne Decl."), ¶ 2.) Byrne, in consultation with his then-counsel, understood the operative deadline to be December 1, 2025 based on the day-after-Thanksgiving holiday treatment. (*Id.*) Byrne relied on that instruction, completed his review, and authorized production on December 1, 2025. (*Id.*) The materials produced on that date consist primarily of email communications and documents addressing Byrne's compensation, his participation in the LTIP, and other employment-related matters. (*Id.* at ¶ 3.)

On the same date, Byrne served supplemental responses to Ameris's interrogatories, providing more detail related to his damages and compensation, and identifying components of his Employment Agreement, including base salary, quarterly bonuses, LTIP participation, and benefits. (Sessions Decl. ¶ 3; Byrne Decl. ¶ 3.) Byrne did not intend to withhold documents or delay production for any strategic purpose, and he acted in good faith in complying with his discovery obligations. (Byrne Decl. ¶ 4.)

The December 1, 2025 production occurred a single business day after the close of fact discovery (i.e., November 28, 2025—the day after Thanksgiving) and well before the close of expert discovery. (Byrne Decl. ¶ 2.) That three-day interval spanned the Thanksgiving holiday weekend, and there were no depositions, hearings, or other events scheduled. (*Id.* at ¶ 3.)

Following that production, Ameris served its expert report on December 5, 2025. (Sessions Decl. ¶ 4.) Byrne served his expert report on January 2, 2026 under stipulation, and the parties conducted expert depositions thereafter. (*Id.* at ¶ 5.) During this period, Ameris did not move to compel further production, request supplementation, or seek to reopen discovery based on Byrne's December production. (*Id.*) In late December 2025, Byrne substituted counsel following prior counsel's withdrawal. Ameris again raised no issue with the December 1 production. (*Id.*) The parties continued with expert discovery, including coordinating depositions and stipulating to extensions of expert deadlines. (*Id.*) Ameris did not object to the timing of Byrne's December 1 production or seek any relief. (*Id.*) After substitution, the parties then completed expert discovery and

dispositive motion practice without delay and without affecting the June 1, 2026 trial date. (*Id.* at ¶ 6.)

## B.     The Challenged Documents, Responses, and Testimony

Byrne's December 1, 2025 production included two documents that appear on Byrne's current exhibit list: PLAINTIFF001504-1512 and PLAINTIFF001531-1534. These documents consist of internal Ameris Bank email chains with Byrne.

The first document (PLAINTIFF001504-1512) reflects communications among Ameris personnel, including Byrne, regarding the accounting treatment of certain transactions, including whether particular accounts should be treated as recoveries or recorded as new loans. The communications address how those transactions would be reflected in financial reporting and relate to the treatment of accounts affecting LTIP-related performance metrics. The second document (PLAINTIFF001531-1534) reflects communications among Ameris personnel concerning the evaluation and potential termination of Robert Rasmussen, including discussion of the timing of that decision in relation to a scheduled performance review. The communications reflect internal consideration of personnel decisions, such as termination, involving senior employees.

In addition, Byrne's supplemental interrogatory responses identified additional individuals with knowledge of relevant events and expanded on previously disclosed subject matters. None of the new individuals identified in those supplemental responses appear on Byrne's final witness list. (Dkt. 136.)

Finally, during discovery, Byrne testified regarding the structure of the LTIP and the allocation of the LTIP pool among senior executives, including that allocation percentages—such as his 62.54% share of the LTIP pool, which he raised in opposing summary judgment—were determined for Balboa Capital's top executives. (Dkts. 108, 108-8; Sessions Decl. ¶7, Ex. 1 (Byrne II Dep. 179:8-180:6).)

## III.   LEGAL ARGUMENT.

### A.   Ameris Mischaracterizes Routine Supplementation as a Rule 26 Violation That Cannot Justify Exclusion.

Ameris's motion fails because the challenged materials do not constitute a new claim, theory, or expansion of the case. At most, they reflect routine supplementation of previously disclosed information under Rule 26(e). Ameris's argument rests on the incorrect premise that any post-cutoff disclosure automatically constitutes a violation of Rules 26, 33, and 34. It does not. Rule 26(e) imposes an ongoing duty to supplement prior disclosures where they are incomplete or incorrect, and nothing in the Federal Rules or the scheduling order transforms supplementation into a per se violation based solely on timing. The materials at issue fall squarely within that framework.

Ameris's first argument that Byrne disclosed new claims or theories after the close of fact discovery ignores the litigation completed to date.[1] The evidence that Ameris seeks to exclude complies with, and directly supports, Byrne's longstanding position that he was entitled to an allocated portion of the LTIP. Byrne testified in his deposition that LTIP allocations were pre-negotiated and described how the pool would be divided. (Sessions Decl. ¶ 7, Ex. 1.) The documents Ameris now challenges simply corroborate that testimony and clarify Byrne's understanding that he was entitled to 62.54% of the LTIP pool.

Courts have declined to exclude late-disclosed evidence where it relates to previously disclosed theories, rather than introducing new claims. *See Wechsler v. Macke Int'l Trade, Inc.*, 221 F.R.D. 619, 622 (C.D. Cal. 2004). In *Wechsler*, the court rejected a motion in limine seeking to exclude both a late-disclosed fact witness and a

---

[1] Ameris's reliance on the parol evidence rule is misplaced. Extrinsic evidence is admissible to explain or interpret a contract so long as it does not contradict the written terms. *Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 37 (1968) (allowing extrinsic evidence where the language is reasonably susceptible to the proposed meaning). Byrne's LTIP evidence is offered to explain implementation of the agreement, not to vary its terms. In any event, application of the rule presents factual issues not appropriate for resolution on a motion *in limine. Morey v. Vannucci*, 64 Cal.App.4th 904, 913 (1998) (contract interpretation is a factual question where extrinsic evidence is in dispute).

supplemental expert report, even where the disclosures occurred after the close of discovery and on the eve of trial. *Id.* at 621-23. The court held that exclusion was unwarranted because the delay was substantially justified because, among other reasons, the challenged evidence did not introduce a new theory, but fit within the claims already at issue. *Id.* at 621. The court emphasized that any potential prejudice could be mitigated through ordinary measures, including limited additional discovery, rather than through exclusion. *Id.* at 623.

That reasoning applies here. Byrne's entitlement to 62.54% of the LTIP pool does not alter his allegation that he was owed payment under the LTIP; it reinforces it. And as in *Wechsler*, Ameris cannot show unfair surprise or prejudice where the underlying theory was disclosed and explored in discovery and deposition, including Byrne's testimony that he and other senior executives were allocated portions of the LTIP pool. Byrne's theory of entitlement to a defined share of the LTIP remains unchanged. Exclusion is therefore unwarranted, particularly where Ameris has long been on notice of, and has litigated, the very theory it now claims is a surprise.

Similarly, the two documents identified by Ameris, PLAINTIFF001504–1512 and PLAINTIFF001531–1534, are internal Ameris email communications involving Byrne that address, respectively, the accounting treatment of transactions affecting LTIP-related performance metrics and internal personnel decisions concerning a senior employee. These topics go directly to Byrne's compensation, performance metrics, and the circumstances surrounding his employment—core issues that have been disclosed, explored, and litigated throughout discovery. Likewise, Byrne's supplemental interrogatory responses did not expand the scope of the case. They provided more detail about previously disclosed subject matters and identified individuals with knowledge of those same issues, none of whom Byrne intends to call at trial. Under these circumstances, the December 1 production is properly understood as a supplementation of existing evidence, not a shift in theory.

Ameris's reliance on the discovery cutoff and scheduling order fares no better.

Rule 26(e) imposes an ongoing obligation to supplement prior disclosures where they are incomplete or incorrect, and nothing in the Federal Rules or scheduling order converts supplementation into a per se violation requiring exclusion. To the contrary, Rule 37(c)(1) does not mandate exclusion, and courts retain discretion to impose lesser remedies where any delay is harmless or curable. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021); *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (requiring consideration of lesser sanctions before exclusion).

## B.  Byrne's Disclosures Were Substantially Justified and Harmless Under Rule 37.

Even if the Court were to conclude that Byrne's December 1 production technically fell outside Rule 26, exclusion would still be improper because any such disclosure was substantially justified and harmless under Rule 37(c)(1). Courts in this Circuit apply Rule 37 with flexibility, focusing on whether the evidence actually impaired the opposing party's ability to prepare its case. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213-14 (9th Cir. 2008) (affirming exclusion only where late disclosure was neither justified nor harmless and caused prejudice). Ameris cannot make that required showing.

### 1.  Ameris Cannot Demonstrate Prejudice Under Rule 37.

Critically, Ameris ignores the governing Rule 37 inquiry: prejudice. The Ninth Circuit requires courts to assess whether any delay caused actual prejudice, including whether the opposing party was surprised, whether any prejudice can be cured, and whether trial would be disrupted. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (failure to analyze harmlessness is prejudicial and thus reversible error). Ameris cannot satisfy that standard.

Ameris does not attempt to show prejudice under Rule 37, and the record does not support it. The documents at issue were produced on December 1, 2025— a mere three days after the close of fact discovery, but well before the close of expert discovery.[2]

---

[2] Ameris's Rule 6(a) argument about the computation of deadlines is beside the point.

Ameris then litigated the case on the merits: it served its expert report on December 5, 2025, received Byrne's expert report on January 2, 2026, and participated in expert depositions. That sequence forecloses any claim of surprise or prejudice. Ameris had the documents, raised no issue with Byrne's new counsel, proceeded through expert discovery, and chose not to seek relief. The timing was also substantially justified because Byrne proceeded in reliance on his understanding that the fact discovery cutoff extended to December 1, 2025 based on the holiday schedule. In accordance with that understanding, Byrne collected and reviewed documents over the Thanksgiving weekend and completed production on December 1. Byrne should not be made to bear the consequences of any timing issues, particularly where Ameris cannot demonstrate any prejudice arising from the timing of the production.

The December 1, 2025 production date itself also underscores the absence of prejudice. The fact discovery cutoff fell on November 28, 2025 – the day after Thanksgiving. Byrne's production occurred the next business day, Monday, December 1, 2025. Ameris's theory of harm depends on the Court accepting that the three-day holiday interval between those dates impaired Ameris's ability to litigate this case. It did not. Ameris cannot plausibly contend that it would have reviewed and acted upon a document production served on the day after Thanksgiving, nor that its litigation strategy would have been materially different had the same documents been produced the day after Thanksgiving.

This is precisely the type of technical timing issue that does not elevate into prejudice. Any "harm" Ameris identifies is one it would have experienced regardless of whether the production occurred by 11:59 p.m. on November 28 or the next business day. Ameris points to nothing it could or would have done differently to prepare its case for trial had it received these materials the day after Thanksgiving, when in all likelihood its counsel's offices were closed, as most law firms now are on the day after

Byrne does not dispute that the production occurred after the fact discovery cutoff. The issue under Rule 37 is prejudice, and there is none.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3                -7-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

Thanksgiving (perhaps this is why Ameris focuses on the hyper-technical argument that November 28 was not a court holiday). That is by definition no prejudice.

Were this timing prejudicial to Ameris, Ameris could and should have raised the issue to the Court and Byrne much sooner—even on the very day of the December 1 production—instead of strategically waiting until the last possible second to play "gotcha."[3] Ameris had nearly five months to address these materials, to move to compel, to seek sanctions, to request to reopen discovery, or to do anything else. It chose to stay silent. And again, all of the harm it now claims is harm it would have incurred had the documents been produced on November 28—and for which it would have had no remedy under the scheduling order. Its decision to strategically wait until the eve of trial to do anything evidences that this motion is more about strategic gamesmanship than the remedy of any actual harm and is incompatible with *any* claim of prejudice. See *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (finding prejudice where late disclosure deprived opposing party of meaningful opportunity to respond, circumstances which are not present here).

Ameris's assertion that it had "no opportunity" to conduct discovery (Dkt. 140-1, at 10) is contradicted by its own conduct. It had months to seek relief and chose not to. Ameris cannot manufacture prejudice by arguing that it might have conducted discovery differently. Courts consistently reject speculative claims of harm where the party had a fair opportunity to respond. *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705 (9th Cir. 2010) (no prejudice where opposing party could have addressed the

---

[3] Ameris's position is also difficult to reconcile with its own conduct. On or about April 9, 2026 – months after the close of fact discovery and on the eve of mediation and trial – Ameris supplemented its initial disclosures to identify, for the first time, the existence of insurance coverage, stating: "Based on the evolving nature and anticipated costs of this litigation, Ameris now identifies the following insurance policy…." Ameris had not disclosed any such policy, which may have affected Byrne's evaluation of the case earlier in the litigation. At the same time, Ameris filed a new lawsuit against Byrne asserting claims arising out of the same underlying facts at issue, including alleged breaches of confidentiality obligations. Yet Ameris does not contend that its own late disclosures or newly filed claims caused any prejudice warranting relief. Ameris cannot have it both ways. If the timing of Byrne's production supposedly created prejudice, then Ameris's own late-breaking disclosures and claims would raise the same concern. Its failure to argue as much confirms that no cognizable prejudice exists here.

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

4933-4742-1092.3

-8-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

evidence but did not). It did not move to compel, did not request to reopen discovery, and did not seek supplementation. Instead, it proceeded through expert discovery and dispositive motion practice, and only now seeks exclusion. *Ritchie*, 451 F.3d at 1026 (affirming district court's discretion in rejecting claimed prejudice based on conduct).

Trial is imminent, and Ameris will have a full opportunity to use the challenged materials to examine Byrne and any other relevant witnesses. To the extent Ameris believes the documents are incomplete, inconsistent, or unreliable, it may test those issues through cross-examination and impeachment at trial. Under these circumstances, any claimed prejudice is not only minimal, but curable without needing to resort to the drastic remedy of exclusion.

**2.      Any Timing Issues Are Attributable to Prior Counsel.**

Ameris's argument overlooks an important source of any timing issues: Byrne's prior counsel. The record reflects not a party attempting to gain an advantage through nondisclosure, but a client who relied on prior counsel's guidance when completing his final document production. Ameris effectively acknowledges this framing by characterizing the issue as one of "excusable neglect" (Dkt. 140-1 at 8), while arguing that such neglect does not justify the resulting prejudice. But that argument assumes what Ameris cannot establish: prejudice. There is none. Any timing issues arose from prior counsel's understanding of the operative discovery deadline, followed by her withdrawal from the case at a critical juncture. Once successor counsel appeared, Byrne promptly complied with his obligations and proceeded through expert discovery and dispositive motion practice without delay. Under these circumstances, there is no basis to attribute any delay to willful conduct by Byrne.

Motions *in limine* are not designed to punish a litigant in this posture or to provide a windfall to the opposing party where the record shows no meaningful prejudice. *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958) (severe sanctions are not appropriate where the conduct is not the result of willfulness, bad faith, or fault). Nor do courts impose severe evidentiary sanctions where the conduct at issue reflects attorney-

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3                    -9-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

side failure rather than willful misconduct by the party. See *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) (sanctions must be proportionate and tied to the party's conduct, not counsel's error).

Under Ninth Circuit law, those circumstances are evaluated under an equitable framework that confirms exclusion here is unwarranted. *Bateman v. U.S. Postal Service* confirms that exclusion is unwarranted in these circumstances. 31 F.3d 1220, 1224-25 (9th Cir. 2000). There, the plaintiff failed to timely respond to a summary judgment motion due to his attorney's extended absence and delayed follow-up. The court reversed its entry of summary judgment, finding that the delay was excusable where the plaintiff acted in good faith and the defendant suffered minimal prejudice. *Id.* at 1224-25. Timing failures attributable to counsel's conduct must be evaluated under an equitable framework that considers (1) prejudice, (2) length of delay, (3) reason for delay, and (4) good faith. *Id.* at 1223-24. The court emphasized that it is error to focus on the reason for delay, particularly where the delay results from counsel's conduct. *Id.*

Applying that framework here confirms that exclusion is improper. First, there is no prejudice to Ameris: Ameris received the materials at the outset of expert discovery and proceeded through expert reports, depositions, and motion practice without seeking relief. Second, the delay was minimal: the production occurred one business day after the cutoff, across a holiday weekend. Third, the reason for the timing, including prior counsel's interpretation that the November 28 cutoff operated as a court holiday extending the deadline to December 1, reflects, at most, a case-management error, not bad faith or strategic withholding. And finally, there is no dispute that Byrne acted in good faith in relying on counsel's direction.

## IV.  CONCLUSION.

For these reasons, the motion *in limine* should be denied.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3                    -10-

Case No.  8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3

Dated: May 1, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MATTHEW T. SESSIONS
STACEY A. VILLAGOMEZ
MADISON E. LARSEN


By:  _____*/s/ Matthew T. Sessions*_____
    MATTHEW T. SESSIONS
    Attorneys for Plaintiff
    PATRICK BYRNE

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

4933-4742-1092.3

-11-

Case No.   8:24-cv-01989-MWC-JDE
PLAINTIFF PATRICK BYRNE'S OPPOSITION TO DEFENDANT
AMERIS BANK'S MOTION IN LIMINE NO. 3