Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PATRICK BYRNE, an individual,

      Plaintiff,

vs.

AMERIS BANK, a Georgia corporation,

      Defendant.

Case No. 8:24-cv-01989-MWC (JDEx)

**DEFENDANT AMERIS BANK'S MOTION FOR ORDER REQUIRING THE PARTIES TO PRODUCE AND FILE POWERPOINT PRESENTATION MATERIALS DISPLAYED TO THE JURY AT TRIAL**

Judge: Hon. Michelle Williams Court
Place: Courtroom 6A
Date: August 7, 2026
Time: 1:30 p.m.

Discovery Cut-Off: November 28, 2025
Pretrial Conference: May 22, 2026
Trial Date: June 1, 2026

---

*PATRICK BYRNE v. AMERIS BANK*
MOTION FOR ORDER REQUIRING PRODUCTION OF
PLAINTIFF AND DEFENDANT'S POWERPOINT PRESENTATION
MATERIALS AT TRIAL

Case No. 8:24-cv-01989

## I.    INTRODUCTION

Defendant Ameris Bank ("Ameris") hereby moves the Court for an order requiring Plaintiff Patrick Byrne ("Byrne") and Ameris to produce and file with the Court copies of all PowerPoint presentations and other demonstrative slides that the parties displayed to the jury at any time during trial from June 1 through June 12, 2026, including but not limited to:

(1) opening statements on June 2, 2026;

(2) any and all witness examinations conducted by Plaintiff on the following dates: June 9, 2026, including but not limited to during the examination of Deborah Dickson;

(3) closing arguments on June 11, 2026; and

(4) the punitive damages phase proceedings conducted on June 12, 2026.

Per this Court's order, the parties were required to exchange demonstrative exhibits by 7:00 p.m. on the evening preceding their intended use at all.  Accordingly, all such PowerPoint presentations and demonstrative slides should be readily identifiable and available for filing.

There is a presumptive right of public access to judicial records in civil cases, and the PowerPoint presentations and demonstrative slides that all parties displayed in open court must be released to ensure that constitutional right.  Having the record include all such demonstratives exhibits also facilitates the interest of ensuring a complete record for appellate review. Courts throughout the Ninth Circuit recognize these twin interests in exercising discretion to order PowerPoint and other demonstrative slides be included in the record, so that they are preserved for purposes of appeal.

## III.   LEGAL ARGUMENT

### A. This Court Has the Authority To Order the Parties to File Copies of PowerPoint Slides Shown to the Jury

The First Amendment of the United States Constitution creates a presumptive right of access to judicial records in civil cases. *See Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020). And, Federal Rule of Appellate Procedure 10(e)(2) authorizes a

*PATRICK BYRNE v. AMERIS BANK*                    Case No. 8:24-cv-01989
MOTION FOR ORDER REQUIRING PRODUCTION OF
PLAINTIFF AND DEFENDANT'S POWERPOINT PRESENTATION
MATERIALS AT TRIAL

district court to supplement the record on appeal, including to require the parties to file copies of PowerPoint slides counsel displayed to the jury during opening statement, closing argument, and during witness testimony. Fed. R. App. P. 10(e)(2); *Lake v. CoreCivic, Inc.*, 2025 WL 2240255, at *1 (D. Mont. Aug. 6, 2025) (grating Rule 10(e)(2) motion to make part of the record the materials used in opening and closing argument).

The purpose underlying Rule 10 "'is to ensure the record on appeal accurately reflects the proceedings in the trial court (thereby allowing us to review the decision that the trial court made in light of the information that was actually before it) . . . .'" *Lake*, 2025 WL 2240255, at *1-*2 (quoting *United States v. Elizalde-Adame*, 262 F.3d 637, 641 (7th Cir. 2001)); *cf. also United States v. Ford*, 789 F. App'x 117, 120, 122 n.2 (11th Cir. 2019) (regarding an audio recording that was played for the jury but not admitted into evidence, "the district court was well within its rights to supplement the record to make clear what the jury heard").

In addition to *Lake*, other district courts within the Ninth Circuit recently have ordered demonstratives to be produced by the parties and made part of the record, absent any showing of prejudice by the opposing party.  These courts have reasoned that although the slides were not "evidence," they were presented at trial and thus are public record, and that ordering the slides be made part of the record served the interest of having a complete record for appellate review.  *See, e.g., In re HIV Antitrust Litig.*, 2024 WL 923551 (Mar. 1, N.D. Cal. 2024); *accord United States v. Yandell*, 2024 WL 2209738 (E.D. Cal. May 16, 2024).

For example, in *In re HIV Antitrust Litigation*, 2024 WL 923551, at *1–3 (N.D. Cal. Mar. 1, 2024), the district court granted a plaintiff leave to file demonstratives that were used during trial so that they could be made part of the record on appeal to the Ninth Circuit. Even though "the demonstratives were not admitted as exhibits and did not go into the jury room for the jury's deliberations," they "were presented to the jury" during the trial and therefore would "aid appellate review." *Id*. Moreover, there was no prejudice to the defendant. *Id*.

*PATRICK BYRNE v. AMERIS BANK*      Case No. 8:24-cv-01989
MOTION FOR ORDER REQUIRING PRODUCTION OF
PLAINTIFF AND DEFENDANT'S POWERPOINT PRESENTATION
MATERIALS AT TRIAL

Page 3

Similarly, in *United States v. Yandell*, 2024 WL 2209738, at *1 (E.D. Cal. May 16, 2024), the court granted a motion to compel the government to file copies of its PowerPoint presentation used during closing argument, even though any error on appeal would be reviewed plain error. The court reasoned: "[T]he record would be more complete—and the Circuit Court better positioned to review that record—if the presentations and other documents were filed." *Id*. The court also could "conceive of no prejudice any party would suffer." *Id*.

Like the opposing parties in these cases, Plaintiff has not and cannot demonstrate any prejudice from making the trial demonstratives part of the record. To the contrary, including in the record the PowerPoint presentations and other demonstrative exhibits used during the Phase I and Phase II proceedings, including during opening statements, closing arguments, witness examinations, achieves the goals of furthering constitutionally-protected public access to court documents and ensuring a full and accurate record of the proceedings.

Notably, the PowerPoint presentations and other demonstrative slides shown to the jury were never produced in discovery and are not otherwise contained in the existing trial record. Absent an order requiring the parties to file those materials, significant portions of what the jury actually saw during trial will remain unavailable for post-trial and appellate review. The Court should therefore order that all demonstrative presentations displayed to the jury be included in the record so that they can be considered in conjunction with Ameris's forthcoming post-judgment motions, and if necessary, to aid appellate review. Indeed, appellate courts routinely rely on a complete trial record to evaluate challenges relating to witness testimony, evidentiary rulings, arguments, and other trial issues during both phases of trial.

## IV.    CONCLUSION

For these reasons, Ameris respectfully requests that the Court order the parties to produce and file copies of all PowerPoint presentations and other demonstrative slides displayed to the jury during the June 1 – June 12 jury trial (both Phase I and Phase II) in

*PATRICK BYRNE v. AMERIS BANK*                                 Case No. 8:24-cv-01989
MOTION FOR ORDER REQUIRING PRODUCTION OF
PLAINTIFF AND DEFENDANT'S POWERPOINT PRESENTATION
MATERIALS AT TRIAL

Page 4

this matter including, without limitation, those used during opening statements, witness examinations, closing arguments, and the punitive damages phase.

Dated:  June 26, 2026                    **NUKK-FREEMAN & CERRA**


                              By:
                                   */s/Stacy L. Fode*
                                   Stacy L. Fode, Esq.
                                   Nana J. Yee, Esq.
                                   Attorney for Defendant
                                   AMERIS BANK

*PATRICK BYRNE v. AMERIS BANK*                    Case No. 8:24-cv-01989
MOTION FOR ORDER REQUIRING PRODUCTION OF
PLAINTIFF AND DEFENDANT'S POWERPOINT PRESENTATION
MATERIALS AT TRIAL

Page 5