ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  msessions@allenmatkins.com
        svillagomez@allenmatkins.com
        mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO Judge Michelle Williams Court<br><br>**PLAINTIFF PATRICK BYRNE'S REPLY IN SUPPORT OF POST-TRIAL REQUEST FOR JUDGMENT ON HIS CALIFORNIA UNFAIR COMPETITION LAW CAUSE OF ACTION**<br><br>Trial Date: June 1, 2026 |

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

- 1 -

Case No. 8:24-cv-01989-MWC-JDE
PLTF'S POST-TRIAL REPLY
BRIEF RE UCL

## I.   <u>INTRODUCTION</u>

As explained in Plaintiff Patrick Byrne's opening brief, Ameris's conduct violated California's Unfair Competition Law ("UCL"). Rather than address Mr. Byrne's arguments, Ameris's opposition seemingly presumes UCL liability while putting forward a litany of remedy-focused arguments that misunderstand the relief Mr. Byrne seeks and incorrectly apply California law. Far from the "advisory opinion" Ameris claims he wants, Mr. Byrne merely requests that the Court enter judgment in accordance with the jury's factual findings that unequivocally establish Ameris's multiple violations of the "unfair" and "unlawful" prongs of the UCL.

Whether the Court ultimately exercises its discretion to award no further relief or requires Mr. Byrne to elect his remedy by choosing between the jury's damages award and restitution under the UCL, is a separate matter. Regardless of remedy, the substantial evidence of Ameris's unfair and unlawful business practices established at trial can lead to only one result—Ameris is liable under the UCL.

For all the reasons explained in Mr. Byrne's opening brief and this reply, the Court should award the requested relief.

## II.   <u>AMERIS FUNCTIONALLY CONCEDES UCL LIABILITY</u>

Nowhere in its opposition does Ameris substantively dispute that the jury's findings clearly support this Court now holding that Ameris's conduct also violated the UCL. In fact, the opposition is replete with language that appears to concede liability while solely focusing on whether relief is available, not whether the predicate for relief has been met. *See* Opposition 2:2–4, 4:6–8, 8:5–9.

Even absent Ameris's concessions, the jury's findings of fact that now bind this Court are more than sufficient to establish that Ameris engaged in "unlawful" and "unfair" business practices. Consequently, the Court "may make such orders or judgments . . . to prevent the use or employment . . . of any practice which constitutes unfair competition . . . or as may be necessary to restore to any person in interest any

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

- 2 -

Case No. 8:24-cv-01989-MWC-JDE
PLTF'S POST-TRIAL REPLY
BRIEF RE UCL

money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203; *see also Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 176 (2000) ("Section 17203 authorizes the court to fashion remedies to prevent, deter, and compensate for unfair business practices. In addition to injunctions, it authorizes orders that are necessary to prevent practices that constitute unfair competition"); *Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 998 (E.D. Cal. 2018) ("A court awarding restitution under the UCL has very broad discretion to determine an appropriate remedy as long as it is supported by the evidence and is consistent with the purpose of restoring to the plaintiff the amount that the defendant wrongfully acquired." (citations omitted)).

Here, in accordance with the jury's unanimous verdict, the Court may exercise this authority to enter judgment that Ameris's actions also constitute "unfair" and/or "unlawful" conduct in violation of the UCL, entitling Mr. Byrne to restitution for unpaid wages for 2022, 2023, and 2024.

Regarding 2022 and 2023, the jury unanimously found that Ameris willfully withheld wages from Mr. Byrne at the time of his termination in violation of California labor law and, by extension, the UCL "unlawful" prong. As to 2024, the jury's unanimous findings that Ameris breached Mr. Byrne's employment contract and acted with malice, oppression, or fraud, is sufficient to establish a violation of the UCL's "unfair prong." *See Watson Lab'ys, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1118 (C.D. Cal. 2001) ("a breach of contract may in fact form the predicate for Section 17200 claims, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent'"). When pressed at trial why it breached its contract with Mr. Byrne, neither Mr. Byrne's second in command, Phil Silva, nor his direct supervisor, James LaHaise, could offer a coherent response. When considered together with the jury's finding of significant punitive damages, this Court has more than sufficient evidence to establish Ameris violated the "unfair" prong of the UCL

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

- 3 -

Case No. 8:24-cv-01989-MWC-JDE
PLTF'S POST-TRIAL REPLY
BRIEF RE UCL

by breaching the LTIP and failing to pay Mr. Byrne the wages he was owed in 2024.

**III.    AMERIS MISUNDERSTANDS BYRNE'S ARGUMENTS AND BYRNE'S REQUESTED RELIEF IS AVAILABLE UNDER THE UCL**

Ameris appears not to understand what Mr. Byrne is asking for. Mr. Byrne is not "in essence . . . ask[ing] the Court to confirm that the [entire approximately $16 million in] damages already awarded by the jury are independently recoverable under the UCL." Opposition 4:17–18. Nor is Mr. Byrne seeking an "advisory opinion," or, attempting to "recharacterize the jury's damages awards as restitution." *Id.* 4:21–23, 5:25–26 (emphasis omitted).

Instead, Mr. Byrne is asking this Court to hold, that Ameris violated the UCL on multiple fronts, resulting in additional and independent bases supporting Ameris's return of the monies unlawfully withheld from him because of Ameris's willful miscalculation of the LTIP bonus pool for performance periods 2022, 2023, and 2024.[1] Whether the Court, in its discretion, then declines to award further relief, or, orders restitution but requires Mr. Byrne to elect his remedy between the jury's damages award and restitution under the UCL, is another matter. Either way, Mr. Byrne's requested relief is permitted and has been awarded in federal courts in California.

By way of example, in *Copart, Inc. v. Sparta Consulting, Inc.*, the plaintiff prevailed in the underlying trial where the "jury awarded damages on both Copart's fraud-concealment claim and professional negligence claim" *Copart, Inc.*, 339 F. Supp. 3d at 1000. The *Copart* court found that the defendant's conduct also violated the UCL, warranting a determination as to the amount of restitution the plaintiff was entitled to. *Id.* at 999. Once the court calculated the entitled amount of restitution, it held that "[a]lthough Copart is entitled to restitution under either its fraudulent prong

---

[1] To the extent that Mr. Byrne seeks a "clean record," his intent is merely for the Court to rule on a currently pending claim, rather than have the claim be left unaddressed.

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

- 4 -

Case No. 8:24-cv-01989-MWC-JDE
PLTF'S POST-TRIAL REPLY
BRIEF RE UCL

or unfair prong UCL claim of $6,332,350.77, Copart must elect to rely on the jury award or accept UCL restitution before entry of judgment." *Id*. at 1007; *see also Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, 2014 WL 12580249, at *9 (C.D. Cal. July 11, 2014) (finding that the defendant violated the UCL based on jury's findings of illegal conduct, but awarding no further relief).

## IV.    MR. BYRNE DOES NOT HAVE AN ADEQUATE REMEDY AT LAW

Next, Ameris briefly argues that Mr. Byrne cannot obtain restitution because he purportedly has an adequate remedy at law. That argument is incorrect. *See Copart*, 399. F. Supp. 3d at 1000 (prevailing party is "entitled to elect [his] remedy at any time before judgment" (citation omitted)). Because judgment has not yet been entered, Mr. Byrne remains entitled to elect his remedy as between the jury's damages award and UCL restitution.

## V.    BYRNE'S RESTITUTION REQUEST IS SUFFICIENTLY DEFINITE AND SUPPORTED BY SUBSTANTIAL EVIDENCE

Finally, Ameris claims that Mr. Byrne is not entitled to restitution because he (1) "fails to specify the amount of restitution sought" (Opposition 5:5–6); and (2) "[t]he Court . . . has no basis to determine either amount or scope of any restitutionary relief" (*id*. at 5:17–18).

First, there is no requirement, statutory or otherwise, that a party identify a specific amount sought in restitution. *See Copart*, 339 F. Supp. 3d at 998 ("California law requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached is an approximation." (citations omitted)). Indeed, Ameris's own authorities confirm that any "amount of restitution awarded under . . . Unfair Competition Laws . . . must be supported by substantial evidence." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 700 (2006), *as modified on denial of reh'g* (Jan. 31, 2006).

Second, the record contains substantial documentary and testimonial evidence

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

- 5 -

from which the Court can readily determine the amount of restitution owed to Mr. Byrne. In fact, the Court need look no further than Ameris's own citation to Ms. Dickson's calculations regarding the unpaid LTIP compensation owed to Mr. Byrne in 2022, 2023, and 2024. Opposition 6:2–9. Specifically, Ms. Dickson calculated that Ameris owed Mr. Byrne, $890,858 under the LTIP for 2022; $2,343,868 under the LTIP for 2023; and $4,844,985 under the LTIP for 2024. *id.* at 6:4–6. However, as Ms. Dickson noted during her testimony, her calculations of the 2024 LTIP were only approximations "[b]ecause no data was provided to me, even though the revenues were higher in 2024, I used the same expenses as 2023, that's right, because that was the only data available to me." Declaration of Stacey A. Villagomez, Exhibit 1. Thus, Ms. Dickson's 2024 calculations were artificially deflated by Ameris's unexplained refusal to provide the complete set of 2024 data that, presumably, would have shown Mr. Byrne's entitlement to even higher wages for that year than Ms. Dickson was able to calculate. Consequently, the Court is not limited to the $4,844,985 in unpaid wages for 2024, and may consider the extensive evidentiary record produced at trial when it ultimately determines the amount Mr. Byrne is owed in restitution as a result of Ameris's multiple UCL violations.

## VI.   CONCLUSION

Based on Mr. Byrne's opening brief, this reply, and the record established at trial, this Court, respectfully, should grant the requested relief on the UCL claim.

Dated:  June 26, 2026

Respectfully submitted,

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
STACEY A. VILLAGOMEZ


By: */s/ Stacey A. Villagomez*
STACEY A. VILLAGOMEZ
Attorneys for Plaintiff
PATRICK BYRNE

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4924-3497-8232

Case No. 8:24-cv-01989-MWC-JDE
PLTF'S POST-TRIAL REPLY
BRIEF RE UCL