# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PATRICK BYRNE,

         Plaintiff,

vs.

AMERIS BANK,

         Defendant

Case No.: 8:24-cv-01989-MWC-JDE


**FINDINGS OF FACT AND
CONCLUSIONS OF LAW
(TRIAL PHASE 3)**

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I.    INTRODUCTION

In 1988, Plaintiff Patrick Byrne founded Balboa Capital, an equipment leasing company. Byrne owned and led Balboa Capital until late 2021, when Byrne sold the company to Defendant Ameris Bank. Balboa Capital became the "Balboa Division" of Ameris, and its employees became Ameris employees. Byrne stayed on as the new Balboa Division's CEO, and he and Ameris entered a written employment contract. The contract included a Long-Term Cash Incentive Plan ("LTIP"), by which Ameris agreed to pay annual bonuses to Byrne and the Balboa employees for meeting performance metrics measured by a formula outlined in the LTIP.

In 2022, the Balboa Division met its LTIP performance target and bonuses were paid. The next year, Ameris told Byrne the Balboa Division had not met the 2023 LTIP performance targets. Byrne questioned Ameris's calculations, asserting they were not consistent with the express terms of the LTIP. Byrne also asserted Ameris underpaid the 2022 bonuses. Byrne presented Ameris with what he believed was evidence that it was miscalculating the performance targets, thereby depriving Byrne and others of their earned wages. Byrne was terminated "without cause" in June 2024.

Plaintiff Patrick Byrne brought this civil action against Defendant Ameris Bank for (1) wrongful termination in violation of public policy; (2) retaliation in violation of Labor Code § 1102.5; (3) failure to pay all wages due at termination; (4) violation of California Business & Professions Code § 17200; and (5) breach of contract.

The Court conducted a jury trial in this action from June 2, 2026 through June 15, 2026. The jury found for Plaintiff on causes of action 1, 2, 3, and 5 and awarded  $82,190,147.60 in compensatory damages, waiting time penalties, and punitive damages.

The court now issues the following Findings of Fact and Conclusions of Law regarding plaintiff's Cal. Bus. & Prof. Code § 17200 claim (4th cause of action).

## II.      FINDINGS OF FACT

### A.      Jury Findings

1.      Byrne engaged in protected activity by repeatedly complaining that Ameris was improperly withholding LTIP compensation owed to himself and other Balboa employees (Dkt. 227, No. 6);

2.      Byrne reasonably believed Ameris' conduct violated the law (Dkt. 227, No. 7);

3.      Byrne's complaints were a contributing factor in Ameris' decision to terminate his employment (Dkt. 227, No. 9);

4.      Ameris failed to establish by clear and convincing evidence that it would have terminated Byrne absent those complaints (Dkt. 227, No. 12).

5.      Ameris owed Byrne earned LTIP wages for 2022 and 2023 (Dkt. 227, No. 14);

6.      Ameris discharged Byrne from his employment (Dkt. 227, No. 16);

7.      Ameris willfully failed to pay Byrne all wages earned upon termination (Dkt. 227, No. 17);

8.      Byrne substantially performed his obligations under the Employment Agreement and LTIP (Dkt. 227, No. 19);

9.      All conditions precedent to Ameris' performance occurred (Dkt. 227, No. 21);

10.     Ameris failed to perform obligations required by those agreements (Dkt. 227, No. 23(a)).

11.     Byrne is entitled to $19,283,534.60 in compensatory damages and waiting time penalties (Dkt. 227, No. 25 and No. 27).

12.    Ameris acted with malice, oppression, or fraud and Byrne is entitled to $ 62,906,613 in punitive damages (Dkt. 227, No. 28, Dkt. 237, No. 1).

## B.    Court Findings

13.    Ameris owed Byrne earned LTIP wages of $3,234,276 for 2022 and 2023 at the time Ameris terminated Byrne's employment.

14.    The jury found Ameris owes Byrne $ 9,000,000 in past economic loss (which includes unpaid wages) and $ 2,758,534.60 in waiting time penalties.  The award for past economic loss also includes damages for Ameris' breach of contract which includes damages for Ameris' breach of the 2024 LTIP (Dkt. 227, Nos. 4, 11, 14, 24, and 25).

## III.    CONCLUSIONS OF LAW

15.    California's  Unfair Competition Law (UCL) prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.   The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Its coverage is "sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 973 P.2d 527 (1999) (internal quotations and citation omitted). "Each of the three 'prongs' under the UCL—(1) unlawful, (2) unfair, and (3) fraudulent—creates an independent theory of liability." *Regueiro v. FCA US, LLC*, 671 F. Supp. 3d 1085, 1096 (C.D. Cal. 2023).

16.    "Virtually any law—federal, state or local—can serve as a predicate" for an action under the UCL. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718, 113 Cal. Rptr. 2d 399 (2001), *as modified* (Nov. 20, 2001), as modified (Nov. 20, 2001). Courts have consistently held that violations of the California Labor Code constitute unlawful business practices under § 17200. See *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177,

999 P.2d 706 (2000) (discussing unpaid overtime and holding that "payment of wages unlawfully withheld from an employee" are an available "restitutionary remedy" under the UCL); *People v. Los Angeles Palm, Inc.*, 121 Cal. App. 3d 25, 35, 175 Cal. Rptr. 257 (Ct. App. 1981) (holding improperly crediting tips against minimum wage was an unfair business practice under the UCL). "A breach of contract in turn may form the predicate for a UCL claim, provided it also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'" *Arce v. Kaiser Found. Health Plan, Inc.*, 181 Cal. App. 4th 471, 489, 104 Cal. Rptr. 3d 545 (2010) (internal quotation omitted). Even lawful conduct can "be unfair if it (1) offends public policy; (2) is immoral, unethical, oppressive, or unscrupulous; or (3) causes substantial injury to [the] consumer." *Treefrog Devs., Inc. v. Nu-X Ventures, LLC*, No. 22-CV-225 TWR (MDD), 2022 WL 17085925, at *6 (S.D. Cal. Nov. 17, 2022) (internal quotation omitted); see *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 933 (N.D. Cal. 2013) (stating that "unfair" conduct under the UCL includes business practices that are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers").

### A.    Standing

17.    A private plaintiff must show he "has suffered injury in fact and has lost money or property as a result of the unfair competition." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322, 246 P.3d 877 (2011); Cal. Bus. & Prof. Code § 17204.

18.    Byrne has standing to bring his UCL claim because, as the jury found, he was underpaid under the LTIP by millions of dollars and Ameris terminated his employment in retaliation for his complaints about the LTIP calculations.

///

///

**B.      The Jury's Factual Findings Bind the Court and Establish a Violation of the UCL**

19.      The jury's factual findings bind the court and establish a violation of the UCL.

20.      "[I]t would be a violation of the Seventh Amendment right to jury trial for the court to disregard a jury's finding of fact." *Copart, Inc. v. Sparta Consulting, Inc.*, 339 F. Supp. 3d 959, 971 (E.D. Cal. 2018) (quoting *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013)). "Where 'substantial commonality' exists between the factual questions presented by legal and equitable claims, jury findings pertaining to the legal claims constrain the court's determination of equitable claims." *Id.* "Thus, in a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are 'based on the same facts,' in deciding the equitable claims 'the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (citation omitted); see *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, No. CV1109899MWFJEMX, 2014 WL 12580249, at *7–9 (C.D. Cal. July 11, 2014) (reasoning "[t]he UCL claims are based on the same factual allegations as the trademark claims decided by the jury" and finding UCL violations consistent with the jury verdict).

21.      Because the facts underpinning Byrne's legal causes of action and the equitable UCL cause of action are the same, the jury's verdict dictates resolution of the UCL cause of action in Byrne's favor.

22.      The jury's factual findings establish UCL violations under both the UCL's "unlawful" and "unfair" prongs.

///

///

FINDINGS OF FACT AND CONCLUSIONS OF LAW(TRIAL PHASE 3) - 6

### C.    Unlawful Business Act or Practice

23.    The term unlawful business act or practice includes "any unlawful, unfair or fraudulent business act or practice." (§ 17200.) Its coverage is sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law. *Cel-Tech Communications, Inc.*, 20 Cal. 4th at 180 citing *Rubin v. Green*, 4 Cal. 4th 1187, 1200, 847 P.2d 1044 (1993); *Barquis v. Merchants Collection Assn.*, 7 Cal. 3d 94, 113, 496 P.2d 817 (1972).

24.    An unlawful business practice or act is an act or practice, committed pursuant to business activity, that is at the same time forbidden by law. (*Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383, 826 P.2d 730 (1992); *Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965, 969, 69 Cal. Rptr. 2d 623 (1997); *Bernardo v. Planned Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 351–52, 9 Cal. Rptr. 3d 197 (2004).  "Unlawful business activity" proscribed under § 17200 includes " 'anything that can properly be called a business practice and that at the same time is forbidden by law.' " *Barquis*, 7 Cal. 3d at 113, 101.

25.    Failure to pay earned wages in violation of California Labor Code §§ 201 and 203,  retaliation for complaining about those violations in violation of Labor Code § 1102.5, wrongful termination in violation of public policy, and breach of the Employment Agreement by failing to calculate the LTIP bonus pool in a manner consistent with the LTIP's terms for performance periods 2022, 2023, and 2024 constitutes an unlawful business practice or act.

26.    The jury found all elements of Byrne's retaliation, wrongful termination, failure to pay earned wages, and breach of contract causes of action, including that Byrne's complaints about Ameris' failure to pay earned wages were a substantial motivating reason for Ameris'

decision to terminate his employment and that Ameris "willfully" withheld earned wages. (Dkt. 227, Nos. 1-24.)

27.    The jury also found that Ameris acted with "malice, oppression, or fraud" and awarded Byrne $ 62,906,613 in punitive damages. (Dkt. 227, No. 28; Dkt. 237; Trial Tr. June 12, 2026, 48:1-50:8.)

### D.    Unfair Business Act or Practice

28.    The term unfair business act or practice "means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc.*, 20 Cal. 4th at 187.

29.    Failure to pay earned wages in violation of California Labor Code §§ 201 and 203, retaliation for complaining about those violations in violation of Labor Code § 1102.5, wrongful termination in violation of public policy, and breach of the Employment Agreement by failing to calculate the LTIP bonus pool in a manner consistent with the LTIP's terms for performance periods 2022, 2023, and 2024 constitutes an unfair business practice or act.

30.    The jury found all elements of Byrne's retaliation, wrongful termination, failure to pay earned wages, and breach of contract causes of action, including that Byrne's complaints about Ameris' failure to pay earned wages were a substantial motivating reason for Ameris' decision to terminate his employment and that Ameris "willfully" withheld earned wages. (Dkt. 227, Nos. 1-24.)

31.    The jury also found that Ameris acted with "malice, oppression, or fraud" and awarded Byrne $ 62,906,613 in punitive damages. (Dkt. 227, No. 28; Dkt. 237; Trial Tr. June 12, 2026, 48:1-50:8.)

### E.      Remedy – Restitution

32.      "Section 17203 authorizes the court to fashion remedies to prevent, deter, and compensate for unfair business practices. In addition to injunctions, it authorizes orders that are necessary to prevent practices that constitute unfair competition and to make 'orders or judgments ... as may be necessary to restore' to persons in interest any money or property acquired by unfair competition." *Cortez*, 23 Cal. 4th at 176 (holding payment of wages unlawfully withheld is an available remedy under UCL, quoting Cal. Bus. & Prof. Code § 17203).

33.      Under the UCL, "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." (*Cel-Tech Communications, Inc.*, 20 Cal. 4th at 179.)

34.      "[D]amages are not available under section 17203." Rather, "[t]he only nonpunitive monetary relief available under the Unfair Business Practices Act is the disgorgement of money that has been wrongfully obtained or, in the language of the statute, an order 'restor[ing] … money … which may have been acquired by means of… unfair competition.'" [*Bank of the W. v. Superior Ct.*, 2 Cal. 4th 1254, 1266, 833 P.2d 545 (1992)]

35.      Restitution under the UCL "restore[s] the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149, 63 P.3d 937 (2003).

36.      Unpaid wages are recoverable as restitution under the UCL.  An employer "may be compelled to restore unpaid wages to its employees and former employees. Once earned, those unpaid wages became property to which the employees were entitled. Failure to promptly pay those wages was unlawful and thus an unfair business practice." *Cortez*, 23 Cal. 4th at 168.

37. Waiting time penalties are not recoverable as restitution under the UCL. *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1402, 241 P.3d 870, 879 (2010)

38. The jury found Ameris owes Byrne $ 9,000,000 in past economic loss (which includes unpaid wages) and $ 2,758,534.60 in waiting time penalties. The award for past economic loss also includes damages for Ameris' breach of contract which includes damages for Ameris' breach of the 2024 LTIP.

39. Ameris owed Byrne earned LTIP wages of $3,234,276 for 2022 and 2023 at the time Ameris terminated Byrne's employment.

40. Byrne is entitled to cumulative remedies under the UCL, subject to Ameris' equitable defenses.

41. "[T]he clear language of the Business and Professions Code prohibiting unfair competition authorizes filing of a complaint for unfair competition supplementary to any other provision of the law. That the Labor Code provides similar relief against unlawful labor practices cannot foreclose cumulative remedies under the Business and Professions Code if the alleged misconduct does indeed constitute an unfair business practice." *Los Angeles Palm, Inc.*, 121 Cal. App. 3d at 33. Here, the misconduct constitutes an unfair business practice.

42. Restitution under the UCL provides an independent, additional basis supporting Ameris' return of the monies unlawfully withheld from him because of Ameris' willful miscalculation of the LTIP bonus pool for performance periods 2022 and 2023.

43. Restitution is not mandatory, even upon a finding of liability. Equitable defenses "may be considered by the court when the court exercises its discretion over which, if any, remedies authorized by section 17203 should be awarded." *Cortez*, 23 Cal. 4th at 179–80

### F.       Adequate Remedy at Law

44.       To secure equitable restitution for past harm the UCL, Byrne must establish he otherwise lacks an adequate remedy at law.   *Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103 (E.D. Cal. 2022).

45.       Legal remedies under Labor Code §§ 201, 202, 218 are adequate because the relief sought, requiring Ameris to compensate Plaintiff for unpaid wages can and has been achieved by securing a verdict for damages for willful miscalculation of the LTIP bonus pool for performance periods 2022 and 2023.

### IV.      CONCLUSION

46.       Ameris violated the UCL by willfully failing to pay earned wages in violation of California Labor Code §§ 201 and 203; retaliating against Byrne for complaining about those violations in violation of Labor Code § 1102.5; wrongfully terminating Byrne in violation of public policy; and breaching the LTIP and Byrne's Employment Agreement by failing to calculate the LTIP bonus pool in a manner consistent with the LTIP's terms for performance periods 2022, 2023, and 2024.

47.       Ameris's actions constitute "unfair" and "unlawful" conduct in violation of the UCL, entitling Byrne to restitution for unpaid wages for 2022 and 2023, subject to Ameris' equitable defenses.

48.       Because Byrne has an adequate remedy at law for his request for restitution for Ameris' failure to pay earned wages earned in 2022 and 2023 in violation of California Labor Code §§ 201 and 203, the court exercises its discretion not to award restitution authorized by the UCL in addition to the damages already awarded by the jury.

49. Plaintiff is ordered to prepare, serve, and file a proposed judgment encompassing all three phases of the trial in this matter within 3 court days. Plaintiff shall also lodge a Word version with chambers concurrently with filing. Objections to the proposed judgment are due 5 court days after the proposed judgment is filed. The Court will enter the judgment thereafter.

**IT IS SO ORDERED.**

DATED: June 29, 2026

_____
Honorable Michelle Williams Court
UNITED STATES DISTRICT COURT JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW(TRIAL PHASE 3) - 12