ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
MATTHEW T. SESSIONS (BAR NO. 307098)
STACEY A. VILLAGOMEZ (BAR NO. 317081)
MADISON E. LARSEN (BAR NO. 364953)
2010 Main Street, 8th Floor
Irvine, California 92614-7214
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  msessions@allenmatkins.com
        svillagomez@allenmatkins.com
        mlarsen@allenmatkins.com

Attorneys for Plaintiff
PATRICK BYRNE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC-JDE<br><br>ASSIGNED FOR ALL PURPOSES TO Judge Michelle Williams Court<br><br>**[PROPOSED] FINAL JUDGMENT**<br><br>Disc. Cutoff:    November 28, 2025<br>Trial Date:      June 1, 2026 |

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
ATTORNEYS AT LAW

4899-8583-2377

**[PROPOSED] FINAL JUDGMENT**

This action came before the Court for jury trial beginning on June 2, 2026.

On June 11, 2026, the jury returned its verdict on liability and compensatory damages.

On June 12, 2026, following the punitive damages phase, the jury returned its verdict awarding punitive damages.

On June 29, 2026, the Court issued Findings of Fact and Conclusions of Law regarding Plaintiff's equitable claim under California Business & Professions Code § 17200.

Pursuant to the jury's verdict, the Court's Findings of Fact and Conclusions of Law, and Federal Rules of Civil Procedure 58, IT IS SO ORDERED, ADJUDGED, AND DECREED:

**I.   Phase One – Liability and Compensatory Damages**

1.   Judgment is entered in favor of Plaintiff Patrick Byrne and against Defendant Ameris Bank for: (1) Wrongful Discharge in Violation of Public Policy (Wrongful Termination in Violation of Public Policy), (2) Whistleblower Protection (Retaliation in Violation of Labor Code § 1102.5), (3) Nonpayment of Wages and Waiting Time Penalties (Failure to Pay All Wages Due at Termination), and (4) Breach of Contract.

2.   The Claims identified below were tried to a jury during Phase One. On June 11, 2026, the jury returned its Special Verdict, finding for Plaintiff on all claims. (Dkt. 227.)

   a.   First Claim for Relief: Wrongful Discharge in Violation of Public Policy (Wrongful Termination in Violation of Public Policy)

   b.   Second Claim for Relief: Whistleblower Protection (Retaliation in Violation of Labor Code § 1102.5)

   c.   Third Claim for Relief: Nonpayment of Wages and Waiting Time Penalties (Failure to Pay All Wages Due at Termination)

ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
ATTORNEYS AT LAW
4899-8583-2377

       d.   Fourth Claim for Relief: Breach of Contract

3. Plaintiff shall recover damages from Defendant in the total amount of **$16,641,557.80**, consisting of:

| | | |
|---|---|---|
| a. | Past economic loss | $  9,000,000.00 |
| b. | Future economic loss | $  6,300,000.00 |
| c. | Past non-economic loss | $     525,000.00 |
| d. | Future non-economic loss | $     700,000.00 |
| e. | Waiting time penalties | $     116,557.80 |

4. The jury found for the prerequisite liability in Phase One to allow for punitive damages, finding that Ameris Bank engaged in the conduct with malice, oppression, or fraud. (Dkt. 227.)

## II.   Phase Two – Punitive Damages

5. Judgment is entered in favor of Plaintiff Patrick Byrne and against Defendant Ameris Bank for punitive damages.

6. On June 12, 2026, the jury returned its Punitive Damages Verdict. (Dkt. 237.)

7. Plaintiff shall recover punitive damages from Defendant in the total amount of **$62,906,613**.

## III.   Phase Three – Equitable Issues Reserved by the Court

8. Judgment is entered in favor of Plaintiff Patrick Byrne against Defendant Ameris Bank for violating California's Unfair Competition Law ("UCL"). (Dkt. 246.)

9. The Court exercised its discretion to not award restitution authorized by the UCL in addition to the damages already awarded by the jury.

## IV.   Monetary Award

10. Judgment is entered in favor of Plaintiff Patrick Byrne and against Defendant Ameris Bank in the total amount of **$79,548,170.80**, consisting of compensatory and punitive damages, and not including prejudgment

and post-judgment interest.

## V.  Costs and Attorney's Fees

11. Plaintiff is awarded costs as the prevailing party under Federal Rule of Civil Procedure 54(d). Costs shall be taxed by the Clerk upon Plaintiff's application in accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 54.

12. Plaintiff may file a motion for attorney's fees as permitted by Federal Rule of Civil Procedure 54(d)(2).

## VI.  Interest

13. Plaintiff is entitled to prejudgment interest on the full past economic compensatory damages award ($9,000,000), accruing from the filing date, September 16, 2024, through the date the Court enters final judgment, at a rate of 10% per annum, being $2,465.75 per day. *See* Cal. Civ. Code §§ 3287–3289.

14. Plaintiff shall recover post-judgment interest on the judgment amount at the rate prescribed by 28 U.S.C. § 1961, from the date of entry of judgment until paid.

## VII.  Final Judgment

15. This Judgment disposes of all claims asserted in this action in favor of Plaintiff.

**IT IS SO ORDERED.**

Dated: _____          _____

Michelle Williams Court
United States District Judge

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4899-8583-2377

- 4 -

CASE NO. 8:24-CV-01989-MWC-JDE
[PROPOSED] JUDGMENT