Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, California 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>              Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>              Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**DEFENDANT AMERIS BANK'S OBJECTION TO PLAINTIFF'S [PROPOSED] FINAL JUDGMENT**<br><br>Judge: Hon. Michelle Williams Court<br>Place: Courtroom 6A<br><br>Trial Date: June 1, 2026 |

TO PLAINTIFF PATRICK BYRNE AND HIS ATTORNEY OF RECORD:

As directed by the Court, Defendant Ameris Bank ("Defendant") hereby submits these written objections to the form of the [Proposed] Final Judgment submitted by Plaintiff Patrick Byrne ("Plaintiff") on July 2, 2026.  Defendant objects to the substance of the verdicts, and reserves all of its rights with respect to the substance of the verdicts, all prior adverse rulings, and the judgment, including its right to seek post-judgment relief and appellate review with respect to any and all issues in the case.

1.    Defendant objects that the [Proposed] Final Judgment purports to characterize the proceedings and the verdicts.  That is unnecessary and could create confusion and potential ambiguity.  It is sufficient for the judgment to reference the verdicts and this Court's order on the Business and Professions Code section 17200 claim.  *See Pacific Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1278 (9th Cir. 1988).  Defendant provides herewith a proposed form of judgment consistent with Rule 58.

2.    Defendant objects to the proposed prejudgment interest award in paragraph 13 of the [Proposed] Final Judgment.  Plaintiff's request for interest on past economic compensatory damages since the September 2024 filing date implies that Plaintiff seeks discretionary interest for contractual damages in an unliquidated amount pursuant to California Civil Code section 3287(b).  However, Plaintiff has filed no motion seeking that relief, which Defendant contends is not warranted and particularly not with respect to all past economic damages, as the disputed 2024 LTIP payment was not even allegedly due until March 15, 2025 and interest on that payment cannot logically begin running before payment is due.

Moreover, Plaintiff cannot seek prejudgment interest from the Court on any tort damages.  Pursuant to California Civil Code section 3288, "[i]n an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury." Cal. Civ. Code § 3288. Such interest must be awarded by the jury, not the Court, and Plaintiff sought no interest from

---

the jury. *Bullis v. Security Pac. Nat'l Bank*, 21 Cal. 3d 801, 814 (1978); *Stein v. Southern Cal. Edison Co.*, 7 Cal. App. 4th 565, 572 (1992) (holding that defendants were "entitled to have a jury determine prejudgment interest under section 3288 since it is an issue for the trier of fact.").

If Plaintiff contends that the entire award is contract damages, or that prejudgment interest is allowable on part of the award, he should file a motion specifying his request and the legal authority supporting it so that the Court can decide the matter on full briefing.  If Plaintiff or the Court believes that issue must be resolved before judgment is entered, then the Court should defer judgment until such a motion is filed, fully briefed, and resolved.  Plaintiff's [Proposed] Final Judgment provides no basis to grant any discretionary prejudgment interest, much less the award of interest Plaintiff seeks therein.

Dated:  July 10, 2026                    **NUKK-FREEMAN & CERRA**

By:    */s/ Stacy L. Fode*
_____
Stacy L. Fode, Esq.
Nana J. Yee, Esq.
Attorney for Defendant
AMERIS BANK