# EXHIBIT A

| From: | "Devin Ray" <dray@nfclegal.com> |
|---|---|
| To: | "MWC Chambers" <mwc_chambers@cacd.uscourts.gov> |
| CC: | "Stacy Fode" <SFode@nfclegal.com> |
| | "Kirsten Grossman" <kgrossman@nfclegal.com> |
| | "Nana Yee" <nyee@nfclegal.com> |
| | "Zachary Brower" <zbrower@nfclegal.com> |
| | "Abby Burke" <aburke@nfclegal.com> |
| Date: | 6/8/2026 12:39:06 AM |
| Subject: | [8:24-CV-01989] Patrick Byrne v. Ameris Bank - Defendant's Revised Jury Instructions Following Day Zero |
| Attachments: | 2026.06.08 Defendant Ameris Bank's Revised Jury Instructions Fol lowing Day Zero Proceedings.pdf |

Good evening Madame Clerk,

Attached hereto, please find Defendant Ameris Bank's Revised Jury Instructions Following Day Zero.

Regards,

Devin

Devin Ray  | Law Clerk

NEW ADDRESS: PLEASE UPDATE YOUR RECORDS
550 West C Street | Suite 910 | San Diego | CA | 92101
Direct 619.292.0998| Fax 619.566.4741
dray@nfclegal.com | nfclegal.com



NUKK-FREEMAN & CERRA, P.C.
EMPLOYMENT ATTORNEYS

CELEBRATING 20 years
NUKK-FREEMAN & CERRA

Employment Law Solutions That Work.

WBENC Certified and
a Proud  Member of NAMWOLF

This e-mail message is intended solely for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.  If you are not an intended recipient, you are hereby notified that you may not review, copy, or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Any tax advice included in this communication was not intended or written to be used, and cannot be used by the taxpayer, for the purpose of avoiding any penalties that may be imposed on the taxpayer by any governmental tax authority or agency.

7/14/2026

Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual, | Case No. 8:24-cv-01989-MWC (JDEx) |
| Plaintiff, | **DEFENDANT AMERIS BANK'S REVISED JURY INSTRUCTIONS FOLLOWING DAY ZERO PROCEEDINGS** |
| vs. | |
| AMERIS BANK, a Georgia corporation, | |
| Defendant. | Judge: Hon. Michelle Williams Court |
| | Dept.: Courtroom 6A |
| | Discovery Cut-Off: November 28, 2025 |
| | Pretrial Conference: May 22, 2026 |
| | Trial Date: June 1, 2026 |

**TO THE COURT AND TO ALL PARTIES AND**

**THEIR ATTORNEYS OF RECORD:**

Pursuant to the Court's instructions at trial on June 1, 2026 and after meeting and conferring with Plaintiff Patrick Byrne, Defendant Ameris Bank ("Ameris" or "Defendant") hereby submits its proposed amended jury instructions. The attached instructions reflect the revisions made in response to the discussions and guidance provided by the Court during those proceedings.

| Former Instr. No. | Title | Source | Page No. |
|---|---|---|---|
| New | Highly Probable – Clear and Convincing Proof | CACI 201 | 4 |
| 13. | Breach of Employment Contract – Unspecified Term – "At-Will" Presumption | CACI 2400 | 5 |
| 14. | Wrongful Discharge in Violation of Public Policy – Essential Factual Elements MODIFIED | CACI 2430 | 6 |
| 15. | Limitations on Remedies – After-Acquired Evidence (Misappropriation of Documents) | CACI 2506 | 7 |
| On page 31 of Ameris's Disputed Jury | "Substantial Motivating Reason" Explained | CACI 2507 | 8 |

| Former Instr. No. | Title | Source | Page No. |
|---|---|---|---|
| Instructions filed May 1, 2025 | | | |
| 16. | Nonpayment of Wages – Essential Factual Elements (Lab. Code §§ 201, 202, 218) MODIFIED | CACI 2700 | 9 |
| 17. | Waiting-Time Penalty for Nonpayment of Wages (Lab. Code §§ 203, 218) MODIFIED | CACI 2704 | 10 |
| 19. | Whistleblower Protection – Essential Factual Elements (Lab. Code §§ 1102.5) | CACI 4603 | 11 |
| 20. | Affirmative Defense—Same Decision (Lab. Code, § 1102.6) | CACI 4604 | 13 |

## **201. Highly Probable – Clear and Convincing Proof**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

## **2400. Breach of Employment Contract – Unspecified Term – "At-Will" Presumption**

An employment relationship may be ended by either the employer or the employee, at any time, for any lawful reason, or for no reason at all. This is called "at-will employment."

An employment relationship is not "at will" if the employee proves that the parties, by words or conduct, agreed that the employee would be discharged only for cause.

## 2430. Wrongful Discharge in Violation of Public Policy—
## Essential Factual Elements

Byrne claims he was discharged from employment for reasons that violate a public policy. California has a fundamental public policy, delineated in statutory provisions governing the payment of earned wages to employees, including the prompt payment of earned wages due employees. It is a violation of public policy to fail to pay earned wages to employees. To establish this claim, Patrick Byrne must prove all of the following:

1.  That Byrne was employed by Ameris Bank;

2.  That Ameris Bank discharged Byrne;

3.  That Ameris Bank's failure to pay earned wages was a substantial motivating reason for Byrne's discharge;

4.  That Byrne was harmed; and

5.  That the discharge was a substantial factor in causing Byrne harm.

Authority: Judicial Council of California Civil Jury Instructions CACI No. 2430; Cal. Labor Code §§ 201-204; *Gould v. Maryland Sound Industries, Inc.*, 31 Cal. App. 4th 1137, 1147-1148 (1995) (holding that "the prompt payment of wages due an employee is a fundamental public policy of this state" and recognizing that California public policy has long favored the "full and prompt payment of wages due an employee"); *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172-78 (1980); *Bruni v. The Edward Thomas Hosp. Corp.*, 64 Cal. App. 5th 247, 257 (2021) (claim for wrongful termination in violation of public policy must be "tethered to fundamental policies that are delineated in constitutional or statutory provisions.").

## 2506. Limitation on Remedies—After-Acquired Evidence

## (Misappropriation of Documents)

Defendant Ameris claims that after it discharged Plaintiff Patrick Byrne, it discovered that Byrne sent himself confidential Ameris documents from his Ameris e-mail account to his personal e-mail account in violation of Ameris policies. Ameris claims that it would have discharged Byrne anyway if it had known that Byrne violated Ameris policies. You must decide whether Ameris has proved all of the following:

1. That Byrne violated Ameris's policies;

2. That Byrne's misconduct was sufficiently severe that Ameris would have discharged him because of that misconduct alone had Ameris known of it; and

3. That Ameris would have discharged Byrne for his misconduct as a matter of settled company policy.

If you find that Ameris has proved that Byrne violated policies and that had Ameris known of the misconduct earlier, it would have discharged Byrne as required by the elements above, then Byrne may recover damages only for any time before the date on which Ameris discovered the misconduct.

### 2507. "Substantial Motivating Reason" Explained

A "substantial motivating reason" is a reason that actually contributed to the discharge. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the discharge.

## 2700. Nonpayment of Wages—Essential Factual Elements
### (Lab. Code, §§ 201, 202, 218)

Byrne claims that Ameris Bank owes him unpaid wages. To establish this claim, Byrne must prove all of the following:

1. That Byrne performed work for Ameris Bank;

2. That Byrne satisfied all conditions required to earn the Long-Term Incentive Plan ("LTIP") award in 2022 and 2023;

3. That Ameris Bank owes Byrne earned wages under the terms of the LTIP for 2022 and 2023; and

4. The amount of unpaid wages.

"Wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method. To be considered "wages" the amount must be "ascertainable," meaning fixed by a method of calculation at the time that it was granted. Bonuses are not considered "wages" if they are discretionary and there is no fixed allocation formula.

Authority: Judicial Council of California Civil Jury Instructions CACI No. 2700; *See Schacter v. Citigroup, Inc.*, 47 Cal. 4th 610, 621 (2009) ("Only when an employee satisfies the condition(s) precedent to receiving incentive compensation . . . can that employee be said to have earned the incentive compensation (thereby necessitating payment upon resignation or termination; s*ee also Neisendorf v. Levi Strauss & Co.*, 143 Cal.App.4th 509, 522 (2006) (stating, "once a bonus has been promised as part of the compensation for service, and the employee fulfills all the agreed-to conditions, the promised bonus is considered wages that must be paid."); *Prachasaisoradej v. Ralphs Grocery Co*. (2007) 42 Cal. 4th 217, 226-30.

---

*Patrick Byrne v. Ameris Bank*                                          Case No. 8:24-01989
DEFENDANT AMERIS BANK'S REVISED JURY
INSTRUCTIONS FOLLOWING DAY ZERO PROCEEDINGS                    Page 9

## 2704. Waiting-Time Penalty for Nonpayment of Wages

### (Lab. Code, §§ 203, 218)

Byrne claims that he is entitled to recover a penalty based on Ameris Bank's failure to pay his wages when due after Byrne's employment ended. Ameris Bank was required to pay Byrne all wages owed on the date that Byrne's employment ended.

You must decide whether Byrne has proved he is entitled to recover a penalty. I will decide the amount of the penalty, if any, to be imposed. To recover this penalty, Byrne must prove all of the following:

    1. That Byrne's employment with Ameris Bank ended; and

    2. That Ameris Bank willfully failed to pay Byrne all wages when due.

The term "willfully" means only that the employer intentionally failed or refused to pay the wages. It does not imply a need for any additional bad motive. An employer's reasonable, good faith belief that wages are not owed may negate a finding of willfulness.

Byrne must also prove the following:

    1. Byrne's daily wage rate at the time his employment with Ameris Bank ended; and

    2. The date on which Ameris Bank finally paid Byrne all wages due/That Ameris Bank never paid Byrne all wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method. To be considered "wages" the amount must be "ascertainable," meaning fixed by a method of calculation at the time that it was granted. Bonuses are not considered "wages" if they are discretionary and there is no fixed allocation formula.

Authority: Judicial Council of California Civil Jury Instructions CACI No. 2704; (*Choate v. Celite Corp.* (2013) 215 Cal.App.4th 1460, 1468 [155 Cal.Rptr.3d 915].)

## 4603. Whistleblower Protection—Essential Factual Elements
### (Lab. Code, § 1102.5)

Byrne claims that Ameris Bank discharged him in retaliation for his disclosure of information of an unlawful act. To establish this claim, Byrne must prove all of the following are more likely true than not true:

1. That Ameris Bank was Byrne's employer;

2. That Byrne disclosed to a person with authority over Byrne or an employee with authority to investigate, discover, or correct legal violations that Ameris Bank miscalculated his LTIP award;

3. That Byrne had reasonable cause to believe that the information disclosed a violation of a state/federal statute/a violation of/noncompliance with a local/state/federal rule or regulation;

4. That Ameris Bank discharged Byrne;

5. That Byrne's disclosure of information was a contributing factor in Ameris Bank's decision to discharge him;

6. That Byrne was harmed; and

7. That Ameris Bank's conduct was a substantial factor in causing Byrne's harm.

A "contributing factor" is any factor, which alone or in connection with other factors, tends to affect the outcome of a decision. A contributing factor can be proved even when other legitimate factors also contributed to the employer's decision.

The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, Byrne must have reasonably believed that Ameris Bank's policies violated federal, state, or local statutes, rules, or regulations.

It is not Byrne's motivation for his disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.

A disclosure is protected even though disclosing the information may be part of

Byrne's job duties.

A disclosure is protected even though the employer already knew about the information disclosed.

Authority: Judicial Council of California Civil Jury Instructions CACI No. 4603

**4604. Affirmative Defense—Same Decision (Lab. Code, § 1102.6)**

If Plaintiff Patrick Byrne proves that his disclosure of information of an unlawful act was a contributing factor to his discharge, Defendant Ameris is not liable if it proves by clear and convincing evidence that it would have discharged Byrne anyway at that time for legitimate, independent reasons.

*Patrick Byrne v. Ameris Bank*          Case No. 8:24-01989
DEFENDANT AMERIS BANK'S REVISED JURY
INSTRUCTIONS FOLLOWING DAY ZERO PROCEEDINGS   Page 13

Dated:  June 8, 2026                **NUKK-FREEMAN & CERRA**


                              By:

                                   */s/Stacy L. Fode*
                                   Stacy L. Fode, Esq.
                                   Nana J. Yee, Esq.
                                   Attorney for Defendant
                                   AMERIS BANK