Stacy L. Fode, Esq. (SBN 199883)
sfode@nfclegal.com
Nana J. Yee, Esq. (SBN 272783)
nyee@nfclegal.com
**NUKK-FREEMAN & CERRA, P.C.**
550 West C Street, Suite 910
San Diego, CA 92101
Telephone: 619.292.0515
Facsimile: 619.566.4741

Attorneys for Defendant
AMERIS BANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BYRNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIS BANK, a Georgia corporation,<br><br>Defendant. | Case No. 8:24-cv-01989-MWC (JDEx)<br><br>**REPLY IN SUPPORT OF DEFENDANT AMERIS BANK'S MOTION FOR ORDER TO REQUIRE PARTIES TO PRODUCE AND FILE POWERPOINT PRESENTATION MATERIALS DISPLAYED TO JURY AT TRIAL**<br><br>Judge: Hon. Michelle Williams Court<br>Date: February 13, 2026<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Discovery Cut-Off: November 28, 2025<br>Pretrial Conference: May 22, 2026<br>Trial Date: June 1, 2026 |

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial

## I.     INTRODUCTION

Plaintiff's Opposition never answers the central question presented by Ameris's motion: if the jury saw these demonstratives during trial, why should the Court of Appeals not have the benefit of reviewing the same materials? Instead, Plaintiff argues that demonstratives are not evidence, that Ameris cannot yet identify the specific slides it intends to "challenge" or every appellate issue it may raise, and that Ameris did not object to every slide shown at trial.   Plaintiff misses the point entirely.

There are two types of demonstratives at issue here: demonstratives used with testimony and demonstratives used in the opening statement and closing argument.  Both are part of the record.  One cannot understand questions asked about a demonstrative exhibit, or the witness's answer referring to that exhibit, without the exhibit.  Those exhibits are as necessary a part of the record as the attorney's questions.  And one cannot understand an attorney's opening or closing that refers to a demonstrative without the demonstrative for the same reason.

Ameris does not ask the Court to admit demonstratives into evidence, or to enlarge the record with materials that were never before the Court.  Rather, Ameris seeks only to ensure that all of the argument presented, and all of the questions and answers given, are preserved in the record so that the record accurately reflects what the jury saw and heard and what occurred in open court during trial.

Plaintiff's Opposition also overlooks the practical reason this motion is necessary: Ameris was never given the final slides Plaintiff used. Pursuant to the Court's trial procedures, the parties exchanged anticipated demonstrative presentations before they were used at trial.  Those exchanges do not establish which slides were displayed to the jury, whether revisions were made immediately before use, or whether particular slides were omitted during the live presentation.  Nor does the transcript consistently identify the corresponding slide numbers or reproduce the visual materials that accompanied counsel's arguments and witness testimony.  Plaintiff, as the party that created and presented its own demonstratives, is uniquely positioned to identify the presentations and

---

*PATRICK BYRNE v. AMERIS BANK*                                    Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial        Page 1

demonstratives he actually displayed to the jury.

Most importantly, Plaintiff offers no persuasive reason why the Court of Appeals should be denied access to visual materials that were actually shown to the jury throughout a two-week trial.  Plaintiff admits that the demonstratives were displayed to the jury in an open courtroom. Plaintiff identifies no confidentiality concern, no privilege, no undue burden, and no prejudice that would result from lodging those materials with the Court so that the record is complete.  Because the requested relief simply ensures a complete and accurate record of the trial proceedings, the motion should be granted.

## II.  LEGAL ARGUMENT

### A. Ameris Is Not Required to Identify Particular Slides or Every Potential Appellate Issue Before the Record is Preserved

Plaintiff's central argument is that Ameris "never identifies which demonstratives are supposedly necessary for appellate review" and "never explains why the absence of any particular demonstrative would prejudice its ability to pursue an appeal." (Dkt. No. 251, page 3). Ameris did identify which demonstratives should be lodged with the Court: all of the ones that were used.  Both parties' demonstratives that were shown to the jury, including those used during opening statements, all witnesses examination (including Ms. Dickson's), closing arguments, and the punitive damages phase, should be filed with the Court so that the Court of Appeals has a complete and accurate record of what the jury saw at trial. Ameris cannot submit these materials by itself because, although Ameris possesses the demonstrative materials Plaintiff exchanged before trial, Ameris does not possess a definitive record identifying the demonstratives Plaintiff actually displayed. Plaintiff refuses to cooperate in that effort, so the Court's assistance is required.

Plaintiff also has the standard backwards. The operative question is not whether the moving party has proven it will be harmed without the slides, but whether the parties will suffer any prejudice from a complete record. *See Lake v. CoreCivic, Inc.*, 2025 WL 2240255, at *1-2 (D. Mont. Aug. 6, 2025). Ameris is not required to explain what arguments it wants to make on appeal in order to obtain a complete record of the trial.

---

*PATRICK BYRNE v. AMERIS BANK*                                        Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial      Page 2

Demonstratives shown during the opening statements and closing arguments are necessary to understand those arguments (and, indeed, constitute part of arguments). As for demonstratives shown to a witness during testimony, those are even more important because the questions and answers are often not intelligible without reference to what the witness (and jury) was looking at and referring to.  Throughout trial, counsel and witnesses referred to demonstratives while they were displayed to the jury. The transcript frequently records references to "the next slide," "this chart," or similar descriptions – testimony that cannot be understood without those materials. Plaintiff cannot rely upon the absence of a complete record as a reason to deny the relief necessary to create one.

## B. Whether Ameris Objected to Particular Demonstratives is Irrelevant

Plaintiff devotes much of its Opposition cataloguing which slides Ameris objected to at trial. This is a distraction and misses the point. The purpose of the motion is not to relitigate trial objections or establish error with respect to any particular slide.  Nor must a demonstrative have drawn a contemporaneous objection to become relevant on appeal. As discussed above, demonstratives provide important context concerning witness testimony, damages calculations, evidentiary presentations, counsel's arguments, or other issues that may ultimately be raised during post-trial proceedings or on appeal. The point of this motion is to ensure that "the record on appeal accurately reflects the proceedings in the trial court." *Lake*, 2025 WL 2240255, at \*1-2. The absence of an objection does not diminish the importance of accurately documenting what the jury actually saw.

## C. The Governing Authorities Support Preserving Demonstratives Displayed During Trial

Multiple district courts in the Ninth Circuit have reasoned that although the demonstratives in question were not admitted as evidence, they were presented to the jury, would aid appellate review, and could be filed because there was no prejudice to the opposing party. *See Lake*, 2025 WL 2240255, at \*1-2; *United States v. Yandell*, 2024 WL 2209738 (E.D. Cal. May 16, 2024); *In re HIV Antitrust Litigation*, 2024 WL 923551 (N.D. Cal. Mar. 1, 2024). Plaintiff does not, and cannot, identify any prejudice here.

---

*PATRICK BYRNE v. AMERIS BANK*                    Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial       Page 3

Plaintiff's attempts to distinguish these cases do not withstand scrutiny. First, Plaintiff argues *Lake v. CoreCivic, Inc.* concerned production of slides for pending Rule 50 and Rule 59 motions rather than filing for the record on appeal. That distinction cuts in Ameris's favor. *Lake* was decided under Federal Rule of Appellate Procedure 10(e)(2), the same authority invoked here, and the Court granted the motion to make the opening and closing materials part of the record. Ameris likewise seeks these materials in connection with its forthcoming post-judgment motions and appeal, precisely the use *Lake* endorsed.

Second, Plaintiff argues Ameris has not identified "any sort of 'misconduct' or other prejudice it suffered through Plaintiff's use of its demonstratives," citing to *United States v. Yandell*, 2024 WL 2209738 (E.D. Cal. May 16, 2024). (Dkt. No. 251, page 3). *Yandell* does not create this standard. As Plaintiff admits, the Court in *Yandell* held that the demonstratives should be filed because neither party would be prejudiced by doing so – not because the moving party was required to show prejudice.

Lastly, Plaintiff's reliance on *In re HIV Antitrust Litigation*, 2024 WL 923551 (N.D. Cal. Mar. 1, 2024) is misplaced. Plaintiff contends that the request there was narrower because it sought only nine specifically identified demonstratives. (Dkt. No. 251, at page 4). But that merely described the scope of the request before that Court; it did not establish a rule limiting courts to order production of only a small number of demonstratives or create a rule against broader relief.

Plaintiff likewise argues that the demonstratives used during the examination of his expert witness, Deborah Dickson, need not be included because they were "all based on previously-admitted exhibits." What does "based on" mean?  Ms. Dickson was asked, and answered, questions about demonstratives as well as exhibits.  A proper record of her testimony requires copies of the actual slides that she was testifying about so that her testimony can be understood and reviewed. Those demonstratives reflect how Plaintiff's questions, and the witness's answers, synthesized and presented that evidence to the jury during a key witness examination – context that the underlying exhibits alone do not

---

*PATRICK BYRNE v. AMERIS BANK*                                   Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial     Page 4

provide.

Plaintiff argues that under Rule 10(e) and *United States v. Walker*, 601 F.2d 1051, 1054-55 (9th Cir. 1979), new material cannot be added to the appellate record. Ameris agrees. But this motion has nothing to do with new materials. Unlike the affidavits in *Walker*, which were never presented to the district court, the demonstratives here were displayed to the jury, in open court during trial, so filing them memorializes what the jury was shown rather than enlarging the record with new material. That is the core function of Rule 10(e)(2), which authorizes a district court to supplement the record on appeal, including to require the parties to file copies of PowerPoint slides counsel displayed to the jury during opening statement, closing argument, and during witness testimony. Because the demonstratives here were displayed to the jury during the trial itself, filing them falls squarely within that purpose of ensuring the record accurately reflects the proceedings below.  Material shown to the jury is not "new material."

Plaintiff's reliance on *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) and the Court's instruction that arguments "are not evidence" is similarly misplaced. Ameris does not contend the demonstratives should be admitted into evidence. But, as discussed above, they are necessary to understand the evidence. Appellate records are not limited to admitted evidence. Jury instructions, verdict forms, motions, arguments of counsel, and transcripts likewise are not evidence, yet they properly form part of the record because they reflect what occurred during trial.

**D. The Public Right of Access Supports Filing**

Plaintiff's contention that the right of access is "misplaced" because the courtroom remained open misses the point. The First Amendment presumptive right of access to judicial records in civil cases attaches to all of the materials that comprise the Court's record, not merely to physical attendance at trial. That right is not limited to whichever individuals personally attended a trial on a given day.

Here, unless the demonstratives are ordered filed, substantial portions of what the jury actually viewed during trial will not be included in the record and therefore will not

*PATRICK BYRNE v. AMERIS BANK*                    Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial     Page 5

only be unavailable for meaningful post-trial and appellate review, but also unavailable to the public. That result is inconsistent with the very purpose of the public right of access.

## III.    CONCLUSION

Frankly, Plaintiff's Opposition makes little sense.  Why should the Court of Appeals be denied full access to the same material the jury saw?  And why would Plaintiff object to having to lodge a copy of the materials he displayed in open court?  Plaintiff does not claim to have any right to hide what happened from the Court of Appeals, or to hinder post-judgment review by this Court and the Court of Appeals.  At no point does Plaintiff offer any cogent explanation for why he refuses to lodge a copy of the demonstrative materials he used at trial. He identifies no meaningful burden associated with producing the final presentations actually displayed. Nor does he identify any prejudice that would result from preserving those materials. He simply does not want there to be a complete record.  That is not a basis for denying this motion.

Ameris respectfully requests that the Court order the parties to file with the Court and serve on each other copies of all PowerPoint presentations and other demonstratives displayed to the jury during the June 1 – June 12 jury trial (both Phase I and Phase II) in this matter including, without limitation, those used during opening statements, witness examinations, closing arguments, and the punitive damages phase. That filing should indicate for each demonstrative when it was displayed to the jury by reference to the relevant date and page of the transcript.

**NUKK-FREEMAN & CERRA**

Dated:  July 24, 2026        By:    */s/ Stacy L. Fode*
                                                    Stacy L. Fode, Esq.
                                                    Nana J. Yee, Esq.
                                                    Attorneys for Defendant
                                                    AMERIS BANK

---

*PATRICK BYRNE v. AMERIS BANK*                                Case No. 8:24-01989
Reply in Support of Defendant's Motion for Order Requiring Parties To
Produce and File PowerPoint Presentation Materials Displayed to Jury at Trial      Page 6