UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  8:24-cv-01989-MWC-JDE                                    Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank



Present:  The Honorable:   Michelle Williams Court, United States District Judge


| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER DENYING DEFENDANT'S MOTION FOR ORDER REQUIRING THE PARTIES TO PRODUCE AND FILE POWERPOINT PRESENTATION MATERIALS DISPLAYED TO THE JURY AT TRIAL (DKT. [244])**

Before the Court is Defendant Ameris Bank's ("Defendant" or "Ameris") Motion for Order Requiring the Parties to Produce and File PowerPoint Presentation Materials Displayed to the Jury at Trial ("Motion").  Dkt. # 244 ("*Mot.*").  Plaintiff Patrick Byrne ("Plaintiff" or "Byrne") opposed the motion ("Opposition"), *see* Dkt. # 251 ("*Opp'n*"), and, in support of his opposition, filed the Declaration of Matthew Sessions, Dkt. # 251-1 ("*Sessions Decl.*") and three exhibits attached thereto.  Defendant replied.  Dkt. # 252 ("*Reply*").  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7–15.  After reviewing the papers, the Court **DENIES** Defendant's Motion and **VACATES** the hearing set for August 7, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDE                                    Date: July 28, 2026

Title       Patrick Byrne v. Ameris Bank

I.          Factual Background

On September 16, 2024, Byrne sued Ameris for wrongful and retaliatory termination, failure to pay wages, and breach of contract. Dkt. # 1; Dkt. # 207. The case proceeded to a jury trial from June 2, 2026, through June 12, 2026. *See* Dkt. # 195–230. The parties exchanged demonstratives by 7:00 p.m. each evening before their intended use at trial the following day. *Opp'n* at 2; *Sessions Decl.* ¶ 2. This exchange allowed the parties to view the opposing party's demonstratives, raise objections before they were shown to the jury, and request appropriate relief from the Court. *Opp'n* at 2; *Sessions Decl.* ¶ 2. Ameris raised several objections to Byrne's demonstratives, which the parties resolved by stipulating to the pre-admission of exhibits, revising or removing challenged slides, or requesting resolution from the Court. *Opp'n* at 2–3; *Sessions Decl.* ¶¶ 3–4.

The trial proceeded in two phases: liability/compensatory damages (Phase I) and punitive damages (Phase II). *See* Dkt. # 228 ("*June 11 Trial Tr.*") at 43:9–50:19; Dkt. # 230 ("*June 12 Trial Tr.*") at 48:1–50:9. The jury returned a unanimous verdict in favor of Plaintiff at the conclusion of Phase I. Thereafter, counsel for Ameris asked the Court for permission to lodge demonstratives. The following exchange with the Court occurred:

> MS. FODE [Counsel for Ameris]: . . .[W]e've met and conferred with opposing counsel and we would like to lodge the demonstratives that were showed to the jury, but not entered into evidence and they've refused that request and we'd like to ask the Court's request that we are able to lodge those for the record.
>
> THE COURT: I don't think I'm understanding. Which demonstrative, you mean the slides from the PowerPoints?
>
> MS. FODE: Yes.
>
> THE COURT: For what purpose, it wasn't admitted to the jury?
>
> MS. FODE: But they were shown to the jury and contained -- over our objection.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDE                                                    Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank

> THE COURT: Well, I can't stop you from -- if you want to – it's not -- anyone can lodge anything, but it's not part of the record in this case, so it won't be part of the record on appeal.
>
> MS. FODE: And I think we're just seeking clarity because those demonstratives were shown to the jury and read to the jury and making clarity for the record of which ones were shown.
>
> . . . .
>
> THE COURT: Okay. What is the authority [for lodging demonstratives in the record]?
>
> MS. FODE: The authority is that we just want the record to be clear.
>
> THE COURT: So there is no authority?
>
> MS. FODE: No, the authority is for the purposes of a clear record that we're allowed to have those so our appellate counsel can have them clear in the record. . . .

*June 11 Trial Tr.* at 53:6–54:16.

On June 26, 2026, Ameris filed the instant motion, asking the Court to order both parties to produce and file with the Court "copies of all PowerPoint presentations and other demonstrative slides that the parties displayed to the jury at any time during trial from June 1 through June 12, 2026[.]" *Mot.* at 2.

II.        Legal Standard

Federal Rule of Appellate Procedure 10 ("Rule 10") specifies the materials that "constitute the record on appeal." *See* Fed. R. App. P. 10(a). Rule 10 establishes that the record on appeal consists of "(1) the original papers and exhibits *filed* in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a) (emphasis added). Rule 10(e) provides, in relevant part:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDE                                      Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank

(1)    If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2)    If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A)    on stipulation of the parties;

(B)    by the district court before or after the record has been forwarded; or

(C)    by the court of appeals.

(3)    All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e)(1)–(3).  "When the district court under Rule 10(e) settles a dispute about what occurred in proceedings before it, the court's determination is conclusive absent a showing of intentional falsification or plain unreasonableness." *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993) (citations and quotation marks omitted).

Accordingly, because demonstratives are neither filed with the Court nor entered on the District Court's docket, such exhibits are not part of the record on appeal. *See United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991) ("[I]t is critical to distinguish between charts or summaries as *evidence* and charts or summaries as *pedagogical devices*.") (emphases in original) (citation omitted); *see also Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701, 707 n.1 (7th Cir. 2013) ("[D]emonstrative exhibits are not evidence at all."); *Everlight Elecs. Co. v. Nichia Corp.*, No. 12-cv-11758, 2015 WL 13620574, at *1 (E.D. Mich. June 29, 2015) ("Demonstratives are not included as part of the appellate record because it is undisputed that they are not evidence.") (citations omitted); *Stoker v. Stemco, LP*, No. 2:11-CV-00214-JRG-RSP, 2013 WL 3786346, at *4 (E.D. Tex. July 7, 2013) ("By definition, demonstratives are never a part of a record."), *aff'd sub nom. Stoker v. Stemco, L.P.*, 571 F. App'x 326 (5th Cir. 2014); *Bond v. Marriott Int'l, Inc.*, No. RWT 10-cv-1256, 2015 WL 12988744, at *1–2 (D. Md. Apr. 9, 2015) (declining to

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDE                                     Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank

supplement the record with Powerpoint presentations not entered into evidence but used by the parties at summary judgment hearing, noting "[t]o the extent that the parties mentioned the slides during the argument, that is reflected in the transcript that is part of the record.").

However, where (1) the non-movant would not suffer prejudice from its production; and (2) where the Court finds that entering such demonstratives would aid in the appellate court's review of the record, courts in this Circuit have ordered the production of demonstratives used at trial.  *See Lake v. CoreCivic, Inc.*, No. CV-21-116-GF-BMM, 2025 WL 2240255, at *2 (D. Mont. Aug. 6, 2025) ("The Court does not find that Lake would be prejudiced by producing the PowerPoints."); *In re HIV Antitrust Litig.*, No. 19-cv-02573-EMC, 2024 WL 923551, at *3 (N.D. Cal. Mar. 1, 2024) (allowing demonstratives into the record on appeal where movant showed their inclusion would "aid appellate review," not prejudice Defendants, and not mislead the Ninth Circuit "into looking at the demonstratives as an independent source of information, but simply as an aid to understand the record testimony."); *United States v. Yandell*, No. 2:19-cr-00107-KJM, 2024 WL 2209738, at *1 (E.D. Cal. May 16, 2024) (permitting parties to submit presentation slides and printed and handwritten documents displayed to the jury in criminal case to allow for a "more complete" record and aid the appellate court in review of that record).  And by Rule 10(e)(2)'s plain text, the Court may not correct or modify the record unless the evidence is "*material* to either party," and is "omitted from or misstated in the record by error or accident[.]"  *See* Fed. R. App. P. 10(e)(2) (emphasis added).

### III.      Discussion

Ameris requests the Court order the production of all PowerPoint presentations and other demonstrative slides used at trial for two reasons.  *See Mot.* at 2.  First, Ameris contends that "[t]here is a presumptive right of public access to judicial records in civil cases" under the First Amendment, and second, Ameris represents that including these demonstratives "facilitates the interest of ensuring a complete record for appellate review." *Id.*

Regarding Defendant's first argument, though "[t]he First Amendment of the United States Constitution creates a presumptive right of access to judicial records in civil cases," this is not the only consideration when assessing whether to correct or modify the record on appeal. *Lake*, 2025 WL 2240255, at *1 (citation omitted).  The Court must also consider the number of demonstratives requested to be added to the record, whether the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:24-cv-01989-MWC-JDE                                      Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank

demonstratives were first published to the jury, the demonstratives' materiality to the jury in rendering a verdict, and their importance to the appellate court for purposes of assessing the appeal.  *See In re HIV Antitrust Litigation*, 2024 WL 923551 at *2–3 (granting permission to file "a limited number of demonstratives" because their absence would make witness testimony "difficult. . . to fully understand[,]" such as witness testimony "describing a purple line shown on the demonstrative[.]"); *see also Yandell*, 2024 WL 2209738 at *1; *see also* Fed. R. App. P. 10(e).  Thus, relying on the First Amendment alone is insufficient.

Ameris's second basis fails to make a compelling argument as to *why* the demonstratives are necessary to assist the Ninth Circuit on appeal.  For example, Ameris states only that the "demonstratives provide important context" on "testimony . . . arguments, or other issues" which *may* be raised on appeal, but fails to provide further explanation.  *See Reply* at 3–4; *see also Mot.* at 4 ("The Court should. . . order. . . all demonstrative[s]. . . [to] be included in the record so that they can be considered in conjunction with Ameris's forthcoming post-judgment motions, and, if necessary, to aid appellate review.").  Indeed, Ameris avers that it is "not required to explain what arguments it wants to make on appeal in order to obtain a complete record of the trial." *Id.*  The Court disagrees.  Courts in this Circuit that have ordered the production of demonstratives or granted requests to lodge them in the record have concluded that doing so was necessary for a more complete record and understanding on appeal.  *See Yandell*, 2024 WL 2209738 at *1; *In re HIV Antitrust Litigation*, 2024 WL 923551 at *2–3, *Lake*, 2025 WL 2240255 at *1–2.  Further, at no point does Ameris argue that the demonstratives' absence from the record constitutes a material omission.  *See generally Mot.*, *Reply*; Fed. R. App. P. 10(e)(2).

Ameris further argues that the Court should grant its request because Byrne would suffer no prejudice, stating:

> Plaintiff identifies no confidentiality concern, no privilege, no undue burden, and no prejudice that would result from lodging those materials with the Court so that the record is complete. . . .  The operative question is not whether the moving party has proven it will be harmed without the slides, but whether the parties will suffer any prejudice from a complete record. *See Lake v. CoreCivic, Inc.*, 2025 WL 2240255, at *1–2 (D. Mont. Aug. 6, 2025).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:24-cv-01989-MWC-JDE                                    Date: July 28, 2026

Title      Patrick Byrne v. Ameris Bank

*Reply* at 3; *see also Mot.* at 4 ("Plaintiff has not and cannot demonstrate any prejudice from making the trial demonstratives part of the record.").  While prejudice to the non-movant is one consideration among many, the lack of prejudice alone is insufficient to warrant the production of demonstratives under Rule 10(e)(2). *See Lake*, 2025 WL 2240255, at *1–2; *Yandell*, 2024 WL 2209738, at *1; *In re HIV Antitrust Litigation*, 2024 WL 923551, at *2–3.

Finally, Ameris's broad request for the production of all demonstratives seeks to include demonstrative aids used in Byrne's opening and closing arguments.  These portions of the trial would not serve any purpose in clarifying confusing witness testimony, and Ameris has not established that they would otherwise be relevant to the record on appeal. *See Everlight*, 2015 WL 13620574 at *1 ("This scant authority provided by Everlight leaves the Court hesitant to break new ground to allow the wholesale, unsolicited filing of nearly 400 demonstratives.  Particularly in light of the fact that Everlight includes demonstratives used during its opening and closing arguments, which contain pure attorney argument.").  Ameris has failed to otherwise explain how ordering the production of all demonstratives is necessary for the Ninth Circuit to fully understand the appeal.

IV.      <u>Conclusion</u>

For the foregoing reasons, the Court **ORDERS** as follows:

1.      Defendant's Motion for Order Requiring the Parties to Produce and File PowerPoint Presentation Materials Displayed to the Jury at Trial (Dkt. # 244) is **DENIED**.

2.      The August 7, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**

                                                                            :

**Initials of Preparer**   TJ