UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK BYRNE, *an individual*,

Plaintiff,

v.

AMERIS BANK, *a Georgia corporation*,

Defendant.

No. 8:24-cv-01989-MWC-JDE

**ORDER REQUIRING SUPPLEMENTS CORRECTING CITATIONS IN PENDING PLEADINGS (DKTS. [262], [263], [264], [268], [269], [270], [273], [274], [275])**

Now before the Court are the Defendant's pending motions for Judgment as a Matter of Law ("JMOL"), Dkt. # 262 ("*JMOL*"), Motion for New Trial ("MNT"), Dkt. # 263 ("*MNT*"), Motion to Alter or Amend Judgment ("MAA"), Dkt. # 264 ("*MAA*"); Plaintiff's Oppositions to these motions, Dkts. # 268 ("*Opp'n to JMOL*"), 269 ("*Opp'n to MNT*"), 270 ("*Opp'n to MAA*"); and Defendant's Replies, Dkts. # 273–275; (collectively, referred to as "Pending Pleadings").

The Pending Pleadings attach declarations with thousands of pages of exhibits. *See* Dkts. # 262-2–262-52, 263-2–263-52, 264-2–264-52, 271–271-28. Yet, both parties provide improper citations ("cites") to their own exhibits and the record by failing to refer to the exhibits by **exhibit name** (*see, e.g., JMOL* at 7, citing "TT6 p. 36"; *Opp'n to JMOL* at 7, citing "TT6 36:10–41:12"), failing to provide **corresponding docket citations** (*see id.*), failing to provide **pinpoint citations** ("pincites"), citing to **entire exhibits** (*see, e.g., JMOL* at 7, citing "Fode Decl. Exs. 324, 545, 546"; *Opp'n to JMOL* at 9, citing "Sessions Decl. Ex. 372"), or providing **improper pincites** (*see, e.g., JMOL* at 7, failing to include page and line designations in trial transcript cites).

Judges are not "archaeologists searching for treasure. . . . [T]he Court is not obligated to paw over files . . . to make a party's claim." *Krause v. Nevada Mut. Ins. Co.*, No. 2:12-CV-00342-JCM, 2014 WL 99178, at *2 (D. Nev. Jan. 3, 2014) (quotation marks and citation omitted). Accordingly, each party is **ORDERED** to file a supplement to their Pending Pleadings, **<u>by 4:00 p.m. on Wednesday, October 14, 2026</u>**, as follows:

1. Each party will file a single supplement containing the corrected citations for **<u>all citations in all of their Pending Pleadings</u>** in table format:

| Pleading Pincite | Pleading Cite | Corrected Cite | Docket Reference |
|---|---|---|---|
| *JMOL*, Dkt. # 262 at 7. | "TT6 p. 36" | *Fode Decl.*, Ex. A (Dkt. # 262-29) at XX:YY | Dkt. # 262-29 (Trial Tr., Day 6); original at Dkt. # ZZ |

2. The "Pleading Pincite" column shall locate the cite in the Pending Pleading, including the abbreviated title, docket number, and page.

3. The "Pleading Cite" column shall include an exact quotation of the citation as pleaded at the Pleading Pincite.

4. The "Corrected Citation" column shall include a descriptor, docket number in the first instance of each descriptor, and proper pincite. Improper pincites include citations to entire exhibits, citations to transcripts absent page and line references, citations to declarations absent paragraph references (where such references exist), etcetera.

5. The "Docket Reference" column shall include the docket number for the cited exhibit, a parenthetical describing the exhibit, and, where the exhibit contains previously docketed material, the docket entry for the original material.

6. Pincites to page numbers utilize the page numbers assigned by CM/ECF.

7. In addition to filing a copy on CM/ECF, each party shall submit to Chambers a copy of their supplement in Word document format.

8. Any citations to the record or to the parties' exhibits which fail to adhere to these standards shall be disregarded.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Hon. Michelle Williams Court
United States District Judge